# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated, | Case No.: 5:21-cv-09953 |
| Plaintiff, | Judge Edward J. Davila |
| vs. | <u>CLASS ACTION</u> |
| CHEGG, INC., DANIEL L. ROSENSWIEG, ANDREW J. BROWN, NATHAN SCHULTZ, JOHN P. FILLMORE, and ROBIN TOMASELLO, | |
| Defendants. | |

**JOINT DECLARATION OF**
**BART ELST AND PAUL D. O'CONNELL**
**IN SUPPORT OF THE MOTION OF KBC ASSET MANAGEMENT NV AND**
**POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND**
**APPROVAL OF SELECTION OF LEAD COUNSEL**

We, Bart Elst and Paul D. O'Connell, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    We respectfully submit this joint declaration in support of the motion of KBC Asset Management NV ("KBC") and Pompano Beach Police & Firefighters' Retirement System ("Pompano Beach P&F") for appointment as Lead Plaintiff and approval of our selection of Motley Rice LLC ("Motley Rice") and Saxena White P.A. ("Saxena White") as Lead Counsel for the proposed Class in the securities action filed against Chegg, Inc. ("Chegg") and related defendants.  We are informed of and understand the requirements and duties of serving as the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the Chegg litigation.  We each have personal knowledge about the facts set forth in this Joint Declaration relating to the entity with which we are associated.

2.    I, Bart Elst, am Senior Legal Counsel of KBC and am authorized to make this Joint Declaration on its behalf.  KBC is an asset management company based in Brussels, Belgium that manages assets in excess of €100 billion.  As reflected in its certification, KBC's funds purchased a significant number of shares of Chegg common stock during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action. KBC is a sophisticated institutional investor that understands, appreciates, and accepts the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA.  KBC's familiarity with the PSLRA's requirements is informed by, among other things, its role serving as a class representative along with another institutional investor in *In re Twitter, Inc. Securities Litigation*, No. 16-cv-05314 (N.D. Cal.), in which it achieved a recovery of $809.5 million (subject to court approval) with Motley Rice as class counsel.  KBC also served as lead plaintiff in *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No. 1:11-cv-8332 (N.D. Ill.), in which it achieved a recovery of $60 million for investors with Motley Rice as lead counsel. In addition, KBC served as a class representative with another institutional investor in *Hatamian v. Advanced Micro Devices, Inc.*, No. 4:14-cv-00226 (N.D. Cal.), which achieved a recovery of $29.5 million with Motley Rice as class counsel; a class representative in *KBC Asset Management NV v. 3D Systems Corp.*, No. 0:15-cv-02393 (D.S.C.), which achieved a recover of $50 million

with Motley Rice as class counsel; and as a lead plaintiff in *KBC Asset Management NV v. Aegerion Pharmaceuticals, Inc.*, No. 1:14-cv-10105 (D. Mass.), which achieved a recovery of $22.25 million with Motley Rice as lead counsel.

3.    I, Paul D. O'Connell, am the Chairman of Pompano Beach P&F and am authorized to make this Joint Declaration on its behalf.  Pompano Beach P&F is a public pension fund that provides retirement benefits to approximately 600 active and retired employees in the police and firefighter service of the City of Pompano Beach, Florida.  Pompano Beach P&F was established in 1972 and currently has approximately $300 million in assets under management.  As reflected in its certification, Pompano Beach P&F purchased a significant number of shares of Chegg common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.  Pompano Beach P&F is a sophisticated institutional investor that understands, appreciates, and accepts the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA.  Pompano Beach P&F has previously served as lead plaintiff in securities class actions alongside other institutional investors and also helped secure a $110 million settlement—one of the largest in the history of Delaware's Court of Chancery—as lead plaintiff in a derivative action, *In re El Paso Corporation Shareholder Litigation*, C.A. No. 6949 (Del. Ch.).

4.    KBC and Pompano Beach P&F are sophisticated institutional investors that have dedicated staffs of professionals who will ensure effective oversight of counsel and this litigation.  Each entity manages hundreds of millions of dollars (or the equivalent) in assets.  KBC and Pompano Beach P&F each have prior experience serving as fiduciaries and in selecting, hiring, and overseeing lawyers in securities class action litigation.

5.    KBC and Pompano Beach P&F are strongly motivated to recover the significant losses that they and the Class suffered as a result of defendants' violations of the federal securities laws.  The principal goal of KBC and Pompano Beach P&F in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class from all culpable parties.  We each believe that the prosecution of this fraud should be entrusted to institutional investors that have a significant financial interest in the claims against defendants and are committed to

maximizing the Class's recovery and ensuring the litigation is prosecuted as zealously and efficiently as possible, in accordance with the duties set forth in the PSLRA.

6.     KBC and Pompano Beach P&F reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by: conferring with each other and with our counsel regarding litigation strategy and other matters; attending court proceedings, depositions, any settlement mediations, and hearings as needed; and reviewing and authorizing the filing of important litigation documents. Through these and other measures, KBC and Pompano Beach P&F will ensure that the Chegg securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class.

7.     In exploring their potential leadership of this action, KBC and Pompano Beach P&F expressed an interest to our counsel in collaborating with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment. KBC and Pompano Beach P&F each determined that we could maximize the Class's recovery by pooling our respective resources and experience and jointly seeking appointment as Lead Plaintiff. After reviewing the allegations pleaded in the action and consulting with their counsel, KBC and Pompano Beach P&F each independently determined to seek joint appointment as Lead Plaintiff, and subsequently approved the filing of a joint motion seeking our appointment as Lead Plaintiff.

8.     KBC and Pompano Beach P&F's decision was driven in part by our respective organizations' prior experience prosecuting securities class action litigation, and our mutual belief that our partnership would allow for the sharing of experiences and resources and would add substantial value to the prosecution of the Chegg litigation and benefit the Class. In particular, KBC and Pompano Beach P&F believe that the Class will benefit from the diverse perspectives that come with the collaboration of foreign and domestic investors. KBC and Pompano Beach P&F's decision also was driven by our common interests in enhancing the reliability of information disseminated by publicly traded corporations and by our shared belief regarding the role of corporate governance in detecting and preventing securities fraud.

9.    As part of an effort to formalize our leadership over this litigation, and to begin implementing our strategy for prosecuting this litigation as Lead Plaintiff, on February 17, 2022, we held a joint conference call, during which we discussed: our respective funds' losses arising from defendants' misconduct; the merits of the claims against the defendants; the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive matter; the shared desire of KBC and Pompano Beach P&F to achieve the best possible result for the Class; the advantages of having law firms experienced in successfully prosecuting litigation securities class actions working together as Lead Counsel; and procedures and mechanism for communication and decision-making that will ensure that the Class will benefit from our supervision of counsel.  In particular, we discussed our shared views that the prosecution of this action would benefit from the leadership of institutional investors that have the financial interest and desire to ensure active oversight of the action and counsel and maximize the Class's potential recovery.

10.    We also discussed our intention to make all decisions jointly, taking into consideration proposed Lead Counsel's advice.  We do not anticipate that any disagreements between us will arise and are committed to making all efforts, in good faith, to reach consensus with respect to litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligation to the Class.  The rendering of decisions will be a collective effort by both KBC and Pompano P&F, taking into account each members' respective experiences as well as relative financial interest in this litigation.  We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.  However, if a consensus is not reached, KBC, having the larger financial interest, shall have ultimate authority on the decision.

11.    In addition, we discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to supervise the prosecution of the case to guarantee that it is prosecuted efficiently.  Through supervision of proposed Lead Counsel, we will ensure that this action is prosecuted for the benefit of the Class in an efficient and effective manner.  In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of

this lawsuit via telephone, email, and videoconference. We also understand that some of these meetings may need to be conducted without counsel. To this end, we each have exchanged contact information for one another, and are able to call or email each other with and without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications.

12. We have directed counsel to advise us as to all substantive developments during the lead plaintiff motion process. We will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing pleadings and conferring amongst ourselves. Representatives of KBC and Pompano Beach P&F also are prepared to travel to court proceedings, depositions, settlement meditations, and hearings when their presence will be of benefit to the Class.

13. We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of institutional investors to serve as lead plaintiff when the group is able to establish that its members are capable of overseeing the litigation and their proposed lead counsel in an independent manner. We intend to prosecute this litigation in such an independent and vigorous manner. Indeed, as noted above, KBC and Pompano Beach P&F have significant experience serving as co-lead plaintiffs alongside other sophisticated institutional investors.

14. In addition to discussing our goals for the litigation, KBC and Pompano Beach P&F recognize the importance of selecting qualified counsel to prosecute the litigation in a cost-effective manner. We are familiar with the experience, resources, and successes of our proposed Lead Counsel, Motley Rice and Saxena White, and believe they fulfill this objective. In addition to many other qualifications, Motley Rice and Saxena White have been thoroughly investigating this action for several months, including before the filing of the Complaint. We also have been advised that Motley Rice and Saxena White have previous, independent experience jointly and efficiently prosecuting cases as co-lead counsel and settling class action lawsuits under the PSLRA. We believe that these firms' history of effectively prosecuting complex securities class action lawsuits provides comfort that the Class will receive the best possible representation. We also

believe that Motley Rice and Saxena White's diverse legal teams will offer unique perspectives that will benefit the Class and advance the important goal of increasing diversity in the courtroom.

15.     Through our conversations with each other and oversight of our proposed Lead Counsel, we are confident that Motley Rice and Saxena White will vigorously prosecute this litigation in a zealous and efficient manner.  We have instructed counsel to continue working collaboratively and implement protocols to eliminate duplication of work and are confident that they understand our directive.

16.     KBC and Pompano Beach P&F are committed to ensuring that the Class receives the best possible outcome from this litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to KBC Asset Management NV are true and correct to the best of my knowledge.

Executed this 21st., day of February, 2022.

By: _____

   Bart Elst
   Senior Legal Counsel

   On behalf of KBC Asset Management NV

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Pompano Beach P&F are true and correct to the best of my knowledge.

Executed this 18 day of February, 2022.

By: _____

Paul D. O'Connell
Chairman

On behalf of Pompano Beach Police & Firefighters' Retirement System

JT. DECL. OF BART ELST & PAUL D. O'CONNELL
CASE NO. 5:21-CV-09953-EJD

8