**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

[*Additional Counsel Listed On Signature Page*]

*Attorneys for Proposed Co-Lead Plaintiff the Pompano Beach Police & Firefighters' Retirement System, and Proposed Co-Lead Counsel for the Class*

**MOTLEY RICE LLC**
Christopher F. Moriarty (admitted *pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000

[*Additional Counsel Listed On Signature Page*]

*Attorneys for Proposed Co-Lead Plaintiff KBC Asset Management NV, and Proposed Co-Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWIEG, ANDREW J. BROWN, NATHAN SCHULTZ, JOHN P. FILLMORE and ROBIN TOMASELLO,<br><br>Defendants. | No. 5:21-cv-09953-EJD<br><br>Judge Edward J. Davila<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS**<br><br>DATE:  August 25, 2022<br>TIME:   9:00 a.m.<br>COURTROOM: 4—5th Floor<br>JUDGE: Hon. Edward J. Davila |

KBC and Pompano Beach P&F respectfully submit this memorandum of points and authorities in further support of their motion for appointment as Lead Plaintiff (ECF No. 40), and in opposition to the remaining competing motions filed by: (1) Nicholas Reiter ("Reiter"); (2) North Atlantic States Carpenters Pension Fund and Guaranteed Annuity Fund (together, "North Atlantic Funds"); and (3) Randy Myles ("Myles").[1]  *See* ECF Nos. 36, 60, 67.[2]

---

[1]  Unless otherwise noted, all capitalized but undefined terms have the meanings ascribed in the KBC and Pompano Beach P&F's opening brief (ECF No. 40), all emphasis is added, and internal quotations and citations are omitted.

[2]  Ohio Carpenters Pension Fund, which claimed a loss of $323,430, filed a notice of non-opposition to the competing motions, recognizing that it "does not possess the 'largest financial interest in the relief sought by the class.'" ECF No. 78 at 1.  David Kennedy, who claimed a loss of approximately $1 million, also filed a notice of non-opposition, explaining that it appears that KBC and Pompano Beach P&F "have asserted the largest financial interest in this litigation and are therefore the presumptive lead plaintiff under the [PSLRA]." ECF No. 79 at 1.  Three other movants withdrew their motions.  The Construction Industry and Laborers Joint Pension Trust for Southern Nevada Plan A, International Brotherhood of Electrical Workers Local Union #357 Pension Trust Fund Plan A, and City of Hallandale Beach Police Officers' and Firefighters' Personnel Retirement Trust withdrew their motion for appointment as Lead Plaintiff recognizing that they "do not possess the largest financial interest in this litigation."  *See* ECF No. 74 at 1.  In addition, Angel Hovsepian also withdrew his motion, noting that he "does not appear to have the largest financial interest."  *See* ECF No. 77 at 1.  Similarly, Ty Truax withdrew his motion, acknowledging that he "does not have 'the largest financial interest' in this litigation."  ECF No. 80 at 1.  In so doing, all of these movants, who claimed smaller losses than KBC and Pompano Beach P&F and are represented by sophisticated securities litigation counsel, did not raise any challenge to KBC and Pompano Beach P&F's claimed losses or adequacy to serve as Lead Plaintiff, with David Kennedy noting that KBC and Pompano Beach P&F "are . . . the presumptive lead plaintiff."  ECF No. 79 at 1.

## I.    PRELIMINARY STATEMENT

The filings above make clear that KBC and Pompano Beach P&F have the largest financial interest in the litigation and are the presumptive "most adequate plaintiff" pursuant to the PSLRA. KBC and Pompano Beach P&F incurred a total loss on their Class Period purchases of Chegg common stock in excess of $6 million—a loss that dwarfs the losses claimed by all other competing movants as reflected below.



KBC and Pompano Beach P&F have established that they also satisfy Rule 23's typicality and adequacy requirements and will provide effective and vigorous representation to absent Class members.  Moreover, KBC and Pompano Beach P&F are sophisticated institutional investors that collectively manage over $100 billion (or the equivalent) in assets and have highly successful track records serving cooperatively with other institutional investors as lead plaintiffs—recovering many millions of dollars for aggrieved investors through complex securities actions.  *See* ECF No. 41-3 ¶¶ 2-3; *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [plaintiff] is entitled to lead plaintiff status[.]").

As set forth herein, the three remaining movants have significantly smaller financial

interests than that of KBC and Pompano Beach P&F under any metric. Accordingly, KBC and Pompano Beach P&F should be appointed Lead Plaintiff, and all competing motions should be denied.

## II.    STATEMENT OF THE ISSUES TO BE DECIDED

1.    Whether KBC and Pompano Beach P&F should be appointed as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B) because KBC and Pompano Beach P&F are the movant asserting the largest financial interest that also satisfies Rule 23's typicality and adequacy requirements and is not subject to unique defenses.

2.    Whether KBC and Pompano Beach P&F's selection of Motley Rice and Saxena White as Lead Counsel for the Class should be approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    ARGUMENT

### A.    KBC and Pompano Beach P&F's Motion Should Be Granted

Appointment of KBC and Pompano Beach P&F as Lead Plaintiff comports with the PSLRA's express provisions and Ninth Circuit precedent. The PSLRA provides that courts "shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining which movant is the most adequate plaintiff, the PSLRA instructs that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the *largest financial interest* in the relief sought by the class; and . . . otherwise *satisfies the requirements of Rule 23*." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In *Cavanaugh*, the Ninth Circuit articulated the analysis district courts are to undertake in selecting the "presumptively most adequate plaintiff," finding that "it is neither overly complex nor ambiguous." 306 F.3d at 729-33. First, "the district court must consider the losses allegedly suffered by the various plaintiffs" to determine which movant possesses the largest loss. *Id.* at 729-30. After determining which movant has the largest loss, the Court "must then focus its attention

on *that* plaintiff and determine, based on the information [the plaintiff] has provided in [its] pleadings and declarations, whether [it] satisfi[ed] the requirements of Rule 23(a)." *Id.* at 730. If the movant with the largest loss also satisfies Rule 23's requirements, that movant is the presumptive lead plaintiff. *See id.* The statutory presumption in favor of the plaintiff with the largest financial interest may be rebutted "only upon *proof*" (not speculation) that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof can be offered against KBC and Pompano Beach P&F.

### 1. KBC and Pompano Beach P&F Have the Largest Financial Interest in the Relief Sought in this Case

In *Cavanaugh*, the Ninth Circuit made clear that "the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy." 306 F.3d at 732. KBC and Pompano Beach P&F have the largest financial interest in the relief sought by the Class by a wide margin.

Courts in this District consider the "*Lax*" factors when identifying which movant has the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-cv-04003 LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (citing *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).

As set forth in the chart below, KBC and Pompano Beach P&F have a *substantially greater* financial interest than all of the competing movants under *each and every one* of the *Lax* factors. *See Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 WL 2654351, at *4 (N.D. Cal. May 10, 2016) (appointing group of investors that had a larger financial interest under each of the *Lax* factors); *Melot v. JAKKS Pacific, Inc.*, No. LA CV13–05388 JAK (SSx), 2013 WL 12133650, at *4 (C.D.

Cal. Dec. 9, 2013) (appointing investor whose stake under each of the four factors was orders of magnitude greater than that of the competing movant).

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | CLAIMED LOSS |
|---|---|---|---|---|
| **KBC and Pompano Beach P&F** | **119,510** | **60,520**[3] | **$5,442,659**[3] | **$6,067,129** |
| North Atlantic Funds | 50,697 | 50,697 | $3,736,889 | $2,169,841 |
| Myles | 3,000 | 3,000 | $216,000 | $126,000 |
| Reiter[4] | 269 | 269 | $23,910 | $25,062 |

*See* ECF Nos. 37-3, 41-2, 60-4, 67-4.

Significantly, courts applying the *Lax* factors "generally place the greatest emphasis on the last of these factors," *i.e.*, the "approximate loss suffered." *Juniper Networks*, 2012 WL 78780, at *4; *see also Felix v. Symantec Corp.*, No. 18-cv-02902 WHA, 2018 WL 4029053, at *2 (N.D. Cal. Aug. 23, 2018) (noting that "'approximate loss,' is generally considered the most important

[3] The net shares and net expenditures figures provided herein correct inadvertent errors in KBC and Pompano Beach P&F's opening brief (ECF No. 40), which did not account for early Class Period sales by one of KBC's funds. Nevertheless, with these inadvertent errors corrected, KBC and Pompano Beach P&F still purchased significantly more net shares and expended more net funds than any other movant. In addition, Pompano Beach P&F's loss chart (ECF No. 41-2 at 2) mistakenly listed an opening balance of 56,900 shares, when it should have read 0 shares, a clerical error that has no impact on either KBC and Pompano Beach P&F's loss calculation or the determination of the presumptive Lead Plaintiff.

[4] Reiter included option transactions. Those option transactions are not included in this chart for the first three *Lax* factors and are only included in the "Claimed Loss." Reiter claimed a loss of $10,616 from options transactions. However, the Class definition presently is limited to purchasers of Chegg common stock.

factor"). Here, under the most important factor, KBC and Pompano Beach P&F's combined loss of approximately $6 million is nearly *triple* the size of the loss of the next largest movant. *See, e.g.*, *Juniper Networks*, 2012 WL 78780, at *4 (appointing a group of institutional investors with the largest total loss as lead plaintiff). Moreover, KBC's individual LIFO loss of approximately $5.9 million alone is larger than the $4.5 million in combined losses claimed by all other movants, including those that have filed notices of non-opposition and withdrawals. *See Inchen Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (appointing movant group whose member had the "largest [financial] interest of any movant"); *McCracken v. Edwards Lifesciences Corp.*, No.: 8:13-cv-1463–JLS (RNBx), 2014 WL 12694135, at *3 (C.D. Cal. Jan. 8, 2014) (concluding that institutional investor group had the largest financial interest because a component member had the largest individual loss); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 11-cv-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *13 (N.D. Cal. Feb. 21, 2012) (appointing lead plaintiff group where "one of its members alone . . . ha[d] a larger [financial] stake than any other individual plaintiff"); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) (same).

KBC and Pompano Beach P&F also have a significantly larger financial interest under the three other *Lax* factors. KBC and Pompano Beach P&F (i) purchased more total shares than all of the other movants **combined**; (ii) purchased nearly 10,000 more net shares than the next closest movant; and (iii) expended $1.7 million more net funds on their transactions in Chegg stock than the next closest movant.

Accordingly, under any relevant calculation, KBC and Pompano Beach P&F unquestionably possess the largest "financial stake in [this] controversy" and must be appointed Lead Plaintiff unless the Court "finds that [they] do[] not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 732.

> **2.      As Sophisticated and Experienced Institutional Investors, KBC and Pompano Beach P&F Are an Ideal Lead Plaintiff and Clearly Satisfy Rule 23's Requirements**

As sophisticated institutional investors with a significant financial stake in the outcome of this litigation, KBC and Pompano Beach P&F are exactly the type of plaintiffs Congress sought to

encourage to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995) ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

KBC and Pompano Beach P&F are experienced in prosecuting securities class actions, having successfully served as responsible class fiduciaries in several cases. *See* Jt. Decl., ECF No. 41-3 ¶¶ 2-3 (citing investor actions in which KBC and Pompano Beach P&F have successfully served as lead plaintiff, including with other institutional investors); *see also Edwards Lifesciences*, 2014 WL 12694135, at *4 (finding that "prior experience serving as lead plaintiff in securities class actions" by members of institutional investor group demonstrated adequacy). KBC and Pompano Beach P&F also are adequate because neither they nor their counsel "have any conflicts of interest with other class members" and both "will prosecute the action vigorously on behalf of the class." *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020); *see also Omnivision Techs.*, 2012 U.S. Dist. LEXIS 21590, at *18-19 (finding that "the size of financial interest" of a group of institutional investors movants "suggests that it will vigorously advocate on behalf of itself and the proposed class"); ECF No. 40 at 8-9.

KBC and Pompano Beach P&F's submissions also show their claims are typical of those of other Class members. Like other Class members, they suffered financial harm as a result of Defendants' public dissemination of false and misleading statements in violation of the Exchange Act—the same course of conduct that harmed the rest of the Class—and, like other Class members, they seek to recover their monetary losses. *See Dropbox*, 2020 WL 264408, at *4 (discussing the typicality requirement).

KBC and Pompano Beach P&F have made the requisite preliminary showing that they satisfy Rule 23 and are ideally suited to serve as Lead Plaintiff, and accordingly are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018) ("Once a movant has demonstrated that it has the largest financial interest, it need only make a prima facie showing of its typicality and adequacy."). The remaining movants cannot offer proof of inadequacy or

KBC AND POMPANO BEACH P&F'S M.P.A. IN FURTHER SUPP
OF THEIR MOT. FOR APP'T AS LEAD PL
CASE NO. 5:21-CV-09953-EJD

atypicality to rebut this presumption because no such proof exists.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, KBC and Pompano Beach P&F's motion for appointment as Lead Plaintiff should be granted.[5]

### B.     The Competing Motions Should Be Denied

Because KBC and Pompano Beach P&F are the presumptive Lead Plaintiff and meet all the statutory requirements for appointment, the Court need not consider the competing motions.  *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential:  The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order ***if and only if the presumptive lead plaintiff is found inadequate or atypical***.").  The competing movants each possess significantly smaller financial interests than KBC and Pompano Beach P&F in the relief sought by the Class—the threshold consideration for courts in assessing lead plaintiff movants.  *See Juniper Networks*, 2012 WL 78780, at *4 ("In selecting a lead plaintiff, the Court begins by comparing the financial stakes of the various plaintiffs and determining which one has the most to gain from the lawsuit.").  Therefore, the motions of the competing movants should be denied.

### IV.     CONCLUSION

Because KBC and Pompano Beach P&F have the largest financial interest in the relief sought by the Class and otherwise qualify as the most adequate lead plaintiff under the PSLRA, their motion should be granted, and all other motions should be denied.

---

[5] Indeed, on December 1, 2021, counsel for North Atlantic Funds, Robbins Geller Rudman & Dowd LLP, acknowledged KBC's adequacy as a representative plaintiff when, as sole lead counsel, it put forward KBC as a proposed class representative in *In re Under Armour Securities Litigation*, Civ. No. RDB-17-388 (D. Md.).

Dated: March 8, 2022

Respectfully submitted,

*/s/ David R. Kaplan*

**SAXENA WHITE P.A.**

David R Kaplan (SBN 230144)
dkaplan@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

Steven B. Singer (*pro hac vice forthcoming*)
Rachel A. Avan (*pro hac vice forthcoming*)
ssinger@saxenawhite.com
ravan@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 216-2220

*Attorneys for Proposed Co-Lead Plaintiff
the Pompano Beach Police & Firefighters'
Retirement System, and Proposed Co-Lead Counsel
for the Class*

**MOTLEY RICE LLC**

Christopher F. Moriarty (admitted *pro hac vice*)
Neli T. Traykova (admitted *pro hac vice*)
cmoriarty@motleyrice.com
ntraykova@motleyrice.com
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000

*Attorneys for Proposed Co-Lead Plaintiff KBC Asset
Management NV, and Proposed Co-Lead Counsel
for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on March 8, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.


*/s/ David R. Kaplan*
David R. Kaplan

KBC AND POMPANO BEACH P&F'S M.P.A. IN FURTHER SUPP
OF THEIR MOT. FOR APP'T AS LEAD PL
CASE NO. 5:21-CV-09953-EJD