ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>CHEGG, INC., et al.,<br><br>                              Defendants. | Case No. 5:21-cv-09953-EJD<br><br><u>CLASS ACTION</u><br><br>THE NORTH ATLANTIC FUNDS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF<br><br>DATE:        August 25, 2022<br>TIME:        9:00 a.m.<br>CTRM:      4, 5th Floor<br>JUDGE:      Hon. Edward J. Davila |

4871-8846-9270.v1

## I.    INTRODUCTION

Of the two remaining movants, only the North Atlantic Funds satisfy the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Indeed, other than observing that the North Atlantic Funds do not claim the largest loss, the Motley Group did not suggest any reason why the North Atlantic Funds could not be appointed lead plaintiff.  *See* ECF No. 82 at 1.

By contrast, the Motley Group cannot be appointed lead plaintiff because KBC (which accounts for over 97% of the Group's losses) is subject to unique standing defenses which preclude the Court from finding that the Group "has made a prima facie showing of adequacy and typicality." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (to find that a movant has triggered the presumption, district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit" and "must then focus its attention on ***that*** plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a)") (emphasis in original).[1]  In situations like here, where a movant claiming to possess a financial interest based upon an insufficient showing of Article III standing "does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 730.  The movant with the next greatest loss that satisfies the Rule 23 requirements is the North Atlantic Funds.  Their motion should be granted.

## II.    ARGUMENT

The North Atlantic Funds are eminently qualified candidates to serve as lead plaintiff. Indeed, the North Atlantic Funds filed a timely motion, suffered a substantial loss, are typical and adequate, and are not subject to any unique standing defenses (or the PSLRA's presumptive bar).

---

[1]    Unless otherwise noted, all emphasis is added and citations are omitted.

*See* 15 U.S.C. §78u-4(a)(3)(B).  The lack of any substantive opposition to the North Atlantic Funds' motion confirms their satisfaction of the PSLRA's requirements for appointment.[2]

Rather than substantively oppose the North Atlantic Funds' motion, the Motley Group merely notes that certain funds and sub-funds that KBC contractually manages purportedly possess a greater financial interest than the North Atlantic Funds' financial interest.  *See* ECF No. 82 at 1.  While accurate, that fact is inconsequential as a "movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class." *In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003); *Cavanaugh*, 306 F.3d at 730 ("If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23.").  Unlike the North Atlantic Funds, KBC does not satisfy the PSLRA's other requirements for appointment as lead plaintiff.  *See* ECF No. 84.

Specifically, KBC itself did not suffer any losses on an investment in Chegg, Inc. securities. *See* ECF No. 84.  Rather, KBC is attempting to assert as its own financial interest the losses of distinct legal entities whose funds KBC manages pursuant to a contract.  And while KBC's counsel summarily asserts – in a footnote, no less – that KBC possesses standing, this unsubstantiated claim falls short of meeting KBC's burden to establish that any of the three theories by which it claims to possess standing are even probable.  *See In re LinkedIn User Priv. Litig.*, 932 F. Supp. 2d 1089,

---

[2]    Any attempt by the Motley Group to challenge the North Atlantic Funds' qualifications for the first time in the Motley Group's reply brief should be deemed untimely and the arguments waived.  *See Salazar v. Buono*, 559 U.S. 700, 729 n.1 (2010) ("Buono failed to raise the issue in his brief in opposition to certiorari, and we may deem it waived."); *Tovar v. City of San Jose*, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28, 2021) ("'Plaintiff concedes these arguments by failing to address them in her opposition.'") (quoting *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020)).

1092 (N.D. Cal. 2013) (this Court holding that "party seeking to invoke federal court jurisdiction has the burden of establishing the constitutional elements of standing").

Indeed, KBC neglected to inform the Court that the last federal court to evaluate KBC's standing at the lead plaintiff stage *rejected* two of the theories KBC proffers here, *i.e.*, that it has standing either through its management agreements or through the "prudential exception" to the injury-in-fact requirement.  *See Gross v. AT & T Inc.*, 2019 WL 3500496, at *3 (S.D.N.Y. July 31, 2019); ECF No. 84 at 4-6.  KBC's third (and final) theory would require this Court to accept the exact same "Declaration of Assignment" (ECF No. 41-5) that another federal district court *rejected* just four months ago as subjecting an asset manager like KBC to "unique standing defenses regarding the invalidity of the Assignment Declaration for failing to convey a property interest." *Plymouth Cty. Ret. Ass'n v. Array Techs., Inc.*, 2021 WL 5051649, at *2 (S.D.N.Y. Nov. 1, 2021).

Further dooming its application, KBC has failed to provide the Court in either its motion or opposition brief with a single citation to any source of Belgian law that might otherwise permit this Court to conclude that one of the alternative (and contradictory) theories supporting KBC's standing is remotely viable under Belgian law.  *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 949 (9th Cir. 2018) ("a party relying on foreign law has an obligation to raise the specific legal issues and to provide the district court with the information needed to determine the meaning of the foreign law"); *Array*, 2021 WL 5051649, at *2 ("foreign law is relevant to 'establish[ing] the existence of the requisite property right'" when considering Article III standing questions pertaining to European entities seeking appointment as lead plaintiff and noting that movant failed to provide an explanation of Austrian law in support of its motion).  KBC's failure to do so is disqualifying, particularly considering that the *AT & T* court reproved KBC on *this* very issue, finding that "[i]f an issue [of foreign law] were material to KBC's motion, KBC had the *obligation* to raise it at least tangentially." 2019 WL 3500496, at *2 (declining to consider KBC's mention of Belgian law for the first time in a reconsideration brief).[3]

---

[3]     *In re Bard Assocs., Inc.*, 2009 WL 4350780, at *3 (10th Cir. Dec. 2, 2009) (upholding district court's adoption of "a bright line rule requiring lead plaintiff movants to establish Article III

The Motley Group's only answer to KBC's infirmities is the suggestion in its opposition brief that the North Atlantic Funds should be precluded from raising KBC's unique standing defenses because the North Atlantic Funds' counsel "acknowledged KBC's adequacy as a representative plaintiff when, as sole lead counsel, it put forward KBC as a proposed class representative in *In re Under Armour Securities Litigation*, Civ. No. RDB-17-388 (D. Md.)." ECF No. 82 at 8 n.5. The Motley Group's reliance on *Under Armour* – a case in which KBC is an additional named plaintiff represented by its counsel Motley Rice and in which the North Atlantic Funds are not parties – is misplaced. As a preliminary matter, the PSLRA and Ninth Circuit require a ***movant*** to make a *prima facie* showing of typicality and adequacy and a court to so find, irrespective of the identity of the competing lead plaintiff movants (much less their counsel).[4] KBC's failure to do so here – which precludes the Court from so finding – is a reality that exists regardless of which putative class member points it out.

Indeed, in opposing class certification in *Twitter*, defendants indicated an intent to challenge KBC's standing later in the litigation. *In re Twitter Inc. Sec. Litig.*, No: 3:16-cv-05314-JST. ECF No. 161-5 at 2 n.2, 2018 WL 1804214 (N.D. Cal. Apr. 16, 2018) ("The assignments appear to be governed by Belgian law. Defendants reserve all rights to pursue discovery concerning KBC's standing, or lack thereof. . . . Defendants have not had an adequate opportunity to review these 11th hour document productions, which may raise issues of adequacy and/or typicality not yet knowable to Defendants at this time."). And in the opinion granting class certification, Judge Tigar referenced

standing by the time the lead plaintiff motions are due"); *In re Boeing Co. Aircraft Sec. Litig.*, 2020 WL 476658, at *1 (N.D. Ill. Jan. 28, 2020) ("'[A] viable candidate for Lead Plaintiff would understand the need to make a more fulsome preliminary showing of adequacy from the outset of the lead plaintiff selection process.'") (emphasis omitted).

[4] *See Cavanaugh*, 306 F.3d at 729 (the district court "must" focus its attention on the movant claiming the largest loss and "determine, ***based on the information he has provided in his pleadings and declarations***, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy'").

KBC's own suggestion that he should appoint a non-lead plaintiff with a seven-figure loss as an additional class representative because doing so "could protect against defenses, such as the standing defense against KBC that Twitter hints towards." *In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619, 628 n.4 (N.D. Cal. 2018). The old adage that there is "safety in numbers" may well explain why KBC appended a co-lead plaintiff with 1/30th its losses to its lead plaintiff motion. Regardless, "the purpose of grouping Lead Plaintiffs is not to balance out each other's deficiencies." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002). Ultimately, the fact that KBC may be an adequate class representative in an entirely different case in a different court involving different securities purchased by at least two different funds over a different time period has no relevance as to whether the Motley Group has made the requisite *prima facie* showing in **this** case.

Even if the arguments Robbins Geller has filed on behalf of different clients in this Action and *Under Armour* could somehow be construed as inconsistent (which they are not), it is commonly understood that "a lawyer may take inconsistent legal positions in different tribunals at different times on behalf of different clients." *See* Ann. Mod. Rules Prof. Cond. §1.7. In fact, as one court recently noted, "[e]mphasizing one set of facts to this Court while simultaneously emphasizing a different set of facts to a different court (on a different party's behalf) is . . . good advocacy." *Mortimer v. Diplomat Pharm. Inc.*, 2019 WL 4934602, at *4 (N.D. Ill. Oct. 7, 2019). And while it may be ubiquitous for advocates to take positions that may be in tension with one another on behalf of different clients, it is far less common (and to KBC's fortune, often not disqualifying) for the **same client** to take inconsistent positions **on the same issue** in different litigations. If it was disqualifying, that too would preclude KBC's appointment as lead plaintiff in this case because in *General Motors* (where it was represented by the same law firm as here) KBC took the position that "clerical errors" in the trading data of a lead plaintiff movant "call into question the ability of [a] group to diligently prosecute this Action in the best interests of the class" and that such errors suggest that "the group lacks cohesion and a sufficient motivation to advocate on behalf of the proposed class." *Compare Pope v. General Motors Co.*, No. 2:17-cv-12185-BAF-DRG, ECF No. 18 at 10-11 (E.D. Mich. Aug. 22, 2017) (KBC arguing against the appointment of a group because "there is no apparent relationship between the five members of the GM Investor Group, with the

exception of their counsel") (attached as Exhibit A to the Declaration of Michael Albert in Support of the North Atlantic Funds' Reply Memorandum of Law in Further Support of Motion for Appointment as Lead Plaintiff ("Albert Reply Decl.")) *with* ECF No. 82 at 5 n.3 (explaining here the presence of "errors in KBC and Pompano Beach P&F's opening brief" in addition to "a clerical error" contained in Pompano Beach P&F's loss chart were "inadvertent" and certainly not disqualifying).[5]

Nor would it be possible for KBC to advance multiple factually incompatible theories regarding its own standing which would almost certainly derail the litigation if the Motley Group were to be appointed.  Take, for example, KBC's evolving representations regarding the entity structures of KBC and the managed funds and how these entities' property interests under Belgian law interact with constitutional standing requirements:

- In *CenturyLink*, KBC (represented by its counsel here) sought appointment as lead plaintiff for various funds including KBC EQUITY FUND (one of the funds in this case) and KBC INDEX FUND (the fund at issue in *AT & T*) and represented to the court (presumably to bolster its ability to assert the prudential exception to the injury-in-fact requirement) that: "***KBC's funds are not entities but rather accounts that it manages, like any other institutional investor, on behalf of the beneficial owners of the assets, who have no ability to bring a legal claim on their own***."  *Craig v. CenturyLink, Inc.*, No. 3:17-cv-01005-SMH-JPM, ECF No. 52 at 8 n.7 (W.D. La. Sept. 18, 2017) (Albert Reply Decl., Ex. B).

- In *AT & T*, however, KBC (represented by its counsel here), represented that KBC INDEX FUND and another one of KBC's funds were "***incorporated legal entities***

---

[5]    *See also Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) ("As noted above, the certification submitted by Meitav with its original motion papers 'inadvertently omitted certain Class Period transactions in Goldman Sachs securities due to a clerical error.'. . .  Although Meitav submits that this clerical error was a 'minor defect[ ],'. . . this error 'nonetheless speak[s] to a level of carelessness,' and causes me 'to doubt whether [Meitav] possesses the necessary adequacy and sophistication to be lead plaintiff.' . . .  Meitav makes no attempt to explain the circumstances surrounding the error, or why they do not militate against a finding that Meitav is inadequate."); *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.,* 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021) (same).

*and have legal title to the funds and the assets in the funds, as well as the authority to commence a lawsuit to recover damages*." *Gross v. AT & T Inc.*, No. 1:19-cv-02982-VEC, ECF No. 62-1 at ¶3 (S.D.N.Y. July 8, 2019) (Albert Reply Decl., Ex. C).

Which is it?  If the KBC EQUITY FUND is just an "account" with "no ability to bring a legal claim on [its] own," then KBC owns the assets in question.  Albert Reply Decl., Ex. B.  If that is so, then why did KBC represent that the identically-structured KBC INDEX FUND *was* an "incorporated legal entit[y]" with "the authority to commence a lawsuit to recover damages?"  *Id.*, Ex. C.  KBC's contradictory representations about something so fundamental as what the funds actually are (or are not) combined with the Motley Group's failure to identify (let alone substantiate) a single theory under which KBC unambiguously has standing to prosecute the claims at issue, preclude the Motley Group's appointment as lead plaintiff here.

## III.    CONCLUSION

The North Atlantic Funds are the presumptive lead plaintiff.  No movant, including the Motley Group, has even attempted to rebut the presumption in the North Atlantic Funds' favor.  The North Atlantic Funds should be appointed Lead Plaintiff.

DATED:  March 15, 2022                                Respectfully submitted,

                                                          s/ Michael Albert
                                                        MICHAEL ALBERT

                                                ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
                                                DANIELLE S. MYERS
                                                JENNIFER N. CARINGAL
                                                MICHAEL ALBERT
                                                JUAN CARLOS SANCHEZ
                                                655 West Broadway, Suite 1900
                                                San Diego, CA  92101
                                                Telephone:  619/231-1058
                                                619/231-7423 (fax)
                                                dmyers@rgrdlaw.com
                                                jcaringal@rgrdlaw.com
                                                malbert@rgrdlaw.com
                                                jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 15, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  malbert@rgrdlaw.com

4871-8846-9270.v1

## Mailing Information for a Case 5:21-cv-09953-EJD Leventhal v. Chegg, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com

- **Jennifer Corinne Bretan**
  jbretan@fenwick.com,kayoung@fenwick.com,anolen@fenwick.com,jennifer-bretan-2534@ecf.pacerpro.com

- **David Bricker**
  dbricker@tenlaw.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Daniel C. Girard**
  dgirard@girardsharp.com,avongoetz@girardsharp.com,5804895420@filings.docketbird.com

- **Frank James Johnson**
  frankj@johnsonfistel.com,michaelf@johnsonfistel.com,kristeno@johnsonfistel.com,ceciliar@johnsonfistel.com,paralegal@johnsonfistel.com,brettm@johnsonfistel.com

- **Jennifer Lauren Joost**
  jjoost@ktmc.com,1759490420@filings.docketbird.com

- **David Reuven Lev Kaplan**
  dkaplan@saxenawhite.com,e-file@saxenawhite.com,lmix@saxenawhite.com

- **Dean S. Kristy**
  dkristy@fenwick.com,kayoung@fenwick.com,dean-kristy-2035@ecf.pacerpro.com,lkelleybourne@fenwick.com

- **Felix Shih-Young Lee**
  flee@fenwick.com,tmartin@fenwick.com,felix-lee-2591@ecf.pacerpro.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Christopher Francis Moriarty**
  cmoriarty@motleyrice.com,lmclaughlin@motleyrice.com,kweil@motleyrice.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Adam E. Polk**
  apolk@girardsharp.com,avongoetz@girardsharp.com,3768906420@filings.docketbird.com

- **Sofia Ritala**
  sritala@fenwick.com,jtosches@fenwick.com,sofia-ritala-8254@ecf.pacerpro.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Alex R. Straus**
  astraus@milberg.com,astraus@ecf.courtdrive.com,asilva@milberg.com,cbryant@ecf.courtdrive.com,tsmith@milberg.com,tsmith_20412@ecf.courtdrive.com

- **Fiona Tang**
  ftang@fenwick.com,fiona-tang-3866@ecf.pacerpro.com

- **Neli Traykova**
  ntraykova@motleyrice.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing. You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)