# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICHARD POPE, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS COMPANY, DANIEL F. AKERSON, MARY T. BARRA, DANIEL AMMANN, and CHARLES K. STEVENS III, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case. No. 17-cv-12185 <br><br> Honorable Bernard A. Friedman <br> Honorable David R. Grand <br><br> <u>CLASS ACTION</u> |
| ROBERT KLESZYNSKI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MOTORS COMPANY, DANIEL F. AKERSON, MARY T. BARRA, DANIEL AMMANN, and CHARLES K. STEVENS III, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case. No. 17-cv-12565 <br><br> Honorable Bernard A. Friedman <br> Honorable David R. Grand <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF KBC ASSET MANAGEMENT NV'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN <u>OPPOSITION TO COMPETING MOTIONS</u>**

## TABLE OF CONTENTS

QUESTIONS PRESENTED ..................................................................................... ii

INDEX OF CONTROLLING AUTHORITY ........................................................ iii

I.     PRELIMINARY STATEMENT ..................................................................... 1

II.    ARGUMENT ................................................................................................. 3

       A.    KBC Is the Most Adequate Plaintiff ..................................................... 3

           1. KBC Has the Largest Financial Interest In the Relief Sought by the Class ..................................................................................................... 4

           2. KBC Satisfies the Requirements of the Federal Rule of Civil Procedure 23 ........................................................................................... 5

       B.    Neither the GM Investor Group Nor Donohue Satisfies the Requirements of Rule 23 ...................................................................... 7

           1. Donohue is Inadequate and Atypical ............................................... 7

           2. The GM Investor Group is Inadequate ........................................... 8

III.    CONCLUSION ............................................................................................ 12

## QUESTIONS PRESENTED

1. Should KBC Asset Management NV be appointed as Lead Plaintiff?

   KBC Asset Management NV answers:  Yes

   The Court should rule:  Yes

2. Should the Court approve KBC Asset Management NV's selection of Motley Rice LLC as Lead Counsel on behalf of the proposed class?

   KBC Asset Management NV answers:  Yes

   The Court should rule:  Yes

# INDEX OF CONTROLLING AUTHORITY

**CASES**

*Blitz v. AgFeed Indus.*,
  No. 3:11-0992, 2012 U.S. Dist. LEXIS 49849 (M.D. Tenn. Apr. 10, 2012) ....... 5

*Eichenholtz v. VeriFone Holdings, Inc.*,
  No. C 07-06140, 2008 WL 3925289, at *9 (N.D. Cal. Aug. 22, 2008) ............. 13

*Halliburton Co. v. Erica P. John Fund, Inc.*,
  134 S. Ct. 2398 (2014) .................................................................................... 11

*In re American Medical System*,
  75 F.3d 1069, 1082 (6th Cir. 1996)..................................................................... 6

*In re Cendant Corp. Litigation*,
  264 F.3d 201, 263-64 (3d Cir. 2001) .................................................................. 6

*In re CMS Energy Securities Litigation*,
  No. 02–CV–72004–DT, slip op. at 5 (E.D. Mich. Nov. 14, 2002) ..................... 7

*In re Texlon Corp. Securities Litigation*,
  67 F. Supp. 2d 803, 813-14 (N.D. Ohio 1999).................................................... 9

*Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*,
  2015 WL 7018024, at *3-4 (S.D.N.Y. Nov. 12, 2015).................................... 13

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
  549 F.3d 100, 106 n.5 (2d Cir. 2008).................................................................. 8

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B) .................................................................... 1, 4, 8, 11

KBC Asset Management NV ("KBC") respectfully submits this memorandum of law in further support of its motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for appointment as lead plaintiff and approval of its selection of Motley Rice LLC ("Motley Rice") as Lead Counsel for the proposed class (ECF No. 11), and in opposition to any competing motions.

## I.      PRELIMINARY STATEMENT

Presently pending in this District are two securities class actions against General Motors Company ("GM") and certain of its officers and/or directors (together, "Defendants"), which assert substantially identical claims.  One action, *Kleszynski v. General Motors Company et al.*, Case No. 17-cv-12565 ("*Kleszynski*"), originally was filed in District Court for the Eastern District of New York on May 27, 2017.  The other action, *Pope v. General Motor Company et al.*, Case No. 17-12565 ("*Pope*"), was filed in this District on July 5, 2017.

On July 26, 2017, KBC timely filed a motion for appointment as lead plaintiff in the *Pope* Action.  KBC was the only member of the putative class to file such a motion in this Court.  That same day, three motions for appointment as lead plaintiff were filed in the *Kleszynski* action by KBC, Richard Donohue ("Donohue"), and a group of five investors self-styled the "GM Investor Group," respectively.

1

On August 4, 2017, plaintiff Robert Kleszynski ("Kleszynski"), Defendants, and lead plaintiff movants KBC, Donohue, and the GM Investor Group filed a stipulation in the District Court for the Eastern District of New York, agreeing to transfer the *Kleszynski* action to this District, and, on August 8, 2017, that action was transferred to this District.  Kleszynski, Defendants, and the three lead plaintiff movants further stipulated that the Eastern District of Michigan should adjudicate the motions for lead plaintiff appointment that had been filed in the Eastern District of New York.

On August 9, 2017, the three lead plaintiff movants filed a stipulation with this Court agreeing that the *Pope* and *Kleszynski* actions (the "Related Actions") should be consolidated for all purposes, and agreeing that the deadline for filing responses to the motions for appointment as lead plaintiff should be August 22, 2017, and the deadline for filing reply briefs should be August 29, 2017.

Of the three lead plaintiff movants in the Related Actions, KBC has the largest interest in the relief sought by the putative class, its funds having suffered losses of approximately $4.4 million.  In contrast, Donohue and the GM Investor Group claim losses of just $9,540 and $14,099, respectively.  KBC also made a prima facie showing in its opening memorandum that it satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

2

Therefore, KBC is the presumptive most adequate plaintiff under the PSLRA and should be appointed lead plaintiff.

Neither Donohue nor the GM Investor Group qualify to be appointed lead plaintiff because they do not have the largest financial interest in the relief sought by the class, and they have not made a prima facie showing of their adequacy to represent the class.  In particular, Donohue's and GM Investor Group's claimed losses are so small that it is doubtful that they would have sufficient motivation to zealously prosecute the putative class's claims.  Furthermore, Donohue did not hold any GM securities on the date the truth was revealed to the market and the price of GM securities declined, and therefore he was not damaged by Defendants' alleged fraud.  Because Donohue is susceptible to the unique defense that he does not satisfy the injury-in-fact requirement, he is inadequate to serve as lead plaintiff.

For the foregoing reasons, KBC's motion for appointment as lead plaintiff and approval of its selection of counsel should be granted, and the competing motions of Donohue and the GM Investor Group should be denied.

## II.   ARGUMENT

### A.   KBC Is the Most Adequate Plaintiff

The PSLRA directs the Court to appoint as lead plaintiff the member of the purported plaintiff class that "the court determines to be most capable of adequately representing the interests of class members," referred to as "the 'most adequate

3

plaintiff.'" 15 U.S.C. §78u-4(a)(3)(B)(i). Under the PSLRA, the movant that timely demonstrates it has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is entitled to a presumption that it is the most adequate plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Here, KBC has the largest financial interest in this litigation and satisfies the typicality and adequacy requirements of Rule 23, and therefore is entitled to be appointed lead plaintiff.

> **1. KBC Has the Largest Financial Interest in the Relief Sought by the Class**

In deciding which movant has the largest financial interest in the relief sought by the class, courts typically have looked at four factors set forth in the Manual for Complex Litigation: "(1) the number of shares that the movant purchased during the class period, (2) the number of net shares purchased during the class period, (3) 'the total net funds expended by the [movant] during the class period, and (4) the amount of loss suffered by the movant.'" *Burgraff v. Green Bankshares, Inc.*, No. 2:10-CV-00253, 2011 U.S. Dist. LEXIS 14573, at *5 (E.D. Tenn. Feb. 11, 2011) (citation omitted); *see also* Manual for Complex Litigation (Fourth) §13.31 (2004). Of these four factors, "the most important factor is the approximate losses suffered by the plaintiff." *Blitz v. AgFeed Indus.*, No. 3:11-0992, 2012 U.S. Dist. LEXIS 49849, at *21 (M.D. Tenn. Apr. 10, 2012).

4

The table below shows the "four factors" for the three movants in this case:

| Movant | Shares Purchased | Net Shares Purchased | Total Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| KBC | 4,479,240 | 1,518,912 | $154,152,864 | $57,364,118 |
| Donohue[1] | 9,000 | 0 | $0 | $9,540 |
| GM Investor Group | 4,995 | 2,618 | $105,127 | $14,099 |

Critically, KBC has a far larger loss than any other movant. KBC's funds also purchased far more shares, purchased more net shares, and expended more net funds than any other movant. By any measure, KBC has the greatest financial interest in the relief sought by the class.

## 2. KBC Satisfies the Requirements of Federal Rule of Civil Procedure 23

In addition to possessing the largest financial interest, to benefit from a presumption that it is the most adequate lead plaintiff, a movant must make a prima facie showing that it satisfies the typicality and adequacy requirements of Rule 23. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001). As demonstrated in its opening memorandum, KBC satisfies both requirements. *See* ECF No. 11 at 6-9.

KBC satisfies the typicality requirement because its claims against defendants "arise[] from the same event or practice or course of conduct that gives rise to the

---

[1] As explained in Section II.B below, Donohue's loss actually attributable to the alleged fraud is $0.

5

claims of other class members, and . . . are based on the same legal theory." *In re American Medical Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Namely, during the Class Period, KBC's funds purchased or otherwise acquired a substantial amount of GM common stock on the New York Stock Exchange at prices artificially inflated by Defendants' alleged materially false and misleading statements and omissions, and suffered damages when the truth was revealed to the market and the price of GM shares declined.

KBC satisfies the adequacy requirement because it seeks to recover for substantially the same course of conduct and injuries for which the rest of the proposed class seeks recovery, its large financial loss ensures that it is motivated to vigorously prosecute the Action, and it has sufficient resources and experience to ensure it will do so competently. *See* ECF No. 11 at 7-8; *see also In re CMS Energy Sec. Litig.*, No. 02–CV–72004–DT, slip op. at 5 (E.D. Mich. Nov. 14, 2002) (considering that a plaintiff is adequate when (1) the plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation). As noted in the memorandum accompanying its motion, KBC also has demonstrated its adequacy by selecting a highly qualified firm with significant experience prosecuting federal securities class actions to serve as Lead Counsel for the putative class. ECF No. 11 at 8.

6

2:17-cv-12185-BAF-DRG Doc # 18 Filed 08/22/17 Pg 12 of 18 Pg ID 184

Because KBC has the largest financial interest of any movant and has made a prima facie showing of typicality and adequacy, it is entitled to a presumption that it is the most adequate plaintiff. There is no evidence to rebut the presumption in KBC's favor, and its motion to be appointed lead plaintiff should be granted. The Court also should approve KBC's selection of Motley Rice LLC to serve as Lead Counsel for the class because its record evinces that it will adequately guard the interests of the class. *See* ECF No. 11 at 13-14.

## B. Neither the GM Investor Group Nor Donohue Satisfies the Requirements of Rule 23

Neither Donohue nor the GM Investor Group is entitled to be appointed lead plaintiff because, as demonstrated above, neither has the largest financial interest in the relief sought by the class. Therefore, there is no need for the Court to consider whether Donohue or the GM Investor Group meet the requirements of Rule 23. In any event, neither competing movant satisfies the requirements of Rule 23 at this stage.

### 1. Donohue Is Inadequate and Atypical

Donohue does not satisfy the adequacy requirement of Rule 23 because he is subject to the "unique defense[]" that he lacks standing. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). In that regard, Donohue did not suffer any harm as a result of the conduct alleged in the complaints on file.

7

2:17-cv-12185-BAF-DRG   Doc # 18   Filed 08/22/17   Pg 12 of 18   Pg ID 135

Article III standing requires that a plaintiff have experienced an "injury-in-fact." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 n.5 (2d Cir. 2008). According to Donohue's certification, he sold all of his GM shares on May 17, 2017, and was holding no GM securities on May 25, 2017, the date of the sole corrective disclosure alleged in the complaints. Therefore, Donohue was not harmed when the price of GM securities declined following the revelation, on May 25, 2017, that certain GM Sierra and Silverado trucks emit nitrogen oxide pollutants far in excess of legal limits. For the same reason, Donohue does not satisfy the typicality requirement of Rule 23. Members of the proposed class were damaged when the price of GM securities declined on May 26, 2017; in contrast, Donohue held no GM securities on May 26, 2017, and did not experience any financial harm when the news was disclosed to the market.

Because Donohue does not have the largest financial loss and does not satisfy the requirements of Rule 23, his motion to be appointed lead plaintiff should be denied.

### 2.    The GM Investor Group Is Inadequate

The individual members of the GM Investor Group have claimed losses of merely $1,293 to $4,191 each, calling into question whether the individual members of the group will vigorously prosecute this Action. *See In re Texlon*, 67 F. Supp. 2d 803, 813-14 (N.D. Ohio 1999) (reasoning that the appointment of lead plaintiffs with

8

nominal losses runs counter to the PSLRA's proscription against "lawyer-drive litigation").[2]  In fact, there are numerous apparent errors in the trade data that the members of the GM Investor Group have certified to this Court, suggesting that the group lacks cohesion and a sufficient motivation to advocate on behalf of the proposed class.  The issues with the GM Investor Group's trade data fall into two categories.

First, the members of the GM Investor Group submitted a number of transactions in GM stock with prices outside of the range of prices at which GM stock traded on the reported transaction dates.  The transactions in question are set forth in the table below.[3]

---

[2] The *Texlon* court reasoned as follows:

> Whereas the plaintiff with only a few shares of stock might have suffered losses amounting to no more than one hundred dollars, even less in some instances, the attorney's interest generally is much greater because of the aggregation of all claims in the class.  This divergence of financial interests creates significant agency costs on a lead plaintiff with respect to his ability to monitor the attorney's conduct during the prosecution of a securities class action.

*Id.* at 814.

[3] Case No. 1:17-cv-03213, ECF No. 7-2 (E.D.N.Y. July 26, 2017).

| Group Member | Transaction Type | Date | Shares | Price | Daily Price Range |
|---|---|---|---|---|---|
| Creedon | Purchase | 1/16/2014 | 175 | $39.74 | $38.76 - $39.55 |
| Creedon | Sale | 3/8/2017 | 220 | $38.35 | $37.11 - $37.69 |
| Creedon | Purchase | 3/14/2017 | 225 | $37.00 | $36.68 - $36.96 |
| Creedon | Purchase | 3/28/2017 | 220 | $37.48 | $34.66 - $36.25 |
| Greathouse | Purchase | 12/1/2016 | 1,000 | $37.47 | $34.79 - $36.66 |
| Kleszynski | Purchase | 5/2/2017 | 650 | $37.8165 | $32.82 - $34.34 |

Each of the four transactions certified by Creedon have reported prices that are outside of the daily range for GM stock on the reported transaction dates. Greathouse and Kleszynski each certified one transaction with an out-of-range price. Of the twelve transaction certified by the GM Investor Group, fully half of them have prices that are out of range.

The GM Investor Group did not offer any explanation for these discrepancies. To the extent that the reported prices are outside of the daily trading range because the member of the GM Investor Group purchased their securities before or after market hours, this fact could subject the group's members to the "unique defense[]" that they cannot benefit from the presumption of reliance. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see generally Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014)  To the extent that these discrepancies are a result of clerical errors

10

2:17-cv-12185-BAF-DRC   Doc # 18   Filed 08/22/17   Pg 15 of 18   Pg ID 189

on the part of the GM Investor Group (such as reporting inaccurate transaction prices or transaction dates), they call into question the ability of the group to diligently prosecute this Action in the best interests of the class.

Second, the submitted certifications report that one group member, Creedon, sold more shares than he held at a particular time during the Class Period. The transactions certified by Creedon are shown in the table below. Creedon reported an initial purchase of 175 shares on January 16, 2017, followed by a sale of 220 shares on March 8, 2017, resulting in a *negative* share balance. Case No. 1:17-cv-03213, ECF No. 7-2 (E.D.N.Y. July 26, 2017), at 6.

| Transaction Type | Date | Shares Reported | Implied # of Shares Held |
|---|---|---|---|
| Starting Balance | 2/27/2012 | Not Reported | 0 |
| Purchase | 1/16/2014 | 175 | 175 |
| *Sale* | *3/8/2017* | *(220)* | *(45)* |
| Purchase | 3/14/2017 | 225 | 180 |
| Purchase | 3/28/2017 | 220 | 400 |
| Final Balance | 5/25/2017 | 400 | 400 |

The GM Investor Group has not offered any explanation for this anomaly, which could be the result of short selling (*i.e.*, betting that GM shares would decrease in value) or reporting inaccurate transaction data (such as the transaction date, number of shares bought or sold, and/or the transaction type), among other possibilities.

Apart from the foregoing argument, there is no apparent relationship between the five members of the GM Investor Group, with the exception of their counsel. Significantly, the GM Investor Group has offered no evidence that it can coordinate

11

its efforts and effectively oversee counsel, and the available evidence suggests that it would not be able to do so.  The scant proof offered by the GM Investor Group falls far short of what courts have required when evaluating whether unrelated entities may be appointed lead plaintiff.  *See, e.g.*, *Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*, 2015 WL 7018024, at \*3-4 (S.D.N.Y. Nov. 12, 2015) (rejecting group that "failed to provide the Court with anything beyond conclusory assurances"); *Eichenholtz v. VeriFone Holdings, Inc.*, No. C 07-06140, 2008 WL 3925289, at \*9 (N.D. Cal. Aug. 22, 2008).

Because the GM Investor Group does not have the largest financial loss and does not satisfy the requirements of Rule 23, its motion to be appointed lead plaintiff should be denied.

## III.  CONCLUSION

For the foregoing reasons, KBC respectfully requests that the Court:  (1) appoint KBC Lead Plaintiff pursuant to the PSLRA; and (2) approve KBC's selection of Motley Rice to serve as Lead Counsel for the proposed class.

12

DATED:  August 22, 2017

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, MCCAULEY & KOTZIAN, PC**

_____
                    *s/ Sam Morgan*

Sam Morgan (P36694)
30500 Northwestern Highway, Suite 425
Farmington Hills, MI 48334
Telephone:  (248) 865-0001
Facsimile:  (248) 865-0002
smorgan@gmgmlaw.com

*Counsel for KBC Asset Management NV*

**MOTLEY RICE LLC**
James M. Hughes
Gregg S. Levin
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
jhughes@motleyrice.com
glevin@motleyrice.com

*Counsel for KBC Asset Management NV and
Proposed Lead Counsel for the Class*

13

# CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 22, 2017.


*s/ Karen E. Caza*