**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

[*Additional Counsel Listed On Signature Page*]

*Attorneys for Proposed Co-Lead Plaintiff the Pompano Beach Police & Firefighters' Retirement System, and Proposed Co-Lead Counsel for the Class*

**MOTLEY RICE LLC**
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000

[*Additional Counsel Listed On Signature Page*]

*Attorneys for Proposed Co-Lead Plaintiff KBC Asset Management NV, and Proposed Co-Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWIEG, ANDREW J. BROWN, NATHAN SCHULTZ, JOHN P. FILLMORE and ROBIN TOMASELLO,<br><br>Defendants. | No. 5:21-cv-09953-EJD<br><br>Judge Edward J. Davila<br><br><u>CLASS ACTION</u><br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, AND IN OPPOSITION TO THE COMPETING MOTIONS**<br><br>DATE:  August 25, 2022<br>TIME:   9:00 a.m.<br>COURTROOM: 4—5th Floor<br>JUDGE: Hon. Edward J. Davila |

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ……………………………………………………... 1

II. ARGUMENT …………………………………………………………………………2

    A. KBC and Pompano Beach P&F Are the Presumptive Lead Plaintiff and North Atlantic Funds' Speculation Fails to Rebut the Presumption …………2

    B. North Atlantic Funds' Position Regarding KBC Here Is Directly Contrary to Its Counsel's Position in Numerous Other Cases …………………………….. 5

    C. North Atlantic Funds Offer No "Proof" That KBC Lacks Standing to Assert the Subject Claims ………………………………………………………… 6

        i. KBC Has Standing Under the Management Agreements and the Collective Investment Act of 2012 ….……………………………………….. 6

        ii. The Prudential Exception to Standing Is Also Applicable ......……….. 8

        iii. KBC Obtained a Valid Assignment of Claims ……………………… 9

    D. North Atlantic Funds' Other Petty Challenges Are Insufficient to Rebut the Presumption ………………………………………………………………… 12

III. CONCLUSION …………………………………………………………………… 15

# TABLE OF AUTHORITIES

Page(s)

Cases

*Ansfield v. OmniCare, Inc.*,
2012 WL 12924531 n.6 (E.D. Ky. Mar. 12, 2012) .................................................................... 16

*Baydale v. Am. Express Co.*,
2009 WL 2603140 (S.D.N.Y. Aug. 14, 2009) ........................................................................... 19

*Blake v. Canoo Inc.*,
2022 WL 599504 (C.D. Cal. Feb. 18, 2022) ............................................................................... 7

*Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*,
2017 WL 5759361 (N.D. Ohio Nov. 28, 2017) ............................................................... 13, 14, 19

*Cohen v. Luckin Coffee Inc.*,
2020 WL 3127808 (S.D.N.Y. June 12, 2020) ........................................................................ 7, 13

*Crass v. Yalla Grp. Ltd.*,
2021 WL 5181008 (S.D.N.Y. Nov. 1, 2021) ............................................................................. 20

*Darish v. N. Dynasty Mins. Ltd.*,
2021 WL 1026567 (E.D.N.Y. Mar. 17, 2021) ............................................................................. 7

*Doherty v. Pivotal Software, Inc.*,
2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) .............................................................................. 8

*GGCC, LLC v. Dynamic Ledger Sols., Inc.*,
2018 WL 1388488 (N.D. Cal. Mar. 16, 2018) .......................................................................... 17

*Gross v. AT&T, Inc.*,
2019 WL 7759222 (S.D.N.Y. June 24, 2019) ........................................................................... 14

*Hatamian v. Advanced Micro Devices, Inc.*,
2016 WL 1042502 (N.D. Cal. Mar. 16, 2016) ............................................................................ 9

*Huang v. Airmedia Grp. Inc.*,
2015 WL 10846763 (S.D.N.Y. Nov. 10, 2015) ........................................................................... 8

*In re Bard Associates, Inc.*,
2009 WL 4350780 (10th Cir. Dec. 2, 2009) ............................................................................... 9

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...................................................................................................... 8

*In re Cheetah Mobile, Inc. Sec. Litig.*,
  2021 WL 99635 (C.D. Cal. Jan. 12, 2021) ............................................................................. 20

*In re Critical Path, Inc. Sec. Litig.*,
  156 F. Supp. 2d 1102 (N.D. Cal. 2001) ................................................................................. 18

*In re Enron Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex.) ................................................................................................... 18

*In re IMAX Sec. Litig.*,
  2009 WL 1905033 (S.D.N.Y. June 29, 2009)....................................................................... 15

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021)................................................................................................... 7, 8

*In re Molson Coors Brewing Co. Securities Litigation*,
  233 F.R.D. 147 (D. Del. 2005)............................................................................................... 12

*In re Petrobras Sec. Litig.*,
  152 F. Supp. 3d 186 (S.D.N.Y. 2016).................................................................................... 13

*In re SLM Corp. Sec. Litig.*,
  258 F.R.D. 112 (S.D.N.Y. 2009) ........................................................................................... 15

*In re Twitter, Inc. Sec. Litig.*,
  2020 WL 4187915 (N.D. Cal. Apr. 17, 2020) ........................................................................ 9

*KBC Asset Management NV v. 3D Systems Corp.*,
  2017 WL 4297450 (D.S.C. Sept. 28, 2017)........................................................................ 9, 11

*Lopez v. Ageagle Aerial Sys., Inc.*,
  2021 WL 2377343 (C.D. Cal. June 7, 2021) ........................................................................... 7

*Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*,
  2009 WL 1458234 (D. Minn. May 26, 2009).......................................................................... 14

*Murphy v. JBS S.A.*,
  2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017) ............................................................................ 8

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
  63 F. Supp. 3d 394 (D. Del. 2014) ..................................................................................... 8, 19

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................... 17

*Plymouth County Retirement Ass'n v. Array Technologies, Inc.*,
  2021 WL 5051649 (S.D.N.Y. Nov. 1, 2021)........................................................................... 15

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN
FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL.
CASE NO. 5:21-CV-09953-EJD

*Ravens v. Iftikar*,
174 F.R.D. 651 (N.D. Cal. July 16, 1997) ................................................................................ 7

*Robb v. Fitbit, Inc.*,
2016 WL 2654351 (N.D. Cal. May 10, 2016) ....................................................................... 18

*S. Ferry LP No. 2 v. Killinger*,
271 F.R.D. 653 (W.D. Wash. 2011) ..................................................................................... 15

*Seidel v. Noah Education Holdings Ltd.*,
2009 WL 700782 (S.D.N.Y. Mar. 9, 2009) .......................................................................... 12

*Shenwick v. Twitter, Inc.*,
2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ...................................................................... 9

*Siegall v. Tibco Software, Inc.*,
2006 WL 1050173 (N.D. Cal. Feb. 24, 2006)....................................................................... 17

*Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*,
2012 WL 3638658 (D.N.J. June 14, 2012) ........................................................................... 19

*Tanne v. Autobytel, Inc.*,
226 F.R.D. 659 (C.D. Cal. 2005) ............................................................................................ 8

*Theodore v. PureCycle Techs., Inc.*,
2021 WL 5259840 (M.D. Fla. Aug. 5, 2021) ....................................................................... 15

*United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*,
2014 WL 7236985 (S.D. Fla. Nov. 7, 2014)........................................................................... 9

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
549 F.3d 100 (2d Cir. 2006)................................................................................................... 13

*Welch v. Meaux*,
2020 WL 4758269 (W.D. La. Aug. 17, 2020) ....................................................................... 8

*Xu v. FibroGen, Inc.*,
2021 WL 3861454 (N.D. Cal. Aug. 30, 2021)...................................................................... 15

Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)........................................................................................... 8
15 U.S.C. § 78u-4(a)(3)(B)(vi) .............................................................................................. 18

Rules

22-2, 38 (E.D. Va ................................................................................................................... 13

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN
FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL.
CASE NO. 5:21-CV-09953-EJD

Other Authorities

*In re Netflix, Inc. Sec. Litig.*,
  2012 WL 1496272 (N.D. Cal Apr. 27, 2012) ............................................................................ 19

## I.    PRELIMINARY STATEMENT

With losses in excess of $6 million, KBC and Pompano Beach P&F have by far the largest loss in this action, and are the presumptive lead plaintiff.[1]  Notably, six other movants have withdrawn their lead plaintiff applications leaving only North Atlantic Funds, with claimed losses of $2.1 million.[2]  Despite the vast disparity in losses, North Atlantic Funds have challenged KBC and Pompano P&F's adequacy, suggesting that KBC – a sophisticated institutional investor that has successfully served as lead plaintiff and class representative in numerous cases over the past decade – lacks legal standing to assert the claims at issue in this case.  This argument defies credibility as counsel for North Atlantic Funds, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), has *represented* KBC as lead plaintiff in no fewer than *eight* securities class actions.  Indeed, Robbins Geller has strenuously and repeatedly advocated that KBC was an adequate lead plaintiff and class representative.  Robbins Geller has taken such forthright positions on behalf of KBC at the lead plaintiff stage, at class certification, and in obtaining court approval of settlements totaling nearly $1 billion, seeking hundreds of millions of dollars in attorney's fees in the process.[3]  In short, Robbins Geller's position here is *diametrically opposed* to its advocacy on behalf of KBC in both pending and settled matters, and *diametrically opposed* to its representations to numerous *federal courts* in similar cases.  As discussed below, Robbins Geller's contrary and self-serving position on the instant motion is without legal or factual basis, and should be rejected.

Further, North Atlantic Funds' attempts to challenge the pairing of KBC with Pompano P&F as "deficient" similarly fail.  As detailed in their declarations, the combination of these institutional investors to serve as lead plaintiff is entirely appropriate.  In fact, counsel for North Atlantic Funds has filed numerous motions with similar pairings.  *See Ong v. Chipotle Mexican Grill, Inc.*, No. 1:16-cv-00141 (S.D.N.Y.), ECF No. 23 (Metzler Investment GmbH and Construction Laborers Pension Trust of Greater St. Louis); *Boynton Beach Firefighters' Pension*

---

[1] Unless, otherwise noted, all capitalized terms have the meanings ascribed in KBC and Pompano Beach P&F's prior briefs (ECF Nos. 40 and 82), all emphasis is added, and citations are omitted.

[2] *See, e.g.*, ECF No. 83 at 1.  Myles did not file any opposition.

[3] Some settlements secured by KBC are pending court approval.

1

*Fund v. HCP, Inc.*, No. 3:16-cv-01106, ECF No. 20 (N.D. Ohio) (Societe Generale Securities Services GmbH and City of Birmingham Retirement and Relief System); *In re Medtronic, Inc. Sec. Litig.*, No. 0:13-cv-01686, ECF No. 10 (D. Minn.) (Union Asset Management Holding AG and the Employees' Retirement System of the State of Hawaii).

KBC and Pompano Beach P&F therefore respectfully submit that the Court should reject North Atlantic Funds' arguments and appoint KBC and Pompano Beach P&F as Lead Plaintiff.

## II.   ARGUMENT

### A.   KBC and Pompano Beach P&F Are the Presumptive Lead Plaintiff and North Atlantic Funds' Speculation Fails to Rebut the Presumption

KBC and Pompano Beach P&F claim the largest financial interest in this action by a wide margin, a fact North Atlantic Funds concede. KBC and Pompano Beach P&F also have made the requisite preliminary showing that they satisfy Rule 23's requirements, including by furnishing relevant language from investment management agreements, copies of which are included herewith, and assignments of claim evidencing KBC's standing to prosecute the subject claims. Reply Declaration of David R. Kaplan ("Kaplan RD") Ex. A; ECF No. 41-5; *see In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("At [the stage when the court determines whether the presumption applies], the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations."). Accordingly, KBC and Pompano Beach P&F are the presumptive "most adequate plaintiff." *See Ravens v. Iftikar*, 174 F.R.D. 651, 664-65 (N.D. Cal. July 16, 1997) (under the PSLRA's lead plaintiff process, a "wide-ranging analysis of Rule 23 is not appropriate and should be left for consideration of a motion for class certification"); *Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *2 (S.D.N.Y. June 12, 2020) (same).[4]

---

[4] *See also Darish v. N. Dynasty Mins. Ltd.*, 2021 WL 1026567, at *6 (E.D.N.Y. Mar. 17, 2021) (noting lead plaintiff "need only make a preliminary showing" and that "[a]t this initial stage of the litigation, a wide ranging analysis under Rule 23 is not appropriate . . . and should be left for consideration of a motion for class certification."); *accord Blake v. Canoo Inc.*, 2022 WL 599504, at *3 (C.D. Cal. Feb. 18, 2022); *Lopez v. Ageagle Aerial Sys., Inc.*, 2021 WL 2377343, at *3 (C.D. Cal. June 7, 2021).

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN
FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL.
CASE NO. 5:21-CV-09953-EJD

In a misguided attempt to rebut the statutory presumption, North Atlantic Funds improperly attempt to shift the burden to KBC and Pompano Beach P&F to respond to North Atlantic Funds' various and sundry (and wrong) challenges to KBC's standing. North Atlantic Funds' gambit flies in the face of the Ninth Circuit's established process for evaluating lead plaintiff motions, which places the burden squarely on North Atlantic Funds to demonstrate "proof" of KBC and Pompano Beach P&F's purported inadequacy or atypicality. As the Ninth Circuit has explained, challengers of a presumptive lead plaintiff bear a heavy burden: "the [lead plaintiff] presumption [once triggered] . . . may [not] be set aside for any reason that the court may deem sufficient . . . [but] *only upon proof*.'" *In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); *Mersho*, 6 F.4th at 899 (same).

Accordingly, to overcome the statutory presumption that KBC and Pompano Beach P&F should be appointed Lead Plaintiff, the PSLRA requires North Atlantic Funds to provide "*evidence*" rebutting KBC and Pompano Beach P&F's "prima facie showing of typicality and adequacy." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 671 (C.D. Cal. 2005). "[S]peculative assertions are insufficient" to "overcome" the lead plaintiff presumption. *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019); *see also OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("Mere speculation about a unique defense [related to standing] does not meet th[e proof] standard [for rebutting the presumption]."); *Huang v. Airmedia Grp. Inc.*, 2015 WL 10846763, at *2 (S.D.N.Y. Nov. 10, 2015) ("speculative[,] hypothetical[, and conclusory] allegations [without supportive documentation] should not prevent the appointment of a lead plaintiff"); *Welch v. Meaux*, 2020 WL 4758269, at *4 (W.D. La. Aug. 17, 2020) ("In order to rebut the presumption, [the competing movant] must adduce 'exacting proof' and '[c]onclusory assertions and mere speculation will not suffice.'"). Here, North Atlantic Funds offer only mere hyperbole, speculation, and innuendo as to KBC's standing to pursue the claims. *See Murphy v. JBS S.A.*, 2017 WL 4480751, at *6 (E.D.N.Y. Oct. 6, 2017) (finding "naked hyperbole" insufficient).

Not only are North Atlantic Funds' challenges to KBC and Pompano Beach P&F deficient because they do not constitute proof sufficient to rebut the presumption, but they also are specious.

Attacks regarding a purported lack of standing for a movant like KBC have been consistently rejected by courts across the United States. *See, e.g., United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 v. Ocwen Fin. Corp.*, 2014 WL 7236985, at *3 (S.D. Fla. Nov. 7, 2014) (finding that concerns about standing "not grounded in evidence" did not overcome the "presumptive status as most adequate plaintiff" of an institutional investor experienced in overseeing securities class actions).[5]  Accordingly, this Court would be on firm ground finding that KBC is the presumptive lead plaintiff.  Consistent with the PSLRA's sequential lead plaintiff process, numerous courts in this District and throughout the country have appointed KBC as a lead plaintiff and class representative on the very same standing bases as present here.  For example, Judge Gonzalez Rogers has appointed KBC as a lead plaintiff and then as a class representative. *See Hatamian v. Advanced Micro Devices, Inc.*, 2016 WL 1042502 (N.D. Cal. Mar. 16, 2016) (appointing KBC as class representative).  Likewise, in appointing KBC as lead plaintiff, Judge Tigar concluded that "[n]ot only does KBC have the largest financial interest in this litigation, ***it satisfies the requirements of Rule 23***." *Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016).  True to his word, Judge Tigar later appointed KBC as a class representative. *See In re Twitter, Inc. Sec. Litig.*, 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) (appointing KBC as a co-class representative on July 17, 2018).  Decisions from outside this District are in accord.  For example, in *KBC Asset Management NV v. 3D Systems Corp.*, 2017 WL 4297450, at *6 (D.S.C. Sept. 28, 2017), the court found KBC to be typical and adequate, appointed it as sole class representative, and noted that "KBC has shown substantial commitment and involvement in this litigation and has demonstrated it is adequate in this regard." *Id.* (Robbins Geller as counsel).

In fact, to KBC and its counsel's knowledge, ***KBC has never been denied representative status at the class certification stage*** and has been appointed as a lead plaintiff or class

---

[5] *In re Bard Associates, Inc.*, 2009 WL 4350780 (10th Cir. Dec. 2, 2009), cited by North Atlantic Funds, is inapplicable as the investment manager there received ***necessary*** assignments only ***after*** the filing of lead plaintiff motions. *Id.* at *3.  Here, in contrast, KBC received assignments ***before*** filing the instant motion, which were ***unnecessary*** in any event.

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN
FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL.
CASE NO. 5:21-CV-09953-EJD

representative on the same standing bases by numerous courts, **_including this Court_**.[6]

### B.     North Atlantic Funds' Position Regarding KBC Here Is Directly Contrary to Its Counsel's Position in Numerous Other Cases

The alleged inadequacies of KBC further strain credulity because these fictionalized standing issues appear to have suddenly and dramatically arisen, despite the fact that counsel for North Atlantic Funds **_currently represents KBC_** in several other actions, including, most notably, _In re Under Armour Securities Litigation_, No. RDB-17-388 (D. Md.).  In the _Under Armour_ case, KBC brought claims originally held by KBC Equity Fund NV – one of the funds that assigned claims to KBC in this Action – and subject to the **_same_** management agreement as that challenged here.  North Atlantic Funds' counsel cannot ethically represent to this Court that KBC is an inadequate or atypical Lead Plaintiff here, when it has represented precisely the opposite to numerous other federal judges in identical or substantially similar situations.  Indeed, less than **_four months_** ago, Robbins Geller submitted a court filing to the District of Maryland in which it characterized KBC – which brought claims on behalf of three funds, one of which is involved here – as a typical and adequate class representative.  In fact, the basis for KBC's standing in that case is identical to here.  Robbins Geller makes no effort to explain how its representations about KBC's adequacy to Hon. Richard D. Bennett in that case square with the diametrically opposed representations it makes here before this Court.  Nor for that matter has Robbins Geller made any effort to bring its representations here to Judge Bennet's attention in _Under Armour_.

Similarly, KBC is currently serving as a co-class representative in _In re Twitter Inc. Securities Litigation_, Case No. 3:16-cv-05314-JST (SK) (N.D. Cal.), in which a settlement of **_$809.5 million_** is pending in this District before Hon. Jon S. Tigar.  Robbins Geller serves as co-class counsel in that action and successfully argued in class certification briefing that KBC was an adequate and typical class representative.  As in _Under Armour_, _Twitter_, and numerous other actions discussed further below, KBC is proceeding in exactly the same manner here with respect to the representation of its managed funds.  Unsurprisingly, none of the purported "standing" concerns raised here by North Atlantic Funds materialized in those cases – notwithstanding the fact

---

[6] The sole exception, _Gross_, concerned issues that are not present here.  _See, supra_ at 9.

that the defendants there are represented by many of the nation's top defense firms – for the simple reason that arguments are wholly without merit.  Indeed, this very Court recently appointed KBC as co-lead plaintiff on October 20, 2020, in *In re Intel Corp. Securities Litigation*, Case No: 5:20-cv-05194-EJD (N.D. Cal.), finding no issues as to its adequacy.

Other cases in which Robbins Geller has advocated in favor of KBC's adequacy and typicality abound – including securities class actions in which KBC was recently appointed as lead plaintiff, securities class actions that have been formally certified under Rule 23 wherein KBC has gone through the rigors of being vetted as a class representative, and securities class actions in which KBC has helped achieved recoveries totaling nearly $1 billion for aggrieved investors when serving as lead or co-lead plaintiff.  *See, e.g.*, *KBC Asset Mgmt. NV v. 3D Systems Corp.*, No. 0:15-cv-02393 (D.S.C.) (Robbins Geller co-class counsel; $50 million settlement); *In re LeapFrog Enters., Inc. Sec. Litig.*, No. 3:15-cv-00347 (N.D. Cal.) (Robbins Geller co-lead counsel; $5.5 million settlement); *Bodner v. Aegerion Pharm., Inc.*, No. 1:14-cv-10105 (D. Mass.) (Robbins Geller co-lead counsel; $22.25 million settlement); *City of Sterling Heights Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.) (Robbins Geller co-lead counsel; $60 million settlement); *In re Twitter, Inc. Sec. Litig.*, No. 4:16-cv-05314 (N.D. Cal.) (Robbins Geller co-class counsel; $809.5 million settlement pending approval).

Such inconsistent positions not only prejudice KBC – a client to whom Robbins Geller owes a fiduciary duty – but also undermine the integrity of the court system.  The fact that Robbins Geller did not raise standing concerns in the numerous cases in which it represented, or currently represents, KBC – and, in fact, relied on the same standing bases applied here – demonstrates the disingenuous and transparent nature of purported standing concerns raised here.

C.   **North Atlantic Funds Offer No "Proof" That KBC Lacks Standing to Assert the Subject Claims**

i.   **KBC Has Standing Under the Management Agreements and the Collective Investment Act of 2012**

The management agreements between KBC and its funds grant standing to KBC.  KBC is the investment management company for KBC Eco Fund NV and KBC Equity Fund NV.  *See* ECF No. 41-1.  Pursuant to Section 2.2.2 of the Management Company Agreements between each of

KBC Eco Fund NV and KBC Equity Fund NV (referred to as the "BEVEK"), on the one hand, and KBC (referred to as the "Management Company"), on the other:   "The BEVEK authorizes the Management Company, by virtue of the mandate entrusted to the latter, to perform all actions that it considers necessary for the investment management of the Portfolios, such as *inter alia . . .* exercising rights, ***including the participation in class actions or the commencement of an individual action* . . . .**"  *See* Kaplan RD, Ex. A (management agreements) at ¶ 2.2.2; *see also id.* at Ex. B ("Elst Decl.") ¶ 4 ("KBC has the authority to pursue KBC Eco Fund NV and KBC Equity Fund NV's claims under the respective Management Company Agreements and Belgian law").

This straightforward reading of the provisions of the Management Company Agreement is supported by an expert in Belgian law.  Specifically, KBC and Pompano Beach P&F have attached an expert declaration from Professor Matthias Storme confirming KBC has standing.  *See* Kaplan RD, Ex. C ("Storme Decl.").  In his declaration, Professor Storme explains that KBC Equity Fund and KBC Eco Fund "may mandate KBC, through the investment management agreements and under the Collective Investment Act of 2012, to exercise in its own name their rights of action against Defendants" and "have given such mandate to KBC through the execution of the investment management agreements and under the Collective Investment Act of 2012."  *Id.* at ¶ 4.

*Seidel v. Noah Education Holdings Ltd.*, 2009 WL 700782 (S.D.N.Y. Mar. 9, 2009) is instructive.  There, the court appointed a presumptive lead plaintiff notwithstanding the absence of "detailed documentation in support of his authority to represent [a trust]" because the plaintiff had certified his authority under penalty of perjury.  The *Seidel* court concluded that was sufficient to "make a preliminary showing that the adequacy requirements [had] been met." *Id.* at *4.  Similarly, in *In re Molson Coors Brewing Co. Securities Litigation*, 233 F.R.D. 147, 152 (D. Del. 2005), the court appointed a German asset manager (Meltzer) because it provided "affidavit evidence adequate to support the conclusion that Metzler is serving as attorney in fact for the investors in the identified funds, has authority to make decisions and act on their behalf, and is able to recover moneys for them. [The challenger] has come forward with nothing more than unsupported and unpersuasive arguments about the sufficiency of that showing."  Likewise, here, KBC and its Belgian legal expert have confirmed that KBC could initiate and litigate this action.  That is sufficient at this stage.

Indeed, several courts have appointed KBC as lead plaintiff based on the very same relationship between KBC and its funds as exists here, even ***without*** any assignment. *See, e.g., City of Warwick Mun. Emps.' Pension Fund v. Rackspace Hosting, Inc.*, No.: 1:17-cv-03501, ECF Nos. 19, 20-1, 28 (S.D.N.Y) (appointing KBC as lead plaintiff where company shares were purchased by KBC Equity Fund), Kaplan RD Ex. D; *In re DXC Tech. Co. Sec. Litig.*, No. 1:18-cv-01599, ECF Nos. 22-2, 38 (E.D. Va.) (appointing KBC as lead plaintiff where company shares were purchased by KBC Eco Fund, KBC Equity Fund, and another fund), Kaplan RD Ex. E.

### ii.    The Prudential Exception to Standing Is Also Applicable

KBC also has standing to represent its funds under the prudential exception. That doctrine allows third-party standing "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2006). Plaintiffs need not plead any specific legal relationship to satisfy *Huff*. *See In re Petrobras Sec. Litig.*, 152 F. Supp. 3d 186, 192 (S.D.N.Y. 2016).

Here, there is no dispute that KBC has a close relationship to its funds, as evidenced by the fact it serves as their management company. There also is a barrier to the funds asserting the claims given they have contracted with KBC to do precisely that. *See* Storme Decl. ¶ 4 (explaining that KBC Equity Fund and KBC Eco Fund "have given such mandate [to bring claims in this action] to KBC through the execution of the investment management agreements and under the Collective Investment Act of 2012"). Accordingly, there is an impasse preventing the funds from bringing the claims directly. *See Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at *4 (N.D. Ohio Nov. 28, 2017) ("Management of the funds is left to the investment companies. I am therefore persuaded . . . there is a barrier to the funds and investors bringing suit. As such, SGSS Germany falls within the prudential exception").[7]

More recently, the court in *Luckin Coffee*, 2020 WL 3127808, at *7, rejected a challenge to the application of the prudential exception where the competing movants had "not identified a single case in which [the movant's] standing was successfully challenged." Here, North Atlantic

---

[7] One of Robbins Geller's named partners argued the *HCP* motion on behalf of SGSS Germany.

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN
FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL.
CASE NO. 5:21-CV-09953-EJD

Funds point to no cases finding KBC lacked standing.  Nor could they.  KBC has been appointed lead plaintiff and class representative – often with Robbins Geller as its counsel – on numerous occasions.  Instead, North Atlantic Funds rely on the outlier lead plaintiff decision in *Gross v. AT&T, Inc.*, 2019 WL 7759222 (S.D.N.Y. June 24, 2019), which merely noted that KBC's standing under its investment management agreement may hypothetically be challenged at some point in the future.  *Id.* at *3.  However, despite numerous opportunities, KBC has **never** been denied representative status at the class certification stage.  Elst Decl. at ¶ 5.  Moreover, to address the *Gross* court's concerns, before filing its motion in this case, KBC obtained assignments of the claims, thus removing any residual doubt as to its standing.

### iii.    KBC Obtained a Valid Assignment of Claims

KBC also has standing pursuant to an assignment of claims from KBC Equity Fund and KBC Eco Fund.  As an initial matter, KBC was not required to obtain assignments to demonstrate standing.  *See supra* 6-9; *see also* Storme Decl. ¶ 5 (assignments "are not required for KBC to bring claims on behalf of KBC Eco Fund and KBC Equity Fund in light of Belgian law"); Elst Decl. ¶ 4 (noting that KBC obtained assignments of the claims out of "an abundance of caution"); *HCP*, 2017 WL 5759361, at *4 ("execution of assignments and alternative reliance upon them is a fail-safe. . . Had I found SGSS Germany did not have standing pursuant to the prudential exception, I would have found the investors had standing to pursue these claims, thus giving them the authority to assign those claims").

Nonetheless, KBC obtained valid assignments, which confer to KBC an ownership interest in the claims under Belgian law, and therefore reinforce its standing under the investment management agreements.  *See* Storme Decl. ¶¶ 5-6 (noting that the assignments were effective under Belgian law, and an "assignee is the owner of the right to compensation").  Thus, even under the outlier decision in *Gross*, KBC has standing.  *See* 2019 WL 3500496, at *4 ("All that was necessary was for the Funds to execute an assignment of claims").[8]  Contrary to North Atlantic

---

[8] Indeed, courts regularly find that assignments between European investors and their funds are sufficient to confer standing.  *See, e.g.*, *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*,

*Footnote continued on next page*

Funds' argument, the assignments are not merely powers of attorney; they are effective assignments of claims. *See* Storme Decl. ¶ 5 ("These declarations are not a mere power of attorney but contain effectively an assignment under Belgian law").

North Atlantic Funds' citation to *Plymouth County Retirement Ass'n v. Array Technologies, Inc.*, 2021 WL 5051649, at *2 (S.D.N.Y. Nov. 1, 2021) is unavailing. There, the movant failed to show that the foreign assignments "granted a property interest in the claims under Austrian law," and the foreign legal expert "d[id] not address whether [the assignment was] sufficient to confer the requisite property interest." *Id.* at *2; *3 n.1. By contrast, KBC's Belgian law expert, Professor Storme, explained that the assignments are effective and that, under Belgian law, "the assignee – which is the new owner of the right – can exercise the right and bring suit." Storme Decl. ¶¶ 5-6. North Atlantic Funds provides no evidence to the contrary. *See Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *7 (N.D. Cal. Aug. 30, 2021) (appointing lead plaintiff where "[t]here is no substantial evidence contesting the bona fides of the assignment").[9]

Indeed, numerous courts, including this one, have relied on ***identical assignments*** when

2009 WL 1458234, at *2 (D. Minn. May 26, 2009) ("In light of the Medtronic Group's representations to the Court that the institutional plaintiffs have received effective assignments of claims, the Court concludes that [opposing movant] has failed to support its assertion with necessary proof that [group members] are subject to standing defenses that would render them incapable of representing the class.").

[9] Other support cited by North Atlantic Funds is no more on point. *See Theodore v. PureCycle Techs., Inc.*, 2021 WL 5259840, at *3 (M.D. Fla. Aug. 5, 2021) (rejecting motion of asset manager that changed the name of fund incurring loss after filing its motion, failed to explain relationship with funds, and failed to provide copies of assignments); *S. Ferry LP No. 2 v. Killinger*, 271 F.R.D. 653, 659 (W.D. Wash. 2011) (denying class certification to asset manager that did not show "a solid foundation in German law for . . . assignments" and did not retain an expert to opine on the assignments' validity); *In re IMAX Sec. Litig.*, 2009 WL 1905033, at *3 (S.D.N.Y. June 29, 2009) (rejecting appointment of institutional investor who did not have assignments of claim at the time it sought appointment); *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) (same).

appointing KBC as lead plaintiff.  Notably, Robbins Geller served as counsel to KBC in many of those cases.  *See Glore v. SanDisk Corp.*, No.: 3:15-cv-01455-VC, ECF Nos. 36, 37-5, 72 (N.D. Cal.) (appointing KBC co-lead plaintiff where Robbins Geller, as liaison counsel, argued that nearly identical assignments from the same funds at issue here were "valid"); *Leapfrog Enters.*, No. 3:15-CV-00347-EMC, ECF Nos. 22, 23-4, 43 (N.D. Cal.) (appointing KBC sole lead plaintiff and Robbins Geller as co-counsel based on identical assignments); *Henningsen v. The ADT Corp.*, No. 9:14-cv-80566, ECF Nos. 37-2, 37-8, 51 (S.D. Fla.) (appointing KBC co-lead plaintiff where Robbins Geller argued "KBC has also obtained a valid assignment of claims" based on identical assignments); *see also* Elst Decl. at ¶ 7 (noting that KBC was appointed lead plaintiff in *Intel*, which involved assignments "substantively identical to those executed in this case").  For the Court's reference, KBC is attaching several of the assignments in instances where the Court has appointed KBC as lead plaintiff for comparison with those executed in this case.  *Compare* ECF No. 41-5, *with* Kaplan RD Composite Ex. F (collection of assignments).  As is clear, when it suits Robbins Geller's own interest, it has represented to other judges, including in this District, that KBC's assignments are valid.

Recognizing their standing argument lacks any merit, North Atlantic Funds offer mere speculation about whether the two individuals who signed the assignments on behalf of KBC Equity Fund and KBC Eco Fund (Messrs. Van de Vel and Verschaeve) were authorized to do so.  However, courts have "decline[d] to engage in speculation [about assignments from KBC funds to KBC] absent at least some indication that it is warranted."  *Ansfield v. OmniCare, Inc.*, 2012 WL 12924531, at *4 n.6 (E.D. Ky. Mar. 12, 2012).  No such speculation is warranted here.  Both management agreements make clear that "[i]n all transactions relating to the Portfolios, the Management Company acts for the account of the BEVEK," Kaplan RD Ex. A (management agreements) at 1.2, and both individuals are listed on KBC's list of authorized signatories, Kaplan RD Ex. G (list of authorized signatories).  Furthermore, KBC's Senior Company Lawyer declared under penalty of perjury that Messrs. Van de Vel and Verschaeve were "authorized to execute" the assignments. Elst Decl. at ¶ 4.  Of course, North Atlantic Funds' counsel is well aware of all of these facts given that the KBC Equity Fund management agreement and the list of authorized

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN
FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL.
CASE NO. 5:21-CV-09953-EJD

signatories were produced in the *Under Armour* action.  In fact, Mr. Van de Vel executed the assignment in *Under Armour* on behalf of KBC Equity Fund and Mr. Verschaeve executed assignments on behalf of both KBC Equity Fund and KBC Eco Fund in *SanDisk*, and on behalf of KBC Equity Fund in *Leapfrog* and *ADT* – cases where Robbins Geller was counsel to KBC and stood on the assignments.  *See SanDisk*, No. 3:15-cv-01455-VC, ECF No. 37-5; *Leapfrog*, No. 3:15-CV-00347-EMC, ECF No. 23-4; *ADT*, No. 14-cv-80566, ECF Nos. 37-8; Kaplan RD Composite Ex F.

### D.    North Atlantic Funds' Other Petty Challenges Are Insufficient to Rebut the Presumption

Given the patent weaknesses of its standing challenges, the North Atlantic Funds resort to a series of petty or baseless attacks on KBC and Pompano Beach P&F.  For example, North Atlantic Funds point to KBC's non-compliance with Civil Local Rule 3-7(c), but this inadvertent oversight has since been corrected, and no harm or prejudice will result.  *See* ECF No. 86; *see also, e.g.*, *Siegall v. Tibco Software, Inc.*, 2006 WL 1050173, at *2 (N.D. Cal. Feb. 24, 2006) (allowing Civil Local Rule 3-7(c) statements be filed after the lead plaintiff motions had already been filed). Further, any such deficiencies in certifications are insufficient to rebut the strong presumption entitling the KBC Group to appointment as lead plaintiff.  *See GGCC, LLC v. Dynamic Ledger Sols., Inc.*, 2018 WL 1388488, at *5 (N.D. Cal. Mar. 16, 2018) (noting "any deficiencies . . . that have not already been corrected by his subsequent filings are not a 'determinative factor' in selecting the lead plaintiff"); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 407 (S.D.N.Y. 2004) ("In light of . . . the court's acknowledged discretion in conducting the [lead plaintiff] appointment process, the existence or adequacy of any certificates submitted here will not be considered a determinative factor at this stage, whatever the import of a certificate's adequacy may be at a later portion of the proceedings.").  Such "gotcha" tactics should be ignored.

North Atlantic Funds' suggestion that the PSLRA's professional plaintiff bar might apply to KBC is also incorrect.  On its certification, KBC lists six securities class actions that were filed in the last three years in which it sought to serve as lead plaintiff or class representative.  ECF No.

41-1 at 2. Of the six, KBC is only currently serving as lead plaintiff in one, the *Intel* case. KBC was appointed in another listed action that has since been dismissed. *In re DXC Tech. Co. Sec. Litig.*, No. 1:18-cv-01599 (E.D. Va.). Finally, in a third case, *Under Armour*, KBC was not appointed lead plaintiff, but was put forward by Robbins Geller as a class representative less than four months ago. Thus, the number of cases in which KBC is serving falls well short of the statutory limitation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(vi) ("a person may be a lead plaintiff . . . in no more than 5 securities class actions brought as plaintiff class actions . . . during any 3-year period").[10]

Next, North Atlantic Funds speculate that KBC and Pompano Beach P&F joined forces to forestall standing concerns. However, this argument lacks any factual support and is precisely the type of aspersion courts in this District reject. *See Robb v. Fitbit, Inc.*, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (finding attack on group's genesis did not "constitute evidence of the group's lack of adequacy or typicality" as required to rebut the presumption). Further, North Atlantic Funds ignores the compelling reasons KBC and Pompano Beach P&F decided to work together, as set forth in their sworn Joint Declaration. ECF No. 41-3. Far from a relationship of "insurance," the combination represents a union of sophisticated institutional investors dedicated to channeling their respective resources and experience to achieve the best possible result for the Class. The decision to team up was due to "the diverse perspectives that come with the collaboration of foreign and domestic investors" and each members' track record of successfully prosecuting investment-related actions jointly with other institutional investors. *Id.* ¶¶ 8, 13. Further, KBC and Pompano Beach P&F's involvement in this matter dates back several months as they were aware that their counsel were investigating the merits of claims against Chegg even before the filing of the above-captioned complaint. *Id.* ¶ 14.[11]

---

[10] As North Atlantic Funds' own cited authority acknowledges, the rule generally is not applicable to institutional investors. *See* ECF 84 at 13 (citing *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1112 (N.D. Cal. 2001) (noting that "institutional investors do not represent the type of professional plaintiff [the PSLRA] seeks to restrict")).

[11] The authority North Atlantic Funds cites is readily distinguishable. *See In re Enron Sec. Litig.*,

*Footnote continued on next page*

Nor does the imbalance in the financial interests of KBC and Pompano Beach P&F in this action undercut the validity of their association. Courts routinely appoint combinations of institutional investors as lead plaintiff where, as here, the component members' losses vary widely. *See, e.g.*, *In re 3M Company Sec. Litig.*, No. 2:19-cv-15982 (D.N.J. Oct. 21, 2019), ECF Nos. 7-5, 18, Kaplan RD Ex. H (appointing group of institutional investors where one member had a loss of $26 million and another had a loss of $1.3 million); *HCP, Inc.*, No. 3:16-cv-01106, ECF No. 21-3, Kaplan RD Ex. I; *HCP*, 2017 WL 5759361, at *12 (appointing a pair of investors represented by Motley Rice LLC and Robbins Geller, where one claimed a $1.6 million loss based on assignments of claim, and the other claimed a loss of approximately $315,000); *ADT*, No. 9:14-cv-80566, ECF Nos. 37-6, 51, Kaplan RD Ex. J (appointing group where KBC had a loss of $1.2 million and another group member claimed a loss of approximately $262,000).[12]

Furthermore, contrary to North Atlantic Funds' unsupported contention, courts have repeatedly approved the decision-making structure described in the Joint Declaration, whereby

206 F.R.D. 427, 457 (S.D. Tex.) (reflecting that member of movant group itself provided evidence that it might be too busy to "handle such an enormous suit" by noting that another member of group was "not involved in any litigation and [could] focus on [the] case"); *In re Netflix, Inc. Sec. Litig.*, 2012 WL 1496272, at *4-5 (N.D. Cal Apr. 27, 2012) (rejecting group that provided no evidence of cohesion with member that moved on behalf of trust without explaining basis for standing for claims of the trust); *Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*, 2012 WL 3638658, at *3 (D.N.J. June 14, 2012) (rejecting motion of investment manager where only subsidiaries of funds managed by said manager had title to the securities at issue and no assignments of title to the claims were provided).

[12] Again, the sole support North Atlantic Funds cites is inapposite. *See Baydale v. Am. Express Co.*, 2009 WL 2603140, at *4 (S.D.N.Y. Aug. 14, 2009) (rejecting single foreign movant with potential conflicts of interest and standing issues who offered to add an "unknown" U.S. institutional investor as a plaintiff in an amended complaint); *see also Cooper Tire & Rubber*, 63 F. Supp. 3d at 403 (explaining *Baydale* "rel[ies] on mere speculation, not actual proof provided by the opposing movant").

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL. CASE NO. 5:21-CV-09953-EJD

movants look to their relative financial interest in the event they cannot reach a consensus. *See, e.g., In re Cheetah Mobile, Inc. Sec. Litig.*, 2021 WL 99635, at \*4 (C.D. Cal. Jan. 12, 2021) (appointing pair of investors who agreed to "a dispute resolution mechanism should any disagreements arise in the course of the lawsuit"); *Cheetah Mobile*, ECF No. 18-4 ¶ 9 ("we agree to resolve such disagreement by a majority vote, in which each of us possesses a number of votes equal to our losses incurred"); *Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008, at \*7 (S.D.N.Y. Nov. 1, 2021) (finding use by movant pair of majority vote proportionate to losses "consistent with the PSLRA's presumption that the movant with the largest financial interest will control the litigation").[13]

### III.     CONCLUSION

Because KBC and Pompano Beach P&F have the largest financial interest in the relief sought by the Class and otherwise qualify as the most adequate lead plaintiff under the PSLRA, and because the North Atlantic Funds have not put forward ***proof*** that rebuts this presumption, KBC and Pompano Beach P&F's motion should be granted and the sole competing motion of the North Atlantic Funds should be denied.

Dated:  March 15, 2022                                    Respectfully submitted,

                                                                         */s/ David R. Kaplan*

                                                                         **SAXENA WHITE P.A.**

                                                                         David R Kaplan (SBN 230144)
                                                                         dkaplan@saxenawhite.com
                                                                         12750 High Bluff Drive, Suite 475
                                                                         San Diego, CA 92130
                                                                         Telephone: (858) 997-0860
                                                                         Facsimile: (858) 369-0096

                                                                         Steven B. Singer (*pro hac vice forthcoming*)

---

[13] Furthermore, given the specious nature of the arguments in North Atlantic Funds' brief, KBC believes that the pending motions can be resolved summarily without oral argument (now scheduled for August 25, 2022), which will permit KBC and Pompano Beach P&F to work with Defendants to propose a scheduling order that will ensure the efficient prosecution of this action.

Rachel A. Avan (*pro hac vice forthcoming*)
ssinger@saxenawhite.com
ravan@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 216-2220

*Attorneys for Proposed Co-Lead Plaintiff
the Pompano Beach Police & Firefighters'
Retirement System, and Proposed Co-Lead Counsel
for the Class*

**MOTLEY RICE LLC**

Christopher F. Moriarty (*pro hac vice*)
Neli T. Traykova (*pro hac vice*)
cmoriarty@motleyrice.com
ntraykova@motleyrice.com
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: (843) 216-9000

*Attorneys for Proposed Co-Lead Plaintiff KBC Asset
Management NV, and Proposed Co-Lead Counsel
for the Class*

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN
FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL.
CASE NO. 5:21-CV-09953-EJD

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on March 15, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

*/s/ David R. Kaplan*
David R. Kaplan

KBC AND POMPANO BEACH P&F'S REPLY MEMO IN
FURTHER SUPP. OF THEIR MOT. FOR APP'T AS LEAD PL.
CASE NO. 5:21-CV-09953-EJD