# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHEGG, INC., DANIEL L. ROSENSWIEG, ANDREW J. BROWN, NATHAN SCHULTZ, JOHN P. FILLMORE and ROBIN TOMASELLO, <br><br> Defendants. | No. 5:21-cv-09953-EJD <br><br> Judge Edward J. Davila <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF BART ELST** |

I, Bart Elst, declare as follows:

1.    I am a Senior Company Lawyer of KBC Asset Management NV ("KBC").  I make this declaration in further support of Motion of KBC Asset Management NV and the Pompano Beach Police & Firefighters' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.  ECF No. 40.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.    I hereby confirm that KBC is the investment management company for KBC Eco Fund NV and KBC Equity Fund NV, the funds listed in the certification that accompanied the Motion of KBC Asset Management NV and the Pompano Beach Police & Firefighters' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel.  *See* ECF No. 41-1.

3.    Pursuant to Section 2.2.2 of the Management Company Agreements between each of KBC Eco Fund NV and KBC Equity Fund NV (referred to as the "BEVEK"), on the one hand, and KBC (referred to as the "Management Company"), on the other:  "The BEVEK authorizes the Management Company, by virtue of the mandate entrusted to the latter, to perform all actions that it considers necessary for the investment management of the Portfolios, such as *inter alia* subscribing to and buying and sell, spot or forward, financial instruments or foreign currencies, exercising rights, **including the participation in class actions or the commencement of an individual action**, arbitrating and exchanging financial instruments, collecting income and holding liquid assets and term deposition accounts.  To this end, the Management Company has unrestricted access to the accounts referred to in Article 1."  (Emphasis added).

4.    KBC has the authority to pursue KBC Eco Fund NV and KBC Equity Fund NV's claims under the respective Management Company Agreements and Belgian law in this Action.  In an abundance of caution, KBC Eco Fund NV and KBC Equity Fund NV executed valid assignments of the claims at issue in this litigation to KBC before KBC filed the pending motion.  The individuals who executed the assignments on behalf of KBC Eco Fund NV and KBC Equity Fund NV, Frank Van de Vel and Jürgen Verschaeve, as members of KBC's Executive Committee, are authorized to execute documents on behalf of both KBC and each of KBC Eco Fund NV and KBC

Equity Fund NV. In this regard, Article 1.2 of the management company agreements between KBC and each of KBC Equity Fund NV and KBC Eco Fund NV states that "In all transactions relating to the Portfolios, the Management Company acts for the account of the BEVEK."

5.      KBC has been appointed as a lead plaintiff and class representative in numerous actions, including in cases where Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), counsel for North Atlantic States Carpenters Pension Fund and Guaranteed Annuity Fund, has served as co-lead counsel or co-class counsel. As described below, Robbins Geller has never raised concerns about KBC's suitability as a lead plaintiff or class representative in any of those matters in which it has represented KBC, nor, to my knowledge, has KBC been denied representative status at the class certification stage in any securities fraud-related action.

6.      KBC has served or is currently serving as a lead plaintiff or class representative in several actions pending in this District, including cases in which Robbins Geller served or serves as co-lead or co-class counsel.

7.      On October 20, 2020, this Court appointed KBC as a lead plaintiff in *In re Intel Corp. Securities Litigation*, Case No: 5:20-cv-05194-EJD (N.D. Cal.). In that case, KBC is bringing claims on behalf of KBC Equity Fund NV and KBC Eco Fund NV – the two funds that assigned their claims in this Action – pursuant to the same management agreements as here. KBC also obtained assignments from KBC Equity Fund NV and KBC Eco Fund NV that are substantively identical to those executed in this case.

8.      KBC is currently serving as a class representative in *In re Twitter Inc. Securities Litigation*, Case No. 3:16-cv-05314-JST (SK) (N.D. Cal.), in which a settlement of $809.5 million is pending before the Hon. Jon S. Tigar. Robbins Geller serves as co-class counsel. KBC brought claims on behalf of KBC Equity Fund NV – one of the funds that assigned its claims in this Action – pursuant to the same management agreement as discussed above. KBC also obtained an assignment from KBC Equity Fund NV that is substantively identical to that executed in this case. The court certified a class in that action and appointed KBC as a co-class representative. KBC undertook voluminous discovery and sat for deposition in that action.

9.      KBC was also appointed as a lead plaintiff and then as a class representative by the Hon. Yvonne Gonzalez Rogers in *Hatamian v. Advanced Micro Devices, Inc.*, No. 4:14-cv-00226-YGR (JSC) (N.D. Cal.).  KBC brought claims on behalf of KBC Equity Fund NV – one of the funds that assigned claims in this Action – pursuant to the same management agreement discussed above.   The court certified a class in that action and appointed KBC as a co-class representative. That action achieved a $29.5 million recovery.  KBC undertook voluminous discovery and sat for deposition in that action.

10.     KBC has served as a lead plaintiff or class representative in several other securities fraud cases on behalf of its funds – and brought those claims on the same basis as here – in other courts.  For example, in *KBC Asset Management NV v. 3D Systems Corp.*, Civil Action No. 0:15-cv-02393-MGL (D.S.C.), KBC was appointed as sole lead plaintiff and then sole class representative, and Robbins Geller served as co-lead and then co-class counsel.  That action achieved a $50 million recovery.  In that action, KBC brought claims on behalf of KBC Equity Fund NV and KBC Eco Fund NV – the two funds that assigned claims in this Action – under the same management company agreements that are at issue in this case.  KBC also obtained substantively identical assignments from those two funds.  Counsel for Robbins Geller received KBC's discovery and attended the Rule 30(b)(6) deposition at which I was the deponent.  During that case, Robbins Geller did not raise any concerns about KBC's adequacy as a class representative.

11.     KBC also served as a lead plaintiff in *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No. 1:11-cv-08332-AJS (N.D. Ill.), in which Robbins Geller served as co-lead counsel.  KBC brought claims on behalf of KBC Equity Fund in that action – one of the funds that assigned claims in this Action – and the action settled for $60 million.

12.     More recently, on December 1, 2021, Robbins Geller, as sole proposed class counsel, put forward KBC as a proposed class representative in *In re Under Armour Securities Litigation*, No. RDB-17-388 (D. Md.).  In that case, KBC brought claims on behalf of KBC Equity Fund NV – one of the funds that assigned claims in this Action – pursuant to the same management agreement as discussed above.  KBC also obtained a substantially identical assignment as in this

Action.  KBC produced over 237,000 pages of documents, and I sat for a two-day deposition in January 2022 as KBC's Rule 30(b)(6) representative.  Counsel from Robbins Geller was present for the deposition, and Robbins Geller received all the discovery KBC produced.  Throughout the litigation of that case, Robbins Geller, as KBC's counsel, did not raise any concerns about KBC's adequacy to serve as a class representative.

13.    In sum, I am aware of the standing arguments made in opposition to KBC's motion for appointment as lead plaintiff.  I believe that they are not only wholly without merit, but are in direct conflict with the arguments and representations Robbins Geller has made on KBC's behalf in other cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 15th day of March, 2022, at Brussels, Belgium.

_____

Bart Elst