# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------- x
CITY OF WARWICK MUNICIPAL             :   No. 1:17-cv-03501-JFK
EMPLOYEES PENSION FUND, Individually  :
and on Behalf of All Others Similarly Situated, :   **CLASS ACTION**
                                      :
            Plaintiff,                :
                                      :
      vs.                             :
                                      :
RACKSPACE HOSTING, INC., WILLIAM      :
TAYLOR RHODES, and KARL PICHLER,      :
                                      :
            Defendants.               :
--------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**KBC ASSET MANAGEMENT NV FOR APPOINTMENT AS**
**LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND .................................................................................................. 2

ARGUMENT ........................................................................................................................... 5

I.  KBC Should be Appointed Lead Plaintiff .................................................................... 5

    A.  KBC's Motion is Timely ....................................................................................... 6

    B.  KBC Has the Largest Financial Interest in the Relief Sought by the Class ............ 6

    C.  KBC Satisfies the Requirements of Federal Rule of Civil Procedure 23 ............... 6

        1.  KBC Is Typical ............................................................................................ 7

        2.  KBC Is Adequate ........................................................................................ 7

II.  The Court Should Approve KBC's Selection of Counsel .................................................. 8

CONCLUSION ......................................................................................................................... 9

## TABLE OF AUTHORITIES

**CASES**

*In re Cendant Corporation Litigation*
264 F.3d 201 (3d Cir. 2001) ....................................................................................... 8

*Morrison v. National Australia Bank Ltd.*
130 S. Ct. 2869 (2010)............................................................................................... 2

*Sgalambo v. McKenzie*
268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................................... 7

**STATUTES**

15 U.S.C. § 78u-4(a)(1) .................................................................................................. 5

15 U.S.C. § 78u-4(a)(3)(A).............................................................................................. 6

**OTHER AUTHORITIES**

1995 U.S.C.C.A.N. 679 .................................................................................................. 2

1995 U.S.C.C.A.N. 730 ............................................................................................... 2, 8

H.R. Conf. Rep. No. 104-369 (1995)........................................................................... 2, 8

S. Rep. No. 104-98 (1995) ............................................................................................... 2

KBC Asset Management NV ("KBC") respectfully submits this memorandum of law in support of its motion for the entry of an order: (i) appointing KBC as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (ii) approving KBC's selection of Motley Rice LLC ("Motley Rice") as Lead Counsel on behalf of the proposed class.

## INTRODUCTION

Pending before the Court is a securities fraud class action lawsuit (the "Action") brought on behalf of all persons or entities who purchased or otherwise acquired Rackspace Hosting, Inc. ("Rackspace" or the "Company') common stock, between November 11, 2014, and August 10, 2015, inclusive (the "Class Period"). The Action charges Rackspace and certain of its officers and directors with violations of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA.

The Action alleges that Defendants issued numerous untrue and misleading statements concerning the Company's business, operations, management, and the intrinsic value of Rackspace's securities, thus artificially inflating the price of the Company's common stock. When these misrepresentations were revealed to the public, the market value of Rackspace common stock declined precipitously, causing the proposed class to suffer significant losses and damages.

KBC respectfully submits that, pursuant to the Exchange Act, as amended by the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative class. KBC is a sophisticated and experienced institutional investor with ample resources and capability to oversee complex litigation. Further, KBC has the largest financial interest of any known movant properly before the Court, its fund having suffered losses of approximately $3.93 million. *See* Certification and Loss Chart, Decl. of William H. Narwold ("Narwold Decl."), Exs. A & B, submitted herewith.

1

In light of these significant losses, KBC has a large financial interest in prosecuting this case—an interest believed to be greater than that of any competing movant. KBC also meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because KBC's claims are typical of those of absent class members and KBC will fairly and adequately represent the interests of the class. Like the other members of the putative class, KBC seeks recovery of losses incurred as a result of declines in the share price of Rackspace common stock traded on the New York Stock Exchange. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 266-69 (2010) (holding that Section 10(b) applies to any transaction in securities listed on a U.S. stock exchange, without regard for the nationality of the shareholder).

In a case of this scale, it is essential that any court-appointed lead plaintiff have sufficient resources and sophistication to play a meaningful role in managing potentially sprawling litigation. Here, KBC is exactly the type of investor whose participation in securities class actions the PSLRA was meant to foster. *See* H.R. Conf. Rep. No. 104-369 at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685.

Finally, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the proposed class. The claims of the proposed class will be well protected by Motley Rice, which has the experience, expertise, and resources necessary to handle securities litigation of this scale.

## FACTUAL BACKGROUND

Defendant Rackspace, together with its subsidiaries, is a managed cloud computing company that provides cloud computing services to business customers around the world. The Company offers public, private, and hybrid cloud hosting, including dedicated servers, databases, storage, and networking.

2

Rackspace has two reportable segments: the Americas and International. The International segment accounted for 32% of Rackspace's revenue in 2015. Vodafone Group Plc ("Vodafone"), a U.K.-based multinational telecommunications provider, was a significant customer within the Company's International segment. According to Rackspace's Chief Executive Officer ("CEO") William Taylor Rhodes ("Rhodes"), Vodafone is one of Rackspace's "largest and longest-tenured customers."

In 2007, Vodafone launched M-Pesa (*M* for mobile; *pesa* means money in Swahili), a mobile phone-based money transfer, financing, and microfinancing service. M-Pesa allows users to deposit, withdraw, and transfer money, and pay for goods and services easily with a mobile device. M-Pesa spread rapidly, and by 2010 had become the most successful mobile-phone-based financial service in the developing world.

On August 9, 2010, the Company's then-CEO, Lanham Napier, highlighted that Rackspace had renewed the so-called M-Pesa contract with Vodafone for an additional five years (the "Vodafone Contract"). After this renewal, the Vodafone Contract was due to expire in five years, or on April 1, 2015.

According to the Complaint presently on file, by the start of the Class Period, and unbeknownst to investors, Rackspace and Vodafone were in discussions concerning the non-renewal of the Vodafone Contract. In fact, Vodafone had engaged in extensive data-migration away from Rackspace servers well in advance of the April 1, 2015 expiration date, signaling to the Company Vodafone's intent to replace Rackspace with alternative providers.

It is alleged that Defendants intentionally concealed the impending loss of the Vodafone Contract, and the attendant impact on the Company's growth prospects. Indeed, Defendants never disclosed the financial impact of the Vodafone Contract non-renewal on Rackspace's reported

financial results and future growth. As detailed herein, the Vodafone Contract was highly material to Rackspace's business—Vodafone was one of Rackspace's "largest and longest-tenured customers" and a significant contributor to Rackspace's International segment, which represented 32% of the Company's 2015 revenues.

Because Defendants concealed the impending loss of the Vodafone Contract, and the concomitant impact on the Company's business outlook and financial prospects, Rackspace common stock traded at artificially inflated prices during the Class Period, reaching a high of nearly $56 per share on April 27, 2015.

On May 11, 2015, after months of touting the strength and growth prospects of its U.K. business, which included Vodafone, Rackspace reported its First Quarter ("Q1") 2015 Revenue and Margins and unexpectedly issued a weak sales outlook. The Company primarily attributed this disappointing news to a "one-time revenue headwind" due to the expiration of a contract from one of the Company's "largest and longest-tenured customers."

On the same day, during the Company's earnings call, CEO Rhodes further stated that "the reason we decided to mention [the expiration of the contract]—and we've never done before—is it is material, and it is significant." Still, Rhodes attempted to ease investor concern by reiterating the Company's full-year 2015 guidance of $2.0 to $2.1 billion, and stating that Rackspace retains "a healthy relationship with [Vodafone], and expect[s] to grow this revenue back with them over time."

In response to this announcement, the price of Rackspace shares declined over the next two trading days—falling from $53.13 per share on May 11, 2015, to close at $43.75 per share on May 13, 2015, or 17.65%, on extremely heavy trading volume.

4

On May 27, 2015, during the Cowen and Company 43rd Annual Technology, Media & Telecom conference call, analysts expressed concern about the Company's knowledge of the Vodafone Contract expiration and its impact on full-year 2015 revenue guidance. The Company's Chief Financial Officer, Karl Pichler, responded by stating that Vodafone is "one of our largest customers in the Company and the largest one in our UK business . . . . [s]o in this specific case, we have been [sic] known about this. We have been talking about this." Remarkably, during the conference call, Rackspace acknowledged that it had not changed its 2015 revenue guidance of $2.0 to $2.1 billion.

In reaction to this news, Rackspace shares dropped $0.78 per share, or 1.83%, to close at $41.86 per share on May 28, 2015.

Finally, on August 10, 2015, the true impact of the Vodafone Contract non-renewal was finally revealed when Rackspace lowered its 2015 revenue guidance to "just below $1.99 billion" due to "marketing and sales issues . . . and product challenges." Although the Company did not attribute this guidance reduction to the Vodafone Contract non-renewal specifically, the loss of Q3 and Q4 2015 Vodafone Contract recurring revenues that were originally assumed during these quarters caused the Company to lower its 2015 revenue guidance.

On this news, Rackspace shares dropped $2.49 per share, or 7.85%, to close at $29.24 per share on August 11, 2015.

## ARGUMENT

### I.  KBC Should be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national

5

business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B) (iii). KBC meets these requirements and should therefore be appointed Lead Plaintiff.

### A. KBC's Motion is Timely

The notice published in this action on May 11, 2017, advised class members of (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the Court to be appointed lead plaintiff by July 10, 2017. *See* Narwold Decl., Ex. C. Because KBC's motion is timely filed, it is entitled to be considered for appointment as Lead Plaintiff.

### B. KBC Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, KBC's fund suffered losses of approximately $3.93 million from their purchases of Rackspace common shares. *See* Certification and Loss Chart, Narwold Decl., Exs. A, B. To the best of its counsel's knowledge, there is no other lead plaintiff movant with a larger financial interest in the relief sought by the class than has KBC. Therefore, KBC satisfies this prerequisite set by the PSLRA.

### C. KBC Satisfies the Requirements of Federal Rule of Civil Procedure 23

In addition to possessing the largest financial interest, to benefit from a presumption that it is the most adequate lead plaintiff, a movant must "otherwise satisf[y] the requirements of Rule 23

6

. . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To satisfy this requirement, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (Scheindlin, J.) (citation omitted). Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* at 173-74 (citation omitted). Adequacy "is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . ." *Id.* at 174 (citation omitted). KBC satisfies both of these requirements.

### 1. KBC Is Typical

KBC's fund purchased or otherwise acquired a substantial amount of Rackspace securities during the Class Period at prices artificially inflated by Defendants' alleged materially false and misleading statements and omissions, and suffered damages when the truth was revealed to the market. KBC's substantially identical legal claims therefore arise from the same factual predicate as those alleged in the Complaint now on file in this Action. Accordingly, KBC satisfies the typicality requirement.

### 2. KBC Is Adequate

KBC will adequately represent the interests of the proposed Class. As detailed above, KBC seeks to recover for substantially the same course of conduct by Defendants and injuries for which the rest of the proposed Class seeks recovery, and KBC's interests are not antagonistic to the interests of other members of the class. KBC's fund suffered significant losses as a result of Defendants' alleged fraud and KBC has a sufficient interest in the outcome of this case to ensure

7

vigorous prosecution of the Action. KBC is not subject to impediments or unique defenses and there is no evidence that it seeks anything other than the greatest recovery for the class consistent with the merits of the claims. Indeed, KBC is precisely the type of investor Congress sought with the enactment of the PSLRA to encourage to assume a more prominent role in securities litigation. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 244 (3d Cir. 2001) (finding that the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff") (quoting H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733).

KBC, based in Brussels, Belgium, manages assets of approximately $225 billion. KBC has sufficient resources to adequately litigate the action and supervise Class counsel, and is precisely the type of sophisticated institutional investor whose participation as lead plaintiff the PSLRA seeks to encourage. KBC understands the fiduciary duties of a lead plaintiff, and has served in that capacity in the past, including as Co-Lead Plaintiff in *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No 11-cv-08332-AJS, 2012 WL 1339678 (N.D. Ill. Apr. 18, 2012). *See* Narwold Decl., Ex. A. On August 5, 2014, the court in that action issued an order granting final approval to a settlement resolving all claims in exchange for payment of $60 million for the benefit of the class.

KBC also has demonstrated its adequacy by selecting a highly qualified firm with significant experience successfully prosecuting federal securities class actions to serve as Lead Counsel for the class. *See infra* Section III; *see also* Motley Rice Firm Resume, Narwold Decl., Ex. D. Accordingly, KBC satisfies the requirements of Rule 23 at this stage.

## II. The Court Should Approve KBC's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb a lead plaintiff's

8

choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

KBC has selected as Lead Counsel for the class Motley Rice, a firm with substantial experience representing defrauded investors and a demonstrated history of success serving as lead counsel in numerous securities fraud class actions. *See In re Biogen, Inc.*, Case No. 16-12101-FDS, ECF No. 52 (D. Mass. Feb. 1, 2017) (approving lead plaintiff's choice of Motley Rice as lead counsel for the class and noting that "the firm has successfully handled a number of shareholder and securities class actions"). Motley Rice's experience in the prosecution of securities class actions is derived from, among other things, its service as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, ECF No. 23 (D. Kan. June 5, 2009). On August 12, 2015, the *Sprint* court approved a settlement of $131 million for the class. Motley Rice also has served as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP, ECF No. 26 (S.D.N.Y. Aug. 9, 2013). The court in that case approved a settlement of $140 million for the class on December 2, 2016. *See* Narwold Decl., Ex. D.

Accordingly, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the class.

## CONCLUSION

For the foregoing reasons, KBC respectfully requests that the Court: (1) appoint KBC Lead Plaintiff pursuant to the PSLRA; and (2) approve KBC's selection of Motley Rice to serve as Lead Counsel for the proposed class.

DATED: July 10, 2017

Respectfully submitted,

**MOTLEY RICE LLC**

*s/ William H. Narwold*

William H. Narwold
20 Church St., 17th Floor
Hartford, CT 06103
Telephone: (860) 882-1681
Facsimile: (860) 882-1682
bnarwold@motleyrice.com

and

James M. Hughes
Gregg S. Levin
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
jhughes@motleyrice.com
glevin@motleyrice.com

*Counsel for KBC Asset Management NV and*
*Proposed Lead Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 10, 2017.

s/ William H. Narwold_____
William H. Narwold

**MOTLEY RICE LLC**
20 Church St., 17th Floor
Hartford, CT  06103
Telephone:  (860) 882-1681
Facsimile:  (860) 882-1682
bnarwold@motleyrice.com

# Exhibit A

## PLAINTIFF'S CERTIFICATION
### PURSUANT TO FEDERAL SECURITIES LAWS

The undersigned, Chris Sterckx and Dirk Mampaey, on behalf of KBC Asset Management NV ("KBC"), on account of its fund listed in Schedule A (the "Fund"), declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.      We have reviewed a complaint against Rackspace Hosting, Inc. ("Rackspace") and designate Motley Rice LLC as proposed lead counsel for KBC in this action for all purposes.

2.      We are duly authorized to institute legal action on behalf of KBC and the Fund's behalf, including litigation against Rackspace and any other defendants.

3.      The Fund did not purchase or sell the security that is the subject of this litigation at the direction of plaintiff's counsel or in order to participate in any private action under the federal securities laws.

4.      KBC is willing to serve as a lead plaintiff and understands that a lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial. KBC also understands that, if appointed Lead Plaintiff in this action, it will be subject to the jurisdiction of the Court and will be bound by all rulings of the Court, including rulings regarding any judgments.

5.      KBC will not accept any payment for serving as a representative party beyond the Fund's *pro rata* share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the Court.

6.      KBC has not sought to serve as a lead plaintiff or representative party on behalf of a class in any action under the federal securities laws filed during the three-year period preceding the date of this Certification, except as detailed below:

> *In re Weight Watchers International, Inc. Sec. Litig.*, No. 1:14-cv-01997 (S.D.N.Y. May 20, 2014);

> *New York State Teachers' Retirement System v. General Motors Company*, No. 4:14-cv-11191 (E.D. Mich. May 20, 2014);

> *In re Genworth Financial, Inc. Sec. Litig.*, No. 1:14-cv-02392 (S.D.N.Y. June 3, 2014);

> *Henningsen v. The ADT Corporation*, No. 9:4-cv-80566 (S.D. Fla. June 27, 2014);

> *In re Lions Gate Entertainment Corp. Sec. Litig.*, No. 1:14-cv-05197 (S.D.N.Y. Sept. 9, 2014);

> *Aruliah v. Impax Laboratories, Inc.*, No. 3:14-cv-03673 (N.D. Cal. Oct. 14, 2014);

*In re American Realty Capital Properties, Inc. Sec. Litig.*, No. 1:15-mc-00040 (S.D.N.Y. Dec. 29, 2014);

*St. Lucie County Fire District Firefighters' Pension Trust Fund, et al. v. Bryant*, No. 4:14-cv-03428 (S.D. Tex. Feb. 2, 2015);

*In re LeapFrog Enterprises, Inc. Sec. Litig.*, No. 3:15-cv-00347 (N.D. Cal. Mar. 24, 2015);

*International Association of Heat and Frost Insulators and Asbestos Workers Local #6 Pension Fund v. International Business Machines Corp.*, No. 1:15-cv-02492 (S.D.N.Y. May 1, 2015);

*Union Asset Management Holding AG v. SanDisk Corp.*, No. 3:15-cv-01455 (N.D. Cal. May 29, 2015);

*KBC Asset Management NV v. 3D Systems Corp.*, No. 0:15-cv-02393 (D.S.C. Aug. 18, 2015);

*Martin v. GNC Holdings, Inc.*, No. 2:15-cv-01522 (W.D. Pa. Dec. 28, 2015); *Gorrie v. GNC Holdings, Inc.*, No. 3:15-cv-02037 (D. Ore. Dec. 28, 2016).

*Horowitz v. SunEdison, Inc.*, No. 4:15-cv-01769 (E.D. Mo. Feb. 1, 2016);

*Murphy v. Precision Castparts Corp.*, No. 3:16-cv-00521 (D. Ore. May 27, 2016); and

*Shenwick v. Twitter, Inc.*, No. 3:16-cv-05314 (N.D. Cal. Nov. 15, 2016).

7. KBC understands that this is not a claim form, and that its ability to share in any recovery as a member of the class is unaffected by its decision to serve as a representative party.

8. Attached hereto as Schedule A is a complete listing of all transactions the Fund made during the Class Period in the security that is the subject of this litigation. KBC will provide records of those transactions upon request.

9. KBC is also represented and counseled in this matter by its attorney, Deborah M. Sturman of Sturman LLC.

**We declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct to the best of our knowledge, information and belief.**

Executed this 22nd of May, 2017.

For KBC Asset Management NV:

_____
Chris Sterckx
Managing Director

_____
Dirk Mampaey
Managing Director

**Schedule A**
**Rackspace Hosting, Inc. (US7500861007)**
Class Period: 11/11/2014 - 08/10/2015

| KBC Asset Management NV | | Date | Shares | Price |
|---|---|---|---|---|
| **KBC EQUITY FD - AMERICA** | | | | |
| | Purchases: | 3/23/2015 | 10,718.00 | 53.09 |
| | Sales: | 4/23/2015 | 1,662.00 | 53 |
| | | 6/10/2015 | 1,107.00 | 38.84 |
| **KBC EQUITY FD - QUANT GLOBAL 1** | | | | |
| | Purchases: | 6/30/2015 | 3,261.00 | 37.19 |
| **KBC EQUITY FD - STRATEGIC TELECOM & TECHNOLOGY** | | | | |
| | Purchases: | 3/2/2015 | 8,351.00 | 50.65 |
| | | 3/23/2015 | 6,444.00 | 53.09 |
| | | 4/23/2015 | 62,837.00 | 53.08 |
| | | 5/27/2015 | 29,685.00 | 42.64 |
| | | 6/18/2015 | 56,277.00 | 38.1 |
| | | 6/22/2015 | 36,769.00 | 38.18 |
| | | 7/8/2015 | 18,303.00 | 36.23 |
| | | 7/23/2015 | 32,450.00 | 35.69 |
| **KBC EQUITY FD - TECHNOLOGY** | | | | |
| | Purchases: | 4/7/2015 | 25,331.00 | 51.85 |
| | | 7/6/2015 | 6,232.00 | 36.74 |
| | | 7/23/2015 | 1,526.00 | 35.69 |
| | Sales: | 4/14/2015 | 2,260.00 | 52.99 |
| | | 4/20/2015 | 2,962.00 | 52.53 |
| | | 4/24/2015 | 2,591.00 | 54.64 |
| | | 4/29/2015 | 584 | 54.8 |
| **KBC EQUITY FD - US SMALL CAPS** | | | | |
| | Purchases: | 7/1/2015 | 29,218.00 | 37.46 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF WARWICK MUNICIPAL EMPLOYEES PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> RACKSPACE HOSTING, INC., WILLIAM TAYLOR RHODES, and KARL PICHLER <br><br> Defendants. | No.: 1:17-cv-03501-JFK |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED 9-19-17

**[PROPOSED] ORDER GRANTING MOTION OF
KBC ASSET MANAGEMENT NV FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

Having considered all motions for appointment as Lead Plaintiff in the above-referenced action, the Court having read and considered all papers, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

Having considered the application by KBC Asset Management NV ("KBC") seeking appointment as Lead Plaintiff and approval of its selection of Lead and Liaison Counsel, pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for good cause shown, the Court hereby enters the following order:

1. The Court hereby holds that KBC is the "most adequate plaintiff" and that it satisfies the requirements of the PSLRA. The Court hereby **APPOINTS** KBC as Lead Plaintiff in the Consolidated Action.

2. Lead Plaintiff, pursuant to the PSLRA, has selected Motley Rice LLC to serve as Lead Counsel. This Court **APPROVES** its selection, and hereby **APPOINTS** Motley Rice LLC to serve as Lead Counsel for the Class.

3. Lead Plaintiff, pursuant to the PSLRA, has selected Labaton Sucharow LLP to serve as Liaison Counsel. This Court **APPROVES** its selection, and hereby **APPOINTS** Labaton Sucharow LLP to serve as Liaison Counsel for the Class.

**SO ORDERED**

Dated: _September 19_, 2017

JOHN F. KEENAN
United States District Judge
Southern District of New York

1