Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Joseph Robinson*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, NATHAN SCHULTZ, JOHN P. FILLMORE, AND ROBIN TOMASELLO,<br><br>Defendants. | Case No. 5:21-cv-09953-EJD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE SHOULD BE RELATED**<br><br>(Civil L.R. 3-12 and 7-11)<br><br>Judge: Hon. Edward J. Davila<br><br>Date Action Filed: December 22, 2021 |

*[Caption Continues on Next Page]*

---

ADMINISTRATIVE MOTION TO CONSIDER                          Case No. 5:21-cv-09953-EJD
WHETHER CASES SHOULD BE RELATED

JOSEPH ROBINSON, derivatively on behalf of CHEGG, INC.,

      Plaintiff,

      v.

DANIEL L. ROSENSWEIG, ANDREW. J. BROWN, NATHAN SCHULTZ, JOHN P. FILLMORE, ROBIN TOMASELLO, RICHARD SARNOFF, SARAH BOND, RENEE BUDIG, PAUL LeBLANC, MARNE LEVINE, TED SCHLEIN, MELANIE WHELAN, and JOHN YORK,

      Defendants,

      and

CHEGG, INC.,

      Nominal Defendant.

Case No.: 5:22-cv-02049-VKD

Judge: Hon. Virginia K. DeMarchi

Pursuant to Civ. Loc. R. 3-12, Joseph Robinson, through and by his undersigned attorney, requests this Court deem the matter of *Robinson v. Rosensweig, et al.*, Case No. 5:22-cv-02049-VKD ("*Robinson*") related to *Leventhal v. Chegg, Inc.*, Case No. 5:21-cv-09953-EJD ("*Leventhal*") and *Choi v. Rosensweig*, Case No. 5:22-cv-00217-EJD ("*Choi*"). As discussed below, the criteria for relation are met here. These actions concern substantially the same parties, substantially identical facts and underlying agreements, and "it appears likely that there will be an unduly burdensome duplication of labor and expense" if these cases are tried separately. Civ. Loc. R. 3-12. Therefore, relation is proper under Civ. Loc. R. 3-12.

The following actions were filed in the following order:

| **Case Name** | **Case Number** | **Date Filed** |
| --- | --- | --- |
| *Leventhal v. Chegg, Inc., et al.* | 5:21-cv-09953 | 12/22/2021 |
| *Choi v. Rosensweig, et al.* | 5:22-cv-00217 | 01/12/2022 |
| *Robinson v. Rosensweig, et al.* | 5:22-cv-02049 | 03/30/2022 |

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER STOCKHOLDER DERIVATIVE
ACTION SHOULD BE RELATED

Case No. 5:21-cv-09953-EJD

2

Pursuant to Civ. Loc. R. 3-12(a), actions are defined as related when: (1) they "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. Loc. R. 3-12(a).

Both criteria are met here. The allegations at issue in *Robinson* concern substantially the same parties and events as at issue in *Leventhal* and *Choi*. *Leventhal* is a securities class action alleging wrongdoing in connection with certain public statements issued from May 2020 to November 2021. Both *Choi* and *Robinson* are derivative actions brought on behalf of nominal defendant Chegg, Inc. involving substantially the same public statements, as well as the subject matter of those statements. The plaintiffs in both *Choi* and *Robinson* base their damages claims, in part, on alleged liability in *Leventhal*. Furthermore, Daniel L. Rosensweig, Andrew J. Brown, Nathan Schultz, John P. Fillmore, and Robin Tomasello are named as defendants in all three of *Leventhal*, *Choi*, and *Robinson*. As a result of the foregoing, the three cases are necessarily related and will require coordination.

Given that *Leventhal*, *Choi*, and *Robinson* involve substantially similar parties, statements, and events, there will be an unduly burdensome duplication of labor and expense, and potentially inconsistent results, if the cases were to be conducted before different judges. Accordingly, relating these actions will serve the interests of judicial economy and avoid the potential for conflicting results, consistent with Civil Local Rule 3-12(a). For this reason, securities class actions and derivative suits arising from substantially the same events are routinely deemed related and assigned to a single judge.

In furtherance of this motion, and in compliance with Civil Local Rule 7-11, Plaintiffs Robinson and Choi and the Defendants in each of the Actions have stipulated and agreed that the *Robinson* matter should be deemed related to *Leventhal* and to *Choi*. *See* Stipulation Regarding Administrative Motion to Consider Whether Cases Should Be Related, attached hereto as Exhibit A.

A proposed order relating the Actions is filed herewith. For all the foregoing reasons, Plaintiff Robinson respectfully requests that this Court enter an order relating *Robinson* to *Leventhal* and *Choi*.

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER STOCKHOLDER DERIVATIVE
ACTION SHOULD BE RELATED                    3

Case No. 5:21-cv-09953-EJD

Dated: April 6, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*

Laurence M. Rosen (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Joseph Robinson*

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER STOCKHOLDER DERIVATIVE
ACTION SHOULD BE RELATED

Case No. 5:21-cv-09953-EJD

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice for this action.

/s/ Laurence M. Rosen
Laurence M. Rosen

ADMINISTRATIVE MOTION TO CONSIDER
WHETHER STOCKHOLDER DERIVATIVE
ACTION SHOULD BE RELATED                    5

Case No. 5:21-cv-09953-EJD