UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN LEVENTHAL,<br><br>    Plaintiff,<br><br>v.<br><br>CHEGG, INC., et al.,<br><br>    Defendants. | Case No.   5:21-cv-09953-EJD<br><br>**ORDER GRANTING KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Re: Dkt. Nos. 20, 36, 40, 52, 60, 67 |

1.      Before the Court in this securities class action are six motions to appoint lead plaintiff and select lead counsel.  Having reviewed the papers and heard oral argument on August 29, 2022, the Court **GRANTS** KBC Asset Management and The Pompano Beach Police & Firefighters' Retirement System's Motion for Appointment as Lead Plaintiff and Approval and Selection of Lead Counsel.  *See* Dkt. No. 40.  All competing motions for the appointment of lead plaintiff and lead counsel are **DENIED**.

**I.      BACKGROUND**

Plaintiff Steven Leventhal brings this securities fraud class action pursuant to §§ 10(b) and 20(a) of Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, individually and on behalf of all other purchasers of Chegg, Inc. ("Chegg") common stock between May 5, 2020 and November 1, 2021 ("Class Period").

1    Defendant Chegg is a learning platform that provides educational resources and online
2    research tools to its subscribers, including online tutoring, study materials, textbook rentals, and
3    other educational products. Compl., Dkt. No. 1 ¶¶ 2, 18. During the Covid-19 pandemic, Chegg
4    experienced a substantial increase in subscribers, growth, and revenue. *Id.* ¶¶ 21, 22. Plaintiff
5    asserts that Chegg's stock price artificially inflated and Chegg allegedly took advantage of these
6    inflated prices to sell more than $1 billion in common stock for $102 per share at a second
7    offering in February 2021. *Id.* ¶ 4.

    The Complaint alleges that Chegg made materially false and misleading statements during the Class Period about the primary contributors to the company's significant success. *Id.* ¶¶ 2, 23. Chegg allegedly attributed its growth at this time to its strong business model and business acumen rather than to the Covid-19 pandemic and subsequent increase in remote learning. *Id.* On November 1, 2021, Chegg released its financial results, which revealed a 50% stock price plummet from $62 per share to $32 per share. *Id.* ¶ 5. This class action followed.

    On February 22, 2022, nine motions for appointment of lead plaintiff and approval of selection of counsel were filed. *See* Dkt. Nos. 20, 26, 30, 36, 40, 51, 52, 60, 67. Three movants subsequently withdrew their motions. Dkt. Nos. 74, 77, 80. Presently, there are six motions before the Court filed by: (1) the Ohio Carpenters Pension Fund ("Ohio Carpenters"); (2) Nicolas Reiter; (3) KBC Asset Management NV and the Pompano Beach Police & Firefighters' Retirement System ("KBC and Pompano P&F") ("KBC-Pompano Motion"); (4) David Kennedy; (5) North Atlantic States Carpenters Pension Fund and Guaranteed Annuity Fund ("North Atlantic Funds") ("NAF Motion"); and (6) Randy Myles. Movants Ohio Carpenters (Dkt. No. 78), Kennedy (Dkt. No. 79), and Reiter (Dkt. No. 83) have filed notices of non-opposition to competing motions for appointment of lead plaintiff and approval of lead counsel.

    The two movants with the largest financial interests, KBC and Pompano P&F and North Atlantic Funds, have filed briefs in opposition to competing lead plaintiff motions. *See* Dkt. Nos. 82, 84, 87, 88.

## II. LEGAL STANDARD

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(ii), the Court "shall appoint the most adequate plaintiff as lead plaintiff" in a consolidated action. There is a rebuttable presumption that the most adequate plaintiff is a person or group of persons who:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Accordingly, there is a "simple three-step process" to identify a lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* Next, the Court considers which plaintiff has the highest financial stake. *Id.* at 729–30. Finally, "[t]he third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730.

## III. DISCUSSION

### A. Approval of Lead Plaintiff

#### 1. PSLRA Requirements

First, Plaintiffs must meet the procedural requirements of the PSLRA. The plaintiff in the first-filed action must publish notice of the complaint in a widely circulated business publication within twenty days of the filing of the complaint. 15 U.S.C. § 78u–4(a)(3)(A)(i). The notice must include a description of the claim, identify the class period, and notify prospective class members that they may move within 60 days of the notice to be named lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A)(i) (I)-(II). Once applications for lead plaintiff status are closed, the district court must determine which movant for lead plaintiff status is the "most capable of adequately representing

Case No.: 5:21-cv-09953-EJD
ORDER GRANTING KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

3

1   the interests of the class members." 15 U.S.C. § 78u–4(a)(3)(B)(i).

2       To aid the court in its determination, each movant must submit a sworn statement
3   certifying that "(a) they have reviewed the original Complaint and have adopted its allegations; (b)
4   they did not purchase security that is the subject of this litigation at the direction of Plaintiff's
5   counsel or in order to participate in any private action arising under the federal securities laws; (c)
6   they are willing to serve as representative parties on behalf of a class, including providing
7   testimony at deposition and trial, if necessary; (d) in the past three years, they have not sought to
8   serve, and have not served, as a representative party on behalf of a class in any private federal
9   securities action; and (e) they will not accept any payment for serving as a representative party on
10  behalf of the class beyond their pro rata share of any recovery, with the exception of the
11  reasonable costs and expenses that relate to their representation of the class." *Gerin v. Aegon*
12  *USA, Inc.*, No. 6-CV-05407-SBA, 2007 WL 108451, at *3 (N.D. Cal. Jan. 10, 2007); 15 U.S.C. §
13  78u-4(a)(2)(A)(i)-(vi). Here, the parties do not dispute that notice has been published and KBC
14  and Pompano P&F satisfies the procedural requirements. Dkt. Nos. 41-1, 41-4.

15      Second, the plaintiff with the largest stake and who otherwise satisfies the Rule 23
16  requirements is presumptively the most adequate plaintiff. *In re Cavanaugh*, 306 F.3d at 730.
17  The Court compares: "(1) the number of shares purchased during the class period; (2) the number
18  of net shares purchased during the class period; (3) the total net funds expended during the class
19  period; and (4) the approximate losses suffered during the class period." *City of Royal Oak Ret.*
20  *Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9,
21  2012) (quotations omitted) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 286, 295
22  (E.D.N.Y.1998)). KBC and Pompano P&F collectively sustained the largest financial loss of all
23  the moving plaintiffs with a total loss of $6,067,129.00 using the last-in, first-out ("LIFO")
24  accounting method. KBC-Pompano Mot. at 6–7. KBC and Pompano P&F also purchased the
25  most shares of Chegg, totaling 119,510 shares, and expended over $5.4 million in net funds in
26  Chegg stock during the Class Period. KBC-Pompano Opp., Dkt. No. 82 at 5. Accordingly, as the

27  Case No.:   5:21-cv-09953-EJD
28  ORDER GRANTING KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH
    POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS
    LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

4

United States District Court
Northern District of California

movants with the largest financial stake, KBC and Pompano P&F are the "presumptive" plaintiff.

Third, the Rule 23(a)(3) typicality requirement is satisfied when a proposed class representative "has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Westley v. Oclaro, Inc.*, No. 11-CV-02448-EMC, 2011 WL 4079178, at *3 (N.D. Cal. Sept. 12, 2011) (quoting *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009)). Movants need only make a "prima facia showing of typicality and adequacy" at the lead plaintiff selection stage. *Deinnocentis v. Dropbox, Inc.*, No. 19-CV-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020). KBC and Pompano P&F have made prima facie showing of typicality because it alleged loss as a result of purchasing Chegg securities during the Class Period at prices that were "artificially inflated" by Defendant's materially false and misleading statements or omissions, and the inflated stock prices fell after Defendant made corrective disclosures. KBC-Pompano Mot. at 8.

### 2.     **Rebuttal of Presumptive Lead Plaintiff**

For the final step, other plaintiffs are given an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements. *In re Cavanaugh*, 306 F.3d at 730.

North Atlantic Funds asserts that KBC and Pompano P&F cannot be appointed lead plaintiff because it is subject to a "standing defenses which preclude the prima facie finding of typicality and adequacy." NAF Opp., Dkt. No. 84 at 1 (citing *In re Mersho*, 6 F.4th 891, 898–99 (9th Cir. 2021)). KBC Asset Management NV ("KBC") is an investment management company for KBC Eco Fund NV and KBC Equity Fund NV (collectively, the "Funds") that is based in Brussels, Belgium. Elst-Connell Decl., Dkt. No. 41-3.[1] North Atlantic Funds contends that KBC does not have financial interest in this securities class action because the assignment of the Funds'

---

[1] KBC is a sophisticated institutional investor that manages over $100 billion in assets. Dkt. No. 82 at 2; Elst Connell Decl. ¶ 2.

Case No.:  5:21-cv-09953-EJD
ORDER GRANTING KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

claims on which it relies is potentially invalid. NAF Opp., Dkt. No. 84 at 7. Therefore, it argues that KBC is asserting the loss of "two distinct legal entities whose funds KBC manages" which could subject it to standing defenses in the future. *Id.* at 1.

Here, KBC and Pompano P&F exhibited a declaration of assignment of claims to KBC executed in Belgium, which gives KBC the authority to file a motion for lead plaintiff in the current action against Chegg and to pursue the lawsuit and act on behalf of the Funds.[2] Dkt. No. 41-5. Under sworn declaration, KBC's counsel represents that the signatories of the assignment are authorized signatories of the Funds. KBC-Pompano Reply at 11–12; Lest Decl., Dkt. No. 89-2 ¶ 4. North Atlantic Funds has failed to provide evidence contesting the validity of the assignment; its speculation about the validity is insufficient to rebut the lead plaintiff presumption. *Doherty v. Pivotal Software, Inc.*, No. 19-CV-03589-CRB, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) ("The PSLRA requires 'proof' to overcome the presumption entitling the plaintiff with the largest financial interest in the litigation to appointment as lead plaintiff; speculative assertions are insufficient.").

In consideration of the parties' submissions and oral argument, the Court finds that Funds' assignment of its claims to KBC in this matter is facially valid. Accordingly, the Court **GRANTS** KBC and Pompano P&F's motion for appointment of lead plaintiff.

### B.     Approval of Lead Counsel

KBC and Pompano P&F has made a sufficient showing of adequacy. To determine adequacy, "a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *Westley*, 2011 WL 4079178 at *3 (quoting *In re SLM Corp. Sec. Litig.*, 258 F.R.D. at 112). A court should only disturb the lead plaintiff's counsel choice if it is necessary to protect the

---

[2] KBC and Pompano P&F also submitted a declaration from Professor Storme, an attorney and Belgian law expert, explaining that the assignments are valid under Belgian Law. Storme Decl., Dkt. No. 89-3 ¶¶ 5-6

Case No.:   5:21-cv-09953-EJD
ORDER GRANTING KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

6

interests of the class. *In re Cohen*, 586 F.3d 703, 711–12 (9th Cir. 2009).

KBC and Pompano P&F selected Motley Rice LLC and Saxena White P.A. to jointly serve as lead counsel for the class. These firms are both highly qualified and experienced in securities class litigation. KBC-Pompano Mot. at 12–13 (citing *In re Twitter, Inc. Sec. Litig.* (unpublished), No. 16-CV-05314-JST, Dkt. No. 658 (N.D. Cal.) (preliminarily approving over $809 million in settlement with Motley Rice as co-counsel); *In re Wilmington Tr. Sec. Lit.* (unpublished), No. 10-CV-00990-ER (D. Del.) (securing $210 million recovery for the investor class with Saxena White as co-lead counsel)); Firm Resumes, Dkt. Nos. 41-6, 41-7. Furthermore, Motley Rice has previously served as lead counsel in securities class actions in this district with KBC as lead plaintiff. *See* Shenwick, 2016 WL 10672428, at *2.

Accordingly, the Court **GRANTS** KBC and Pompano P&F's motion for appointment of lead counsel.

### IV. CONCLUSION

2. For the foregoing reasons, the Court appoints KBC Asset Management and The Pompano Beach Police & Firefighters' Retirement System as lead plaintiff and appoints the law firms of Motley Rice LLC and Saxena White P.A. to serve as lead co-counsel in this action. All competing motions for the appointment of lead plaintiff and lead counsel are **DENIED**.

3. Plaintiff's Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

   a) to coordinate the briefing and argument of motions;

   b) to coordinate the conduct of discovery proceedings;

   c) to coordinate the examination of witnesses in depositions;

   d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

   e) to call meetings of the plaintiff's counsel as they deem necessary and appropriate from time to time;

Case No.: 5:21-cv-09953-EJD
ORDER GRANTING KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
7

  f) to coordinate all settlements negotiations with counsel for defendants;

  g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

  h) to cost effectively manage the litigation including maintaining work assignments and billing logs that would be reported to the Court as requested; and

  i) to supervise any other matters concerning the prosecution, resolution or settlement of the Consolidated Action.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Counsel in any related action that is consolidated with this action shall be bound by this organization of plaintiffs' counsel.

6. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

8. Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery.  Plaintiffs shall effect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

9. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized

Case No.: 5:21-cv-09953-EJD
ORDER GRANTING KBC ASSET MANAGEMENT NV AND THE POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL

8

data and electronic mail, containing information which is relevant or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

Dated: September 7, 2022

EDWARD J. DAVILA
United States District Judge