COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

FENWICK & WEST LLP
DEAN S. KRISTY (157646)
(dkristy@fenwick.com)
JENNIFER C. BRETAN (233475)
(jbretan@fenwick.com)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    +1 415 875 2300
Facsimile:    +1 415 281 1350

FELIX S. LEE (197084)
(flee@fenwick.com)
801 California Street
Mountain View, CA 94041
Telephone:    +1 650 988 8500
Facsimile:    +1 650 938 5200

Attorneys for Defendants Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No. 5:21-cv-09953-EJD<br><br>**CLASS ACTION**<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date:      June 23, 2023<br>Time:      9:00 a.m.<br>Dept:      Crt. Rm. 4<br>Judge:     Hon. Edward J. Davila<br>Trial Date: TBA<br>Date Action Filed: December 8, 2022<br><br>**DEMAND FOR JURY TRIAL** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

REQUEST FOR JUDICIAL NOTICE ISO MOTION
TO DISMISS CLASS ACTION COMPLAINT
5:21-CV-09953-EJD

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz (collectively, "Defendants"), hereby request that the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Motion to Dismiss") and attached to the accompanying Declaration of Heather M. Speers in Support of Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint ("Speers Declaration"). [1]

## I.    DOCUMENTS SUBJECT TO THIS REQUEST

| Ex. | Description | ¶¶ |
|---|---|---|
| 1 | Chegg's February 13, 2014, press release titled, *Chegg Reports Fourth Quarter and Fiscal Year 2013 Results*, filed with the U.S. Securities and Exchange Commission ("SEC") as an exhibit to Chegg's Form 8-K on February 13, 2014 | -- |
| 2 | Chegg's February 10, 2020, press release titled, *Chegg Reports 2019 Financial Results and Raises 2020 Guidance*, filed with the SEC as an exhibit to Chegg's Form 8-K on February 10, 2020 | -- |
| 3 | Chegg's February 10, 2020, earnings slides titled, *Q4-19 and Full Year 2019 Investor Presentation* | -- |
| 4 | Chegg's May 4, 2020, press release titled, *Chegg Reports First Quarter 2020 Financial Results*, filed with the SEC as an exhibit to Chegg's Form 8-K on May 4, 2020 | 172–173, 176 |
| 5 | Transcript of Chegg's First Quarter 2020 Earnings Call held on May 4, 2020 | 172–176, 268 |
| 6 | Transcript of Chegg's presentation at the JP Morgan Virtual Technology, Media Communications Conference, held on May 14, 2020 | 179–181 |
| 7 | Chegg's August 3, 2020, press release titled, *Chegg Reports Second Quarter Results and Raises Guidance for 2020*, filed with the SEC as an exhibit to Chegg's Form 8-K on August 3, 2020 | 186–187, 190 |

---

[1] "¶" refers to the paragraphs of Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 115, the "Complaint") that quote from, or refer to information contained in, the referenced document. "Ex." refers to the exhibits to the Speers Declaration.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

REQUEST FOR JUDICIAL NOTICE ISO MOTION
TO DISMISS CLASS ACTION COMPLAINT
5:21-CV-09953-EJD

| Ex. | Description | ¶¶ |
|---|---|---|
| **8** | Excerpted copy of Chegg's Form 10-Q for quarter ended June 30, 2020, filed with the SEC on August 3, 2020 | 25, 186 |
| **9** | Transcript of Chegg's Second Quarter 2020 Earnings Call held on August 3, 2020 | 187, 190 |
| **10** | Chegg's October 26, 2020, press release titled, *Chegg Reports Strong Q3 2020 Financial Results and Raises Full Year 2020 Guidance*, filed with the SEC as an exhibit to Chegg's Form 8-K on October 26, 2020 | 195, 199 |
| **11** | Transcript of Chegg's Third Quarter 2020 Earnings Call held on October 26, 2020 | 25, 44, 196, 199 |
| **12** | Transcript of Chegg's presentation at the Citi Virtual Education Series, held on November 12, 2020 | 200–201 |
| **13** | Chegg's January 13, 2021, press release titled, *Chegg Launches HONOR SHIELD: A New Tool to Support the Integrity of Online Exams* | 59, 207–208 |
| **14** | Forbes January 28, 2021, article titled, *This $12 Billion Company Is Getting Rich Off Students Cheating Their Way Through Covid* | 18, 53, 56, 134, 274 |
| **15** | Chegg's February 8, 2021, press release titled, *Chegg Reports 2020 Financial Results and Raises 2021 Guidance*, filed with the SEC as an exhibit to Chegg's Form 8-K on February 8, 2021 | 211 |
| **16** | Transcript of Chegg's Fourth Quarter 2021 Earnings Call held on February 8, 2021 | 57, 60, 212–214, 268 |
| **17** | Excerpted copy of Chegg's Form 10-K for the year ended on December 31, 2020, filed with the SEC on February 22 | 25, 221–222 |
| **18** | Transcript of Chegg's presentation at the Jefferies Virtual Online Education e-Learning Summit, held on March 11, 2021 | 224, 226 |
| **19** | Chegg's May 3, 2021, press release titled, *Chegg Reports First Quarter 2021 Financial Results and Raises Full Year Guidance*, filed with the SEC as an exhibit to Chegg's Form 8-K on May 3, 2021 | 228 |
| **20** | Transcript of Chegg's First Quarter 2021 Earnings Call held on May 3, 2021 | 229–231 |
| **21** | Chegg's August 9, 2021, press release titled, *Chegg Reports Second Quarter 2021 Financial Results and Raises Full Year Guidance*, filed with the SEC as an exhibit to Chegg's Form 8-K on August 9, 2021 | 239–240, 243 |
| **22** | Excerpted copy of Chegg's Form 10-Q for quarter ended June 30, 2021, filed with the SEC on August 9, 2021 | 25, 239 |
| **23** | Transcript of Chegg's Second Quarter 2020 Earnings Call held on August 9, 2021 | 240–243 |
| **24** | Chegg's November 1, 2021, press release titled, *Chegg Reports Third Quarter 2021 Financial Results*, filed with the SEC as an exhibit to Chegg's Form 8-K on November 1, 2021 | 167, 256 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

**REQUEST FOR JUDICIAL NOTICE ISO MOTION
TO DISMISS CLASS ACTION COMPLAINT
5:21-CV-09953-EJD**

| Ex. | Description | ¶¶ |
|---|---|---|
| 25 | Transcript of Chegg's Third Quarter 2021 Earnings Call held on November 1, 2021 | 167, 256 |
| 26 | November 2, 2021, Needham analyst report titled, *Subscriber Losses Create NT Uncertainty and Growth Headwind; Downgrade to Hold* | 170 |
| 27 | November 2, 2021, Barron's analyst report titled, *Chegg Stock Collapses as More Students Give Up School and Head to Work* | 170 |
| 28 | November 2, 2021, Exane BNP Paribas analyst report titled, *Warning on growth* | 170 |
| 29 | Chegg's February 6, 2023, Investor Relations Data Sheet | -- |
| 30 | Chegg's February 7, 2022, press release titled, *Chegg Reports 2021 Financial Results and Gives 2022 Guidance*, filed with the SEC as an exhibit to Chegg's Form 8-K on February 7, 2022 | -- |
| 31 | Printout from the National Center for Education Statistics identifying the number and percentage distribution of students enrolled at Title IV institutions, by control of institution, student level, level of institution, distance education status of student, and distance education status of institution: United States, fall 2020 | -- |
| 32 | Daniel Rosensweig's Form 4s filed with the SEC during the period December 1, 2018, through November 1, 2021 | 163, 294–297, 330–331 |
| 33 | Nathan Schultz's Form 4s filed with the SEC during the period December 1, 2018, through November 1, 2021 | 163, 294–297, 330–331 |

## II.   ARGUMENT

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). For the reasons discussed below, Exhibits 1–33 attached to the Speers Declaration are properly considered in deciding Defendants' Motion to Dismiss under the incorporation by reference doctrine and/or Federal Rule of Evidence 201, which permits the Court to take judicial notice of certain publicly available that is not subject to reasonable dispute.

### A.   The Court May Consider the Documents Incorporated by Reference into the Complaint (Exhibits 4–28, 32–33).

In the Ninth Circuit, incorporation by reference is a doctrine that "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

REQUEST FOR JUDICIAL NOTICE ISO MOTION
TO DISMISS CLASS ACTION COMPLAINT
5:21-CV-09953-EJD

988, 1002 (9th Cir. 2018). A document may be incorporated by reference into a complaint "if the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). The sources of these alleged false or misleading statements, as well as the alleged corrective disclosures, unequivocally "form the basis of [Plaintiffs'] claims." *See Orexigen*, 899 F.3d at 1004-05 (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are incorporated by reference into the complaint); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (same). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Here, Plaintiffs explicitly and repeatedly refer to **Exhibits 4–28 and 32–33** to support their claims. Indeed, the statements that Plaintiffs challenge are excerpts taken from **Exhibits 4–13 and 15–23**. It is, therefore, particularly critical that the Court consider these exhibits in their entirety when ruling on the Motion to Dismiss because the alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408 (9th Cir. 1996). Similarly, Plaintiffs' scienter and loss causation allegations rely on excerpts of **Exhibits 14, 24–28, and 32–33**. Therefore, they form the basis of Plaintiffs' claims. Accordingly, it is equally important for the Court to consider these exhibits to ensure that Plaintiffs are not able to "select[] only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

**B.    The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits 1–33).**

Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

REQUEST FOR JUDICIAL NOTICE ISO MOTION
TO DISMISS CLASS ACTION COMPLAINT
5:21-CV-09953-EJD

820–21 (C.D. Cal. 1998) (emphasis added) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Courts may take judicial notice of "publicly available financial documents such as SEC filings" and "publicly available articles or other news releases of which the market was aware." *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *5 (N.D. Cal. Dec. 18, 2017); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss).

In securities fraud cases, courts routinely take judicial notice of SEC filings, conference call transcripts, press releases, and other public documents to establish what information was in the public realm and when. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings); *Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (press releases and conference call transcripts); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (information in news articles); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (news articles, presentations, and conference calls with analysts).

It is also well-established that analyst reports are proper subjects of judicial notice to show that the market was aware of information contained therein. *See, e.g.*, *In re Salesforce.com*, 2005 WL 6327481, at *3 (N.D. Cal. Dec. 22, 2005) (granting judicial notice of analyst reports); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) (taking judicial notice of analyst reports); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) (same).

Courts may also take judicial notice of documents published on government websites or other reliable sourced on the Internet. *Arroyo v. IA Lodging Santa Clara*, LLC, 2021 WL 2826707, at *2 (N.D. Cal. July 7, 2021) (public records and documents on publicly available websites are proper subjects of judicial notice); *Calhoun v. Google LLC,* 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (collecting cases and taking judicial notice of public records and publicly available websites, such as government websites); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of publicly available websites); *Gustavson v. Wrigley Sales Co.*, 2014 WL 60197, at *3 n.2 (N.D. Cal. Jan. 7, 2014) (taking judicial notice of FDA guidance document

Cooley LLP
Attorneys at Law
Palo Alto

6

REQUEST FOR JUDICIAL NOTICE ISO MOTION
TO DISMISS CLASS ACTION COMPLAINT
5:21-CV-09953-EJD

"because the document is available on a government agency website").

Here, each exhibit to the Speers Declaration falls within one of more of these categories routinely considered the proper subject of judicial notice: SEC filings (Exs. 1–2, 4, 7–8, 10, 15, 17, 19, 21–22, 24, 30, 32–33); investor call transcripts and slide presentations (Exs. 3, 5–6, 9, 11–12, 16, 18, 20, 23, 25); press releases (Exs. 1–2, 4, 7, 10, 13, 15, 19, 21, 24, 30); other publicly available investor data (Exs. 3, 29); analyst reports and news articles (Exs. 14, 26–28); and government websites (Ex. 31). As such, their existence and contents can immediately be verified. The Court should therefore take judicial notice of **Exhibits 1-33** to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits 4–28 and 32–33** under the incorporation by reference doctrine and that the Court take judicial notice of **Exhibits 1-33** to establish what information was in the public realm and when.

Dated: February 16, 2023                          COOLEY LLP


By: */s/ Patrick E. Gibbs*
      Patrick E. Gibbs (183174)

Attorneys for Defendants
Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

7