**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs and
Lead Counsel for the Class*

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated, | Case No.: 5:21-cv-09953-EJD |
| Plaintiff, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE PARAGRAPHS 34-39 OF THE DECLARATION OF HEATHER SPEERS AND REFERENCES THERETO; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF** |
| vs. | |
| CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ, | |
| Defendants. | Date:  June 29, 2023 Time:  9:00 a.m. Dept:  Courtroom 4 Judge:  Hon. Edward J. Davila |

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 9:00 a.m. on June 29, 2023, or as soon thereafter as this motion may be heard, before the Honorable Edward J. Davila, United States District Judge for the Northern District of California, Lead Plaintiffs KBC Asset Management NV and Pompano Beach Police and Firefighters' Retirement System ("Lead Plaintiffs" or "Plaintiffs") will and hereby do move, pursuant Northern District of California Civil Local Rules 7-2 and 7-5(b), for an order striking paragraphs 34 through 39 of the Declaration of Heather Speers ("Speers Declaration" or "Speers Decl.") (ECF No. 122-1) filed in support of Defendants' Motion to Dismiss ("Motion to Dismiss") (ECF No. 122) Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF No. 115).  This Motion is based on the accompanying Memorandum of Points and Authorities, all pleadings and documents on file in this action, and such further written and oral argument as may be presented.

## STATEMENT OF RELIEF SOUGHT

Lead Plaintiffs respectfully request that the Court strike (i) paragraphs 34 through 39 of the Speers Declaration as improper attorney testimony and argument in excess of the applicable page limit; and (ii) all references to those paragraphs of the Speers Declaration contained in Defendants' Motion to Dismiss.  *See* Civil Local Rules 7-2 and 7-5(b).

## STATEMENT OF ISSUE

Whether Defendants have violated Northern District of California Civil Local Rules 7-2 and 7-5(b) through the inclusion of improper attorney argument and testimony in the Speers Declaration submitted in connection with their Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Civil Local Rule 7-5(b) provides, in pertinent part, that "[a]n affidavit or declaration may contain only facts . . . and must avoid conclusions and argument."  Rather than merely testifying as to the accuracy and completeness of the appended exhibits (as done in paragraphs 1–33), paragraphs 34 through 39 of the Speers Declaration purport to collect select information from

MOT. TO STRIKE DECL. OF HEATHER SPEERS
CASE NO. 5:21-CV-09953-EJD

Forms 4 filed on behalf of Defendants Rosensweig and Schultz with the U.S. Securities and Exchange Commission ("SEC"), perform a series of mathematical analyses based on that information, and then draw factual conclusions and make legal arguments based on those analyses. This is plainly improper under Civil Local Rule 7-5(b). It also is an improper attempt to evade the 25-page limit governing Defendants' Motion to Dismiss under Civil Local Rule 7-2 and this Court's Standing Order for Civil Cases. Accordingly, Lead Plaintiffs respectfully request that the Court strike paragraphs 34 through 39 of the Speers Declaration and all references to those paragraphs in Defendants' Motion to Dismiss.[1]

## II.    BRIEF BACKGROUND AND STATEMENT OF FACTS

Defendants filed their Motion to Dismiss and accompanying Speers Declaration on February 16, 2023. *See* ECF Nos. 122 & 122-1. The declarant, Heather Speers, is an associate at Cooley LLP, which serves as Defendants' counsel of record in this action. Speers Decl. ¶ 1. The Speers Declaration asserts that Ms. Speers has "personal knowledge" of the facts contained therein and, "if called as a witness, could and would testify competently thereto." *Id*. In her declaration, Ms. Speers cites to Form 4 filings purportedly made by Defendant Rosensweig with the SEC, and then purports to conduct a series of mathematical calculations and analyses regarding his sales and purchases of Chegg stock based on information in the Forms 4. *Id.* at ¶ 34. Ms. Speers purports to have personal knowledge as to the reason Defendant Rosensweig made particular sales, and improperly infers certain of these sales should be ignored, stating that her analysis "exclud[es] dispositions for tax withholding and gifts." *Id*. at ¶¶ 35, 36. Ms. Speers then draws factual and legal conclusions about the magnitude of Defendant Rosensweig's sales in furtherance of arguments made in Defendants' Motion to Dismiss, reasoning that, per her analysis that includes certain sales and excludes others, "Mr. Rosensweig sold three times as many shares in the 18 months prior to the class period as he sold during the proposed 18-month class period." *Id.* at ¶ 37;

---

[1] Defendants' Motion to Dismiss references the challenged paragraphs of the Speers Declaration on page 23 at lines 6, 19, and 21-22.

MOT. TO STRIKE DECL. OF HEATHER SPEERS
CASE NO. 5:21-CV-09953-EJD

*see also* ECF No. 122 at 23.  In her declaration, Ms. Speers purports to perform similar calculations and draw similar conclusions with respect to stock sales made by Defendant Schultz.  Speers Decl. ¶¶ 35, 36.

## III.   ARGUMENT

### A.   The Speers Declaration Violates Civil Local Rule 7-5(b)'s Prohibition on "Conclusions and Argument"

Declarations "not in compliance with" Civil Local Rule 7-5(b) "may be stricken in whole or in part."  Civil Local Rule 7-5(b).  Accordingly, courts often strike attorney declarations that, like the Speers Declaration here, impermissibly contain "conclusions and argument."  *See, e.g.*, *Kennedy v. AJVS, Inc.*, 2012 WL 1748013, at *4-5 (W.D. Wash. May 15, 2012) (striking declaration that "includes unnecessary and apparently inaccurate commentary regarding the exhibits"); *Brae Asset Funding, L.P. v. Applied Fin., LLC*, 2006 WL 2355474, at *5 (N.D. Cal Aug. 14, 2006) (striking declaration and noting "[t]he declaration is full of legal argument and conclusions by the . . . declarant . . . in violation of Civil Local Rule 7-5(b), which requires a declaration to contain 'only facts' and to 'avoid conclusions and argument'"); *Page v. Children's Council*, 2006 WL 2595946, at *5 (N.D. Cal. Sept. 11, 2006) (striking several paragraphs of attorney declaration "because they contain[ed] improper argument").  Because paragraphs 34-39 of the Speers Declaration are plainly the types of "conclusions and argument" specifically prohibited by Civil Local Rule 7-5(b), they should be stricken.[2]

---

[2] For example, the purported reasons for Defendants Rosensweig's and Schultz's respective trades in Chegg securities are clearly impermissible conclusions and argument prohibited by Local Civil Rule 7-5(b).  In addition, it is hard to fathom how Ms. Speers has "personal knowledge" of many of the "facts" in her declaration.  For example, Ms. Speers represents that "Mr. Rosensweig directly owned 1,652,281 shares of Chegg common stock," Decl. ¶ 34, but it appears Ms. Speers "knowledge" is based solely on the information in the subject Forms 4, and not, as is implied, that

MOT. TO STRIKE DECL. OF HEATHER SPEERS
CASE NO. 5:21-CV-09953-EJD

**B.      The Speers Declaration is an Improper Attempt to
Evade the 25-Page Limit Governing Defendants' Motion to Dismiss**

Civil Local Rule 7-2 states that "a motion" "must" take the form of "one filed document not exceeding 25 pages in length," unless "otherwise ordered or permitted" by the Court.  Civil Local Rule 7-2; *see also* Judge Edward J. Davila's Standing Order for Civil Cases Section IV. A. 4 (requiring compliance with page limitations provided in Civil Local Rule 7-2).  Here, Defendants' Motion to Dismiss is a full 25 pages long and Defendants did not seek leave of Court to exceed that limit.  Yet, paragraphs 34 through 39 of the Speers Declaration—which together comprise at least two additional pages of factual and legal arguments and conclusions—are incorporated in numerous instances in the motion to dismiss.  *See* ECF No. 122 at 23.  This represents an improper attempt to evade the applicable 25-page limit.  *See, e.g.*, *Monfort v. Adomani*, 2019 WL 6311378, at *4 n.3 (N.D. Cal. Nov. 25, 2019) (finding that party was attempting to "circumvent the page limits set forth in the Civil Local Rules" by filing declaration in support of motion to dismiss "that, in essence, appends his legal argument" with pages of additional argument).  Accordingly, not only is the attorney testimony in the Spears Declaration procedurally improper on its face, but the arguments in paragraphs 34 through 39 of the Speers Declaration belong in Defendants' Motion to Dismiss. *See Oliver v. Hot Topic, Inc.*, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010) (striking attorney's declaration for containing "improper argument presented in an improper format" and holding "substantive arguments" should be included in legal briefs); *see also Jacobson v. Schwarzenegger*, 650 F. Supp. 2d 1032, 1044 (C.D. Cal. 2009) ("Legal arguments do not belong in a declaration.").

---

Defendant Rosensweig in fact owned that many shares.  The truth of the information set forth in these (and other) Forms 4 is a matter for discovery.  *See Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018) (admonishing district courts to be extremely selective in permitting defendants to use extrinsic documents in seeking dismissal of federal securities claims, which risks "premature dismissals of plausible claims that may turn out to be valid after discovery").

MOT. TO STRIKE DECL. OF HEATHER SPEERS
CASE NO. 5:21-CV-09953-EJD

**C.    The Speers Declaration is an Improper Attempt to Introduce And Argue Disputed Facts at the Pleading Stage**

In addition, Ms. Speers' purported "analysis" of the reasons for Defendant Rosensweig's and Schultz's sales of Chegg securities represents an improper attempt by Defendants to insert their own counter-narrative to the Complaint's well-pled allegations.  This is improper on a Rule 12(b)(6) motion to dismiss.  *See Johnson v. Knapp*, 2009 WL 764521, at *4 (C.D. Cal. Mar. 16, 2009) ("[T]he Court ignores Defendants' version of the facts and relies, instead, on Plaintiff's version contained in the Complaint and any inferences that can be drawn from it"); *Brian Lichtenberg, LLC v. Alex & Chloe, Inc.*, 2014 WL 585436, at *8 (C.D. Cal. Feb. 13, 2014) ("Defendants misapprehend the standard for a Motion to Dismiss. . . . Defendants' version of the facts, no matter how adamantly stated, is not relevant").  Indeed, the Ninth Circuit has specifically warned of the "harmful results" of allowing securities defendants to "pile on numerous documents to their motions to dismiss" in an attempt to undermine "plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998-99 (discussing the "troubling" overuse and improper application of judicial notice and the incorporation-by-reference doctrine in federal securities cases).

For example, in Paragraph 39, Ms. Speers provides a percentage of personal shares sold by Defendant Schultz during the Class Period, which directly contradicts the allegations in the Complaint.  According to Ms. Speers, Schultz's personal Chegg holdings decreased by only 15.6% during the Class Period—as opposed to the 89.5% alleged in the Complaint (¶ 296)—because Schultz started the Class Period with 236,830 shares of Chegg common stock and ended it with 199,829 shares. *See* Speers Decl. ¶ 39 (citing Schultz's Forms 4 filed with SEC).  However, the common stock balances represented in Table I of the Forms 4 do not include vested but *unexercised*, stock options—while accounting for unvested restricted shares that cannot be sold. As such, the common stock balances in the Forms 4 are inconclusive and cannot be used to calculate the total percentage of stock ownership sold during the Class Period.  Further, the Forms 4 show that, in many instances, Schultz sold shares he obtained from stock options that were converted and sold *on the same day*. *See, e.g.*, Ex. 33 at 24.  According to Ms. Speers' methods, such sales—

which netted Schultz millions of dollars—represent exactly *0%* of Schultz's holdings because there was no change to his common stock balance.  Ms. Speers' specious argument and faulty conclusions are inappropriate in a declaration (and on a motion to dismiss), and they should be struck on this separate and independent ground.  *See Khoja*, 899 F.3d at 998-99, 1000, 1005-07 (concluding that district court abused its discretion by permitting defendants to introduce various extrinsic material in connection with motion to dismiss).

## IV.    CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court strike (i) paragraphs 34 through 39 of the Speers Declaration as improper attorney testimony and argument in excess of the applicable page limit; and (ii) all references to those paragraphs of the Speers Declaration in Defendants' Motion to Dismiss.

Dated:  April 27, 2023

Respectfully submitted,

*/s/ David R. Kaplan*
David R. Kaplan

**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
Hani Y. Farah (SBN 307622)
(*pro hac vice* forthcoming)
Emily R. Bishop (SBN 319383)
505 Lomas Santa Fe Dr.
Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
hfarah@saxenawhite.com
ebishop@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)
Jonathan Lamet (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone.: 561.394.3399
Facsimile: 561.394.3382
msaxena@saxenawhite.com
jlamet@saxenawhite.com

MOT. TO STRIKE DECL. OF HEATHER SPEERS
CASE NO. 5:21-CV-09953-EJD

Steven B. Singer (*pro hac vice* forthcoming)
Kyla Grant (*pro hac vice* forthcoming)
10 Bank Street, 8th Floor
White Plains, New York 10606
Telephone: (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Counsel for Lead Plaintiff Pompano Beach Police and Firefighters' Retirement System, and Lead Co-Counsel for the Class*

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
Neli Traykova Hines (*pro hac vice*)
ntraykova@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Counsel for Lead Plaintiff KBC Asset Management NV, and Lead Co-Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on April 27, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

Dated:  April 27, 2023                    **SAXENA WHITE P.A.**

                                          */s/ David R. Kaplan*
                                          David R. Kaplan

MOT. TO STRIKE DECL. OF HEATHER SPEERS
CASE NO. 5:21-CV-09953-EJD