**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs*
*and Lead Counsel for the Class*

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated, | Case No.: 5:21-cv-09953-EJD |
| Plaintiff, | **LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| vs. | |
| CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ, | Date: June 29, 2023<br>Time: 9:00 a.m.<br>Dept: Courtroom 4<br>Judge: Hon. Edward J. Davila |
| Defendants. | |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

I.    INTRODUCTION .............................................................................................. 1

II.   LEGAL STANDARDS ...................................................................................... 3

III.  ARGUMENT ...................................................................................................... 4

    A.    The Court Cannot Incorporate Documents Not Referenced in
          the Complaint or Take Judicial Notice of Exhibits Outside of
          the Class Period (Exs. 1–3; 29–31) ........................................................... 4

    B.    The Court Should Not Consider the Individual Defendants'
          Forms 4 From Outside the Class Period or Draw Inferences in
          Defendants' Favor (Exs. 32 and 33) ......................................................... 6

    C.    Incorporation-By-Reference Is Inappropriate When, as Here,
          Defendants Seek to Interpose Their Version of Facts at the
          Pleading Stage (Exs. 4–12 and 15–25) ..................................................... 9

    D.    The Court Should Not Take Judicial Notice of Any Exhibit for
          the Truth of its Content or to Draw Any Factual Inferences in
          Defendants' Favor ..................................................................................... 10

IV.   CONCLUSION ................................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**

*Baird v. BlackRock Institutional Trust Co., N.A.*,
403 F. Supp. 3d 765 (N.D. Cal. 2019) ................................................................ 12

*Chubchai v. AbbVie, Inc.*,
2022 WL 1236877 (N.D. Cal. Apr. 21, 2022) ...................................................... 14

*Chung v. County of Santa Clara*,
614 F. Supp. 3d 709 (N.D. Cal. July 12, 2022) ..................................................... 5

*Dfinity USA Research LLC v. Bravick*,
2023 WL 2717252 (N.D. Cal. Mar. 29, 2023).................................................... 3, 4

*Ferreira v. Funko Inc.*,
2021 WL 880400 (C.D. Cal. Feb. 25, 2021)........................................................... 5

*Gammel v. Hewlett-Packard Co.*,
905 F. Supp. 2d 1052 (C.D. Cal. 2012) ............................................................... 12

*In re ECOtality, Inc. Securities Litigation*,
2014 WL 4634280 (N.D. Cal. Sept. 16, 2014) ...................................................... 9

*In re Silver Wheaton Corp. Securities Litigation*,
2019 WL 1512269 (C.D. Cal. Mar. 25, 2019)................................................... 8, 14

*In re Snap Inc. Securities Litigation*,
2018 WL 2972528 (C.D. Cal. June 7, 2018) ........................................................ 12

*In re SolarCity Corp. Securities Litigation*,
274 F. Supp. 3d 972 (N.D. Cal. 2017) ................................................................... 9

*In re Thoratec Corp. Securities Litigation*,
2006 WL 1305226 (N.D. Cal. May 11, 2006) ..................................................... 13

*In re Twitter Inc. Securities Litigation*,
2020 WL 4187915 (N.D. Cal. Apr. 17, 2020) ..................................................... 13

*In re Zynga Inc. Securities Litigation*,
2015 WL 1382217 (N.D. Cal. Mar. 25, 2015)........................................................ 9

*Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*,
2020 WL 1244936 (N.D. Cal. Mar. 16, 2020)...................................................... 12

*Jedrzejczyk v. Skillz Inc.*,
2022 WL 2441563 (N.D. Cal. July 5, 2022)........................................................ 5, 7

*Jespersen v. Harrah's Operating Co.*,
    444 F.3d 1104 (9th Cir. 2006) ................................................................................ 4

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ........................................................................... passim

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ................................................................................ 2

*Maiman v. Talbott*,
    2010 WL 11421950 (C.D. Cal. Aug. 9, 2010)....................................................... 8

*Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*,
    2008 WL 346421 (S.D. Cal. Feb. 6, 2008) ....................................................... 4, 6

*Morris v. Smith Micro Software, Inc.*,
    2012 WL 12948541 (C.D. Cal. May 21, 2012) ..................................................... 8

*Patel v. Parnes*,
    253 F.R.D. 531 (C.D. Cal. 2008) .......................................................................... 7

*Prodanova v. H.C. Wainwright & Co.*,
    2018 WL 8017791 (C.D. Cal. Dec. 11, 2018) ..................................................... 12

*Rutter v. Apple Inc.*,
    2022 WL 1443336 (N.D. Cal. May 6, 2022) ......................................................... 3

*Securities & Exchange Commission v. Bardman*,
    2017 WL 512797 (N.D. Cal. Feb. 8, 2017) ......................................................... 10

*Securities & Exchange Commission v. Mercury Interactive, LLC*,
    2010 WL 3790811 (N.D. Cal. Sept. 27, 2010) ................................................... 10

*Securities & Exchange Commission v. Platforms Wireless International Corp.*,
    617 F.3d 1072 (9th Cir. 2010) ............................................................................. 13

*United States v. Corinthian Colleges*,
    655 F.3d 984 (9th Cir. 2011) ................................................................................ 3

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ................................................................................ 9

*Westley v. Oclaro, Inc.*,
    897 F. Supp. 2d 902 (N.D. Cal. 2012) ................................................................ 12

*Yaron v. Intersect ENT, Inc.*,
    2020 WL 6750568 (N.D. Cal. June 19, 2020) ..................................................... 12

**Rules**

Fed. R. Civ. P. 12(d) .................................................................................................................. 14

Fed. R. Evid. 201(b)...................................................................................................................... 4

## I.    **INTRODUCTION**

Defendants have requested that the Court take judicial notice of and/or incorporate by reference thirty-three exhibits filed in support of their motion to dismiss. *See* Request for Judicial Notice & Incorporation by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 123) ("RJN").[1]

Specifically, Defendants request that the Court (i) consider Exhibits 4–28 and 32–33 under the incorporation-by-reference doctrine, *see* RJN 4–5; and (ii) take judicial notice of all thirty-three exhibits as "publicly available information," *see id.* at 5–7. Defendants group their request for incorporation-by-reference into several parts: "SEC filings" (**Exs. 4, 7–8, 10, 15, 17, 19, 21–22, 24, 32–33**); "investor call transcripts and slide presentations" (**Exs. 5–6, 9, 11–12, 16, 18, 20, 23, 25**); "press releases" issued by Chegg, Inc. ("Chegg" or the "Company") (**Exs. 4, 7, 10, 13, 15, 19, 21, 24**); and "analyst reports and news articles" (**Exs. 14, 26–28**). RJN 2-5. With respect to their request for judicial notice, in addition to the documents listed above, these "publicly available" documents consist of three additional "press releases" issued by Chegg (**Exs. 1–2; 30**); "other publicly available investor data" (**Exs. 3, 29**); and "government websites" (**Ex. 31**) – none of which are referenced in the Complaint.

---

[1] All "Exhibit" references refer to the attachments to the Declaration of Heather M. Speers in Support of Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint ("Speers Declaration") (ECF Nos. 122-1 to 122-33). References to "Mem." are to pages of Defendants' Notice of Motion and Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws; Memorandum of Points and Authorities (ECF No. 122). References to "¶_" are to paragraphs of Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") (ECF No. 115).

Plaintiffs do not object to Defendants' request to the extent a particular exhibit "forms the basis" of Plaintiffs' claims, is "referred to extensively" in the Complaint, or concerns "an adjudicative fact" that is "'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999, 1002 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)).  Such permissible purposes include showing what Defendants stated to the market in public SEC filings or earnings call transcripts, or showing the content of news articles or websites to indicate what was in the public domain at a particular time.  Plaintiffs do, however, object to Defendants' request that the Court accept the truth of the documents' contents, particularly any disputed "facts," and Defendants' further request that the Court draw inferences favorable to them from the proffered material.  It is well-settled that while a court may take judicial notice of the existence and contents of public records, it may not take judicial notice of disputed facts contained therein or use those records to draw inferences adverse to the plaintiff on contested issues at this stage of proceedings. *See Khoja*, 899 F.3d at 999–1001; *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001) (noting it is reversible error to take judicial notice of a document for the truth of facts contained therein).

Put simply, Defendants may not, at the motion to dismiss stage, supplant or contradict the well-pleaded factual allegations of the Complaint (and all reasonable inferences that can be drawn from those allegations) with their own rendition of the facts drawn from their proposed exhibits under the guise of judicial notice or incorporation-by-reference. As the Ninth Circuit has instructed, such "unscrupulous use of extrinsic documents to resolve competing theories against the complaint" is impermissible in connection with a Rule 12(b)(6) motion because doing so "risks premature dismissals of plausible claims that may turn out to be valid after discovery," which is "especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Khoja*, 899 F.3d at 998.

## II.     LEGAL STANDARDS

"As a general rule, [courts] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011). "There are two exceptions to this rule:  the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 998.

### A.     Incorporation-by-Reference

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. "Although incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, [the Ninth Circuit has] reiterate[d] that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *Id.* at 1014. "This admonition is . . . consistent with the prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003. The incorporation-by-reference doctrine is thus "not a tool for defendants to short-circuit the resolution of a well-pleaded claim" and it "does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Id.* at 1003, 1014; *see Dfinity USA Rsch. LLC v. Bravick*, 2023 WL 2717252, at \*3 (N.D. Cal. Mar. 29, 2023) (Davila, J.) ("Incorporating the [documents] by reference here would merely create[ ] a defense to the Complaint's allegations by disputing the factual allegations, and the Court declines to do so.") (second alteration in original); *Rutter v. Apple Inc.*, 2022 WL 1443336, at \*3 (N.D. Cal. May 6, 2022) ("While these documents may be properly incorporated by reference . . . , [defendant] ultimately seeks to use them to contest the Amended Complaint's factual allegations . . . . [T]his is an improper attempt to effectively convert the motion to dismiss into one for summary judgment.").

### B.     Judicial Notice

Judicial notice may be taken when a fact "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[C]ourts ordinarily take judicial notice [of] (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." *Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC*, 2008 WL 346421, at *8 (S.D. Cal. Feb. 6, 2008). Judicial notice is inappropriate when the substance of the document "is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes." *Khoja*, 899 F.3d at 1000.

"[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," but it "cannot take judicial notice of disputed facts contained in such public records." *Id*. at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."); *see Dfinity USA Rsch.*, 2023 WL 2717252, at *3 ("The meaning of each [document] is therefore subject to reasonable dispute, and the Court will not take judicial notice of either one"). A "requisite 'high degree of indisputability' [is] generally required for such judicial notice." *Jespersen v. Harrah's Operating Co.*, 444 F.3d 1104, 1110 (9th Cir. 2006). The Ninth Circuit has held that if a court takes judicial notice of a document, it must "clearly specify what fact or facts it judicially noticed" from the document. *Khoja*, 899 F.3d at 999.

## III.  ARGUMENT

### A. The Court Cannot Incorporate Documents Not Referenced in the Complaint or Take Judicial Notice of Exhibits Outside of the Class Period (Exs. 1–3; 29–31)

**Exhibits 1 and 2** are press releases issued by Chegg and filed with the SEC on Forms 8-K on February 13, 2014, and February 10, 2020, respectively. **Exhibit 3** is an earnings slide for a Chegg investor presentation entitled "Q4-19 and Full Year 2019 Investor Presentation," dated February 10, 2020. **Exhibit 29** is a Chegg "Investor Relations Data Sheet" dated February 6, 2023. **Exhibit 30** is a press release issued by Chegg and filed with the SEC on a Form 8-K on February 7, 2022. **Exhibit 31** is a printout purporting to be from the National Center for Education Statistics.

Defendants admit, as they must, that none of these exhibits are referenced in the Complaint. *See* RJN 2, 4. Accordingly, none are subject to the incorporation-by-reference doctrine. *See Khoja*, 899 F.3d at 1002.

These documents are also not subject to judicial notice. Here, the Class Period runs from May 5, 2020 through November 1, 2021, inclusive. The Complaint contains no allegations of false statements or omissions from 2014 through February of 2020 or after November 1, 2021. **Exhibits 1–3 and 29–30** are thus irrelevant and inappropriate for judicial notice because they fall months or even *years* before or after the Class Period. *See Ferreira v. Funko Inc.*, 2021 WL 880400 at *8 (C.D. Cal. Feb. 25, 2021) (denying request for judicial notice for defendants' "SEC forms for quarters or years outside the Class Period, which are not relevant," as well as for those that "contain [no] alleged false or misleading statement and . . . do not form the basis of any claims raised by Plaintiffs"); *Jedrzejczyk v. Skillz Inc.*, 2022 WL 2441563, at *3 (N.D. Cal. July 5, 2022) ("[T]his document is irrelevant because it is outside of the class period, and thus is not subject to judicial notice"); *Chung v. Cnty. of Santa Clara*, 614 F. Supp. 3d 709, 718 (N.D. Cal. 2022) ("Courts may take notice of adjudicative facts, but adjudicative facts must be relevant"). Additionally, the material does not concern "adjudicative facts" that are "not subject to reasonable dispute" or "can be accurately and readily determined from sources whose accuracy can not reasonably be questioned." *Khoja*, 899 F.3d at 999.

Similarly, **Exhibit 31**, which purports to be a "printout from the National Center for Education Statistics" that identifies "the number and percentage distribution of students enrolled at Title IV institutions, by control of institution, student level, level of institution, distance education status of student, and distance education status of institution" during the fall of 2020, is not subject to judicial notice. Despite admitting that this document is not referenced in the Complaint (*see* RJN 4), Defendants attempt to introduce it for the proposition that "by fall 2020, over half of the enrolled college students had returned to campus." Mem. 6. Yet, nowhere in the document is that "adjudicative fact" articulated at all. Indeed, the printout merely indicates that

"27.2 percent" of students were "not enrolled in any distance education courses," while also indicating that "44.7 percent" of students were "enrolled exclusively in distance education courses" and an additional "28.1 percent" were enrolled in "some" distance education courses. Further, the printout does not take into consideration that even for schools that had allowed students to return to campus or resumed some in-person instruction by fall 2020, many individual courses were still taught in a hybrid remote/in-person fashion. What is more, Defendants' use of the document is not merely to establish an undisputed fact such as "when does the sun rise or set"; "the boundaries of a state"; or "who was president in 1958," *Mat-Van, Inc.*, 2008 WL 346421, at *8, but to support their counterfactual narrative that more than half of the nation's enrolled college and university students had fully returned to on-campus learning by fall 2020. As such, Defendants are improperly seeking an *inference* from a document containing "facts" outside the purview of judicial notice in order to undercut Plaintiffs' well-pleaded allegations. *See, e.g.*, Complaint ¶¶169-71 (describing numerous media reports and analyst reports discussing the timeframe of the widespread return of on-campus learning—*i.e.*, the fall semester of 2021). Because the inferences drawn from the "facts" shown in **Exhibit 31** are both subject to numerous interpretations and disputed, the Court "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.

> **B.    The Court Should Not Consider the Individual Defendants' Forms 4 From Outside the Class Period or Draw Inferences in Defendants' Favor (Exs. 32 and 33)**

Defendants represent that **Exhibits 32 and 33** are a series of Forms 4 filed with the SEC during the period of December 1, 2018 through November 1, 2021 for Defendants Rosensweig and Schultz, respectively. *See* RJN 4. Defendants assert that these exhibits are appropriately subject both to the incorporation-by-reference and judicial notice doctrines, *see id.* at 5-6, and seek to use them to support their arguments that Defendants Rosensweig and Schultz did not possess the requisite scienter during the Class Period, *see* Mem. 22-24.

As an initial matter, Defendants misleadingly bundle into a single exhibit both the Forms 4 *actually* referenced in the Complaint (i.e., those indicating stock transactions *during* the Class Period), along with nearly 18 months' worth of other, *non*-Class Period Forms 4 that are *not* referenced in the Complaint (i.e., those occurring prior to the Class Period start date of May 5, 2020). Defendants then erroneously imply that *all* such documents are referenced in the Complaint and thus are properly subject to the incorporation-by-reference doctrine.[2] This tactic must be rejected. For all Forms 4 contained in **Exhibits 32 and 33** that pre-date the Class Period, neither the incorporation by reference doctrine nor the judicial notice doctrine apply. *See, e.g.*, *Skillz*, 2022 WL 2441563, at *3 ("[T]his document is irrelevant because it is outside of the class period, and thus is not subject to judicial notice").

While the Forms 4 from the Class Period are subject to judicial notice (although not for the truth of the matters asserted therein), Defendants instead impermissibly rely on **Exhibits 32 and 33** for more far-reaching purposes. *See* Mem. 23 (citing **Ex. 32** to support the argument that Rosensweig's scienter is negated because "he sold over three times as many shares in the 18 months prior to the class period," and "all but one of his class period dispositions were to cover taxes or under a 10b5-1 plan"; citing **Ex. 33** to support the argument that Schultz's scienter is negated because all of his "class period dispositions were to cover tax withholdings (18.6% of dispositions) or under 10b5-1 trading plans"). This is improper, as it relies on the truth of the matter asserted in those documents, i.e., that Schultz and Rosensweig sold the shares and for the purposes stated therein. *See Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("It is appropriate for the court to take judicial notice of the content of the SEC Forms 4 and the fact that they were filed with the agency. ***The truth of the content, and the inferences properly drawn from them,***

---

[2] Defendants impermissibly make additional arguments beyond the permissible page limits with respect to these Forms 4 in paragraphs 34 to 39 of the Speers Declaration. This is the subject of a motion to strike being filed contemporaneously herewith.

*however, is not a proper subject of judicial notice*" (emphasis added)); *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (rejecting defendants' request for judicial notice when "it appears from their briefing that defendants are relying on these exhibits to present their own version of the facts to defeat plaintiffs' claims at the pleading stage"); *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) ("The Court joins the courts that decline to take judicial notice of defendants' stock purchases reflected in Forms 4. . . . [J]udicial notice should not be taken of the *truth* of their contents"); *Morris v. Smith Micro Software, Inc.*, 2012 WL 12948541, at *3 (C.D. Cal. May 21, 2012) ("This Court joins those that decline to judicially notice the truth of the contents of SEC filings, including the dates and volume of stock purchases listed in SEC Form 4s").

Furthermore, citing to **Exhibit 33**, Defendants claim that Defendant Schultz did not sell nearly 90% of his Chegg holdings, as alleged in the Complaint (¶296), but a substantially smaller percentage. *See* Mem. 23. Defendants' calculations are based on Schultz's balance of common stock before and after the Class Period, as reflected in Table I of the Forms 4. *See* ECF No. 122-1 at ¶39. Defendants' inference, however, is not supported by the Forms 4 in Exhibit 33. Indeed, the common stock balances represented in the Forms 4 do *not* include *vested* but *unexercised* stock options, but *do* include unvested restricted shares. Therefore, they do not accurately reflect the true amount of Schultz's holdings available for sale. Further, in many instances, the Forms 4 show that Defendants Schultz sold shares he obtained from stock options that were converted and sold *on the same day*. *See* Ex. 33 at 24. Under Defendants' improper methodology for calculating percentage of share ownership, these sales—which netted Schultz *millions of dollars*—represent exactly *0%* of Schultz's holdings because they do not reflect a change to his common stock balance at the end of the day. Given these competing interpretations, judicial notice of Exhibit 33 is improper. *See Khoja*, 899 F.3d at 1000.

Accordingly, Plaintiffs object to judicial notice of the Forms 4 contained in **Exhibits 32–33** that are not referenced in the Complaint, as well as any request that the Court consider *all* Forms 4 for the truth of the matters asserted therein and draw any competing inferences therefrom.

**C.    Incorporation-By-Reference Is Inappropriate When, as Here, Defendants Seek to Interpose Their Version of Facts at the Pleading Stage (Exs. 4–12 and 15–25)**

Plaintiffs acknowledge that the Court could find that Chegg's SEC filings, press releases, investor presentations, and earnings call transcripts (*see* **Exs. 4–12 and 15–25**), which the Complaint alleges were materially false and misleading, partly "form the basis of" the claims asserted in the Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("The doctrine of incorporation by reference may apply . . . when a plaintiff's claim about stock fraud is based on the contents of SEC filings"). However, the Court should not indulge Defendants' sweeping request to assume their remarks in a particular document were true, where the purpose of that request is to refute the falsity or misleading nature of statements from the same document that Plaintiffs allege was fraudulent. "'[A]ssuming the truth of all of Defendants' allegedly false or misleading statements' . . . would make it 'impossible ever to successfully plead a fraud claim.'" *Khoja*, 899 F.3d at 1015 (quoting *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014)).  Simply put, Defendants' self-serving statements, especially those contained in the same documents as alleged false statements, cannot be presumed to be true. *See In re Zynga Inc. Sec. Litig.*, 2015 WL 1382217, at *4 n.1 (N.D. Cal. Mar. 25, 2015) ("[B]ecause Plaintiff contests the accuracy of the contents of the company's public filings, the Court does not adopt the representations made in the documents for the truth of the matters asserted, but merely accepts that the public filings were made"); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("Although courts generally assume a document's contents to be true on a motion to dismiss when that document is referenced in a complaint, ***the Court cannot do so when***

*Plaintiffs' complaint alleges that these documents contain false or misleading statement*." (emphasis added)).[3]

### D. The Court Should Not Take Judicial Notice of Any Exhibit for the Truth of its Content or to Draw Any Factual Inferences in Defendants' Favor

While the Court may take judicial notice of the existence and publication of appropriate documents, the Court may ***not*** take judicial notice of these documents for the underlying truth of the statements made therein or engage in fact-finding based upon these documents. *Khoja*, 899 F.3d at 999; *see Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021) (Davila, J.) (holding that "simply because a document is subject to judicial notice 'does not mean that every assertion of fact within that document is judicially noticeable for its truth'") (quoting *Khoja*, 899 F.3d at 999).

***First***, there are numerous instances where Defendants seek judicial notice of disputable "facts" contained within certain documents for their truth. These include:

- Defendants cite **Exhibits 5, 6, and 12** (an earnings call and two investor presentations) for the "fact" that Chegg faced challenges from account sharing and people stealing and reselling account information, and that this account sharing

---

[3] The incorporation by reference doctrine is ***not***, as a general matter, a vehicle for a defendant to provide its own version of events or to offer purportedly "more plausible" alternatives to a plaintiff's allegations. *See, e.g.*, *Sec. & Exch. Comm'n v. Mercury Interactive, LLC*, 2010 WL 3790811, at *7–8 (N.D. Cal. Sept. 27, 2010) ("While it is true that the Court may consider documents referenced in a pleading under the incorporation by reference doctrine, Skaer asks the Court to engage in fact-finding based upon those documents . . . . This type of analysis is inappropriate in the context of a motion to dismiss") (internal citation omitted), *superseded by regulation on other grounds as recognized in Sec. & Exch. Comm'n v. Bardman*, 2017 WL 512797, at *4 (N.D. Cal. Feb. 8, 2017).

problem was "proximity-based." Mem. 4. This is contrary to the well-pleaded allegations in the Complaint. *See* ¶¶15, 42-47, 127, 141-43, 176, 181, 194, 199, 204, 220, 222, 226, 231, 234, 243, 252, 266, 289 (disputing Defendants' factual assertions regarding account sharing).

- Defendants cite **Exhibit 11** (earnings call transcript) for the "fact" that the "pandemic" led to international growth. Mem. 5. This is contrary to the well-pleaded allegations in the Complaint. *See* ¶¶181, 185, 290 (disputing Defendants' factual assertions regarding international growth).

- Defendants cite **Exhibit 13** (press release) for the "fact" that Chegg's "Honor Shield" was "designed to prevent cheating before it happened." Mem. 7-8. This is contrary to the well-pleaded allegations in the Complaint. *See* ¶¶13, 59-63, 93-95, 154-62, 207-08, 214, 238, 247-48 (disputing Defendants' factual assertions regarding Honor Shield).

- Defendants cite **Exhibit 23** (earnings call transcript) for the "fact" that Chegg "believed its growth was sustainable." This is contrary to the well-pleaded allegations in the Complaint. *See* Complaint § IV.D. (alleging Defendants knew growth was not sustainable).

- Defendants cite **Exhibit 25** (earnings call transcript) and **Exhibits 26–28** (analyst reports), respectively, for the "facts" that enrollment declines were responsible for Chegg's decreased revenue in fall of 2021 and that lower enrollment "took the industry by surprise." Mem. 9, 24. This is contrary to the well-pleaded allegations in the Complaint. *See* ¶¶19, 171 (disputing Defendants' factual assertions regarding lower enrollment).

Because Defendants seek judicial notice of supposed facts in Chegg's earnings call transcripts, investor presentations, press releases, and analyst reports "in an effort to rebut the factual allegations . . . set forth in the Complaint, the RJN must be denied" with respect to that

material. *See Iron Workers Loc. 580 Joint Funds v. NVIDIA Corp.*, 2020 WL 1244936, at *6 (N.D. Cal. Mar. 16, 2020) (declining to take judicial notice of analyst report when "Defendants offer it to contradict Plaintiffs' allegations"); *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 775 (N.D. Cal. 2019) ("[F]or a transcript of a conference call, the court . . . may not take judicial notice of a fact mentioned in the transcript, because the substance 'is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes'" (second alteration in original)); *Westley v. Oclaro, Inc.*, 897 F. Supp. 2d 902, 921–22 (N.D. Cal. 2012) (declining to credit truth of statements made in "slide presentation" from investor conference); *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1062 (C.D. Cal. 2012) ("refus[ing] to judicially notice" defendant's press release "because . . . the accuracy of this document . . . is not generally known within this Court's territorial jurisdiction or 'capable of accurate and ready determination' based on sources of unquestionable accuracy"); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) ("Analyst reports are subject to judicial notice not for the truth of their contents, but to determine the information available to the market"); *Prodanova v. H.C. Wainwright & Co.*, 2018 WL 8017791, at *5–6 (C.D. Cal. Dec. 11, 2018) (denying requests for judicial notice of conference call transcripts and presentations).

**Second**, Defendants request that the Court improperly draw factual inferences from the cited exhibits to support a counternarrative to Plaintiffs' well-pleaded factual allegations. For instance, Defendants seek judicial notice of certain exhibits (*see, e.g.*, Mem. 7 (citing **Exhibits 8, 14, 16–17**)) in an attempt to establish "facts" of what the market understood, contradicting Plaintiffs' well-pleaded allegations that Defendants' repeatedly assured investors both that the growth Chegg reported during the Class Period was sustainable and that cheating was not rampant on Chegg's online "learning" platform. *See* Complaint §§ IV.B. & C. Of course, Defendants may not properly assert such facts at this stage of the proceedings, and the Court may not go beyond the Complaint on the issue and weigh evidence. *See In re Snap Inc. Sec. Litig.*, 2018 WL 2972528, at *4 n.12 (C.D. Cal. June 7, 2018) (rejecting defendants' request for judicial notice of news

articles to show "the market understood" the alleged omissions because "the articles also may lack material facts about the omitted matters" and truth-on-the-market defense was "improper at this stage of litigation"); *In re Thoratec Corp. Sec. Litig.*, 2006 WL 1305226, at \*4 (N.D. Cal. May 11, 2006) (declining to take judicial notice of materials outside complaint submitted by defendants in support of "truth on the market" defense because doing so would "constitute an impermissible use of a judicially noticed fact").

Defendants also seek judicial notice of other exhibits (*see, e.g.*, Mem. 4–6 (citing **Exhibits 5, 8–12, 15–16, 18, 31**), 8 (citing **Exhibits 19–21**)) in an effort to have the Court draw the factual inference, counter to Plaintiffs' allegations, that Chegg's growth was primarily the result of a crack-down on account sharing, growth in international markets, and the legitimate usage of Chegg's platform rather than rampant student use of Chegg's platform to cheat during the fleeting period of remote learning. *See* Complaint §§ IV.B., C. & D.

Finally, Defendants seek judicial notice of still other exhibits (*see, e.g.*, Mem. 4–5 (citing **Exhibit 5**), 11 (citing **Exhibit 23**)) to ask the Court to draw a factual inference that Defendants genuinely believed the growth Chegg reported during the Class Period was sustainable. Again, this is contrary to the Complaint's well-pleaded allegations. *See* Complaint §§ IV.D., VII.[4]

These efforts must be rejected. *Khoja* instructs that it is improper for the Court to draw such conclusions based on the extrinsic material proffered by Defendants. *See* 899 F.3d at 1000

---

[4] In any event, Defendants' purported subjective beliefs are irrelevant. *See Sec. & Exch. Comm'n v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1094-95 (9th Cir. 2010) (rejecting argument that defendant's purported subjective belief can preclude scienter finding and noting "[i]f such a self-serving assertion could be viewed as controlling, there would never be a successful prosecution or claim for fraud"); *In re Twitter Inc. Sec. Litig.*, 2020 WL 4187915, at \*14 (N.D. Cal. Apr. 17, 2020) ("self-serving assertion" regarding what Defendants' "believe[d]" is insufficient to defeat 10(b) claim).

(holding that, "[t]o the extent that the district court judicially noticed the . . . [exhibit] . . . to determine what the investors knew . . . , the district court abused its discretion" where "[r]easonable people could debate what exactly this [exhibit] disclosed" and "there is a reasonable dispute as to what the [exhibit] establishes"); *see also Silver Wheaton*, 2019 WL 1512269, at *8 (noting "it would be inappropriate for the Court to consider defendants' exhibits for [the] purpose" of presenting "their own version of the facts to defeat plaintiffs' claims"). Simply put, while a court may take judicial notice of these documents' existence, their "content, and [the] *inferences* to be drawn from them, are not a proper subject of judicial notice." *Chubchai v. AbbVie, Inc.*, 599 F. Supp. 3d 866, 873 n.4 (N.D. Cal. 2022) (emphasis added).[5]

## IV.   CONCLUSION

For the foregoing reasons, the Court should decline to: (i) incorporate-by-reference or take judicial notice of **Exhibits 1–3 and 29–31** because they are not referenced in the Complaint; (ii) incorporate by reference or take judicial notice of any Forms 4 filed outside of the Class Period (**Exhibits 32–33**); (iii) take judicial notice of the truth of the contents of the Forms 4 filed during the Class Period or draw inferences in Defendants' favor therefrom; (iv) use the incorporation-by-reference doctrine to assume Defendants' remarks in a particular document were true, where the purpose of such a request is to refute the falsity of statements from the very same documents that Plaintiffs allege are false and misleading (**Exhibits 4–12 and 15–25**); or (v) take judicial notice of any exhibit for the truth of the matter asserted therein or draw inferences therefrom in Defendants' favor in contravention of the well-pleaded allegations of the Complaint.

---

[5] Should the Court consider any of Defendants' exhibits for the truth of the matter asserted or draw factual inferences therefrom, the pending motion should be converted to one for summary judgment and Plaintiffs should be permitted to take discovery on the matter raised by or related to those exhibits. *See* Fed. R. Civ. P. 12(d).

Dated: April 27, 2023

Respectfully submitted,

/s/ David R. Kaplan
David R. Kaplan

**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
Hani Y. Farah (SBN 307622)
(*pro hac vice* forthcoming)
Emily R. Bishop (SBN 319383)
505 Lomas Santa Fe Dr.
Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
hfarah@saxenawhite.com
ebishop@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)
Jonathan Lamet (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone.: 561.394.3399
Facsimile: 561.394.3382
msaxena@saxenawhite.com
jlamet@saxenawhite.com

Steven B. Singer (*pro hac vice* forthcoming)
Kyla Grant (*pro hac vice* forthcoming)
10 Bank Street, 8th Floor
White Plains, New York 10606
Telephone: (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Counsel for Lead Plaintiff Pompano Beach Police and Firefighters' Retirement System, and Lead Co-Counsel for the Class*

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
Neli Traykova Hines (*pro hac vice*)

ntraykova@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Counsel for Lead Plaintiff KBC Asset Management NV, and Lead Co-Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 27, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

Dated: April 27, 2023                    **SAXENA WHITE P.A.**


*/s/ David R. Kaplan*
David R. Kaplan