COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

FENWICK & WEST LLP
DEAN S. KRISTY (157646)
(dkristy@fenwick.com)
JENNIFER C. BRETAN (233475)
(jbretan@fenwick.com)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    +1 415 875 2300
Facsimile:    +1 415 281 1350

FELIX S. LEE (197084)
(flee@fenwick.com)
801 California Street
Mountain View, CA 94041
Telephone:    +1 650 988 8500
Facsimile:    +1 650 938 5200

Attorneys for Defendants Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No. 5:21-cv-09953-EJD<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PARAGRAPHS 34–39 OF THE DECLARATION OF HEATHER SPEERS AND REFERENCES THERETO**<br><br>Date:        June 29, 2023<br>Time:        9:00 a.m.<br>Dept:        Crt. Rm. 4<br>Judge:       Hon. Edward J. Davila<br>Trial Date: TBA<br>Date Action Filed: December 8, 2022<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## I.    INTRODUCTION

Plaintiffs' Motion to Strike Paragraphs 34–39 of the Declaration of Heather Speers ("Motion to Strike" or "MTS") is meritless and should be denied. Those paragraphs simply explain the math underlying the figures Defendants cited in their Motion to Dismiss relating to stock sales, as required by Local Rule 7-5. Indeed, Ms. Speers' declaration contains no legal argument nor conclusion. Nor does it even explain how the figures and calculations cited therein are relevant to the Court's consideration. Instead, the figures are provided solely to substantiate "mathematical calculations" behind certain percentages to avoid any ambiguity as to where the numbers came from. While Plaintiffs apparently disagree that such percentages are relevant the Court's stock sale analysis, it is likely because those percentages cut against any inference of scienter, as explained in Defendants' Motion to Dismiss. But Plaintiffs' disagreement with legal arguments does not entitle them to strike explanations of mathematical calculations in an attorney declaration. Plaintiffs' accusation that Defendants are attempting to evade page limits is pure projection.  In sharp contrast with paragraphs 34–39 of the Speers Declaration (which contain only mathematical calculations), Plaintiffs' Motion to Strike is itself replete with legal argument that should have been included in their Opposition to Defendants' Motion to Dismiss.  For these reasons, as elaborated upon below, the Court should deny Plaintiffs' Motion to Strike.

## II.    BACKGROUND

On February 16, 2023, Defendants filed their Motion to Dismiss (ECF No. 122, "MTD"), which was supported in part by the Declaration of Heather Speers (referred to above and throughout as the "Speers Declaration") (ECF No. 122-1). Paragraphs 1–33 and 38 of the Speers Declaration identify each of the exhibits submitted in support of Defendants' Motion to Dismiss, and attest to their accuracy, completeness, and public accessibility. (*See* MTS at 1 (noting paragraphs 1–33

"merely testify[] as to the accuracy and completeness of the appended exhibits").) Plaintiffs do not move to strike paragraphs 1–33.[1]

Exhibits 32 and 33 to the Speers Declaration are compilations of Daniel Rosensweig's and Nathan Schultz's Forms 4 filed during the period December 1, 2018 through November 1, 2021. (*See* Speers Decl. ¶¶ 33, 38.) Paragraphs 34 and 39 of the Speers Declaration: (i) identify the specific Forms 4 within Exhibits 32 and 33 that were filed immediately before the start and end of the proposed class period; (ii) the number of shares directly owned on each date as reflected on those Forms 4; and (iii) the difference between those numbers and the resulting percentage decrease calculated therefrom. (Speers Decl. ¶¶ 34, 39.) Paragraphs 35–37 of the Speers Declaration set forth the following information *as it is reflected on Exhibit 32*: (i) Mr. Rosensweig's sales of Chegg common stock (excluding dispositions for tax withholding) during the period December 1, 2018 to May 4, 2020; (ii) Mr. Rosensweig's sales of Chegg common stock (excluding dispositions for tax withholding) during the period May 5, 2020 to November 1, 2021; and (iii) the difference in the number of shares sold between the two periods. None of these paragraphs contain any legal argument or analysis, and the only conclusions drawn are those based on simple arithmetic. Plaintiffs do not argue that the Speers Declaration misstated the information as reflected on the Forms 4, failed to attach a Form 4, or made any mathematical calculation errors.

The Motion to Dismiss cites paragraphs 34, 37, and 39 of the Speers Declaration to support the following arguments:

- "Plaintiffs' calculation that Mr. Schultz sold a 'staggering 90% of his Chegg holdings' is inflated because it does not account for acquisitions of stock during the class period. Taking these additional shares into account, Mr. Schultz's holdings decreased only 15.6% during the class period. (*See* Speers Decl., ¶ 39.)." (MTD at 23.)

- "Plaintiffs' calculation that Mr. Rosensweig sold 28.8% of his holdings in the class period (¶ 296) is also inflated and drops to 24.3% when including stock acquisitions. (Speers Decl. at ¶ 34.)" (MTD at 23.)

- "Moreover, [Mr. Rosensweig] sold over three times as many shares in the 18 months

---

[1] Given Plaintiffs' concessions that paragraphs 1–33 are proper, it is unclear to Defendants why Plaintiffs move to strike paragraph 38, which provides the same type of information. Presumably, this was an oversight, which Plaintiffs will clarify on reply.

prior to the class period, negating an inference of scienter. (Ex. 32 at 1–37; Speers Decl. at ¶ 37.)" (MTD at 23.)

The Motion to Dismiss also includes the legal authority and analysis necessary to understand the relevance of these figures and presents legal arguments as to why Plaintiffs' allegations fail to support a strong inference of scienter. (MTD at 22–24.) The Speers Declaration, on the other hand, simply directs the Court to certain numbers reported on Individual Defendants' Forms 4 and sets forth the simple arithmetic (addition, subtraction, and division) used to get from those numbers to the figures cited in the Motion to Dismiss.

## III.   ARGUMENT

### A.   The Speers Declaration Complies with Local Rule 7-5.

The Motion to Dismiss and Speers Declaration comply with Civil Local Rule 7-5, which requires that: (a) "Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record"; and (b) "An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument."

As discussed above, the Motion to Dismiss includes the following facts: (i) Mr. Schultz's holdings of Chegg common stock decreased 15.6% during the class period; (ii) Mr. Rosensweig's holdings of Chegg common stock decreased 24.3% during the class period; and (iii) Mr. Rosensweig sold over three times as many shares in the 18 months prior to the class period as he did during the class period. (MTD at 22.) Accordingly, pursuant to Local Rule 7-5(a), Defendants were required to support those facts through an affidavit or declaration, which they did through paragraphs 34–37 and 39 of the Speers Declaration. Those paragraphs, in turn, conformed to the requirements of Local Rule 7-5(b) by citing only facts—*i.e.*, the information *as presented on the identified Forms 4* and the mathematical calculations to arrive at each of the figures cited in the Motion to Dismiss. This is precisely the type of information courts have indicated should be included in a declaration. *See Miller v. Regis Corp.*, 359 F. App'x 783, 785 (9th Cir. 2009) (indicating plaintiff should have used a "declaration or affidavit" to substantiate its "mathematical calculations"); *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1105 n.6 (N.D. Cal. 2006) (expressing

frustration that the declaration did not clearly explain how defendants arrived at the stock sale figures cited in their motion to dismiss).

Plaintiffs' argument that courts often strike declarations containing information similar to that in paragraphs 34–37 and 39 of the Speers Declaration is baseless. (MTS at 3.) None of the cases Plaintiffs cite are remotely similar.

In *Kennedy v. AJVS, Inc.*, the court struck the declaration because it: (i) provided an inaccurate summary of the emails that were attached as exhibits; and (ii) failed to attach as exhibits other documents referenced in the briefing. 2012 WL 1748013, at *4–5 (W.D. Wash. May 15, 2012). Here, conversely, Plaintiffs do not argue that the Speers Declaration misrepresented the contents of the Forms 4 or failed to attach any supporting documents.

In *Brae Asset Funding, L.P. v. Applied Fin., LLC*, the court struck the declaration because it was neither dated nor signed, and "refer[red] throughout to exhibits that were never filed." 2006 WL 2355474, at *5 (N.D. Cal. Aug. 14, 2006). Additionally, the declaration itself was replete with unambiguously improper legal arguments and conclusions. *Id.* As just one example, paragraph 10 of that declaration is replete with legal conclusions regarding liability and other legal elements of the claims at issue:

> APPLIED was entitled to a return of the equipment after repayment of promissory not to GREATER BAY, by acting negligently, and allowing the equipment to be removed from Cyberco's premises, GREATER BAY breached the duty of care, which a secured party is to exercise in safeguarding the personal property which is under it's dominion and control. For that reason, GREATER BAY is liable to APPLIED for the fair market value of the lease equipment, at the time of the loss.

*Brae Asset Funding, L.P. v. Applied Fin., LLC*, Case No. 05-CV-02490 (N.D. Cal.), ECF No. 42 at ¶ 10. Here, in contrast, the Speers Declaration attaches all of the relevant Forms 4, identifies which numbers from those Forms 4 Defendants used in their calculations, and sets forth the simple arithmetic used to arrive at the figures cited in the Motion to Dismiss. Plaintiffs argue that this qualifies as legal analysis and conclusions because it "includes certain sales and excludes others." (MTS at 2.) But merely identifying which sales are included in the calculation says nothing about *why* those sales were included, or what legal relevance they have to the scienter inquiry. All of that—*i.e.*, the legal analysis and conclusions—is properly included in Defendants' Motion to

Dismiss, and *only* in Defendants' Motion to Dismiss (*See* MTD at 22–24 (citing cases where courts consider precisely such information on a motion to dismiss).)

Finally, in *Page v. Children's Council*, the court observed that "[m]uch of the Declaration simply repeats portions of the Plaintiff's memo in support of her Motion to Remand," which rendered it "unnecessary and duplicative." 2006 WL 2595946 at *5 (N.D. Cal. Sept. 11, 2006). Here, conversely, the Speers Declaration does not include, let alone repeat, any legal arguments included in the Motion to Dismiss; it simply sets forth the mathematical roadmap for the Court to verify the figures cited in the Motion to Dismiss.

### B.   Paragraphs 34–37 and 39 of the Speers Declaration Were Included to Provide a Mathematical Roadmap for the Court, Not to Evade Page Limits.

Plaintiffs' argument that the Speers Declaration is an improper attempt to evade the Court's 25-page limit (MTS at 5) makes no sense because all of Defendants' legal arguments are contained in the Motion to Dismiss. (*See* MTD at 22–24.) Additionally, none of the cases Plaintiffs cite to support this argument are even remotely analogous. *See Monfort v. Adomani*, 2019 WL 6311378, at *4 n.3 (N.D. Cal. Nov. 25, 2019) (finding plaintiff's use of improper font size in footnotes and attachment of "a chart that spans over nine pages and that purports to identify fraudulent statements and why each statement was false when made" were improper "tactics [to] circumvent the page limits"); *Oliver v. Hot Topic, Inc.*, 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010) (striking a declaration that was filed as a stand-alone document—*i.e.*, *not* in support of a brief—"attempting to address Defendant's application for a stay and notice of related case and requesting a continuance of Defendant's recently filed motion for summary judgment"); *Jacobson v. Schwarzenegger*, 650 F. Supp. 2d 1032, 1044 (C.D. Cal. 2009) (striking specific paragraphs that contained legal argument without commentary on whether it was also contained in the brief).

To be clear, the purpose of paragraphs 34–37 and 39 of the Speers Declaration is to provide full transparency as to exactly which numbers Defendants used in their calculations so that the Court can determine whether Defendants' arguments are based on the appropriate figures. For this reason, Defendants urge the Court not to strike paragraphs 34–37 and 39 of the Speers Declaration. However, should the Court choose to strike those paragraphs, it would not impact Defendants' legal

arguments; it would merely require more effort for the Court to confirm the accuracy of the figures cited in the Motion to Dismiss.[2]

### C.    The Speers Declaration Does Not Purport to Provide Reasons for Defendants' Stock Sales; It Merely Identifies the Figures as Reported on the Forms 4.

Plaintiffs' final argument—that paragraphs 34–37 and 39 of the Speers Declaration are an improper attempt to introduce disputed facts—is neither correct, nor a basis for moving to strike. These paragraphs simply identify the information as reported on the Forms 4. (*See, e.g.*, Speers Decl., ¶34 ("As reflected on page 37 of Exhibit 32 . . .; "As reflected on that Form 4 . . ."), ¶35 ("As reflected on page 1–37 of Exhibit 32 . . ."), ¶36 ("As reflected on page 39–71 of Exhibit 32 . . ."), ¶39 ("As reflected on page 22–23 of Exhibit 33 . . ."; "As reflected on that Form 4 . . .").) Plaintiffs apparently take issue with the information contained on the Forms 4 because "the common stock balances represented in Table I of the Forms 4 do not include vested but unexercised, stock options." (MTS at 5.) But the Speers Declaration does not claim otherwise. The same is true of Plaintiffs' other arguments in this section, all of which make gross exaggerations as to the contents of the Speers Declarations in an ironic and transparent attempt to advance arguments that have no place in a motion to strike. (*See* MTS at 5–6.) *See also In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758–59 (N.D. Cal. 1997) (denying motion to strike declaration based on plaintiffs' objections to the Forms 4 cited therein).

Moreover, to the extent Plaintiffs believe the Court should not consider the Forms 4, Plaintiffs can (and have) made such arguments in their Opposition to Defendants' Request for

---

[2] The Ninth Circuit has confirmed a court may perform math or rely upon a party's calculations. *See Miller v. Fed. Land Bank of Spokane*, 587 F.2d 415, 422 (9th Cir. 1978) (where court acknowledged that mathematical calculations can be considered: "This is a matter of mathematics, of which the court could and should have taken judicial notice."); *Clayton v. Landsing Pac. Fund, Inc.*, 2002 WL 1058247, at *6 (N.D. Cal. May 9, 2002) (performing "simple math" to conclude plaintiff had received notice of her investment's diminished value), *aff'd,* 56 F. App'x 379 (9th Cir. 2003).

Judicial Notice. (*See* ECF 130 at 6–9.) Similarly, to the extent Plaintiffs believe the Court should disregard Defendants' stock sales arguments in the Motion to Dismiss on the grounds that it is an improper factual dispute, Plaintiffs can (and have) made such arguments in their Opposition to Defendants' Motion to Dismiss. (*See* ECF 128 at 23–24.) Defendants, in turn, will properly address these arguments in their replies to the Request for Judicial Notice and Motion to Dismiss. However, as Plaintiffs have identified no authority for the notion that this would be a basis for striking paragraphs 33–37 and 39 of the Speers Declaration, it does not seem necessary or efficient to address such arguments here.

## IV.      CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike should be denied.

Dated: May 11, 2023                                     COOLEY LLP


                                                        By: */s/ Patrick E. Gibbs*
                                                        Patrick E. Gibbs (183174)

                                                        Attorneys for Defendants
                                                        Chegg, Inc., Daniel L. Rosensweig, Andrew J.
                                                        Brown, and Nathan Schultz