**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No.: 5:21-cv-09953-EJD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE PARAGRAPHS 34 TO 39 OF THE DECLARATION OF HEATHER SPEERS AND REFERENCES THERETO**<br><br>Date: June 29, 2023<br>Time: 9:00 a.m.<br>Dept: Courtroom 4<br>Judge: Hon. Edward J. Davila |

Lead Plaintiffs respectfully submit this reply in support of their Motion to Strike Paragraphs 34-39 of the Declaration of Heather Speers and References Thereto ("Motion to Strike" or "Mot.") (ECF No. 129) and in response to Defendants' Opposition to the Motion to Strike ("Opposition" or "Opp'n") (ECF No. 131).[1]

## I.   ARGUMENT

The Court should strike paragraphs 34-37 and 39 of the Speers Declaration because they violate Civil Local Rule 7-5(b)'s prohibitions on "conclusions and argument," and constitute an improper attempt to evade the 25-page limit on Defendants' Motion to Dismiss. *See* Mot. at 3-6.

In their Opposition, Defendants contend that the Speers Declaration "simply explain[s] the math underlying the figures Defendants cited in their Motion to Dismiss relating to stock sales," and that it "contains no legal argument nor conclusion." Opp'n at 1. They also contend that the Speers Declaration is not "an improper attempt to evade the Court's 25-page limit . . . because all of Defendants' legal arguments are contained in the Motion to Dismiss." *Id.* at 5. Each of these contentions are meritless.

*First*, in their Motion to Strike, Lead Plaintiffs rightly questioned how Ms. Speers has personal knowledge of certain matters in her declaration, particularly her sworn representations concerning the *reasons* for Defendant Rosensweig's stock sales. *See* Mot. at 2 ("Ms. Speers purports to have personal knowledge as to the reason Defendant Rosensweig made particular sales, and improperly infers certain of these sales should be ignored"); *see also* Speers Decl. ¶¶ 35-36 (noting analyses "exclude[es] dispositions for tax withholding" and "gifts"). The reasons for Defendant Rosensweig's stock sales, i.e., whether they were actually sold for the stated purposes,

---

[1] References to "Speers Declaration" or "Speers Decl." are to the Declaration of Heather Speers in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 122-1). Due to an inadvertent typographical error, Lead Plaintiffs do not seek to strike paragraph 38 of the Speers Declaration or any references thereto.

REPLY IN SUPP. OF MOT. TO STRIKE SPEERS DECL.
CASE NO. 5:21-CV-09953-EJD

are a disputed factual issue for discovery. *See* Mot. at 3 n.2. Defendants fail to respond to this in their Opposition, impliedly conceding Ms. Speers' lack of personal knowledge. *See Citizens for Free Speech, LLC v. Cnty. of Alameda*, 2020 WL 999644, at \*4 (N.D. Cal. Mar. 2, 2020) (explaining opposing party concedes arguments that are not addressed in an opposition brief).

Furthermore, the analysis contained in the Speers Declaration implies that the purported reasons for the sales warrant their *exclusion* from the relevant calculation. This is impermissible legal argument in a declaration. *See Page v. Children's Council*, 2006 WL 2595946, at \*5 (N.D. Cal. Sept. 11, 2006) (striking portions of declaration that contain argument rather than fact); *Percelle v. Pearson*, 2015 WL 5736399, at \*3 (N.D. Cal. Oct. 1, 2015) (striking under L.R. 7-5 portion of declaration that "purports to summarize deposition transcripts and exhibits—summaries which, upon review, turn out to be inaccurate"); *Kennedy v. AJVS, Inc.*, 2012 WL 1748013, at \*4-5 (W.D. Wash. May 15, 2012) (striking declaration that "includes unnecessary and apparently inaccurate commentary regarding the exhibits and/or fails to attach referenced documents").

*Second*, the Court should not be fooled by Defendants' pretextual argument that the figures in the Speers Declaration are provided simply to assist the Court. *See* Opp'n at 6 (arguing "it would merely require more effort for the Court to confirm the accuracy of the figures cited in the Motion to Dismiss" if the Court does not consider the Speers Declaration). As Defendants admit, "the only conclusions drawn are those based on simple arithmetic," *id*. at 2, yet this is a task the Court may easily undertake itself. The true purpose of the Speers Declaration is not to assist the Court, but instead to cherry-pick certain transactions and present a one-sided analysis of Defendants Rosensweig and Schultz's respective insider trading to undermine the Complaint's well-pleaded inference of scienter. *See* Mot. at 5 (explaining why Defendants' calculations are misleading).

Defendants' attempt to feign "assistance" falls apart upon scrutiny. On the one hand, Defendants contend that the Speers Declaration contains "simple arithmetic," Opp'n at 2, 4, while on the other, they argue that "analysis" (their own) is "necessary to understand the relevance of these figures," *id.* at 3. This duplicity underscores why these calculations are inappropriate at this stage, and procedurally improper in an attorney declaration. If "simple arithmetic," the analysis is unnecessary; if the explanations are "necessary," they belong in the Motion to Dismiss. Moreover,

REPLY IN SUPP. OF MOT. TO STRIKE SPEERS DECL.
CASE NO. 5:21-CV-09953-EJD

the disputed paragraphs should be stricken on the separate and independent ground that they are unnecessary—a point Defendants expressly concede. *See id.* at 5-6 ("[S]hould the Court choose to strike those paragraphs, it would not impact Defendants' legal arguments . . . ."); *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) ("unnecessary particulars . . . may be stricken as 'immaterial'").

*Third*, while Defendants represent that the Speers Declaration only cites "the information *as presented on the identified Forms* 4 and the mathematical calculations to arrive at each of the figures cited in the Motion to Dismiss," Opp'n at 3, this analysis is not "*presented on*" any of the Forms 4 before the Court.  Indeed, the Court could not simply perform its own analysis by looking at the documents, as the Court would not know which transactions to exclude (if any), as argued by Defendants.  In effect, the Speers Declaration attempts to introduce legal ***conclusions*** pertaining to the Individual Defendants' insider sales.  Moreover, paragraph 37 is simply a summary of purported facts improperly included earlier in the Declaration and does not include any additional "facts" whatsoever.  *See* Speers Decl. ¶ 37 ("Rosensweig sold three times as many shares in the 18 months prior to the class period as he sold during the proposed 18-month class period.").  This is improper.  *See United States v. Al-Shawaf*, 2017 WL 6001273, at \*4 (C.D. Cal. Nov. 8, 2017) ("Defendants argue that Boyer's Declaration is sufficient because it simply summarizes facts from the 'Cal Fire Report.'  The Court disagrees.  First, if Boyer is simply summarizing another document, then it is clear that he lacks personal knowledge to satisfy Rule 602." (internal citation omitted)).

Defendants' case law is inapt.  Defendants cite *Miller v. Regis Corp.*, 359 F. App'x 783 (9th Cir. 2009), for the proposition that a "[party] should have used a 'declaration or affidavit' to substantiate its 'mathematical calculations,'" Opp'n at 3, but conveniently omit that the full sentence reads:  "[The party] has also presented ***a host of*** mathematical calculations, but has not substantiated those figures with a declaration or affidavit ***from an expert witness***," *Miller*, 259 F. App'x at 785 (emphases added).  Defendants also cite *Miller v. Fed. Land Bank of Spokane*, 587 F.2d 415 (9th Cir. 1978), and *Clayton v. Landsing Pacific Fund, Inc.*, 2002 WL 1058247 (N.D. Cal. May 9, 2002), for the proposition that "[t]he Ninth Circuit has confirmed a court may perform

REPLY IN SUPP. OF MOT. TO STRIKE SPEERS DECL.
CASE NO. 5:21-CV-09953-EJD

math or rely upon a party's calculations," Opp'n at 6 n.2. Here again, Defendants' case law is inapposite. In *Miller*, the mathematical calculation at issue concerned how much interest would be due if an additional payment was made to a mortgage. *See* 587 F.2d at 422. In *Clayton*, the "simple math" at issue referred to a "letter [that] informed plaintiff that her original $16,000 investment had already dropped to less than $8,000." 2002 WL 1058247, at *6. The straightforward and undisputed calculations at issue in those cases are a far cry from Defendants' (incomplete) analysis of the insider trading at issue here. *See* Mot. at 4 ("[T]he common stock balances in the Forms 4 are inconclusive and cannot be used to calculate the total percentage of stock ownership sold during the Class Period.").

By contrast, *Andean Life, LLC v. Barry Callebaut U.S.A., LLC*, 2021 WL 9563177 (S.D. Fla. Oct. 12, 2021), is instructive. There, the court struck a declaration from counsel—and the disputed exhibits attached thereto—because the "calculations involve the use of disputed data . . . and opinions as to how this data should be interpreted and understood at the summary judgment stage." *Id.* at *3. Moreover, the court found that "[n]one of these exhibits—which cumulatively total 37 pages—appear so voluminous that they could not be examined by the Court." *Id.* at *4. So too here.

***Fourth***, Defendants argue that "the Speers Declaration does not include, let alone repeat, any legal arguments included in the Motion to Dismiss; it simply sets forth the mathematical roadmap for the Court to verify the figures cited in the Motion to Dismiss." Opp'n at 5. Not so: as discussed above, not only does the Speers Declaration include improper legal arguments and conclusions, but it repeats the legal arguments in Defendants' Motion to Dismiss, nearly verbatim. *Compare* Speers Decl. ¶ 37 ("Stated differently, Mr. Rosensweig sold three times as many shares in the 18 months prior to the class period as he sold during the proposed 18-month class period"), *with* ECF No. 122 at 23 ("Moreover, [Rosensweig] sold over three times as many shares in the 18 months prior to the class period, negating an inference of scienter"). Once again, this is improper. *See* Civil Local Rule 7-5(b) ("An affidavit or declaration may contain only facts . . . and must avoid conclusions and argument").

***Fifth***, by putting forth how many shares of Chegg "***common stock***" Defendants Rosensweig and Schultz held before and after the Class Period and then analyzing how their "***holdings***" decreased, Speers Decl. ¶¶ 34, 39, Defendants present an inaccurate and misleading picture. As they acknowledge, the analysis in the Speers Declaration includes only certain transactions but not others, and even then, does not purport to show the total amount of the Individual Defendants' "holdings." *See* Opp'n at 6 (conceding the Speers Declaration does not include vested but unexercised options). Thus, the Speers Declaration constitutes an improper attempt to advance the legal argument that only certain transactions and/or holdings are relevant. Defendants' sleight of hand undermines their representation that they are providing figures "solely to substantiate 'mathematical calculations' behind certain percentages to avoid any ambiguity as to where the numbers came from." *Id.* at 1. The challenged paragraphs should be struck on this independent basis. *See Lott v. Westinghouse Savannah River Co.*, 200 F.R.D. 539, 548-49 (D.S.C. 2000) (striking attorney declaration because its summary of the evidence amounted to "legal argument" in support of plaintiff's motion for class certification).

***Finally***, the Speers Declaration also impermissibly expands on the arguments made in Defendants' Motion to Dismiss, in violation of the applicable page limits. For example, Defendants' Motion to Dismiss concludes that accounting for Defendant Schultz's Class Period acquisitions, his holdings only dropped by 15.6%. *See* ECF No. 122 at 23 ("Plaintiffs' calculation that Mr. Schultz sold a 'staggering 90% of his Chegg holdings' is inflated because it does not account for acquisitions of stock during the class period. Taking these additional shares into account, Mr. Schultz's holdings decreased only 15.6% during the class period."). Defendants do not explain the basis for that calculation in their Motion to Dismiss (presumably because they strategically chose to make other arguments within the Court's page limits), but attempt to do so solely through the Speers Declaration. *See* Speers Decl. ¶ 39 (analyzing Defendant Schultz's Forms 4). Without the analysis in the Speers Declaration, the Court would be unable to understand the figures Defendants proffered in their Motion to Dismiss. The Speers Declaration thus represents a clear evasion of the page limits. *See Long v. Nationwide Legal File & Serve, Inc.*, 2014 WL

REPLY IN SUPP. OF MOT. TO STRIKE SPEERS DECL.
CASE NO. 5:21-CV-09953-EJD

3809401, at \*9 n.6 (N.D. Cal. July 23, 2014) ("including argument in an accompanying declaration is an impermissible violation of the page limits").

## II.        CONCLUSION

For the foregoing reasons and those in their Motion to Strike, Lead Plaintiffs respectfully request that the Court strike: (i) paragraphs 34 through 37 and paragraph 39 of the Speers Declaration as improper attorney testimony and argument in excess of the applicable page limit; and (ii) all references to those paragraphs of the Speers Declaration in Defendants' Motion to Dismiss.

Dated:  May 18, 2023                                        Respectfully submitted,

                                                            /s/ David R. Kaplan
                                                            David R. Kaplan

                                                            **SAXENA WHITE P.A.**
                                                            David R. Kaplan (SBN 230144)
                                                            Hani Y. Farah (SBN 307622)
                                                            Emily R. Bishop (SBN 319383)
                                                            505 Lomas Santa Fe Dr. #180
                                                            Solana Beach, CA 92075
                                                            Telephone: (858) 997-0860
                                                            Facsimile: (858) 369-0096
                                                            dkaplan@saxenawhite.com
                                                            hfarah@saxenawhite.com
                                                            ebishop@saxenawhite.com

                                                            Maya Saxena (*pro hac vice* forthcoming)
                                                            Lester R. Hooker (SBN 241590)
                                                            Jonathan Lamet (*pro hac vice* forthcoming)
                                                            7777 Glades Road, Suite 300
                                                            Boca Raton, FL 33434
                                                            Telephone: 561.394.3399
                                                            Facsimile: 561.394.3382
                                                            msaxena@saxenawhite.com
                                                            lhooker@saxenawhite.com
                                                            jlamet@saxenawhite.com

                                                            Steven B. Singer (*pro hac vice* forthcoming)
                                                            Kyla Grant (*pro hac vice* forthcoming)
                                                            10 Bank Street, 8th Floor
                                                            White Plains, New York 10606

REPLY IN SUPP. OF MOT. TO STRIKE SPEERS DECL.
CASE NO. 5:21-CV-09953-EJD

Telephone: (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Counsel for Lead Plaintiff Pompano Beach Police and Firefighters' Retirement System, and Lead Co-Counsel for the Class*

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
Neli Traykova Hines (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
ntraykova@motleyrice.com

*Counsel for Lead Plaintiff KBC Asset Management NV, and Lead Co-Counsel for the Class*

REPLY IN SUPP. OF MOT. TO STRIKE SPEERS DECL.
CASE NO. 5:21-CV-09953-EJD

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on May 18, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

Dated: May 18, 2023

**SAXENA WHITE P.A.**

*/s/ David R. Kaplan*
David R. Kaplan

REPLY IN SUPP. OF MOT. TO STRIKE SPEERS DECL.
CASE NO. 5:21-CV-09953-EJD