COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

FENWICK & WEST LLP
DEAN S. KRISTY (157646)
(dkristy@fenwick.com)
JENNIFER C. BRETAN (233475)
(jbretan@fenwick.com)
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: +1 415 875 2300
Facsimile: +1 415 281 1350

FELIX S. LEE (197084)
(flee@fenwick.com)
801 California Street
Mountain View, CA 94041
Telephone: +1 650 988 8500
Facsimile: +1 650 938 5200

Attorneys for Defendants Chegg, Inc., Daniel L.
Rosensweig, Andrew J. Brown, and Nathan Schultz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No. 5:21-cv-09953-EJD<br><br>**CLASS ACTION**<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Date: June 29, 2023<br>Time: 9:00 a.m.<br>Dept: Crt. Rm. 4<br>Judge: Hon. Edward J. Davila<br>Trial Date: TBA<br>Date Action Filed: December 8, 2022<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. The Court May Judicially Notice Relevant Exhibits that Are Not Cited in the Complaint and Fall Outside the Class Period. (Exhibits 1–3 and 29–30.) ............... 2

    B. The Court May Judicially Notice Facts Provided on a Government Website. (Exhibit 31.) ............................................................................................................. 3

    C. The Court Should Consider Individuals Defendants' Forms 4, and *All* Inferences Drawn Therefrom, in Assessing Scienter. (Exhibits 32–33.) ................................... 4

    D. The Court Should Consider the Exhibits Incorporated by Reference in Their Entirety. (Exhibits 4–28.) ......................................................................................... 7

    E. Defendants Do Not Use Any Exhibit to Create Factual Disputes With Any *Well-Pled* Fact in the Complaint. (Exhibits 1–33.) ........................................................... 8

III. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

Page

**Cases**

*Azar v. Yelp, Inc.*,
  2018 WL 6182756 (N.D. Cal. Nov. 27, 2018) ................................................................. 6

*Chung v. Cnty. of Santa Clara*,
  614 F. Supp. 3d 709 (N.D. Cal. 2022) ........................................................................... 3

*City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*,
  963 F. Supp. 2d 1092 (E.D. Wash. 2013) ...................................................................... 7

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
  880 F. Supp. 2d 1045 (N.D. Cal. 2012) ......................................................................... 7

*Curry v. Yelp Inc.*,
  875 F.3d 1219 (9th Cir. 2017) .................................................................................. 5, 6

*In re Diamond Foods, Inc., Sec. Litig.*,
  2012 WL 6000923 (N.D. Cal. Nov. 30, 2012) ............................................................... 2

*Dimercurio v. Equilon Enters. LLC*,
  2020 WL 227262 (N.D. Cal. Jan. 15, 2020) .................................................................. 2

*Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*,
  2021 WL 1056549 (N.D. Cal. Mar. 19, 2021) ............................................................... 6

*In re Eventbrite, Inc. Sec. Litig.*,
  2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ..................................................... 7, 8, 10

*Ferreira v. Funko Inc.*,
  2021 WL 8820650 (C.D. Cal. Oct. 22, 2021) ................................................................ 3

*Gammel v. Hewlett-Packard Co.*,
  2013 WL 1947525 (C.D. Cal. May 8, 2013) ................................................................. 2

*In re Hansen Nat. Corp. Sec. Litig.*,
  527 F. Supp. 2d 1142 (C.D. Cal. 2007) ......................................................................... 2

*Immigrant Legal Res. Ctr. v. City of McFarland*,
  472 F. Supp. 3d 779 (E.D. Cal. 2020) ........................................................................... 3

*Jedrzejczyk v. Skillz Inc.*,
  2022 WL 2441563 (N.D. Cal. July 5, 2022) ................................................................. 3

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) .................................................................................. 6–10

# TABLE OF AUTHORITIES
(continued)

Page

*McGovney v. Aerohive Networks, Inc.*,
  367 F. Supp. 3d 1038 (N.D. Cal. 2019) .......................................................................... 7

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ........................................................................................ 8

*MGIC Indem. Corp. v. Weisman*,
  803 F.2d 500 (9th Cir. 1986) .......................................................................................... 2

*Miller v. Berryhill*,
  2017 WL 3671158 (C.D. Cal. Aug. 25, 2017) .............................................................. 4

*N.F. ex rel. Flyte v. Antioch Unified Sch. Dist.*,
  2021 WL 3355280 (N.D. Cal. July 2, 2021) ................................................................. 3

*In re Netflix, Inc. Sec. Litig.*,
  2005 WL 1562858 (N.D. Cal. June 28, 2005) .............................................................. 5

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) ........................................................................................ 6

*Park v. GoPro, Inc.*,
  2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) .............................................................. 6

*In re Restoration Robotics, Inc. Sec. Litig.*,
  417 F. Supp. 3d 1242 (N.D. Cal. 2019) (Davila, J.) ................................................... 10

*Vasquez v. Blue Cross of Cal.*,
  2015 WL 2084592 (C.D. Cal. May 5, 2015) ................................................................ 4

**Other Authorities**

Fed. R. Evid. 201(b) ............................................................................................................. 2

## I. INTRODUCTION

Plaintiffs' Opposition to Defendants' Request for Judicial Notice (ECF 130, "RJN Opposition" or "RJN Opp.") is meritless. As an initial matter, Plaintiffs' do not dispute that Defendants' exhibits are the proper subjects of the incorporation by reference and judicial notice doctrines. These documents include the sources of the alleged false or misleading statements, SEC filings, press releases, earnings calls, and government documents. Instead of arguing that these types of documents cannot be considered by the Court, Plaintiffs breathlessly claim that Defendants use virtually every single exhibit improperly for the truth or to dispute well-pled factual allegations. Putting aside that incorporated documents can be considered for their truth, Plaintiffs conflate incorporation by reference with judicial notice, misstate the law as to both doctrines, and mischaracterize Defendants' use of the exhibits in their Motion to Dismiss.[1] Indeed, according to Plaintiffs, any reference to an exhibit that undermines their theory of fraud creates a dispute with some well-pled fact. Try as they might, however, Plaintiffs fail to identify a single example where Defendants actually used an exhibit to dispute a well-pled factual allegation in the Complaint.

To be clear, the Complaint is deficient on its face, as it lacks particularized facts to plead a securities fraud claim. Defendants introduced their exhibits to provide the Court with context that Plaintiffs selectively omitted from their Complaint. The Complaint's pleading failures, combined with the support from incorporated documents and judicially noticeable facts, overwhelmingly compel dismissal of the Complaint.

For these reasons and those set forth below, Defendants request that the Court consider Exhibits 1-33 in deciding Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Motion to Dismiss" or "Mot.").

---

[1] Terms not otherwise defined herein have the same meaning as those in Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF 123, "RJN"). Unless otherwise noted, all emphasis is added and all internal quotation marks, ellipses, brackets, and citations are omitted.

## II. ARGUMENT

Defendants' request for judicial notice should be granted for a number of reasons. <u>First</u>, the Court may judicially notice exhibits that are not cited in the Complaint and fall outside the class period. <u>Second</u>, the Court may judicially notice facts on government websites. <u>Third</u>, the Court may consider all information contained in the Forms 4 filed by the Individual Defendants. <u>Fourth</u>, the Court should consider documents that are incorporated by reference in their entirety. <u>Finally</u>, Defendants did not use any of these documents improperly.

### A. The Court May Judicially Notice Relevant Exhibits that Are Not Cited in the Complaint and Fall Outside the Class Period. (Exhibits 1–3 and 29–30.)

Contrary to Plaintiffs' arguments (RJN Opp. at 4–6), judicial notice is **not** limited to documents cited in the Complaint or those dated within the alleged class period.[2] *See* Fed. R. Evid. 201(b). In fact, quite the opposite: unlike the doctrine of incorporation by reference, ***judicial notice extends to "matters of public record outside the pleadings***." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). So long as the information either "is generally known within the trial court's territorial jurisdiction" *or* "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the Court "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b).

Accordingly, courts routinely hold that SEC filings "are appropriate for judicial notice, ***even where filed outside the class period***." *In re Diamond Foods, Inc., Sec. Litig.*, 2012 WL 6000923, at *16 (N.D. Cal. Nov. 30, 2012); *see also, e.g.*, *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 n.2 (C.D. Cal. 2007) (considering Form 10-Ks filed outside the class period because they contained potentially relevant risk disclosures); *Gammel v. Hewlett-Packard Co.*, 2013 WL

---

[2] Plaintiffs also argue these documents are not incorporated by reference. (RJN Opp. at 4–5.) Defendants, however, did not claim otherwise, so "the Court need not address Plaintiffs' arguments on that score." *Dimercurio v. Equilon Enters. LLC*, 2020 WL 227262, at *2 n.4 (N.D. Cal. Jan. 15, 2020) (noting plaintiffs' arguments "conflate[] judicial notice with the incorporation by reference doctrine").

1947525, at *3 (C.D. Cal. May 8, 2013) ("Setting aside the question of whether these items are relevant," the court held that SEC documents "filed before and after the class period . . . are appropriate for judicial notice.").

The cases Plaintiffs cite are not to the contrary. (RJN Opp. at 5.) Rather, they merely stand for the unremarkable proposition that a court need not take notice of documents that are not relevant to its analysis. *See Chung v. Cnty. of Santa Clara*, 614 F. Supp. 3d 709, 718 (N.D. Cal. 2022) ("Courts may take notice of adjudicative facts, but adjudicative facts ***must be relevant***."); *Ferreira v. Funko Inc.*, 2021 WL 8820650, at *11 (C.D. Cal. Oct. 22, 2021) (declining to take judicial notice of an order issued outside the class period because "***it was not relevant to the Court's analysis***"); *Jedrzejczyk v. Skillz Inc.*, 2022 WL 2441563, at *3 (N.D. Cal. July 5, 2022) (declining to take judicial notice of post-class period press releases because "***this document is irrelevant***…").

Here, however, Exhibits 1–3 and 29–30—which show Chegg's reported revenue growth, subscriber growth, and international presence before and after the pandemic (Mot. at 4–5, 9–10)—***are*** relevant. Indeed, Plaintiffs' entire theory of fraud is premised on the notion that Chegg's reported revenue and subscriber growth during the class period were fueled entirely by the COVID-19 pandemic and the corresponding shift to remote learning that purportedly made it easier for students to cheat. And yet, Plaintiffs claim that the very documents that show Chegg's growth rates before and after this period—and thus provide a baseline measurement—are irrelevant simply because they undermine Plaintiffs' theory of fraud. Such argument is meritless and should be rejected.

**B.   The Court May Judicially Notice Facts Provided on a Government Website. (Exhibit 31.)**

Contrary to Plaintiffs' unsupported arguments, the Court may also take judicial notice of the "government-compiled statistics" in Exhibit 31 as such facts "are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Immigrant Legal Res. Ctr. v. City of McFarland*, 472 F. Supp. 3d 779, 785 n.2 (E.D. Cal. 2020); *see also N.F. ex rel. Flyte v. Antioch Unified Sch. Dist.*, 2021 WL 3355280, at *1 n.2 (N.D. Cal. July 2, 2021) (taking judicial notice, *sua sponte*, of search information

available from the California Department of Education's online school directory); *Miller v. Berryhill*, 2017 WL 3671158, at *5 (C.D. Cal. Aug. 25, 2017) ("Under Rule 201, the court can take judicial notice of public records available from reliable Internet sources such as websites run by government agencies."); *Vasquez v. Blue Cross of Cal.*, 2015 WL 2084592, at *2 (C.D. Cal. May 5, 2015) (taking judicial notice of "an 'enrollment summary report' published on the California Department of Managed Health Care's website"). (*See also* RJN at 6–7 (collecting cases).)

Plaintiffs do not attempt to refute or distinguish Defendants' authority, nor do they cite any authority for their argument that government-reported on-campus college enrollment figures are "subject to numerous interpretations and disputed." (RJN Opp. at 6.) Rather, their entire argument is based on a handful of media and analyst reports that purportedly claimed students returned to campus "the fall semester of 2021." (RJN Opp. at 6 (citing ¶¶ 169–171).) Those reports, however, state only that by November 2021 "students [were] back in the classroom" (¶ 169) and by December 2021 "fewer students were taking online classes" (¶ 171).[3] It does not mean that many students were not on-campus earlier, and thus, is not inconsistent with the information in Exhibit 31, which reports that as of Fall 2020, over half of the students (55.3%) were back on-campus for at least a portion of their classes: 27.2% were "[n]ot enrolled in any distance education courses," 28.1% were enrolled in "some, but not all, distance education courses," and the remaining 44.7% of students were enrolled exclusively in distance education courses. (Ex. 31.)

C.  **The Court Should Consider Individuals Defendants' Forms 4, and *All* Inferences Drawn Therefrom, in Assessing Scienter. (Exhibits 32–33.)**

Exhibits 32 and 33 contain a compilation of Forms 4 filed by Messrs. Rosensweig and Schultz, respectively, during the period December 1, 2018, through November 1, 2021. (RJN at 4.) Plaintiffs advance two arguments with respect to these exhibits.

---

[3] Plaintiffs also cites paragraph 170, but that paragraph only addresses overall enrollment figures, not whether students were attending classes online or on-campus.

First, Plaintiffs argue that the Forms 4 filed before the class period are neither incorporated by reference nor subject to judicial notice.[4] (Opp. at 7.) As discussed above, however, judicial notice is not limited to documents cited in the Complaint or filed within the class period. (*Supra* § II.A.) "Such SEC filings are appropriately noticed by the Court . . . to consider whether the sales were consistent with the insider's prior trading history." *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005). And Plaintiffs concede that is precisely the purpose for which Defendants' request the Court's consideration of such documents. (*See* RJN Opp. at 7 (citing Mot. at 23).)

To be clear, however, it is Plaintiffs' burden to plead facts demonstrating stock sales are unusual or suspicious. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1226 (9th Cir. 2017) ("[T]he district court correctly determined that Plaintiffs' complaint failed to plead that Individual Defendants' sales of stock were dramatically out of line with prior trading practices" because it contained "no allegations and gave no evidence of Individual Defendants' prior trading history"). That Plaintiffs are so adamant that the Court ignore the Forms 4 filed before the class period only underscores their inability to meet this burden.[5] But, regardless of whether the Court considers the Forms 4 filed before the class period, Plaintiffs cannot hide from this pleading failure. Consideration of pre-class period Forms 4, however, is relevant to whether Plaintiffs can cure this pleading failure through amendment. *See Curry*, 875 F.3d at 1226 (9th Cir. 2017) ("Here, even after the district court pointed out that it needed evidence of Individual Defendants' prior trading history, Plaintiffs in their first amended complaint made no allegations and gave no evidence of Individual Defendants' prior trading history."). And the Forms 4 demonstrate that amendment on this issue would be futile.

---

[4] Although Plaintiffs do not expressly reference the Forms 4 that predate the class period, they argue that Mr. Rosensweig's February 2021 sale was "his largest sale ever" (Opposition to Motion to Dismiss at 23), which can only be deduced by reference to *all* of Mr. Rosensweig's Forms 4.

[5] Indeed, Plaintiffs filed a baseless motion to strike just to avoid having the Court consider pre-class period stock sales. (*See* ECF Nos. 129, 131, 132.)

Second, although Plaintiffs concede that the Forms 4 filed during the class period are subject to judicial notice, they argue that the Court cannot consider them for the truth of any matter asserted therein. (RJN Opp. at 7.) They are wrong. As an initial matter, Plaintiffs conflate the incorporation by reference and judicial notice doctrines. A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014).

Here, Plaintiffs do not (and cannot) dispute that they rely on the accuracy of the stock sale information reported in the Forms 4 filed during the class period to support scienter. Accordingly, those Forms 4 are incorporated by reference. Moreover, Plaintiffs do not allege that any portion of those Forms 4 is false or unreliable. To the contrary, Plaintiffs expressly rely on the Forms 4 for the truth of the ***amount*** of shares sold during the class period and the ***price*** at which those shares were sold. (¶¶ 294–297.) Yet, Plaintiffs argue it is improper for the Court to credit the truth of the other information reported therein—*i.e.*, the ***purpose*** of the sales. (RJN Opp. at 7–8.) That argument makes no sense. And, in any event, is refuted by ample case law. *See, e.g.*, *Curry v. Yelp Inc.*, 875 F.3d 1219, 1227 n.2 (9th Cir. 2017) ("The Form 4s in the record indicate that the vast majority of Individual Defendants' stock sales were made pursuant to a Rule 10b5-1 plan, which allows for stock sales over a predetermined period without concern for the market."); *Elec. Workers Pension Fund, Loc. 103, I.B.E.W. v. HP Inc.*, 2021 WL 1056549, at *7 (N.D. Cal. Mar. 19, 2021) (relying on Forms 4 to show that "defendants' stock sales were made to either satisfy tax obligations or according to a 10b5-1 plan"); *Park v. GoPro, Inc.*, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) ("The Court takes judicial notice of Exhibits 19 and 20 to show that Defendants Woodman and McGee sold their shares pursuant to a 10b5-1 plan."); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018) (taking judicial notice of Form 4 filings because "Plaintiffs rely in part on Stoppelman's 'suspicious' stock sales to argue that Defendants made the allegedly fraudulent statements with scienter" and "Defendants counter that the Forms 4 reflect that

Stoppelman's sales were made pursuant to a Rule 10b5-1 plan"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("Moreover, courts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan.").

### D. The Court Should Consider the Exhibits Incorporated by Reference in Their Entirety. (Exhibits 4–28.)

Plaintiffs concede that Exhibits 4–12 and 15–25 form the basis of their claims, and thus, are incorporated by reference.[6] (RJN Opp. at 9.) They argue, however, that because these exhibits contain alleged misstatements, "the Court should not indulge Defendants' sweeping request to assume their remarks in a particular document were true, where the purpose of that request is to refute the falsity or misleading nature of statements from the same document that Plaintiffs allege was fraudulent." (RJN Opp. at 9.) Plaintiffs' argument is misplaced in two respects.

First, Defendants do not ask the Court to accept the truth of any statements made in these documents. Rather, Defendants identify ***additional*** statements that provide context to those that are challenged. This is the precise purpose for which the incorporation by reference doctrine exists: "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Orexigen,*, 899 F.3d at 1002018); *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("***Khoja* thus did not eradicate the rule that alleged false statements must be analyzed in context**.").

---

[6] They do not address incorporation by reference of Exhibits 13–14 and 26–28, and thus waive any objection that incorporation by reference in improper. *See McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (taking judicial notice of exhibits plaintiffs do not object to or otherwise argue are improper); *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) (granting "unopposed portion" of defendants' request).

1    Second, although an incorporated document may not be used "to dispute or create a defense
2  to a ***well-pled*** fact in a complaint," "*Khoja* does not prevent a defendant from using the doctrines
3  of judicial notice or incorporation by reference to create factual disputes with a plaintiff's
4  ***conclusory*** allegations." *In re Eventbrite*, 2020 WL 2042078, at *7 (emphasis in original); *see also*
5  *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1069 (9th Cir. 2008) ("[A] plaintiff
6  cannot ***avoid*** dismissal by reliance on an isolated statement that stands in contrast to a host of other
7  insufficient allegations.") (emphasis in original).

8    Thus, to the extent Plaintiffs rely on a document to support their claims, they cannot oppose
9  the Court's consideration of the rest of the document, even when—as here—such consideration
10 defeats Plaintiffs' misleading and conclusory allegations of falsity, scienter, and loss causation.

      **E.  Defendants Do Not Use Any Exhibit to Create Factual Disputes With Any *Well-Pled* Fact in the Complaint. (Exhibits 1–33.)**

13    Although Plaintiffs conflate judicial notice and incorporation by reference, their
14 overarching argument is that Defendants cannot use the exhibits to dispute well-pled facts in the
15 Complaint. (*See generally* RJN Opp. at 9–14.) Tellingly, Plaintiffs provide only vague descriptions
16 of how Defendants' use of certain exhibits purportedly runs afoul of this restriction, and none has
17 any merit.[7]

18    **Exhibits 5, 6, 12**: Plaintiffs argue that Defendants use these exhibits to dispute well-pled
19 facts about account sharing. (RJN Opp. at 10–11 (citing Mot. at 4).) But the referenced portion of
20 the Motion to Dismiss not only contains parallel cites to the Complaint, it describes Chegg's efforts
21 to reduce account sharing in 2019 in a manner that is perfectly consistent with those allegations.
22 (*Compare* Mot. at 4 *with* ¶¶ 141–142.)

23    **Exhibit 11**: Plaintiffs argue that Defendants use this exhibit to contradict well-pled facts
24 about the reasons for international growth. (RJN Opp. at 11 (citing ¶¶ 181, 185, 290).) But none of

---

[7] Plaintiffs do not identify any purported misuse of Exhibits 4, 7, 22, or 24. And aside from the arguments addressed elsewhere this reply, Plaintiffs do not identify any purported misuse of Exhibits 1–3, 29–30, or 32–33.

the referenced paragraphs contain any facts about this issue. Indeed, paragraph 181 mentions international growth only in passing, and paragraphs 185 and 209 do not mention it at all.

**Exhibit 13**: Plaintiffs argue that Defendants use this exhibit to contradict well-pled facts about Chegg's Honor Shield program. (RJN Opp. at 11 (citing, among others, ¶ 59).) In particular, Plaintiffs focus on Defendants' assertion that Honor Shield was "designed to prevent cheating before it happened." (RJN Opp. at 11 (quoting Mot. at 7–8).) Defendants, however, relied primarily on the allegations in paragraph 59 for their characterization of Honor Shield as a preventative program:

> [O]n January 13, 2021, Chegg announced in a press release that it was launching 'Honor Shield,' a new initiative that would empower professors to ***prevent*** any cheating via Chegg. (Honor Shield allowed professors to ***pre-submit*** exam questions; Chegg asserted it would then use advanced software to block those questions from being answered by Chegg Experts during exam periods.)

(¶ 59.) So, again, there is no factual dispute.

**Exhibit 23**: Plaintiffs argue that Defendants use this exhibit to contradict well-pled facts about Defendants' beliefs that growth was sustainable. (RJN Opp. at 11 (citing Complaint at § IV.D.).) Defendants, however, only cite Exhibit 23 to identify other public statements made by Defendants. (*See* Mot. at 8, 11.) And elsewhere in the RJN Opposition, Plaintiffs concede that such use is proper. (*See* RJN Opp. at 2 ("[P]ermissible purposes include showing what Defendants stated to the market . . .").)

**Exhibits 25–28**: Plaintiffs argue that Defendants use these exhibits to contradict well-pled facts about enrollment declines. (RJN Opp. at 11 (citing Mot. at 9, 24 and ¶¶ 19, 117).) Again, however, Defendants merely identify additional statements made in these exhibits to "preven[t] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

**Exhibits 8, 14, 16–17:** Plaintiffs argue that Defendants use these exhibits to establish what the market understood to be the reasons for Chegg's class period growth, which Plaintiffs contend contradict their well-pled allegations about the reasons Defendants provided. (RJN Opp. at 12 (citing Mot. at 7).) This is simply not true. Defendants do not cite any of these exhibits to establish what the market understood. Defendants cite these exhibits to show the ***other*** statements that

5:21-CV-09953-EJD

1  Defendants made to the market that provide context for the statements Plaintiffs cherry-pick to
2  support their slanted narrative. Such use is eminently proper. *See Khoja*, 899 F.3d at 1002; *In re*
3  *Eventbrite*, 2020 WL 2042078, at *12 n.6 (noting important of analyzing challenged statements in
4  context); *In re Restoration Robotics, Inc. Sec. Litig.*, 417 F. Supp. 3d 1242, 1262 (N.D. Cal. 2019)
5  (Davila, J.) (same).

**Exhibits 5, 8–12, 15–16, 18–21, 31:** Plaintiffs argue that Defendants use these exhibits to dispute purportedly well-pled facts that Chegg's growth was attributable solely to cheating as opposed to reductions in account sharing, growth in international markets, and legitimate usage of Chegg's platform. (RJN Opp. at 13 (citing Mot. at 4–6, 8).) Again, this is not true. Defendants cite these exhibits to show what Defendants told the market and when. This use is proper. *See, e.g.*, *Khoja*, 899 F.3d at 1002.

**Exhibits 5, 23:** Plaintiffs argue that Defendants seek notice of these exhibits "to ask the Court draw a factual inference that Defendants genuinely believed the growth Chegg reported during the Class Period was sustainable." (RJN Opp. at 13.) Again, this is simply not true. Defendants cite Exhibit 5 for the opposite point: that Chegg publicly stated it was "difficult to predict how much, if any, of Chegg's first half momentum will continue." (Mot. at 4–5.) As for Exhibit 23, Plaintiffs quote from same document, alleging "Rosensweig affirmed that, because the Company had 'specifically reviewed' the activity of students who had returned to campus, the benefits yielded from account sharing efforts were 'absolutely' 'sustainable.'" (¶ 241.) Defendants' quotation of this same statement—albeit, with more context (Mot. at 11)—is, thus, undoubtedly proper. *See, e.g.*, *Khoja*, 899 F.3d at 1002.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider **Exhibits 1-33** under the incorporation by reference and/or judicial notice doctrines for the purposes cited in the Motion to Dismiss.

Dated: June 8, 2023

COOLEY LLP

By: */s/ Patrick E. Gibbs*
    Patrick E. Gibbs (183174)

Attorneys for Defendants
Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz