COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

Attorneys for Defendants Chegg, Inc., Daniel L.
Rosensweig, Andrew J. Brown, and Nathan Schultz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No. 5:21-cv-09953-PCP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF BRETT DE JARNETTE IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION OF MOTION TO DISMISS ORDER, OR IN THE ALTERNATIVE, TO CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL** |

I, Brett De Jarnette, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner at Cooley LLP, counsel for defendants Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz ("Defendants") in the above-titled action. I submit this declaration in support of Defendants' Motion for Leave to Seek Reconsideration of Motion to Dismiss Order, or in the Alternative, to Certify the Order for Interlocutory Appeal (the "Motion"). I have personal knowledge of the following and, if called as witness, could and would testify competently thereto.

2. On March 4, 2024, this Court entered its Order Denying Defendants' Motion to Dismiss (the "Order"). (ECF No. 150.)

3. After the Court issued its Order, Defendants began carefully considering their decision whether to move for reconsideration of the Order, which is not taken lightly.

4. Following in depth legal, factual, and case analysis, Defendants determined that a strong basis existed to move for reconsideration of the Order.

5. Concurrently, Defendants evaluated whether certain issues raised by the Court raised a basis for seeking interlocutory review.

6. Following in depth legal, factual, and case analysis, Defendants determined that a strong basis existed to seek interlocutory review of the Order.

7. After this analysis and careful consideration, Defendants began diligently preparing a motion for reconsideration.

8. Instead of seeking to defer Defendants' answer to the Consolidated Class Action Complaint ((the "Complaint") ECF No. 115) until after the resolution of any motion for reconsideration, Defendants, in an effort to cooperate with Plaintiffs, agreed to concurrently prepare their answer to the Complaint.

9. The answer is due two days from now, April 24, 2024.

10. Answering the Complaint has taken substantial time and resources. The Complaint is 128 pages and 336 paragraphs. Not only does the Complaint contain certain quotes attributed to Defendants and others, but it makes many characterizations of such quotes, documents, and circumstances, which increased the amount of work necessary to answer the Complaint.

11.     The Motion is also the result of substantial and meaningful efforts that involved many different constituencies.

12.     On March 30, 2024, after this Court's Order, this District issued an order in *Aramic LLC, et al. v. Revance Therapeutics, Inc. et al.*, 2024 WL 1354503 (N.D. Cal. Apr. 2, 2024), granting a motion to dismiss on many grounds, including a failure to plead a strong inference of scienter.  On April 12, 2024, ten days ago, the Supreme Court of the United States issued an order in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 2024 WL 1588706 (U.S. Apr. 12, 2024), holding that pure omissions cannot form the basis of Rule 10b-5(b) claims.  On April 19, 2024, just three days ago, the Ninth Circuit issued an order in *Espy v. J2 Global, Inc.*, 2024 WL 1689091 (9th Cir. Apr. 19, 2024), affirming dismissal of a motion to dismiss for failure to adequately plead scienter and loss causation.  These decisions provide strong additional support for Defendants' position and all three cases are cited in Defendants' Motion.  Defendants prominently incorporated in the Motion both *Revance* and *Espy*.

13.     In the reasonable time it took to prepare the Motion, there have been no court-ordered deadlines, aside from the answer.  Nor has a scheduling conference been set in this case.  And Defendants informed Plaintiffs that they were considering a motion for reconsideration and had ultimately decided to do so.

14.     In the spirit of cooperation, Defendants agreed to hold a 26(f) conference with Plaintiffs despite believing that reconsideration is warranted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on April 22, 2024, in Palo Alto, California.

*/s/ Brett De Jarnette*
Brett De Jarnette

**ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: April 22, 2024

*/s/ Patrick E. Gibbs*
Patrick E. Gibbs (183174)