**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ, <br><br> Defendants. | Case No.: 5:21-cv-09953-PCP <br><br> **DECLARATION OF DAVID R. KAPLAN IN SUPPORT OF LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SEEK RECONSIDERATION OF MOTION TO DISMISS ORDER, OR IN THE ALTERNATIVE, TO CERTIFY THE ORDER FOR INTERLOCUTORY APPEAL** <br><br> Date:    June 6, 2024 <br> Time:    10:00 a.m. <br> Dept:    Courtroom 8 <br> Judge:  Hon. P. Casey Pitts |

I, David R. Kaplan, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.    I am a Director at the law firm Saxena White P.A. ("Saxena White"), co-counsel for Lead Plaintiffs and Lead Counsel for the putative class in the above-captioned action.  I have personal knowledge of the facts set forth herein, and if called upon, could and would competently testify thereto.  I respectfully submit this declaration in support of Lead Plaintiffs' Opposition to Defendants' Motion for Leave to Seek Reconsideration of Motion to Dismiss Order, or in the Alternative, to Certify the Order for Interlocutory Appeal.

2.    During the week of March 4, 2024, I spoke telephonically with Brett De Jarnette, counsel to Defendants, concerning case-related items.  During the call, Mr. De Jarnette informed me that Defendants were seriously considering filing a motion for reconsideration of the Court's Order Denying Defendants' Motion to Dismiss (ECF No. 150) ("Order").  Mr. De Jarnette stated that he would let me know as soon as Defendants reached a decision as to whether they would seek reconsideration of the Order.  I told Mr. De Jarnette that it was Plaintiffs' firm position that the filing of a reconsideration motion does not impact any case-related deadlines or events, nor operate as a de facto discovery stay.  On March 8, 2024, I sent Mr. De Jarnette a follow up email regarding certain of the items discussed during our call.  In the email, I reiterated Plaintiffs' firm position that discovery was not stayed pending Defendants' (then) anticipated reconsideration motion, and requested that Defendants provide Plaintiffs with any contrary legal authority.  Attached as Exhibit A is a true and correct copy of my March 8, 2024 email to Mr. De Jarnette.

3.    On April 22, 2024, Defendants filed their Notice of Motion and Motion for Leave to Seek Reconsideration of Motion to Dismiss Order, or in the Alternative, to Certify the Order for Interlocutory Appeal (ECF No. 155) ("Reconsideration Motion" or "Motion").

4.    On April 23, 2024, the Parties held their Rule 26(f) conference.  I participated in the conference on behalf of Plaintiffs, along with multiple other counsel for each of the Parties. During the conference, I asked counsel for Defendants whether Defendants continued to maintain that discovery was stayed pending adjudication of Defendants' Reconsideration Motion. Defendants' counsel responded that Defendants *may* consider providing *some* discovery while the Court considered their Motion, but were unable to identify what discovery they were willing to

DECL. ISO OPP'N TO MOT. FOR RECONSIDERATION OR
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
CASE NO. 5:21-CV-09953-PCP

provide without first reviewing Plaintiffs' discovery requests. Defendants' counsel was unable to provide an answer as to whether, and when, Defendants would provide their initial disclosures under Rule 26(a)(1).

5.    Also during the Rule 26(f) conference, Plaintiffs' counsel asked Defendants' counsel whether there were any issues concerning Defendants' preservation of relevant documents and electronically stored information ("ESI"). Defendants' counsel disclosed that Chegg maintained a document destruction policy pursuant to which all emails and Slack communications were automatically deleted after 120 days unless proactive steps, such as a litigation hold, were taken to preserve such information. According to Defendants' counsel, Chegg did not implement a litigation hold until "sometime" in January 2022, even though, they acknowledged, the initial complaint in this consolidated case was filed on December 22, 2021. Defendants' counsel added that the litigation hold only covered the Individual Defendants and certain other custodians, whom Defendants' counsel was unable to identify during the conference.

6.    Also during the Rule 26(f) conference, Defendants' counsel disclosed that the suspension of Chegg's document destruction policy did not occur *at all* for Slack communications. As a result, all of Chegg's Slack communications (and any other Slack data) continued to be automatically deleted, even after the initial complaint *and* Lead Plaintiffs' Consolidated Class Action Complaint ("Complaint") (ECF No. 115) were filed, and even after Chegg purportedly implemented a litigation hold for the Individual Defendants and certain custodians "sometime" in January 2022.

7.    As for restoring deleted data, Defendants' counsel stated that neither Slack data nor emails could be restored from any backup tape or archive, regardless of cost. In particular, Defendants' counsel (i) confirmed that no back-up data existed, anywhere, for emails that were deleted pursuant to Chegg's document destruction policy; and (ii) stated that they had not yet determined whether Slack had separately preserved deleted data or the reasons why the litigation hold was not applied at all to Slack data, but noted they were looking into these issues. Attached as Exhibit B is a true and correct copy of a letter dated April 25, 2024, from myself and Max Gruetzmacher, a member at co-counsel Motley Rice LLC, co-counsel for Lead Plaintiffs and Lead

DECL. ISO OPP'N TO MOT. FOR RECONSIDERATION OR TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL CASE NO. 5:21-CV-09953-PCP

Counsel for the putative class, to Defendants' counsel, memorializing these and certain other topics discussed during the Rule 26(f) conference.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 13, 2024                    Respectfully submitted,

                                        */s/ David R. Kaplan*
                                        David R. Kaplan (SBN 230144)

DECL. ISO OPP'N TO MOT. FOR RECONSIDERATION OR
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
CASE NO. 5:21-CV-09953-PCP