**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ, <br><br> Defendants. | Case No.: 5:21-cv-09953-PCP <br><br> **LEAD PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' STATEMENT OF RECENT DECISION UNDER L.R. 7-3** <br><br> Date: July 25, 2024 <br> Time: 10:00 a.m. <br> Dept: Courtroom 8 <br> Judge: Hon. P. Casey Pitts |

## NOTICE OF MOTION AND MOTION TO STRIKE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT on July 25, 2024 at 10:00 am, or as soon thereafter as the matter may be heard, in Courtroom 8, 4th Floor, 280 South First Street, San Jose, California 95113, before the Honorable P. Casey Pitts, Lead Plaintiffs will and hereby do move the Court for an order striking Defendants' Statement of Recent Decision Under L.R. 7-3 (ECF No. 167). Specifically, Lead Plaintiffs seek to strike the Statement of Recent Decision because it does not comply with Civil Local Rule 7-3(d).

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Lead Plaintiffs respectfully request that the Court strike Defendants' Statement of Recent Decision Under L.R. 7-3 (ECF No. 167) as procedurally and substantively deficient.[1]

### I.   LEGAL STANDARD

Civil Local Rule 7-3(d) provides, in relevant part: "Once a reply is filed no additional memoranda, papers or letters may be filed without prior court approval," other than "[o]bjection[s] to reply evidence" or "[s]tatements of [r]ecent [d]ecision." Civil L.R. 7-3(d)(1)-(2); *see Bhatia v. Off. of U.S. Atty., N. Dist. of Cal.*, 2011 WL 1298763, at *8 (N.D. Cal. Mar. 29, 2011) (describing prohibition on post-reply submissions), *aff'd sub nom. Bhatia v. Off. of U.S. Atty.*, 507 F. App'x 649 (9th Cir. 2013). Even then, any statement of recent decision must be filed "***before*** the noticed hearing date" of the motion at issue.  Civil L.R. 7-3(d)(2). Once the hearing date has passed, a party seeking to file a statement of recent decision must obtain prior court approval. *Id.*; *see, e.g., Burgos v. Citibank, N.A.*, 2023 WL 5532123, at *1 n.1 (N.D. Cal. Aug. 28, 2023) (declining to consider supplemental request when movant "did not obtain leave of Court" under "Civil L.R. 7-3(d)"). This requirement is designed to "deter an endless cycle of filings and counter-filings." *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011).

### II.   ARGUMENT

Over a year ago, on February 16, 2023, Defendants filed a motion to dismiss Lead Plaintiffs' Complaint. ECF No. 122. On March 4, 2024, after full briefing and oral argument, the Court denied Defendants' motion to dismiss in full. ECF No. 150. On April 22, 2024, Defendants filed a motion for leave to seek reconsideration of the Court's motion to dismiss order (ECF No. 155), which the Court granted and noticed for a hearing on June 6, 2024 (ECF No. 158). After the reconsideration motion was fully briefed, on May 31, 2024, the Court took the reconsideration motion under submission without oral argument. ECF No. 166.

---

[1] Unless otherwise defined, all emphasis is added, and all capitalized terms have the meanings given to them in Lead Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Leave to Seek Reconsideration of Motion to Dismiss Order, or in the Alternative, to Certify the Order for Interlocutory Appeal (ECF No. 160). References to "Kaplan Decl." are to the accompanying Declaration of David R. Kaplan.

On June 13, 2024, a week *after* the noticed hearing date, Defendants filed a Statement of Recent Decision Under Local Rule 7-3, attaching the Delaware Court of Chancery's decision in *Stansell v. Rosensweig et al.*, C.A. No. 2023-0180-PAF (Del. Ch. June 12, 2024) ("*Stansell*"). The *Stansell* court dismissed a barebones 30-page complaint alleging that Chegg's board of directors "breached their fiduciary duties by failing to disclose the 'true nature' of Chegg's business model in its 2022 proxy statement."[2] *Stansell* at 2. Defendants contend that *Stansell* "relates to arguments made in Defendants' Motion for Reconsideration (ECF No. 155) and Reply in support of the Motion for Reconsideration (ECF No. 163)." ECF No. 167.

Defendants' Statement of Recent Decision is procedurally deficient: because the submission was made *after* the noticed hearing date for Defendants' reconsideration motion, Defendants were required to seek the Court's permission *before* filing it. Civil L.R. 7-3(d)(2); *see Am. Fed'n of Tchrs. v. Cardona*, 2022 WL 1471388, at *1 n.2 (N.D. Cal. May 10, 2022) ("Civil L.R. 7-3 . . . prohibits parties from filing 'additional memoranda, papers or letters' without Court approval."). Defendants did not do so, and thus their submission should be stricken. *See Roshan v. Lawrence*, 689 F. Supp. 3d 697, 703 (N.D. Cal. 2023) (denying "untimely request" made without "leave of this Court"); *Sepulveda v. Guo*, 2023 WL 2480741, at *1 (N.D. Cal. Mar. 13, 2023) (same); *Ferguson v. Ctrs. for Medicare & Medicaid Servs.*, 2020 WL 5653285, at *1 n.1 (N.D. Cal. Sept. 23, 2020) (same), *aff'd*, 2021 WL 4893349 (9th Cir. 2021); *Keller v. Experian Info. Sols., Inc.*, 2017 WL 130285, at *2 (N.D. Cal. Jan. 13, 2017) (same; granting motion to strike).

Even if the Court were to excuse Defendants' serial violations of the Civil Local Rules and treat the submission as a motion seeking leave of court,[3] the "motion" should be denied because

---

[2] A copy of the *Stansell* complaint is attached as Exhibit A to the Kaplan Declaration. Counsel for Stansell repeatedly named "Rosenweig" as a defendant.  The correct spelling is "Rosensweig."

[3] Defendants' instant failure to abide by the Local Rules is but the latest example in their attempt to rewrite the rules for the progress of this litigation. Of course, those rules exist for a reason, and a party is not free to disregard them at its convenience. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 3010754, at *4 (N.D. Cal. Oct. 12, 2007) ("[F]amiliarity with, and adherence to, the Civil Local Rules is not optional."). Here, Defendants flouted the requirements for bringing a reconsideration motion (*see* ECF No. 160 at 5-8), and also failed to serve their initial disclosures

*Stansell* is neither "an on-point, controlling precedent" nor "a highly persuasive decision on an issue of particular importance." *See Michael Taylor*, 761 F. Supp. 2d at 909 (describing the high burden for party seeking leave to file post-hearing authority). Indeed, *Stansell* provides no assistance in guiding the Court's disposition of Defendants' reconsideration motion. The lack of well-pled allegations in *Stansell*'s barebones 30-page complaint easily led that court to conclude that the plaintiff there "failed to present non-conclusory allegations that cheating was the Company's primary business model." *Stansell* at 19.  Here, in contrast, the Court found that Lead Plaintiffs' 126-page Complaint contained ample particularized, non-conclusory factual allegations supporting their federal securities fraud claims, including: (1) empirical analysis of Expert Q&A content; (2) comprehensive documents and interviews from universities nationwide; and (3) the first-hand accounts of former Chegg employees. *Leventhal v. Chegg, Inc.*, 2024 WL 924484, at \*4-5 (N.D. Cal. Mar. 4, 2024) ("These extensive documents and interviews allege with particularity that cheating occurred on Chegg, and in combination with the lead counsel's empirical analysis and statements by Chegg's former employees, plausibly allege that this drove Chegg's revenue growth.").  Beyond the manifest differences in the content and detail of the pleadings, the two cases concern distinct legal frameworks (state vs. federal), different theories, and different time periods. In *Stansell*, the court considered state law breach of fiduciary duty claims based on the Company's April 14, 2022 proxy statement on a theory that Chegg facilitated student cheating *after* students returned on campus. By contrast, the sustained statements here were made earlier, between May 2020 and November 2021, and this case alleges that Chegg's growth was fueled by undisclosed rampant cheating which largely *ended* when students returned to campus and could no longer "easily use Chegg to cheat." ¶¶ 18, 169 (quoting *Forbes*).

---

within 14 days of the Parties' Rule 26(f) conference as required by Rule 26(a)(1)(C), but instead waited an arbitrary period of over five weeks. Moreover, Defendants have refused to respond to any of Lead Plaintiffs' written discovery requests in violation of Rules 34(b)(2)(A) and 33(b)(2). Accordingly, Defendants should be deemed to have waived any objections thereto. *See Sierra v. Costco Wholesale Corp.*, 2024 WL 2261927, at \*4 (N.D. Cal. May 16, 2024) (ordering party "to respond to the Special Interrogatories, Set One, and Requests for Production, Set One, with complete responses, ***without objections***, and in compliance with the Local Rules and Federal Rules of Civil Procedure" when discovery responses served late).

Finally, the Court should not condone Defendants' blatant forum shopping. In seeking a stay of the *Stansell* case, the defendants (including Defendant Rosensweig) represented by the same counsel then representing Defendants here, told the Delaware state court that this Court was "***capable of doing prompt and complete justice***" and "***is the appropriate forum for deciding issues arising under the federal securities laws***." *See* Kaplan Decl., Ex. B at 42. Unhappy with this Court's decision on their motion to dismiss, Defendants now remarkably ask the Court to abandon its decision and adopt the Delaware Chancery Court's inapposite decision in *Stansell*, essentially acceding jurisdiction to the Delaware state court (an admittedly inappropriate forum) to "decid[e] issues arising under the federal securities laws."  Such clearly inconsistent positions should not be countenanced.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant Lead Plaintiffs' Motion to Strike and strike Defendants' Statement of Recent Decision.

Dated:  June 18, 2024

Respectfully submitted,

/s/ David R. Kaplan
**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
Marti L. Worms (SBN 205552)
Emily R. Bishop (SBN 319383)
505 Lomas Santa Fe Dr. #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
mworms@saxenawhite.com
ebishop@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)
Jonathan Lamet (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: 561.394.3399
Facsimile: 561.394.3382
msaxena@saxenawhite.com
jlamet@saxenawhite.com

Steven B. Singer (*pro hac vice* forthcoming)
Kyla Grant (*pro hac vice* forthcoming)
10 Bank Street, 8th Floor
White Plains, New York 10606
Telephone: (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Counsel for Lead Plaintiff Pompano Beach Police and Firefighters' Retirement System, and Lead Co-Counsel for the Class*

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
Neli Traykova Hines (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
ntraykova@motleyrice.com

*Counsel for Lead Plaintiff KBC Asset Management NV, and Lead Co-Counsel for the Class*

**ROSSMAN LEGAL**
Gregg Rossman (*pro hac vice* forthcoming)
6840 Griffin Rd.
Davie, Florida 33314
Telephone: (954) 440-0908
gregg@rossmanlegal.com

*Additional Counsel for Lead Plaintiff Pompano Beach Police and Firefighters' Retirement System*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 18, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

Dated:  June 18, 2024                                      **SAXENA WHITE P.A.**

                                                            */s/ David R. Kaplan*
                                                            David R. Kaplan

MOT. TO STRIKE DEFS.' STMT. OF
RECENT DECISION UNDER L.R. 7-3
CASE NO. 5:21-CV-09953-PCP