COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

HEATHER M. SPEERS (305380)
(hspeers@cooley.com)
10265 Science Center Drive
San Diego, CA 92121
Telephone:    +1 858 550 6000
Facsimile:    +1 858 550 6420

*Attorneys for Defendants Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No. 5:21-cv-09953-PCP<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO STRIKE**<br><br>Dept:    Courtroom 8<br>Judge:   P. Casey Pitts |

## I.    INTRODUCTION

Plaintiffs' Motion to Strike Defendants' Statement of Recent Decision ("Motion to Strike" or "MTS") is baseless and should be denied, as Defendants fully complied with the Northern District Civil Local Rules ("Local Rules").  One day after a relevant judicial opinion was published, and before any hearing had taken place, Defendants submitted a three sentence Statement of Recent Decision that contained zero argument as required by the Local Rules.  Although Plaintiffs' Motion to Strike accuses Defendants of committing "serial violations of the Civil Local Rules" with this filing, it is Plaintiffs' Motion to Strike that is replete with such violations, including inappropriate arguments as to the significance of the recent judicial opinion, unrelated complaints about discovery, and baffling allegations of forum shopping.  MTS at 3-5.

## II.    BACKGROUND

The Court heard argument on Defendants' Motion to Dismiss (ECF No. 122) on December 7, 2023.  ECF No. 145.  On March 4, 2024, the Court issued an Order denying Defendants' Motion to Dismiss.  ECF No. 150.  On April 22, 2024, Defendants filed a Motion for Leave to Seek Reconsideration of the Court's order denying Defendants' Motion to Dismiss ("Motion for Reconsideration") but did not notice the motion for a hearing on any particular date because the Court had not granted leave to file to motion.  ECF No. 155.  On April 29, 2024, the Court granted leave, ordered Plaintiffs to file a response on or before May 13, 2024, and set a June 6, 2024, hearing date.  ECF No. 158.  Defendants filed a reply brief in support of the Motion for Reconsideration on May 20, 204.  ECF No. 163.  On May 31, 2024, the Court vacated the June 6 hearing date.  ECF No. 166.  No hearing has ever taken place on the Motion for Reconsideration.

On June 12, 2024, the Delaware Chancery Court issued an opinion in *Stansell v. Rosensweig et al.*, C.A. No. 2023-0180-PAF *14-20 (Del. Ch. June 12, 2024), which dismissed claims involving the extent of alleged cheating on Chegg's platform during a time period that overlaps with the punitive class period in this case.[1]  The following day, Defendants submitted a three sentence filing

---

[1] Plaintiffs argue at length regarding the significance of the *Stansell* opinion.  MTS at 3-4. Defendants disagree with Plaintiffs' arguments but view such arguments as irrelevant to a motion to strike and precisely the sort of argument prohibited by the Civil Local Rules.  Accordingly, Defendants have omitted any such argument from this filing.

that cited the applicable local rule, identified the relevant judicial opinion being presented to the court, and stated that a copy of that opinion was attached to the filing. ECF No. 167. Defendants' submission contained no argument as to the impact of that opinion.[2]

## III.    ARGUMENT

### A.    Defendants' Filing Was Proper and Non-Prejudicial

Defendants statement of recent decision is properly before the Court. Civil Local Rule 7-3(d) provides that: "Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by filing and serving a Statement of Recent Decision. Such Statement shall contain a citation to and provide a copy of the new opinion without argument." Defendants did exactly that. After the Court vacated the June 6 hearing, the *Stansell* opinion—which addresses allegations of cheating on Chegg's platform—was issued, and Defendants filed the notice of recent decision to bring this relevant opinion to the Court's attention.

Plaintiffs' authorities on this point are unavailing. For example, Plaintiffs cite to *American Federation of Teachers v. Cardona*, a case in which the court held in a footnote that "[b]oth Plaintiffs and the Department have filed a series of statements of decision pursuant to Civil L.R. 7-3(d), some of which contain arguments and responses." 2022 WL 1471388, at *1 n.2 (N.D. Cal. May 10, 2022). The court went on to admonish the parties for including arguments and replies but ultimately considered the later filed materials. *Id.* Here, however, Defendants have made no arguments and simply filed a three-sentence pleading attaching an opinion. This is a far cry from what the court disapproved of in *American Federation*. Indeed, it is Plaintiffs' Motion to Strike, which consists of nearly 5 full pages of argument, that is precisely the sort of filing the Court in *American Federation* cautioned against.

---

[2] Defendants filing stated: "Pursuant to Civil Local Rule 7-3(d)(2), Defendants respectfully submit this Statement of Recent Decision to bring to the Court's attention a ruling issued yesterday by the Delaware Court of Chancery involving allegations about Chegg in *Stansell v. Rosensweig et al.*, *C.A. No*. 2023-0180-PAF *14-20 (Del. Ch. June 12, 2024). This decision relates to arguments made in Defendants' Motion for Reconsideration (ECF No. 155) and Reply in support of the Motion for Reconsideration (ECF No. 163.). A copy of the ruling is attached for the Court's reference as Exhibit 1." ECF No. 167.

Plaintiffs cite *Roshan v. Lawrence* for the proposition that Defendants were required to seek the courts permission before filing any "additional memoranda, papers or letters…" 689 F. Supp. 3d 697, 703 (N.D. Cal. 2023). *Roshan* specifically states that the rule covers any filings "**except** an objection to reply evidence or a **statement of recent decision"** and Defendants' submission included no "memoranda, papers, or letters." *Id.* (emphasis added). *Roshan* is thus irrelevant.

The same holds true for Plaintiffs' reliance on *Keller v. Experian Information Solutions, Inc.*, 2017 WL 130285, at *2 (N.D. Cal. Jan. 13, 2017) and *Ferguson v. Centers for Medicare & Medicaid Services*, 2020 WL 5653285, at *1 (N.D. Cal. Sept. 23, 2020), as neither case deals with a statement of recent decision. They instead address a request to strike a "notice of contrary case law" and a request to strike a request for judicial notice, respectively. Defendants did not file a "notice of contrary case law" or a request for judicial notice, but rather a statement of recent decision that falls under the exception explained in *Roshan*.

Plaintiffs quibble with the fact that Defendants submitted this notice one week after the hearing date originally set by the Court. MTS at 3. But there is no merit to this dispute. First, Plaintiffs disregard that Defendants never actually *noticed* the motion for a hearing date because of the procedural requirements for filing a motion for reconsideration. ECF No. 155. Second, Plaintiffs similarly ignore that on May 31, the Court vacated the June 6th hearing. ECF No. 166. Accordingly, there was no hearing date, noticed or otherwise, when Defendants filed the statement of recent decision on June 13, 2024. Furthermore, Defendants filed the statement of recent decision one day after the *Stansell* decision was issued. Thus, the timing of Defendants' filing was not the result of undue delay or gamesmanship. Nor do Plaintiffs suffer any real prejudice from the timing of Defendants' filing, which is the purpose of imposing timing limits in the Local Rule.

### B.    Plaintiffs' Request Is Neither Clear nor Proper

It is unclear whether Plaintiffs seek to strike Defendants three sentence filing, or to restrain the Court from any review or consideration of the *Stansell* opinion. To the extent Plaintiffs seek the latter, they overstep considerably. To the extent Plaintiffs seek the former, they unnecessarily burden the court with frivolous motion practice.

First, even if the Court is inclined view Defendants' Statement of Recent Decision as procedurally defective, the Court can still consider the *Stansell* opinion because a "district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). To the extent the Court sees *Stansell* as irrelevant to its determination, it is immaterial whether the Court strikes the Statement of Recent Decision or not.

Second, the *Stansell* opinion is a publicly available judicial opinion, and the Court has broad discretion to review any judicial opinions the Court deems relevant. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court filings are "readily verifiable and, therefore, the proper subject of judicial notice"). To the extent Plaintiffs feel disadvantaged by the Court considering a judicial opinion that was decided after the briefing was submitted, their remedy is not to submit lengthy argument under the guise of being a motion to strike, but rather to seek leave of the Court to contest the relevance of a statement of recent decision. *See, e.g., Corallo v. NSO Grp. Techs. Ltd.*, 2024 WL 1558919, at *1 (N.D. Cal. Mar. 27, 2024). Rather than pursue that remedy, Plaintiffs chose to ignore the rules and file five full pages of arguments. In doing so Plaintiffs sought to obscure the relevant issues and burden the Court with unnecessary motion practice.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike should be denied.

Dated: July 2, 2024                                   COOLEY LLP

By: */s/ Patrick Gibbs*
Patrick E. Gibbs (183174)

*Attorneys for Defendants*
*Chegg, Inc.; Daniel L. Rosensweig; Andrew J.*
*Brown; and Nathan Schultz*