**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated, | Case No.: 5:21-cv-09953-PCP |
| Plaintiff, | **LEAD PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' STATEMENT OF RECENT DECISION UNDER L.R. 7-3** |
| vs. | |
| CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ, | Date:     August 8, 2024 |
| Defendants. | Time:     10:00 a.m. |
| | Dept:     Courtroom 8 |
| | Judge:    Hon. P. Casey Pitts |

Lead Plaintiffs respectfully submit this reply in support of their Motion to Strike Defendants' Statement of Recent Decision Under L.R. 7-3 (the "Motion," ECF No. 168).

Plaintiffs' Motion presents a simple issue: should the Court condone Defendants' evasion of this District's Civil Local Rules (the "Rules")?  Specifically, Rule 7-3(d) sets forth unambiguous restrictions on post-briefing filings: "Once a reply is filed, ***no additional memoranda, papers or letters may be filed without prior Court approval***."  Civ. L.R. 7-3(d) (emphasis added).  Rules 7-3(d)(1) and (2) provide two exceptions to this rule, though only the latter ((d)(2)) is relevant here.[1] It states: "***[b]efore the noticed hearing date***, counsel may bring to the Court's attention a relevant judicial opinion published after the date the … reply was filed by filing and serving a Statement of Recent Decision."  Civ. L.R. 7-3(d)(2) (emphasis added). Defendants chose to ignore these clear requirements when, on June 13, 2024, *after* the noticed hearing date and *without* prior Court approval, they filed their Statement of Recent Decision.  ECF No. 167.

Defendants' excuses are meritless.  Their argument hinges on the fact that because it was *the Court* (rather than Defendants) that noticed the June 6, 2024, hearing they are not bound by Rule 7-3(d)(2).  *See* Opp. (ECF No. 170) at 3 ("Plaintiffs disregard that Defendants never actually *noticed* the motion for a hearing date").  But Defendants' position reads requirements into the Rules that are absent from the text.  Who noticed the hearing date is nowhere in the Rule and is irrelevant. Defendants' contrary reading makes no sense: by focusing on the noticing *party* rather than the noticed hearing *date*, the non-moving party would *never* be bound by Rule 7-3(d)(2) by virtue of having never "noticed" the motion hearing, and in some instances even the *moving* party would be outside the Rule—an absurd result in either case.

Defendants' argument that "there was no hearing date, noticed or otherwise, when Defendants filed the statement of recent decision on June 13, 2024" because "on May 31, the Court vacated the June 6th hearing" (Opp. at 3) is also nonsensical.  Defendants offer no support for the notion that the Court's decision to take the relevant motion under advisement *without oral argument*

---

[1] Defendants do not contend that Civ. L.R. 7-3(d)(1) (for objections to reply evidence), the only other potential exception, is applicable here.

(ECF No. 166) somehow affects Rule 7-3(d)(2).  That subsection discusses the "noticed hearing date," not, as Defendants argue, whether the "hearing has ever taken place." Opp. at 1.  Under Defendants' reading, *any* party would be free, absent leave of court, to submit additional statements of recent decision for *any* motion taken *sub judice* without a hearing.  This illogical outcome is contrary to the purpose of Rule 7-3(d)(2), which is "structured to deter an endless cycle of filings and counter-filings." *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011), *aff'd*, 495 F. App'x 830 (9th Cir. 2012).

Defendants' attempts to distinguish the cases cited in the Motion fail.  They assert that *Roshan v. Lawrence*, 689 F. Supp. 3d 697 (N.D. Cal. 2023) is "irrelevant" because it "specifically states that the rule covers any filings 'except … a statement of recent decision'" (Opp. at 3), but the *Roshan* court emphasized that under "Civ. L.R. 7-3(d)," the moving party's failure to "seek leave of this Court before filing his untimely request," meant it "***is denied***." 689 F. Supp. 3d at 703 (emphasis added).  Moreover, in both *Keller v. Experian Information Solutions, Inc.*, 2017 WL 130285 (N.D. Cal. Jan. 13, 2017), and *Ferguson v. Centers for Medicare & Medicaid Services*, 2020 WL 5653285 (N.D. Cal. Sept. 23, 2020), the courts *struck* the papers for failure to first obtain court approval.  *See Keller*, 2017 WL 130285, at *2 n.2; *Ferguson*, 2020 WL 5653285, at *1 n.1.

Finally, Defendants' last-ditch argument (Opp. at 3-4) that the Court ignore Rule 7-3(d)(2) and consider the supplemental material should be firmly rejected.  Defendants' failure to follow the Rules should not be rewarded, and their authority purportedly providing the proper "remedy" contradicts their argument.  *See Corallo v. NSO Group Technologies Ltd.*, 2024 WL 1558919, at *1 (N.D. Cal. Mar. 27, 2024) (declining to endorse "a general practice of filing such statements [of recent decision] without leave" and emphasizing that "[b]y its terms, Rule 7-3(d)(2) only authorizes the filing of a Statement of Recent Decision, '[b]efore the noticed hearing date'").  Defendants' argument encourages a "nothing to lose" attitude where parties can make untimely and procedurally defective filings, and simply appeal to the Court's "broad discretion" to consider or ignore the supplemental authority.  *See Yagman v. Republic Ins.*, 987 F.2d 622, 630 (9th Cir. 1993) (reversing interpretation of local rules because it went against the rule's "plain meaning" and "obvious purpose").  Such open flouting of the Rules should not be countenanced.

For the foregoing reasons, the Court should grant Lead Plaintiffs' Motion to Strike.

Dated:  July 9, 2024

Respectfully submitted,

/s/ David R. Kaplan

**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
Marti L. Worms (SBN 205552)
Emily R. Bishop (SBN 319383)
505 Lomas Santa Fe Dr. #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
mworms@saxenawhite.com
ebishop@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)
Jonathan Lamet (*pro hac vice* forthcoming)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: 561.394.3399
Facsimile: 561.394.3382
msaxena@saxenawhite.com
jlamet@saxenawhite.com

Steven B. Singer (*pro hac vice* forthcoming)
Kyla Grant (*pro hac vice* forthcoming)
10 Bank Street, 8th Floor
White Plains, New York 10606
Telephone: (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Counsel for Lead Plaintiff Pompano Beach*
*Police and Firefighters' Retirement System,*
*and Lead Co-Counsel for the Class*

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
Neli Traykova Hines (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com

REPLY IN SUPP. OF MOT. TO STRIKE DEFS.' STMT. OF
RECENT DECISION UNDER L.R. 7-3
CASE NO. 5:21-CV-09953-PCP

ntraykova@motleyrice.com

*Counsel for Lead Plaintiff KBC Asset Management NV, and Lead Co-Counsel for the Class*

**ROSSMAN LEGAL**
Gregg Rossman (*pro hac vice*)
6840 Griffin Rd.
Davie, Florida 33314
Telephone: (954) 440-0908
gregg@rossmanlegal.com

*Additional Counsel for Lead Plaintiff Pompano Beach Police and Firefighters' Retirement System*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on July 9, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

Dated: July 9, 2024                          **SAXENA WHITE P.A.**

                                             */s/ David R. Kaplan*
                                             David R. Kaplan

REPLY IN SUPP. OF MOT. TO STRIKE DEFS.' STMT. OF
RECENT DECISION UNDER L.R. 7-3
CASE NO. 5:21-CV-09953-PCP