**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Class*

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWIEG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No. 5:21-cv-09953-PCP<br><br>CLASS ACTION<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER AS MODIFIED** |

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs, Pompano Beach Police and Firefighters' Retirement System and KBC Asset Management NV, and Defendants, Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz (together with Lead Plaintiffs, the "Parties," and each individually, a "Party"), by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 502 of the Federal Rules of Evidence, and the Civil Local Rules of this Court that:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated [Proposed] Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel, as well as their support staff.

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, as well as their assistants, support staff, and agents.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: commercially sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record as well as their support staffs.

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendor: person or entity that provides litigation support services (e.g.,

3

photocopying, videotaping, translating, preparing exhibits or demonstrations, participating in depositions, and processing, hosting, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

4

and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. A Party or Non-Party that makes original

documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(b) Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice to the Receiving Party of which portions of the transcript of the testimony is designated within twenty-one (21) days of receipt of the transcript of the testimony. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material, and only those portions of the testimony that are designated for protection, either on the record or within the 21-day period, shall be covered by the provisions of this Order. The Designating Party shall inform the court reporter that transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and that the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. Any transcript that is prepared before the expiration of the 14-day period shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 5:21-CV-09953-PCP

the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material if timely corrected within fourteen (14) days of the date the Party first becomes aware of the inadvertent failure to designate. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and describing the basis for the challenge to the Designating Party. To avoid ambiguity as to whether a challenge has been made,

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 5:21-CV-09953-PCP

the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, they shall comply with the discovery dispute procedure outlined in ~~Judge Pitt's Standing Order for Civil Cases, or if discovery is referred to a magistrate judge, the discovery dispute procedure outlined is the magistrate judge's standing order.~~ Judge van Keulen's Civil and Discovery Referral Matters Standing Order.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

8

the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be securely stored and maintained by a Receiving Party in a manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b) The Receiving Party's House Counsel as well as employees of said House Counsel to whom it is reasonably necessary to disclose the information;

(c) the officers, directors, and employees (excluding House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, videographers and their staff, Professional Vendors and their staff, and mediators and their staff;

(g) professional jury or trial consultants, and mock jurors who have signed Exhibit A;

(h) in connection with depositions or trial, witnesses (or potential witnesses) in the action who have signed Exhibit A except that:

    i.    the following categories of deponents will not be required to sign Exhibit A to view "CONFIDENTIAL" material during a deposition:

        a.  Parties to this action;

        b.  Current or former Chegg, Inc. executives, directors, or employees;

9

c. Individuals who are represented in their deposition by counsel for the Designating Party of the relevant document;

d. Witnesses who are otherwise permitted by this Order to view "CONFIDENTIAL" information without signing Exhibit A; and

ii. if a deposition witness who is otherwise required by this Order to sign Exhibit A refuses to sign Exhibit A and the Parties are otherwise unable to reach a resolution, the deposition shall be held open pending a resolution, and the Parties shall seek a determination from this Court within two (2) business days of that deponent's refusal to sign the Exhibit A in an effort to reach a mutually agreeable resolution before proceeding to show information or materials designated by an opposing Party as "CONFIDENTIAL" to that witness during the deposition;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment; and

(k) any other person upon order of the Court or agreement of the Parties.

7.3. Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b) The Receiving Party's House Counsel as well as employees of said House Counsel to whom it is reasonably necessary to disclose the information;

(c) the officers, directors, and employees (excluding House Counsel) of the Receiving

10

Party to whom disclosure is reasonably necessary for this litigation;

(d) Experts (as defined in this Order) of the Receiving Party who have signed Exhibit A;

(e) the Court and its personnel;

(f) court reporters and their staff, videographers and their staff, Professional Vendors and their staff, and mediators and their staff;

(g) professional jury or trial consultants, and mock jurors who have signed Exhibit A;

(h) during their depositions or at trial, witnesses in the action who have signed Exhibit A, except that:

    i.    the following categories of deponents will not be required to sign Exhibit A to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material during a deposition:

        a.  Parties to this action;

        b.  Current or former Chegg Inc. executives or employees;

        c.  Individuals who are represented in their deposition by counsel for the Designating Party of the relevant document;

        d.  Witnesses who are otherwise permitted by this Order to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information without signing Exhibit A; and

    ii.  if a deposition witness who is otherwise required by this Order to sign Exhibit A refuses to sign Exhibit A and the Parties are otherwise unable to reach a resolution, the deposition shall be held open pending a resolution, and the Parties shall seek a determination from this Court within two (2) business days of that deponent's refusal to sign Exhibit A in an effort to reach a mutually agreeable resolution before proceeding to show information or materials designated by an opposing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to that witness during the deposition;

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 5:21-CV-09953-PCP

(i)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)  any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment; and

(k)  any other person upon order of the Court or agreement of the Parties.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1.    The terms of this Order are applicable to information produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a Non-

12

Party to this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.    For the avoidance of doubt, all Parties shall promptly provide copies of all documents produced in this action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules and this Order.

9.3.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the requesting party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with the Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

9.4.    If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party shall produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

13

its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require disclosure of Privileged Information, and the production of Privileged Information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply.

11.2 Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

11.3 The Producing Party must notify the Receiving Party within one week of discovering that Privileged Information was produced. Federal Rules of Civil Procedure 26(b)(5)(B) governs the proper procedure for the notification and return of Privileged Information when identified by the Producing Party.

12.    MISCELLANEOUS

12.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.    Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3.    Filing Protected Material. Without written permission from the Designating Party or

a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

Within sixty (60) days after the final disposition of this action, as defined in Section 4 of this Order, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Upon written request of the Producing Party, the Receiving Party will certify that Protected Materials were returned or destroyed. Notwithstanding this provision, Counsel and their Experts are entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence including emails, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such retained copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION). Nothing in this Protective Order shall require Outside Counsel of Record to destroy Protected Material in their emails or Protected Material in systems designed for disaster recovery or business continuity backups as long as such material continues to be treated in accordance with this Order.

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 5:21-CV-09953-PCP

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 2, 2024                                    Respectfully submitted,

**SAXENA WHITE P.A.**                          **COOLEY LLP**

By: */s/ David R. Kaplan*                          By: */s/ Patrick E. Gibbs*
David R. Kaplan (SBN 230144)              Patrick E. Gibbs (183174)
Marti L. Worms (SBN 205552)              Brett H. De Jarnette (292919)
Emily R. Bishop (SBN 319383)             3175 Hanover Street
505 Lomas Santa Fe Dr. Suite 180         Palo Alto, CA 94304-1130
Solana Beach, CA 92075                         Telephone: (650) 843-5000
Telephone: (858) 997-0860                     Facsimile: (650) 849-7400
Facsimile: (858) 369-0096                       pgibbs@cooley.com
dkaplan@saxenawhite.com                   bdejarnette@cooley.com
mworms@saxenawhite.com
ebishop@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)      Heather M. Speers (305380)
Jonathan Lamet (*pro hac vice* forthcoming)   10265 Science Center Drive
7777 Glades Road, Suite 300               San Diego, CA 92121
Boca Raton, Fl 33434                           Telephone: (858) 550-6000
Telephone: (561)394-3399                      Facsimile: (858) 550-6420
Facsimile: (561) 394-3382                      hspeers@cooley.com
msaxena@saxenawhite.com
jlamet@saxenawhite.com                    *Counsel for Defendants Chegg, Inc.,*
                                                        *Daniel L. Rosenweig, Andrew J.*
Steven B. Singer (*pro hac vice* forthcoming) *Brown, and Nathan Schultz*
Kyla Grant (*pro hac vice* forthcoming)
10 Bank Street, 8th Floor
White Plains, New York 10606
Telephone (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com
kgrant@saxenawhite.com

*Counsel for Lead Plaintiff Pompano Beach*
*Police and Firefighters' Retirement System,*
*and Lead Co-Counsel for the Class*

16

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
Christopher F. Moriarty (*pro hac vice*)
Neli Traykova Hines (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
ntraykova@motleyrice.com

*Counsel for Lead Plaintiff KBC Asset
Management NV, and Lead Co-Counsel for
the Class*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: August 5, 2024

_____
  The Honorable Susan van Keulen
  United States Magistrate Judge

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 5:21-CV-09953-PCP

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Leventhal v. Chegg, Inc., et al.*, No. 5:21-cv-09953-PCP (N.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. 5:21-CV-09953-PCP