# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>       Defendants. | Case No.: 5:21-cv-09953-PCP<br><br>CLASS ACTION<br><br>**DECLARATION OF BART ELST OF KBC ASSET MANAGEMENT NV IN SUPPORT OF: (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

I, Bart Elst, declare as follows:

1.      I am a Senior Company Lawyer at KBC Asset Management NV ("KBC"), an asset management company based in Brussels, Belgium.  KBC, along with Pompano Beach Police and Firefighters' Retirement System are the Court-appointed Lead Plaintiffs in the above-captioned securities class action (the "Action").[1]

2.      I respectfully submit this Declaration in support of (a) approval of the proposed class action Settlement and Plan of Allocation; and (b) Lead Counsel's motion for an award of attorneys' fees and litigation expenses, which includes KBC's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  I have knowledge of the matters related to KBC's application and of the other matters set forth in this declaration as I, or others working at KBC, have been directly involved in monitoring and overseeing the prosecution of the Action.

**Work Performed by KBC on Behalf of the Class**

3.      KBC understands that the PSLRA was intended to encourage institutional investors with large losses to seek to manage and direct securities fraud class actions. KBC is a large, sophisticated institutional investor which, as part of its asset management services, is responsible for managing mutual funds, private funds, and institutional funds. KBC has in excess of €200 billion of assets under management.  KBC committed itself to vigorously prosecuting this Action through trial, if necessary.  In seeking appointment as Lead Plaintiff in the case, KBC understood its fiduciary duties to serve in the best interests of the Class by participating in the management and prosecution of the case.

4.      In its capacity as Lead Plaintiff, KBC provided value by, among other things: (a) conferring with Motley Rice on the overall strategy for prosecuting the Action and maximizing the value of the recovery for the Class; (b) reviewing pleadings and court filings; (c) evaluating regular status reports from Motley Rice regarding developments in the Action;

---

[1] All capitalized terms used herein, unless otherwise defined, have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), dated November 5, 2024 (ECF No. 189-2).

and (d) analyzing and responding to settlement proposals. After the Parties reached an agreement in principle to resolve the Action, as part of KBC's fiduciary duties to the Class, and independent of Lead Counsel's recommendation, KBC considered the reasonableness of the $55 million Settlement and Lead Counsel's proposed fee request.

**KBC Strongly Endorses Approval of the Settlement**

5.     Based on its involvement throughout the prosecution and resolution of the Action, KBC believes that the proposed Settlement is fair, reasonable, and adequate to the Class. Because KBC believes that the proposed Settlement represents a substantial recovery for the Class, particularly in light of the substantial risks of continuing the Action, it endorses approval of the Settlement by the Court.

6.     The risk of no recovery was very real here, and there was no guarantee that the entirety (or any) of Lead Plaintiffs' claims would survive a motion for class certification or motion for summary judgment, much less succeed at trial or potential appeals. The risk of no recovery was compounded by Chegg's rapidly deteriorating business and financial condition, and imminent erosion of its available insurance at the time the Settlement was reached.

7.     For these and additional reasons set forth in Lead Plaintiffs' moving papers, KBC firmly believes that settling the Action with Defendants at this stage of the litigation is in the best interest of the Settlement Class.

**KBC Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses**

8.     Furthermore, KBC also believes that Lead Counsel's request for an award of attorneys' fees in an amount of 25% of the Settlement is fair and reasonable. KBC has evaluated the fee request in light of the work performed by Lead Counsel, the risks and challenges in the Action, and the substantial recovery obtained for the Class. KBC understands that Lead Counsel will also devote additional time in the future to administrating the Settlement and distributing the Net Settlement Fund. KBC takes seriously its role as a

Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class in this Action and authorized the requested 25% fee award to the Court for its ultimate determination.

9.     KBC further believes that Lead Counsel's request for reimbursement of litigation expenses is reasonable given that the costs and expenses in question were necessary for the successful prosecution and resolution of this Action.  Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, KBC fully supports Lead Counsel's motion for attorneys' fees and payment of litigation expenses.

10.     In addition, KBC understands that reimbursement of a plaintiff's reasonable costs and expenses, including lost wages, is authorized under § 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4).  Consequently, in connection with Lead Counsel's request for reimbursement of litigation expenses, KBC seeks reimbursement in the amount of $3,500, as explained below.

11.     I was the primary point of contact between KBC and Motley Rice during the litigation.  I consulted with attorneys from Motley Rice regularly throughout the course of the Action, reviewed substantive Court filings, and worked with counsel regarding analyzing settlement proposals and settlement documents.  The time that other KBC staff members and I devoted to the Class's interests in this Action was time we otherwise would have devoted to KBC, and thus represents a direct cost to KBC.  In total, KBC dedicated approximately 20 hours to the prosecution of this Action.[2]  Our effective hourly rate claimed here is $175 per hour.[3]  The total cost of this time is $3,500.

---

[2] While KBC devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a conservative estimate of the amount of time we collectively spent on this litigation, as supported by our Lead Counsel's records.

[3] In arriving at an appropriate hourly rate, KBC considered several factors, including the rates approved by district courts in other PSLRA-governed cases.

ELST DECL. IN SUPP. OF FINAL APPROVAL AND AWARD OF ATT'YS' FEES & LITIG. EXPENSES
CASE NO. 5:21-cv-09953-PCP

**Conclusion**

12.    In conclusion, KBC endorses the Settlement as fair, reasonable, and adequate, and believes it represents a very favorable recovery for the Class.  KBC further supports Lead Counsel's attorneys' fee and litigation expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the Class, and the attendant litigation risks.    Finally, KBC requests reimbursement for its costs in the amount of $3,500.  Accordingly, KBC respectfully requests that the Court approve the motion for final approval of the proposed Settlement and the motion for an award of attorneys' fees and reimbursement of litigation expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 18th day of February, 2025, at Brussels, Belgium.

Bart Elst
Senior Company Lawyer
KBC Asset Management NV