# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No.: 5:21-cv-09953-PCP<br><br>**DECLARATION OF PAUL O'CONNELL IN SUPPORT OF (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES** |

DEC. OF PAUL O'CONNELL IN SUPPORT OF MOTION FOR FINAL APPROVAL
AND AWARD OF ATTYS' FEES & LITIG. EXPENSES
Case No. 5:21-cv-09953-PCP

I, Paul O'Connell, declare as follows:

1. I am the Chairman of Pompano Beach Police and Firefighters' Retirement System ("Pompano P&F" or the "Fund"), a public pension fund based in Pompano Beach, Florida. Pompano P&F along with KBC Asset Management NV ("KBC") are the Court-appointed Lead Plaintiffs in the above-captioned action (the "Action").

2. I respectfully submit this Declaration in support of (1) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.[1] Pompano P&F is aware of and understands the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Pompano P&F has been directly involved in monitoring and overseeing the prosecution and settlement of this Action, and could and would produce myself or another representative to testify competently thereto.

**Pompano P&F's Oversight of the Action**

3. Pompano P&F understands that the PSLRA was intended to encourage institutional investors with large losses to seek to manage and direct securities fraud class actions. Pompano P&F is a public pension fund that provides retirement benefits to regular and permanent firefighters employed by the City of Pompano Beach and former City of Pompano Beach Police Officers who transferred to the Broward County Sheriff's Office and elected to remain in the Pompano P&F system. Pompano P&F was established in 1972, and as of September 2024 had approximately $276,000,000 in assets under management.

4. Pompano P&F purchased Chegg stock during the Settlement Class Period and suffered substantial losses as a result. As a public pension fund, Pompano P&F is accustomed to serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, is necessary to protect the interests of its participants.

---

[1] All capitalized terms used herein, unless otherwise defined, have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") (ECF No. 189-2).

DEC. OF PAUL O'CONNELL IN SUPPORT OF MOTION FOR FINAL APPROVAL                    2
AND AWARD OF ATTYS' FEES & LITIG. EXPENSES
CASE NO. 5:21-CV-09953-PCP

5. On behalf of Pompano P&F, Pompano P&F's Executive Director Debra Tocarchick, her staff, myself and other members of the Fund's Board of Trustees, and the Fund's outside fiduciary counsel, Rossman Legal ("Rossman") regularly communicated with Court-appointed Lead Counsel Saxena White P.A. ("Saxena White" or "Lead Counsel") throughout the course of the Action.

6. In its capacity as Lead Plaintiff, Pompano P&F provided value by, among other things: (a) conferring with Saxena White on the overall strategy for prosecuting the Action and maximizing the value of the recovery for the Class; (b) reviewing pleadings and court filings; (c) collecting discovery documents and information on behalf of the Fund; (d) evaluating regular status reports from Saxena White regarding developments in the Action; (e) analyzing and responding to settlement proposals; and (f) consulting with Lead Counsel and Rossman regarding these matters. After the Parties reached an agreement in principle to resolve the Action, as part of Pompano P&F's fiduciary duties to the Class, and independent of Lead Counsel's recommendation, the Fund considered the reasonableness of the $55 million Settlement and Lead Counsel's proposed fee request, and our Board of Trustees voted unanimously to approve the Settlement.

**Pompano P&F Strongly Endorses Approval of the Settlement**

7. Based on its participation throughout the prosecution and resolution of the claims in the Action, Pompano P&F believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class. Because Pompano P&F believes that the proposed Settlement represents a substantial recovery for the Class, particularly in light of the substantial risks of continuing the Action, it endorses approval of the Settlement by the Court.

8. The risk of no recovery was very real here, and there was no guarantee that all (or any) of Lead Plaintiffs' claims would survive a motion for class certification or motion for summary judgment, much less succeed at trial or potential appeals. The risk of no recovery was compounded by Chegg's rapidly deteriorating business and financial condition, and, as I understand, imminent erosion of its available insurance at the time the Settlement was reached.

9. For these and additional reasons set forth in Lead Plaintiffs' moving papers, Pompano P&F firmly believes that settling the Action with Defendants at this stage of the litigation is in the best interests of the Settlement Class.

**Pompano P&F's Approval of the Attorneys' Fee Request and Litigation Expenses**

10. Pompano P&F further believes that the request for an award of attorneys' fees in the amount of 25% of the Settlement Fund is fair and reasonable. A 25% award is particularly appropriate here because of the work performed by Lead Counsel, the complex issues involved, the substantial recovery achieved, and the significant risks in the litigation. The Fund understands that Lead Counsel will also devote additional time in the future to administrating the Settlement and distributing the Net Settlement Fund. Pompano P&F takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and authorized the requested 25% fee award to the Court for its ultimate determination.

11. The Fund further believes that the litigation expenses being requested for payment to Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, Pompano P&F fully supports the request for attorneys' fees and expenses.

12. In addition, Pompano P&F understands that reimbursement of a class representative's reasonable costs and expenses, including lost wages, directly relating to the representation of the class, is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). Accordingly, in connection with Lead Counsel's request for payment of litigation expenses, Pompano P&F seeks reimbursement in the amount of $1,400 for the costs that it incurred in connection with its efforts in this Action, as described herein.

13. Pompano P&F respectfully submits that its oversight of counsel in this Action, its active participation in the litigation and resolution of the case, and the time Fund representatives devoted to pursuing claims on behalf of the Settlement Class helped to achieve this Settlement and justify this request.

DEC. OF PAUL O'CONNELL IN SUPPORT OF MOTION FOR FINAL APPROVAL    4
AND AWARD OF ATTYS' FEES & LITIG. EXPENSES
CASE NO. 5:21-CV-09953-PCP

14.     The time that Pompano P&F's staff members devoted to the oversight of this Action was time that otherwise would have been devoted to other work for the Fund, and thus represents a direct cost to Pompano P&F. In particular, Ms. Tocarchick, who served as the primary point of contact with Saxena White and Rossman in regards to the Action, devoted approximately 19 hours to the prosecution and settlement of this Action. In calculating the total cost of this time to the Fund, Pompano P&F applied an hourly rate of approximately $73.45 per hour to the amount of time Ms. Tocarchick devoted to the prosecution and settlement of the Action, which is based on her annual salary. This calculation resulted in a total cost of approximately $1,400 to Pompano P&F, for which we respectfully request reimbursement. [2]

**Conclusion**

15.     In conclusion, Pompano P&F endorses the Settlement as fair, reasonable, and adequate, and believes it represents a very favorable recovery for the Class. The Fund further supports Lead Counsel's attorneys' fee and litigation expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive work performed, the recovery obtained for the Class, and the attendant litigation and financial risks. Finally, Pompano P&F requests reimbursement for its costs in the amount of $1,400. Accordingly, Pompano P&F respectfully requests that the Court approve the motion for final approval of the proposed Settlement and the motion for an award of attorneys' fees and reimbursement of litigation expenses.

[2] The Fund's request for reimbursement of costs is based on a conservative estimate of the amount of time we collectively, including Ms. Tocarchick, spent on this litigation as supported by our and Saxena White's records. We have not included the time of employees of Pompano P&F, other than Ms. Tocarchick, in this request. We have also not included the time of Rossman in this request. It is our understanding that Saxena White will compensate Rossman for its work on behalf of the Fund in this Action from the attorneys' fees the Court approves, in an amount commensurate with Rossman's work in the Action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this **20th** day of February, 2025 in Pompano Beach, Florida.

_____
PAUL O'CONNELL
Chairman
Pompano Beach Police and Firefighters'
Retirement System