# EXHIBIT C

**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher *(pro hac vice)*
mgruetzmacher@motleyrice.com
Christopher F. Moriarty *(pro hac vice)*
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs Pompano Beach Police and Firefighters' Retirement System and KBC Asset Management NV and Lead Counsel for the Proposed Settlement Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,

Defendants.

Case No.: 5:21-cv-09953-PCP

**DECLARATION OF KATHLEEN BRAUNS REGARDING: (A) MAILING OF THE POSTCARD NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; (C) THE SETTLEMENT WEBSITE; (D) CONTACT CENTER SERVICES; AND (E) REPORT ON EXCLUSIONS AND OBJECTIONS**

I, Kathleen Brauns, declare as follows:

1. I am a Project Manager of the Class Action Administration Division of A.B. Data, Ltd. ("A.B. Data"), whose corporate office is located in Milwaukee, Wisconsin. I am over 21 years of age and am not a party to the Action. The following statements are based on my personal knowledge and information provided by A.B. Data employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

2. On December 19, 2024, the Court entered its Modified Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order," ECF No. 192) which granted Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 189); and approved the long-form Notice (ECF No. 189-2 Ex. A-1), Claim Form (ECF No. 189-2 Ex. A-2), Summary Notice (ECF No. 189-2 Ex. A-3), and Postcard Notice (ECF No. 189-2 Ex. A-4).[1]

3. Pursuant to the Preliminary Approval Order, A.B. Data is authorized to act as the Claims Administrator in connection with the Action. I submit this Declaration to provide the Court and the Parties information regarding, among other things, the mailing of the Postcard Notice, the publication of the Summary Notice, and updates concerning other aspects of the settlement administration process.

**MAILING OF THE POSTCARD NOTICE**

4. Pursuant to the Preliminary Approval Order, A.B. Data was responsible for mailing the Postcard Notice to potential Settlement Class Members and nominees. A true and correct copy of the Postcard Notice is attached hereto as Exhibit A.

5. As in most securities class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name"—*i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the respective nominees, on behalf of the beneficial

[1] Unless otherwise noted, all capitalized terms not defined herein shall have the same definitions as in the Stipulation and Agreement of Settlement ("Stipulation" or "Settlement Agreement") filed on November 6, 2024 (ECF No. 189-2).

purchasers. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees (the "Broker Mailing Database"). A.B. Data's Broker Mailing Database is updated from time to time as new nominees are identified and others cease operations. At the time of the deadline for mailing or emailing the Postcard Notice to the Settlement Class, the Broker Mailing Database contained 4,933 mailing records. On January 8, 2025, A.B. Data caused the Postcard Notices to be sent by First-Class Mail to the 4,933 addresses for banks, brokers, and other nominees whose mailing records were contained in the Broker Mailing Database.

6.      A.B. Data also sent an email to nominees in the Broker Mailing Database who have an email address on record. The email attached a copy of the Postcard Notice, the long-form Notice, and the Claim Form. True and correct copies of the long-form Notice and Claim Form are attached hereto as Exhibits B and C, respectively.

7.      As part of the notice plan for this Action, on January 8, 2025, A.B. Data also provided an electronic copy of the long-form Notice and Claim Form to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any nominee that participates in DTC's security system and provides the DTC participants with the ability to search and download legal notices as well as receive email alerts based on particular notice or particular security identifiers (known as CUSIPs).

8.      Pursuant to the Preliminary Approval Order, the long-form Notice directed those who purchased or otherwise acquired Chegg, Inc. common stock during the Settlement Class Period for the beneficial interest of other persons or entities to, within seven (7) days of receipt, either: (a) send the Postcard Notice to such beneficial owners of such Chegg common stock, or (b) send a list of the names and email and/or physical addresses of such beneficial owners to A.B. Data, who then would promptly email or mail the Postcard Notice to such beneficial owners.

9.      Additionally, on January 17, 2025, A.B. Data received a data file provided by counsel to Defendants containing the names and addresses of forty (40) unique persons or entities who were identified as record holders of Chegg common stock during the Settlement Class Period.

Upon receipt of this data file, A.B. Data promptly caused Postcard Notices to be disseminated by First-Class Mail to the 40 potential Settlement Class Members identified in the data file.

10. As of February 26, 2025, A.B. Data has received an additional 31,495 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. A.B. Data also received requests from brokers and other nominee holders for 54,875 Postcard Notices to be forwarded by the nominees to their customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

11. As of February 26, 2025, a total of 91,343 Postcard Notices have been disseminated to potential Settlement Class Members and nominees. In addition, A.B. Data has re-mailed 271 Postcard Notices to persons and entities whose original mailings were returned by the U.S. Postal Service ("USPS"), and for whom updated addresses were provided to A.B. Data by the USPS or ascertained through a third-party information provider.

**PUBLICATION OF THE SUMMARY NOTICE**

12. In accordance with the Preliminary Approval Order, A.B. Data caused the Summary Notice to be published in *Investor's Business Daily* and released via *PR Newswire* on January 6, 2025. Copies of proof of publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire* are attached hereto as Exhibits D and E, respectively.

**SETTLEMENT WEBSITE**

13. A.B. Data designed, implemented, and currently maintains a website dedicated to the Settlement, www.CheggSecuritiesLitigation.com (the "Settlement Website"), to facilitate to the notice program and claims filing process set forth in the Preliminary Approval Order, and otherwise assist potential Settlement Class Members. The Settlement Website became operational beginning on January 6, 2025, and is accessible 24 hours a day, 7 days a week. The Settlement Website includes general information regarding the proposed Settlement, including the exclusion, objection, and claim-filing deadlines, as well as the date and time of the Court's Settlement Hearing. In addition, copies of important documents, including, among others, the Stipulation,

Preliminary Approval Order, long-form Notice, Claim Form, and Complaint are available on the Settlement Website for downloading.

14. Moreover, the Settlement Website allows potential Settlement Class Members to file claims online and provides instructions and a claim filing template for institutional investors, as well as individuals or entities filing claims with a large number of transactions (specifically, fifty or more transactions).

15. The Settlement Website will continue to be updated with relevant case information and Court documents.

**CONTACT CENTER SERVICES**

16. On January 6, 2025, A.B. Data established a case-specific, toll-free telephone helpline, (877) 884-2550, with an interactive voice response system and live operators, to respond to potential Settlement Class Members who have questions about the Action and the Settlement, such as requests for a long-form Notice and Claim Form and instructions on how to complete and submit the Claim Form. The automated attendant answers the calls and presents callers with a series of choices to respond to basic questions. Callers requiring further help have the option to be transferred to a live operator during business hours. A.B. Data continues to maintain the telephone helpline and will update the interactive voice response system as necessary through the administration of the Settlement.

17. As of February 26, 2025, 71 calls had been received by the toll-free telephone from potential Settlement Class Members. The total length of these calls was approximately 390.5 minutes. I understand that all inquiries received through the toll-free telephone hotline were appropriately addressed.

18. In sum, the notice and claims processing program used in this Settlement uses customary procedures that have been widely adopted in securities class action cases, including those where A.B. Data has successfully implemented the same notice and claims processing program. *See, e.g.*, *Bos. Ret. Sys. v. Uber Techs., Inc.*, No. 19-cv-06361, slip op. at 5 (N.D. Cal. Aug. 9, 2024) ("The Court approves the form, substance and requirements of . . . the Settlement

Postcard."); *Ferraro Family Found., Inc., et al. v. Corcept Therapeutics Inc., et al.*, Case No. 3:19-CV-01372-JD, slip op. at 7 (N.D. Cal. Jan. 4, 2024) ("The Court preliminarily approves, as to form and content, . . . the Postcard Notice."); *Christopher Vataj v. William D. Johnson, et al.*, Case No. 4:19-cv-06996-HSG, slip op. at V (N.D. Cal. Apr. 20, 2021) ("The Court therefore finds . . . the content of the proposed notice provides sufficient information about the case and this conforms with due process requirements.").

**REPORT ON EXCLUSIONS AND OBJECTIONS**

19. Pursuant to the Preliminary Approval Order, the Postcard Notice, long-form Notice, Summary Notice, and Settlement Website inform potential Settlement Class Members that written requests for exclusion are to be sent to the Claims Administrator such that they are received no later than March 27, 2025. The long-form Notice also sets forth the information that must be included in each request for exclusion. As of the date of this Declaration, A.B. Data has received one (1) request for exclusion from an individual who claims to have purchased eight shares of Chegg common stock during the Settlement Class Period. A.B. Data will submit a supplemental declaration after the March 27, 2025, deadline addressing all requests for exclusion received.

20. Pursuant to the Preliminary Approval Order, the Postcard Notice, long-form Notice, Summary Notice, and Settlement Website informs Settlement Class Members wishing to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses that they are required to submit their objection in writing such that the request is postmarked or filed with the Court no later than March 27, 2025. Despite these instructions, Settlement Class Members sometimes send objections to the Claims Administrator instead. As of the date of this Declaration, A.B. Data has not received any objections, and is not aware of any objections being filed with the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on February 26, 2025.

Kathleen Brauns

# EXHIBIT A

**LEGAL NOTICE**

**Court-Ordered Legal Notice (Forwarding Service Requested)**

Important Information about a Securities Class Action Settlement

You may be entitled to a payment. This Notice may affect your legal rights.

Please read it carefully.

www.CheggSecuritiesLitigation.com

*Chegg Securities Settlement*
c/o A.B. Data, Ltd.
P.O. Box 173024
Milwaukee, WI 53217

*Leventhal v. Chegg, Inc., et al.*,
No. 5:21-cv-09953-PCP (N.D. Cal.)

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.CHEGGSECURITIESLITIGATION.COM OR CALL (877) 884-2550 FOR MORE INFORMATION.

If you purchased or otherwise acquired common stock of Chegg, Inc. ("Chegg" or the "Company") between May 5, 2020 and November 1, 2021, inclusive (the "Class Period" or "Settlement Class Period"), this notice is to inform you that a Class was certified for purposes of a proposed settlement ("Settlement") only, and that you could be entitled to a payment from the Settlement reached in this action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on April 24, 2025, at 10:00 a.m. before the Honorable P. Casey Pitts at the United States District Court for the Northern District of California, 280 South First Street, Courtroom 8, 4th Floor, San Jose, CA 95113 to determine whether the proposed Settlement of the Action against Defendants Chegg, Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz for $55 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate; whether the Action should be dismissed with prejudice against Defendants, as set forth in the Stipulation and Agreement of Settlement ("Stipulation") filed with the Court; and whether Lead Plaintiffs' application for an award of attorneys' fees of up to 25% of the Settlement Amount, plus interest, and litigation expenses in an amount not to exceed $490,000, plus interest, should be granted. All capitalized terms used in this Postcard Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

The proposed Settlement would resolve this class action lawsuit alleging that, in violation of the U.S. securities laws, Defendants made material misrepresentations and omissions, with scienter, regarding (i) the extent to which Chegg's platform was used by students to cheat during the period of distance learning following the COVID-19 pandemic; and (ii) the reasons for Chegg's growth during that time. Defendants deny these allegations. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice, the Claim Form, motion for final approval of the Settlement, and motion for an award of attorneys' fees by visiting the website: www.CheggSecuritiesLitigation.com ("Settlement Website") or you may request copies from the Claims Administrator by: (i) mail: Chegg, Inc. Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173024, Milwaukee, WI 53217; or (ii) call toll-free: (877) 884-2550.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked no later than March 31, 2025. You will be bound by any Judgment entered in this Action, regardless of whether you submit a Claim Form, unless you submit a request to exclude yourself from the Class. If you exclude yourself, you cannot receive money from this Settlement. If you want to exclude yourself from the Class, you must submit a request for exclusion, ***such that it is received*** no later than March 27, 2025, to: Chegg, Inc. Securities Litigation, Exclusions, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. If you do not exclude yourself and you stay in the Class, you may object to the Settlement, Plan of Allocation, or the request for award of attorneys' fees and expenses, provided the objection is filed or postmarked no later than March 27, 2025. The long-form Notice and the Settlement Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiff and the Class are represented by Lead Counsel: Christopher F. Moriarty, Motley Rice LLC, 28 Bridgeside Blvd., Mt. Pleasant, SC 29464, (843) 216-9000; and David R. Kaplan, Saxena White P.A., 505 Lomas Santa Fe Dr., Suite 180, Solana Beach, CA 92075, (858) 997-0860. You may, but do not have to, attend the Court hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically, via Zoom, or by other virtual means. Please check the Settlement Website or the Court's PACER site to confirm that the date has not been changed. As detailed in the Notice, you may access the case docket via PACER or in person at any of the Court's locations.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | No. 5:21-cv-09953-PCP |

**NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***
***YOU MAY BE ENTITLED TO A CASH AWARD.***

**TO: All persons who purchased or otherwise acquired Chegg, Inc. ("Chegg" or the "Company") common stock between May 5, 2020, and November 1, 2021, inclusive, and who were damaged thereby (the "Settlement Class Period" or "Class Period"). You may be a member of the Settlement Class. If you do not wish to be part of the Settlement Class, you must respond to this Notice with a written request for exclusion (see below). You may be eligible to receive a share of the proceeds of the Settlement, but you must submit a Claim Form to participate in the Settlement (see below). If you are a broker or custodian, please immediately review this Notice for instructions on providing timely notification to beneficial owners.**

**NOTICE OF SETTLEMENT:** This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"). Please be advised that the Court-appointed Lead Plaintiffs, KBC Asset Management NV ("KBC") and Pompano Beach Police and Firefighters' Retirement System ("Pompano Beach") (collectively, "Lead Plaintiffs"), on behalf of themselves and the Court-certified Settlement Class (as defined in paragraph 26 below), have reached a proposed settlement of the above-captioned securities class action (the "Action") for $55,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, Chegg, any other Defendants in the Action, or their counsel. All questions should be directed to the Claims Administrator or Lead Counsel (see paragraph 90 below).**

1. **Description of the Action and the Settlement Class**: This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Defendants Chegg, Daniel L. Rosensweig ("Rosensweig"), Andrew J. Brown ("Brown"), and Nathan Schultz ("Schultz") (collectively, the "Individual Defendants," and together with Chegg, "Defendants," and together with Lead Plaintiffs, the "Parties")[1] misled investors regarding (a) the extent to which Chegg's platform was used by students to cheat during the period of distance learning

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated November 5, 2024 (the "Stipulation" or "Settlement Agreement"), which is available at www.CheggSecuritiesLitigation.com. The singular forms of nouns and pronouns include the plural and vice versa.

following the COVID-19 pandemic; and (b) the reasons for the Company's unprecedented growth during this time.  The Complaint further alleges that in reality, Chegg's record growth was largely due to substantial use of its platform to cheat while students were learning remotely.  The Complaint alleges that Chegg's stock price was artificially inflated as a result of Defendants' false and misleading statements, and that Chegg's stock price declined when the alleged truth regarding Defendants' alleged misrepresentations was revealed.  A more detailed description of the Action is set forth in paragraphs 11-25 below.  The proposed Settlement, if approved by the Court, will resolve the claims of the Settlement Class, as defined in paragraph 26 below.

2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a payment of $55,000,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less: (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) other Court-approved deductions) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 56-73 below.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Chegg common stock purchased during the Settlement Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) would be $0.65 per alleged damaged share (hereinafter the "damaged shares").  ***Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.***  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired and sold shares of Chegg common stock, and the total number and recognized loss amount of valid Claim Forms and electronic claims submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* paragraphs 56-73 below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share**: The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants deny each and all the claims and contentions alleged by Lead Plaintiffs in the Action and do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by Lead Plaintiffs or any members of the Settlement Class as a result of their alleged conduct.

5.  **Attorneys' Fees and Expenses Sought:**  Lead Counsel, who have been prosecuting the Action on a wholly contingent basis since 2021, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Co-Lead Counsel Motley Rice LLC and Saxena White P.A. will apply to the Court for an award of attorneys' fees in an amount not to exceed twenty-five percent (25%) of the Settlement Fund, or $13,750,000, plus interest.  This fee award would equate to an estimated lodestar multiplier of approximately 1.6.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses incurred in connection with commencing, prosecuting and settling the Action, in an amount not to exceed $490,000, which sum may include the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $20,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimates of the average cost per damaged share if the Court approves Lead Counsel's fee and expense application is $0.17.

6.  **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by Christopher F. Moriarty, Esq. of Motley Rice LLC, 28 Bridgeside Boulevard, Mount Pleasant, SC 29464, (843) 216-9245, infocheggsettlement@motleyrice.com; and David R. Kaplan, Esq. of Saxena White P.A., 505 Lomas Santa Fe Drive, Suite 180, Solana Beach, CA 92075, (858) 997-0860, settlements@saxenawhite.com.

7.  **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against a number of factors, including Chegg's cash position and the Company's resources that could be allocated to any settlement or recovery.  Defendants, who deny all allegations of wrongdoing or liability or any violation of the law whatsoever, are entering into the Settlement solely to eliminate the uncertainty, distraction, time, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE, OR BY MAIL AND POSTMARKED, NO LATER THAN MARCH 31, 2025.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 36 below) that you have against Defendants and the other Defendant Releasees (defined in paragraph 37 below), so it is in your interest to submit a Claim Form.<br><br>You may submit a Claim Form and still object to any part of the Settlement.<br><br>You cannot submit a Claim Form and exclude yourself. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION THAT IS *RECEIVED* NO LATER THAN MARCH 27, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendant Releasees concerning the Released Plaintiffs' Claims.<br><br>You cannot object to the proposed Settlement and cannot submit a Claim Form if you exclude yourself. |
| **OBJECT TO THE SETTLEMENT BY FILING ELECTRONICALLY OR IN PERSON WITH THE COURT, OR BY MAILING TO THE COURT A WRITTEN OBJECTION POSTMARKED NO LATER THAN MARCH 27, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class.<br><br>You do not need to submit a Claim Form to object.  However, if you object, you must submit a Claim Form, as described above, by March 31, 2025, to be eligible to receive a cash payment from the Settlement Fund<br><br>The Court can only approve or deny the Settlement and cannot change the terms. |
| **ATTEND A HEARING ON APRIL 24, 2025 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR NO LATER THAN MARCH 27, 2025.** | Filing a written objection and notice of intention to appear by March 27, 2025, allows you at the Settlement Hearing on April 24, 2025, at 10:00 a.m., to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page 4 |
| What Is This Case About? | Page 4 |
| How Do I Know If I Am Affected By The Settlement? Who Is Included In The Settlement Class? | Page 7 |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page 7 |
| What Might Happen If There Were No Settlement? | Page 8 |
| How Are Settlement Class Members Affected By The Action And The Settlement? | Page 8 |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page 10 |
| How Much Will My Payment Be? | Page 10 |
| What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? | Page 13 |
| What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? | Page 13 |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Do Not Like The Settlement? | Page 14 |
| What If I Bought Securities On Someone Else's Behalf? | Page 15 |
| Can I See The Court File? Who Should I Contact If I Have Questions? | Page 16 |

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased or acquired Chegg common stock during the Settlement Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). See paragraph 80 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still must decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made only after any appeals are resolved and after the completion of all claims processing. ***Please be patient, as this process can take some time to complete.***

## WHAT IS THIS CASE ABOUT?

11. On December 22, 2021, this Action was commenced in the United States District Court for the Northern District of California, styled *Steven Leventhal v. Chegg, Inc., et al.*, Case No. 5:21-cv-09953 (N.D. Cal.), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

12. By Order dated September 7, 2022, the Court appointed KBC and Pompano Beach as Lead Plaintiffs and approved Lead Plaintiffs' selection of Motley Rice LLC and Saxena White P.A. as Co-Lead Counsel for the class.

13. On December 8, 2022, Lead Plaintiffs filed their Consolidated Class Action Complaint for Violations of the Federal Securities Laws and Jury Trial Demand (the "Consolidated Complaint" or "Complaint"), on behalf of the Settlement Class, asserting claims for a putative class period of May 5, 2020, and November 1, 2021, inclusive. The Consolidated Complaint alleges, among other things, that throughout the Settlement Class Period, Defendants made materially false and misleading

statements regarding (a) the extent to which Chegg's platform was used by students to cheat during the period of distance learning following the COVID-19 pandemic; and (b) the reasons for the Company's unprecedented growth during this time. The Complaint further alleges that, in reality, the Company's record growth was largely due to substantial use of its platform to cheat while students were learning remotely.  The Complaint also alleges that Chegg's stock price was artificially inflated because of Defendants' false and misleading statements, and that Chegg's stock price declined substantially when the truth regarding Defendants' alleged misrepresentations was revealed through a corrective disclosure.

14.    On February 16, 2023, Defendants filed a motion to dismiss the Consolidated Complaint (the "Motion to Dismiss"). Lead Plaintiffs filed their opposition on April 27, 2023; and on June 8, 2023, Defendants filed their reply.  On December 7, 2023, the Court, the Honorable P. Casey Pitts presiding, heard oral argument on Defendants' Motion to Dismiss.  On March 4, 2024, the Court entered an Order denying in its entirety Defendants' Motion to Dismiss.  The Court found that (a) Plaintiffs had cited evidence in the Consolidated Complaint that provided sufficient factual support for Plaintiffs' allegations of falsity and substantial student cheating on Chegg's platform during the Class Period; (b) Plaintiffs alleged a strong inference of Defendants' scienter; and (c) Plaintiffs adequately alleged loss causation.

15.    On April 22, 2024, Defendants moved for leave to file a motion for reconsideration of the Court's order denying their Motion to Dismiss, or in the alternative, to certify the order for interlocutory appeal (the "Motion for Reconsideration"). Defendants again challenged the adequacy of the Consolidated Complaint's allegations of falsity, scienter, and loss causation.  The Court granted Defendants' request for leave, and the Parties fully briefed Defendants' Motion for Reconsideration.  On July 17, 2024, the Court denied Defendants' Motion for Reconsideration.

16.    Following the Court's Order denying Defendants' Motion to Dismiss, Defendants filed their Answer to Lead Plaintiffs' Consolidated Complaint on April 24, 2024.  Lead Plaintiffs then served extensive discovery on Defendants, as described below.  Specifically, Lead Plaintiffs served their Rule 26(a)(1) Initial Disclosures, their First Requests for Production of Documents to Defendants, and their First Set of Interrogatories to Defendants on April 25, 2024.  Lead Plaintiffs served their Second Set of Requests for Production of Documents to Defendants on May 24, 2024.  Defendants served their Rule 26(a)(1) Initial Disclosures on May 29, 2024.  Lead Plaintiffs served their Second Set of Interrogatories, their First and Second Sets of Requests for Admissions, and their Third Set of Requests for Production of Documents to Defendants on May 31, 2024.  Defendants took the position that discovery was stayed pending resolution of their Motion for Reconsideration.  Plaintiffs took the position that discovery was not stayed.

17.    While Lead Plaintiffs' written discovery requests to Defendants were outstanding, and after the Parties had agreed to an in-person mediation to be conducted on September 26, 2024, the Parties agreed to exchange certain materials in advance of the mediation, as part of a pre-mediation discovery process, to assist the Parties in better evaluating the relative strengths and weaknesses of their respective claims and defenses.  Defendants agreed to expedite their production of core relevant documents responsive to Lead Plaintiffs' document requests and provide substantive responses to Lead Plaintiffs' Interrogatories and Requests for Admissions.  Lead Plaintiffs, in turn, agreed to provide Defendants with certain documents relevant to Lead Plaintiffs' claims, including documents produced by colleges, universities, and other institutions of higher learning in response to Freedom of Information Act ("FOIA") requests referenced in the Consolidated Complaint.

18.    Accordingly, Defendant Chegg served its Responses to Lead Plaintiffs' First Set of Requests for Admission on August 28, 2024, and its Responses to Lead Plaintiffs' Second Set of Requests for Admission on August 30, 2024.  In addition, Defendants produced approximately 77,000 pages of documents between July and August 2024.  These productions included internal Chegg documents, including emails from the custodial files of the three Individual Defendants, and detailed subscriber and user engagement data for Chegg's platform.

19.    In May and June 2024, Lead Plaintiffs also commenced extensive discovery of relevant non-parties.  Specifically, Lead Plaintiffs served approximately 51 non-party document subpoenas on: (1) media outlets that reported on Chegg's alleged cheating; (2) Exterro, Inc., an e-discovery and data management support services vendor that Chegg utilized, including in connection with this Action; (3) approximately two dozen colleges, universities, and service academies across the United States; and (4) securities analysts that issued reports on Chegg during the Class Period.  Together, these non-parties produced, and Lead Plaintiffs reviewed, approximately 47,000 pages of documents.

20.    Additionally, as part of the Parties' pre-mediation agreement, Lead Plaintiffs reproduced to Defendants over 40,000 pages of documents that had previously been produced by colleges, universities, and other institutions of higher learning in response to FOIA requests, subpoenas and/or other public records requests made during discovery and Lead Plaintiffs' pre-

suit investigation, including documents referenced in the Consolidated Complaint and the Court's Orders denying Defendants' Motion to Dismiss and Motion for Reconsideration.

21.    In August 2024, the Court granted the Parties' Stipulated Protective Order (as Modified) and the Stipulated Order Re: Discovery of Electronically Stored Information (as Modified).  During the course of document discovery, the Parties conducted numerous meet-and-confers amongst themselves and with non-parties in an effort to narrow or resolve areas of disagreement that arose, and similarly exchanged numerous letters and substantive emails amongst themselves and with non-parties.

22.    On August 2, 2024, the Parties filed a Joint Motion for Initial Case Management Conference informing the Court that the Parties had agreed to private mediation under the oversight of the Hon. Layn Phillips (Fmr.), a highly experienced mediator of complex securities and shareholder litigation.  On September 26, 2024, the Parties and Defendants' directors' and officers' liability insurance carriers (the "D&O Insurers") participated in a full-day, in-person mediation session in San Francisco, California conducted by Judge Phillips and two of his colleagues.  Prior to the mediation, each side submitted comprehensive mediation statements setting forth their respective positions on various legal and factual issues, supported by voluminous exhibits, which included detailed information obtained through the pre-mediation discovery discussed above.  During the mediation, the Parties provided their respective views on, *inter alia*, liability, damages, and Chegg's financial condition and outlook.  After a full day of negotiations, the Parties ultimately accepted Judge Phillips' recommendation to settle Lead Plaintiffs' claims for $55 million in cash.  On that same date, the Parties filed a Joint Case Management Statement to inform the Court that the Parties had participated in mediation and had reached an agreement in principle to settle the Action.

23.    Based on their investigation, discovery, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Settlement, as set forth in the Stipulation, are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of its counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial; (c) Chegg's resources to fund a settlement; and (d) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

24.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties. Defendants have entered into the Stipulation solely to eliminate the uncertainty, distraction, time, burden, and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. The Stipulation and the Settlement also shall not be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiffs of an infirmity in any claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

25.    On December 19, 2024, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, provisionally certified the Settlement Class, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval of the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

26. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> All persons who purchased, or otherwise acquired Chegg common stock between May 5, 2020, and November 1, 2021, inclusive, and who were damaged thereby.

Excluded from the Settlement Class are: (1) Defendants; (2) the Officers or directors of Chegg during the Settlement Class Period; (3) the Immediate Family members of any Defendant or any Officer or director of Chegg during the Settlement Class Period; and (4) any entity that any Defendant owns or controls, or owned or controlled, during the Settlement Class Period. Also excluded from the Settlement Class are those persons who submit valid and timely requests for exclusion in accordance with the Preliminary Approval Order. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?" on page 13 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE AT THE SETTLEMENT WEBSITE, WWW.CHEGGSECURITIESLITIGATION.COM, NO LATER THAN MARCH 31, 2025.**

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

27. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. Lead Plaintiffs and Lead Counsel recognized that Defendants could have raised certain arguments that might have precluded recovery. For example, among other things, Defendants would assert that the statements at issue in the litigation were not materially false or misleading, and that even if they were, they were not made with the requisite state of mind to support the securities fraud claims alleged. Additionally, even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would have been vigorously contested. Lead Plaintiffs would have to prevail at several stages – including class certification, summary judgment and trial, and even if they prevailed on those, they would also need to prevail on the appeals that would likely follow.

28. Moreover, Lead Plaintiffs and Lead Counsel considered Chegg's current financial condition and limited available resources to fund a settlement, including Chegg's finite available D&O insurance policies. Further litigation, given its likely length and intensity, would have rapidly depleted these insurance policies. Thus, had litigation continued, Lead Plaintiffs and Lead Counsel believe there was a very real risk (if not a virtual certainty) that the Settlement Class would have recovered less than the $55 million Settlement Amount, or nothing at all.

29. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $55,000,000.00 in cash (less the deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after class certification, summary judgment, trial, and appeals, possibly years in the future.

30. Defendants have denied each and all the claims and contentions asserted against them in the Action and deny having engaged in any wrongdoing or violation of law whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

**WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?**

31.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at class certification, summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.  Furthermore, even if Lead Plaintiffs successfully continued litigation (including at summary judgment, at trial, or on appeal), given Chegg's limited available resources to fund any such recovery, there was a very real risk (if not a virtual certainty) that the Settlement Class would recover less than the $55 million settlement amount, or nothing at all.

**HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
BY THE ACTION AND THE SETTLEMENT?**

32.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.  For more information, please consult "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

33.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?" below.

34.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may make your objection by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

35.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against the Defendant Releasees (as defined below) and will provide that, upon the Effective Date of the Settlement, Plaintiff Releasees (as defined in paragraph 42 below), shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in paragraph 36 below) against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Plaintiffs' Claims against any of the Defendant Releasees.

36.    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, liability, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory, or common law or any other law, rule, or regulation, (including the law of any jurisdiction outside the United States), that were or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, against Defendant Releasees by Lead Plaintiffs or any member of the Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacity as such, which arise out of, are based upon, or relate in any way to the factual predicate of the Action, including, but not limited to, (i) any of the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, set forth, alleged, or referred to in the Action; and (ii) all claims that arise out of, are based upon, or relate in any way to the purchase, acquisition, holding, sale, or disposition of any Chegg securities during the Settlement Class Period.  "Released Plaintiffs' Claims" shall not include any claims to enforce this Settlement or Excluded Claims.

37.    "Defendant Releasees" means each and all Defendants, Defendants' Counsel, the D&O Insurers, and their respective Related Persons.

38.    "Related Persons" means (i) with respect to Defendants, Defendants' Counsel, and the D&O Insurers, each of their

respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, reinsurers, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) with respect to the Individual Defendants, their respective spouses, Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present Officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers, and reinsurers.

39. "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its decision(s) with respect to this Settlement including, but not limited to, whether or not to object to this Settlement or to the release of any Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Releasees acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but they are, notwithstanding this potential, entering into the Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in this Action. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

40. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendant Releasees shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 41 below) against the Plaintiff Releasees (as defined in paragraph 42 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This release shall not apply to any Excluded Claim.

41. "Released Defendants' Claims" means all claims, demands, losses, rights, liability, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether known or unknown, or based on federal, state, local, statutory, or common law or any other law, rule, or regulation (including the law of any jurisdiction outside the United States), that were or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, against Plaintiff Releasees by Defendants or any member of Defendant Releasees, or their successors, assigns, executors, administrators, representatives, attorneys, and agents in their capacity as such, which arise out of, relate to, or are based upon, the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement and any Excluded Claims.

42. "Plaintiff Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, Plaintiffs' Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

43. The Judgment will also provide that, upon the Effective Date, as allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

44. The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendant Releasees, without costs to any Party, except for the payments expressly provided for in the Stipulation.

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

45. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class, and you must timely complete and return the Claim Form with adequate supporting documentation postmarked or submitted online no later than March 31, 2025. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.CheggSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-884-2550. Please retain all records of your ownership of and transactions in Chegg securities, as they may be needed to document your Claim. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

**HOW MUCH WILL MY PAYMENT BE?**

46. At this time, it is not possible to make a determination as to how much any individual Settlement Class Member may receive from the Settlement.

47. Pursuant to the Settlement, Defendants have agreed to cause the D&O Insurers to pay fifty-five million dollars ($55,000,000.00) in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any and all interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; (c) any attorneys' fees and Litigation Expenses awarded by the Court; and (d) other Court-approved deductions) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

48. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

49. No Defendant Releasee or any person or entity that paid any portion of the Settlement Amount on Defendants' behalf are entitled to reclaim any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation. In no instance shall any Defendant Releasee be required to pay any amount other than as expressly provided for in the Stipulation.

50. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

51. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or submitted online at the Settlement website, www.CheggSecuritiesLitigation.com, on or before March 31, 2025, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 36 above) against the Defendant Releasees (as defined in paragraph 37 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

52. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Chegg shares held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.

53. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

54. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

55. Only Settlement Class Members, *i.e.*, persons who purchased or acquired Chegg common stock during the Settlement Class Period, will be potentially eligible to share in the distribution of the Net Settlement Fund. Persons that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Only shares of Chegg common stock are included in the Settlement.

## PROPOSED PLAN OF ALLOCATION

56. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing set forth in the Consolidated Complaint. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

57. The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged false and misleading statements and material omissions proximately caused the price of Chegg common stock to be artificially inflated throughout the Class Period. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Chegg common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

58. To have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Chegg common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between May 5, 2020, and November 1, 2021, inclusive, which had the effect of artificially inflating the price of Chegg common stock. Lead Plaintiffs further allege that corrective information was released to the market on November 1, 2021 (after market close), which removed the artificial inflation from the price of Chegg common stock on November 2, 2021.

59. Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Chegg common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price. Accordingly, to have a Recognized Loss under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired Chegg common stock during the Class Period must have held those shares through at least November 1, 2021.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

60. Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of publicly traded Chegg common stock that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

61. For each share of publicly traded Chegg common stock purchased or otherwise acquired during the Class Period (*i.e.*, during the period from May 5, 2020 through and including the close of trading on November 1, 2021), and:

    i. Sold before November 2, 2021, the Recognized Loss Amount will be $0.00.

    ii. Sold from November 2, 2021 through and including the close of trading on January 28, 2022, the Recognized Loss Amount will be ***the least of:*** (i) $28.19, the amount of artificial inflation per share on the date of purchase/acquisition; (ii) the purchase/acquisition price minus the average closing price between November 2, 2021 and the date of sale as stated in Table A below; or (iii) the purchase/acquisition price minus the sale price.

iii. Held as of the close of trading on January 28, 2022, the Recognized Loss Amount will be ***the lesser of:*** (i) $28.19, the amount of artificial inflation per share on the date of purchase/acquisition; or (ii) the purchase/acquisition price minus $28.53.[2]

**ADDITIONAL PROVISIONS**

62. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Chegg common stock.

63. **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of Chegg common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

64. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Chegg common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Chegg common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Chegg common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall such receipt or grant be deemed an assignment of any claim relating to the purchase, acquisition, or sale of Chegg common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Chegg common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Chegg common stock.

65. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Chegg common stock. The date of a "short sale" is deemed to be the date of sale of the Chegg common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

66. In the event that a Claimant has an opening short position in Chegg common stock, the earliest purchases or acquisitions of Chegg common stock during the Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

67. **Common Stock Purchased/Sold Through the Exercise of Options**: With respect to Chegg common stock purchased/sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

68. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

69. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

70. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

---

[2] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Chegg common stock during the "90-day look-back period," November 2, 2021 through and including January 28, 2022. The mean (average) closing price for Chegg common stock during this 90-day look-back period was $28.53.

71. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund at least six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to Investor Protection Trust, if approved by the Court, or another non-sectarian, not-for-profit, 501(c)(3) organization(s), to be approved by the Court.

72. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiff Releasees or Defendant Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, the Defendants and their respective counsel, and all other Defendant Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes, or any losses incurred in connection therewith.

73. The Plan of Allocation stated herein is the plan being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.CheggSecuritiesLitigation.com.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?**
**HOW WILL THE LAWYERS BE PAID?**

74. Lead Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Plaintiffs will apply to the Court for an award of attorneys' fees for Lead Counsel in an amount not to exceed twenty-five percent (25%) of the Settlement Fund, or $13,750,000, plus interest. It is estimated that such an award would equate to a lodestar multiplier of approximately 1.6. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $490,000, including reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $20,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?**
**HOW DO I EXCLUDE MYSELF?**

75. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to: Exclusions, Chegg Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173001 Milwaukee, WI 53217. The exclusion request must be received no later than March 27, 2025. You will not be able to exclude yourself from the Settlement Class after that date. Each request for exclusion must (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Leventhal v. Chegg, Inc., et al.*, Case No. 5:21-cv-09953 (N.D. Cal.)"; (c) state the number of Chegg shares of common stock that the person or entity requesting exclusion purchased or acquired and sold during the Settlement Class Period, as well as the dates and prices of

each such purchase or acquisition and sale, and the number of shares held at the beginning of the Settlement Class Period; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

76. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have a pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees.

77. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

78. Chegg has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Chegg, as set forth in a confidential Supplemental Agreement.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

79. Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.

80. The Settlement Hearing will be held on April 24, 2025 at 10:00 a.m., before the Honorable P. Casey Pitts at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, Courtroom 8, 4th Floor, 280 South First Street, San Jose, California, 95113. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the members of the Settlement Class.

81. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. In other words, you can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.

82. Any objection to the proposed Settlement must be in writing. All written objections and supporting papers must clearly identify the case name and number, *Leventhal v. Chegg, Inc., et al.*, Case No. 5:21-cv-09953 (N.D. Cal.). All written objections and supporting papers must be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California, or by mailing them to the address set forth below, such that they are filed or postmarked on or before March 27, 2025. If you object, you must file a Claim Form, as described in paragraph 45 above, to receive your share of the Settlement Fund, but you do not need to file a Claim Form to object.

<u>Clerk's Office</u>

Class Action Clerk
United States District Court
Robert F. Peckham Federal Building &
United States Courthouse
280 South First Street
San Jose, California 95113

83. Any objection (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Chegg common stock that the objecting Settlement Class Member purchased/acquired and sold during the Settlement Class Period (i.e., between May 5, 2020, and November 1, 2021, inclusive, as well as the dates and prices of each such purchase/acquisition and sale, and the number of securities held at the beginning of the Settlement Class Period). You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

84. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

85. If you wish to be heard orally at the hearing to oppose the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office on or before March 27, 2025. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

86. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney, and that attorney must file a notice of appearance with the Court on or before March 27, 2025, as set forth in Paragraph 85 above.

87. The Court may adjourn the Settlement Hearing or any adjournment thereof without further written notice of any kind to the Settlement Class. Settlement Class Members should check the Court's PACER site (defined in Paragraph 90 below) or the Settlement website at **www.CheggSecuritiesLitigation.com**. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing, or updates regarding in-person, telephonic, or video conference appearances at the hearing, will also be posted to the Settlement website.

88. Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner **described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

89. If you purchased or otherwise acquired Chegg securities during the Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient **copies** of the Postcard Notice to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Chegg Securities Litigation*, c/o A.B. Data, P.O. Box 173024 Milwaukee, WI 53217, info@CheggSecuritiesLitigation.com. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notices to the beneficial owners. Upon full compliance with these directions, such nominees may obtain reimbursement of their reasonable expenses incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement of costs shall be resolved by the Court. Copies of the Postcard Notice, this Notice, and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.CheggSecuritiesLitigation.com, or by calling the Claims Administrator toll-free at 1-**877-884-2550.**

**CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS?**

90.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or by visiting the Office of the Clerk, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, San Jose, California, 95113, or any other location of the United States District Court for the Northern District of California, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.CheggSecuritiesLitigation.com.

Inquiries, other than requests for the Notice and Claim Form, should be directed to:

*Chegg Securities Litigation*
c/o A.B. Data
P.O. Box 173024
Milwaukee, WI 53217
www.CheggSecuritiesLitigation.com
info@CheggSecuritiesLitigation.com

and/or

MOTLEY RICE LLC
Christopher F. Moriarty. Esq.
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
infocheggsettlement@motleyrice.com

SAXENA WHITE P.A.
David R. Kaplan, Esq.
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
settlements@saxenawhite.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: December 19, 2024                              By Order of the Court
                                                      United States District Court
                                                      Northern District of California

**TABLE A**

**90-Day Look-back Table for Chegg Common Stock**
**Closing Price and Average Closing Price**
**November 2, 2021 through January 28, 2022**

| Date | Closing Price | Average Closing Price between November 2, 2021 and Date Shown | | Date | Closing Price | Average Closing Price between November 2, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 11/2/2021 | $32.12 | $32.12 | | 12/16/2021 | $27.69 | $28.50 |
| 11/3/2021 | $34.08 | $33.10 | | 12/17/2021 | $29.46 | $28.53 |
| 11/4/2021 | $31.63 | $32.61 | | 12/20/2021 | $29.66 | $28.56 |
| 11/5/2021 | $30.64 | $32.12 | | 12/21/2021 | $30.40 | $28.61 |
| 11/8/2021 | $30.78 | $31.85 | | 12/22/2021 | $30.36 | $28.66 |
| 11/9/2021 | $30.05 | $31.55 | | 12/23/2021 | $30.55 | $28.71 |
| 11/10/2021 | $30.15 | $31.35 | | 12/27/2021 | $30.28 | $28.75 |
| 11/11/2021 | $29.64 | $31.14 | | 12/28/2021 | $29.39 | $28.77 |
| 11/12/2021 | $29.42 | $30.95 | | 12/29/2021 | $29.28 | $28.78 |
| 11/15/2021 | $29.31 | $30.78 | | 12/30/2021 | $30.52 | $28.82 |
| 11/16/2021 | $29.69 | $30.68 | | 12/31/2021 | $30.70 | $28.87 |
| 11/17/2021 | $28.60 | $30.51 | | 1/3/2022 | $31.12 | $28.92 |
| 11/18/2021 | $27.06 | $30.24 | | 1/4/2022 | $29.66 | $28.94 |
| 11/19/2021 | $26.53 | $29.98 | | 1/5/2022 | $28.99 | $28.94 |
| 11/22/2021 | $25.54 | $29.68 | | 1/6/2022 | $29.49 | $28.95 |
| 11/23/2021 | $25.02 | $29.39 | | 1/7/2022 | $29.55 | $28.96 |
| 11/24/2021 | $25.25 | $29.15 | | 1/10/2022 | $29.28 | $28.97 |
| 11/26/2021 | $24.99 | $28.92 | | 1/11/2022 | $29.59 | $28.98 |
| 11/29/2021 | $25.70 | $28.75 | | 1/12/2022 | $29.03 | $28.98 |
| 11/30/2021 | $27.85 | $28.70 | | 1/13/2022 | $29.19 | $28.99 |
| 12/1/2021 | $27.44 | $28.64 | | 1/14/2022 | $28.94 | $28.99 |
| 12/2/2021 | $28.95 | $28.66 | | 1/18/2022 | $27.51 | $28.96 |
| 12/3/2021 | $28.56 | $28.65 | | 1/19/2022 | $27.79 | $28.94 |
| 12/6/2021 | $29.43 | $28.68 | | 1/20/2022 | $26.84 | $28.90 |
| 12/7/2021 | $28.19 | $28.66 | | 1/21/2022 | $26.21 | $28.85 |
| 12/8/2021 | $28.71 | $28.67 | | 1/24/2022 | $26.65 | $28.81 |
| 12/9/2021 | $28.00 | $28.64 | | 1/25/2022 | $25.23 | $28.75 |
| 12/10/2021 | $27.57 | $28.60 | | 1/26/2022 | $24.36 | $28.68 |
| 12/13/2021 | $27.92 | $28.58 | | 1/27/2022 | $24.13 | $28.60 |
| 12/14/2021 | $27.47 | $28.54 | | 1/28/2022 | $24.37 | $28.53 |
| 12/15/2021 | $27.89 | $28.52 | | | | |

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | No. 5:21-cv-09953-PCP |

**PROOF OF CLAIM AND RELEASE**

## I. GENERAL INSTRUCTIONS

1. To recover as a member of the Settlement Class based on your claim in the action entitled *Leventhal v. Chegg, Inc., et al.,* No. 5:21-cv-09953 (N.D. Cal.) (the "Action"), you must complete and, on page 5 below, sign this Proof of Claim and Release form ("Claim Form").[1] If you fail to submit a timely and properly addressed (as explained in paragraph 3 of this section) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement of the Action.

3. **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.CHEGGSECURITIESLITIGATION.COM NO LATER THAN MARCH 31, 2025, OR, IF MAILED, BE POSTMARKED NO LATER THAN MARCH 31, 2025, ADDRESSED AS FOLLOWS**:

Chegg Securities Litigation
c/o A.B. Data, Ltd.
P.O. Box 173024
Milwaukee, WI 53217
www.CheggSecuritiesLitigation.com

4. Do not mail or deliver your Claim Form to the Court, the Parties to this Action, or their counsel. Submit your Claim Form only to the Claims Administrator.

5. If you are a member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided for therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II. CLAIMANT IDENTIFICATION

1. If you purchased or otherwise acquired common stock of Chegg, Inc. ("Chegg") between May 5, 2020, and November 1, 2021, inclusive (the "Settlement Class Period"), and were allegedly damaged thereby, and held the common stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired Chegg common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner, and the third party is the record owner.

[1] All capitalized terms used herein that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement ("Stipulation" or "Settlement Agreement").

2. Use **Part I** of this form entitled "Claimant Information" to identify each beneficial owner of Chegg common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3. All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons they represent and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III. IDENTIFICATION OF TRANSACTIONS**

1. Use **Part II** of this form entitled "Schedule of Transactions in Chegg Common Stock" to supply all required details of your transaction(s) in Chegg common stock. If you need more space or additional schedules, attach separate sheets giving all the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all the requested information with respect to your holdings, purchases, acquisitions, and sales of Chegg common stock, whether or not the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Chegg common stock. The date of a "short sale" is deemed to be the date of sale of the Chegg common stock.

4. Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN CHEGG COMMON STOCK.**

5. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants with large numbers of transactions using the electronic filing format, MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 884-2550 to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I: CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name:

Co-Beneficial Owner's Name:

Entity Name (if claimant is not an individual):

Representative or Custodian Name (if different from Benefical Owner(s) listed above):

Address 1 (street name and number):

Address 2 (apartment, unit, or box number):

City State Zip Code/Province Code Country

Social Security Number (Last four digits only) or Taxpayer Identification Number (last four digits):

Telephone Number (Home): Telephone Number (Cell):

Email Address:

Account Number (if filing for multiple accounts, file a separate Claim Form for each account):

Claimant Account Type (check appropriate box):

- Individual (includes joint owner accounts) ☐
- Corporation ☐
- IRA/401k ☐
- Pension Plan ☐
- Estate ☐
- Trust ☐

Other__________________________ (please specify)

**PART II: SCHEDULE OF TRANSACTIONS IN CHEGG COMMON STOCK**

**1. HOLDINGS AS OF MAY 5, 2020** – State the total number of Publicly-Traded Chegg Common Stock held as of the opening of trading on May 5, 2020. (Must be documented.) If none, write "zero" or "0."

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list every purchase/acquisition of publicly-traded Chegg common stock from after the opening of trading on May 5, 2020, through November 1, 2021. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of publicly-traded Chegg common stock purchased/acquired between November 2, 2021, and January 28, 2022, inclusive. (Must be documented.)

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each sale/disposition of publicly-traded Chegg common stock from after the opening of trading on May 5, 2020, through and including the close of trading on January 28, 2022. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**5. END HOLDINGS** – State the total number of shares of publicly-traded Chegg common stock held as of the close of trading on January 28, 2022. If none, write "zero" or "0." (Must be documented.)

## III. SUBMISSION TO JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s), or the person(s) acting on behalf of the claimant(s), certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of the Net Settlement Fund described in the Stipulation or any other plan of allocation approved by the Court. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein and in the Stipulation. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Chegg common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Chegg common stock during the Class Period and know of no other person having done so on my (our) behalf.

## IV. RELEASES, WARRANTIES, AND CERTIFICATION

1. I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Stipulation, that I am (we are) not excluded from the Settlement Class, and that I am (we are) not one of the "Defendant Releasees" as defined in the Stipulation.

2. As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to all the Defendant Releasees (as these terms are defined in the Stipulation). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4. I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation.

5. I (We) hereby warrant and represent that I (we) have included information about all my (our) purchases, acquisitions, and sales of Chegg common stock that occurred during the Settlement Class Period and the number of shares held by me (us), to the extent requested.

6. I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

7. I (We) acknowledge that I (We) will be bound by and subject to the term of any Judgment that may be entered in the Action; and

8. I (We) waive the right to trial by jury, to the extent it exists, and agree to any determination made by the Court regarding the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

I declare under penalty of perjury under the laws of the United States of America that all the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this ______ day of ______________________ in ______________________, ______________________.
(Month / Year) (City) (State/Country)

________________________________________ ________________________________________
Signature of Claimant Signature of Joint Claimant, if any

________________________________________ ________________________________________
Print Name of Claimant Print Name of Joint Claimant, if any

________________________________________
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1.   Please sign this Claim Form.

2.   DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.   Attach only copies of supporting documentation as these documents will not be returned to you.

4.   Keep a copy of your Claim Form for your records.

5.   If you change addresses after submitting this Claim Form, please notify the Claims Administrator of the change in your address; otherwise, you may not receive additional notices or payment.

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,

Defendants.

Case No. 5:21-cv-09953-PCP

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons who purchased or acquired Chegg, Inc. ("Chegg" or the "Company") common stock between May 5, 2020, and November 1, 2021, inclusive (the "Settlement Class Period"). You may be a member of the Settlement Class. If you do not wish to be a part of the Settlement Class, you must respond to this Notice with a written request for exclusion (see below). You may be eligible to share in the proceeds of the Settlement, but you must submit a Claim Form to participate in the Settlement (see below).**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. YOU MAY BE ENTITLED TO A CASH AWARD. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"), that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Court-appointed Lead Plaintiffs on behalf of themselves and the Court-certified Settlement Class in the Action, have reached a proposed settlement of the Action for fifty-five million dollars ($55,000,000.00) in cash (the "Settlement"), that, if approved by the Court, will resolve all claims in the Action.

A hearing will be held on April 24, 2025 at 10:00 a.m., before the Honorable P. Casey Pitts at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, Courtroom 8, 4th Floor, 280 South First Street, San Jose, CA 95113, to determine, among other things, whether: (i) the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) the Judgment as provided under the Stipulation and Agreement of Settlement dated November 5, 2024 (the "Stipulation") should be entered dismissing the Action with prejudice against the Defendant Releasees; (iii) the proposed Plan of Allocation should be approved by the Court as fair and reasonable; (iv) Lead Plaintiffs' application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved. The capitalized terms herein shall have the same meaning as they have in the Stipulation.[1]

The Court may adjourn the Settlement Hearing or any adjournment thereof without further written notice of any kind to the Settlement Class. Settlement Class Members should check the Court's PACER site (defined below) or the Settlement website, www.CheggSecuritiesLitigation.com. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person, telephonic, or video conference appearances at the hearing, will also be posted to the Settlement website.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice or Claim Form, you may obtain copies of these documents by visiting the Settlement website at www.CheggSecuritiesLitigation.com or by contacting the Claims Administrator at:

*CHEGG SECURITIES LITIGATION*
c/o A.B. Data, Ltd.
P.O. Box 173024
Milwaukee, WI 53217
(877) 884-2550
www.CheggSecuritiesLitigation.com
info@CheggSecuritiesLitigation.com

Copies of the Notice and the Claim Form are also available by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the Office of the Clerk of Court, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, San Jose, CA 95113, or any other location of the Northern District of California between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

Inquiries, other than requests for the Notice or a Claim Form or for information about the status of a claim, may be made to Lead Counsel:

MOTLEY RICE LLC
Christopher F. Moriarty, Esq.
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
infocheggsettlement@motleyrice.com

SAXENA WHITE P.A.
David R. Kaplan, Esq.
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
settlements@saxenawhite.com

If you are a member of the Settlement Class, to potentially be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked or completed online* **no later than March 31, 2025**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion that is *received* **no later than March 27, 2025,** in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections[2] to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for attorneys' fees and reimbursement of litigation expenses must be in writing, signed, and filed or postmarked to the Court **no later than March 27, 2025**, in accordance with the instructions in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE, THE PROPOSED SETTLEMENT, OR THE CLAIMS PROCESS.** All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.

Dated: December 19, 2024

By Order of the Court
United States District Court
Northern District of California

[1] The Stipulation can be viewed and/or obtained at www.CheggSecuritiesLitigation.com, PACER, visiting the office of the Clerk of the Court, or by contacting the Claims Administrator or Lead Counsel as described herein. For the precise terms of the Settlement, please see the Stipulation.

[2] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or deny the Settlement and cannot change the terms. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must clearly identify the case name and number (*Leventhal v. Chegg, Inc., et al.*, Case No. 5:21-cv-09953-PCP), and include all information required by the Court as detailed in the Notice.

©2025 Investor's Business Daily, LLC. All rights reserved.

# EXHIBIT E

# Saxena White P.A. and Motley Rice LLC Announce a Proposed Settlement in the Chegg, Inc. Securities Litigation

SHARE THIS ARTICLE

NEWS PROVIDED BY
**Saxena White P.A. and Motley Rice LLC**
Jan 06, 2025, 12:00 ET

SOLANA BEACH, Calif., Jan. 6, 2025 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No. 5:21-cv-09953-PCP |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons who purchased or acquired Chegg, Inc. ("Chegg" or the "Company") common stock between May 5, 2020, and November 1, 2021, inclusive (the "Settlement Class Period"). You may be a member of the Settlement Class. If you do not wish to be a part of the Settlement Class, you must respond to this Notice with a written request for exclusion (see below). You may be eligible to share in the proceeds of the Settlement, but you must submit a Claim Form to participate in the Settlement (see below).**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. YOU MAY BE ENTITLED TO A CASH AWARD. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California (the "Court"), that the above-captioned litigation (the "Action") has been certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement and Plan of Allocation; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that the Court-appointed Lead Plaintiffs on behalf of themselves and the Court-certified Settlement Class in the Action, have reached a proposed settlement of the Action for fifty-five million dollars ($55,000,000.00) in cash (the "Settlement"), that, if approved by the Court, will resolve all claims in the Action.

A hearing will be held on April 24, 2025 at 10:00 a.m., before the Honorable P. Casey Pitts at the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, Courtroom 8, 4th Floor, 280 South First Street, San Jose, CA 95113, to determine, among other things, whether: (i) the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) the Judgment as provided under the Stipulation and Agreement of Settlement dated November 5, 2024 (the "Stipulation") should be entered dismissing the Action with prejudice against the Defendant Releasees; (iii) the proposed Plan of Allocation should be approved by the Court as fair and reasonable; (iv) Lead Plaintiffs' application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved. The capitalized terms herein shall have the same meaning as they have in the Stipulation.[1]

The Court may adjourn the Settlement Hearing or any adjournment thereof without further written notice of any kind to the Settlement Class. Settlement Class Members should check the Court's PACER site (defined below) or the Settlement website, **www.CheggSecuritiesLitigation.com**. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person, telephonic, or video conference appearances at the hearing, will also be posted to the Settlement website.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice or Claim Form, you may obtain copies of these documents by visiting the Settlement website at **www.CheggSecuritiesLitigation.com** or by contacting the Claims Administrator at:

*CHEGG SECURITIES LITIGATION*
c/o A.B. Data, Ltd.
P.O. Box 173024
Milwaukee, WI 53217
(877) 884-2550
**www.CheggSecuritiesLitigation.com**
**info@CheggSecuritiesLitigation.com**

Copies of the Notice and the Claim Form are also available by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at **https://ecf.cand.uscourts.gov**, or by visiting the Office of the Clerk of Court, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South First Street, San Jose, CA 95113, or any other location of the Northern District of California between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

Inquiries, other than requests for the Notice or a Claim Form or for information about the status of a claim, may be made to Lead Counsel:

MOTLEY RICE LLC
Christopher F. Moriarty, Esq.
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
**infocheggsettlement@motleyrice.com**

SAXENA WHITE P.A.
David R. Kaplan, Esq.
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
**settlements@saxenawhite.com**

If you are a member of the Settlement Class, to potentially be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked or completed online* **no later than March 31, 2025.** If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion that is *received* **no later than March 27, 2025,** in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections[2] to the proposed Settlement, the proposed Plan of Allocation, or Lead Plaintiffs' motion for attorneys' fees and reimbursement of litigation expenses must be in writing, signed, and filed or postmarked to the Court **no later than March 27, 2025**, in accordance with the instructions in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE, THE PROPOSED SETTLEMENT, OR THE CLAIMS PROCESS.** All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.

Dated: December 19, 2024

By Order of the Court
United States District Court
Northern District of California

---

[1] The Stipulation can be viewed and/or obtained at www.CheggSecuritiesLitigation.com, PACER, visiting the office of the Clerk of the Court, or by contacting the Claims Administrator or Lead Counsel as described herein. For the precise terms of the Settlement, please see the Stipulation.

[2] You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or deny the Settlement and cannot change the terms. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must clearly identify the case name and number (*Leventhal v. Chegg, Inc., et al.*, Case No. 5:21-cv-09953-PCP), and include all information required by the Court as detailed in the Notice.

SOURCE Saxena White P.A. and Motley Rice LLC

WANT YOUR COMPANY'S NEWS
FEATURED ON PRNEWSWIRE.COM?

440k+
Newsrooms &
Influencers

9k+
Digital Media
Outlets

270k+
Journalists
Opted In

GET STARTED

Contact PR Newswire

Call PR Newswire at 888-776-0942
from 8 AM - 9 PM ET

Chat with an Expert

Products

For Marketers
For Public Relations
For IR & Compliance
For Agency

About

About PR Newswire
About Cision
Become a Publishing Partner
Become a Channel Partner

My Services

All New Releases
Online Member Center
ProfNet

Contact Us

For Small Business
All Products

Careers
Accessibility Statement
Global Sites

Do not sell or share my personal information:

- Submit via Privacy@cision.con
- Call Privacy toll-free: 877-29