**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Sante Fe Dr., Suite #180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (585) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Settlement Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHEGG, INC., DANIEL L. ROSENWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ, <br><br> Defendants. | Case No. 5:21-cv-09953-PCP <br><br> **CLASS ACTION** <br><br> [PROPOSED] ORDER AWARDING ATTORNEYS' FEES, EXPENSES, AND AWARDS TO CLASS REPRESENTATIVES PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

THIS MATTER having come before the Court on April 24, 2025, on Lead Counsel's motion for an award of attorneys' fees, expenses, and awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (ECF No. 194) in the above-captioned action (the "Litigation"); the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated November 5, 2024 (the "Stipulation").  ECF 189-2.

2. This Court has jurisdiction over the subject matter of this Litigation and all matters relating hereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 25% of the Settlement Amount, plus expenses in the amount of $261,602.23, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate, fair, and, reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class.

5.    The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein.

6.    In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

a.    the Settlement has created a fund of $55,000,000 in cash that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, valid Claim Forms will benefit from the Settlement created by Class Counsel;

b.    over 93,000 copies of the Notice were disseminated to potential Settlement Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $490,000, plus interest thereon, and no objections to the fees or expenses were filed by Settlement Class Members;

c.    Lead Counsel have pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

d.    Lead Counsel have expended substantial time and effort pursuing the Litigation on behalf of the Class;

e.    Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

f.    the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

g.    had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

h.    Plaintiffs' Counsel have devoted over 13,110 hours, with a lodestar value of $9,811,027.75 to achieve the Settlement;

i.      Lead Plaintiffs approved the amount of attorneys' fees awarded as fair and reasonable; and

j.      the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Lead Plaintiffs KBC Asset Management NV $3,500 and Pompano Beach Police and Firefighters' Retirement System $1,400 for their time and expenses representing the Class.

8.      Any appeal or challenge affecting the Court's approval regarding any attorneys' fees and expenses shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9.      The Court retains exclusive jurisdiction over the parties and Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10.     In the event the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.     There is no just reason to delay the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: _____        _____

                                      THE HONORABLE P. CASEY PITTS

                                      UNITED STATES DISTRICT JUDGE