**Appendix A**

**10(b) Securities Class Action Settlements in**
**California Federal District Courts from 2020-2024**

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| 1. | *In Re TerraVia Holdings, Inc.*, 3:16cv6633<br><br>N.D. Cal. | **Yes**<br><br>"Subject to the terms of this Stipulation, Defendants (or their successors) shall cause TerraVia's **insurance carriers** to pay the Settlement Amount of $2,500,000.00 (Two Million Five Hundred Thousand Dollars and Zero Cents) . . ." (Dkt. 101 at 10.)[1] |
| 2. | *In Re HP Inc. Securities Litigation*, 3:20cv1260<br><br>N.D. Cal. | **Yes**<br><br>"The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' **insurance carriers**) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever. . ." (Dkt. 118-1 at 15.) |
| 3. | *Huang et al. v. Assertio Therapeutics, Inc. et al.*, 4:17cv4830<br><br>N.D. Cal. | **Yes**<br><br>"Under no circumstances will Defendants or any of their **insurers** be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever. . ." (Dkt. 117-2 at 15.) |
| 4. | *In Re Aqua Metals, Inc. Securities Litigation*, 4:17cv7142<br><br>N.D. Cal. | **Yes**<br><br>"'Settlement Fund' means the sum of seven million dollars ($7,000,000), which includes six million and five hundred thousand dollars ($6,500,000) in cash to be funded by Aqua Metals' **D&O insurance carriers** and five hundred thousand ($500,000) in Aqua Metals common stock or cash, at Aqua Metals' sole option." (Dkt. 166-1 at 13.) |
| 5. | *Smith v. Netapp, Inc. et al.*, 4:19cv4801<br><br>N.D. Cal. | **Yes**<br><br>"Within twenty-one (21) calendar days after the later of (i) entry of an order granting preliminary approval of the Settlement, and (ii) Defendants' Counsel's receipt of a W-9 and complete wire and transfer instructions for the Escrow Account, Defendants and/or its **Insurer** shall cause to be |

---

[1] All "Dkt. _" references are to the motion for approval of settlement and/or the stipulation of settlement filed on each case's docket.

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | | wired to the Escrow Agent the Settlement Amount ($2,250,000, Two Million Two Hundred Fifty Thousand Dollars) to be deposited into the Settlement Fund." (Dkt. 66-1 at 11-12.) |
| 6. | *Vataj v. Johnson et al.*, 4:19cv6996<br><br>N.D. Cal. | **Yes**<br><br>"[T]he funds will not revert to any defendant or their **insurer** under any circumstances." (Dkt. 116 at 18.)<br><br>"Defendants and their **insurance carriers** shall have no responsibility or liability for the allocation of any Attorneys' Fees or Expenses among any counsel or to any other person or any obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon. Except as contemplated by this Section, this Stipulation will provide that the Parties will otherwise bear their own costs and expenses." (Dkt. 98 at 22.) |
| 7. | *Zaidi v. Adamas Pharmaceuticals, Inc. et al.*, 4:19cv8051<br><br>N.D. Cal. | **Yes**<br><br>"In consideration of the settlement of the Released Plaintiff's Claims against Defendant and the other Defendant's Releasees, Defendant's D&O liability insurers ("**D&O Insurers**") and/or Adamas shall pay or cause to be paid, on behalf of Defendant, the Settlement Amount into the Escrow Account" (Dkt. 124-1 at 15.) |
| 8. | *In Re Finisar Corporation Securities Litigation*, 5:11cv1252<br><br>N.D. Cal. | **Yes**<br><br>Motion for preliminary approval noted that "the Settlement is being paid from a wasting **D&O insurance** policy . . ." (Dkt. 199 at 25.) |
| 9. | *Wong v. Arlo Technologies, Inc. et al.*, 5:19cv372<br><br>N.D. Cal. | **Yes**<br><br>"'Settlement Consideration' means the Settlement Amount that the Arlo Defendants shall pay or cause to be paid into the Escrow Account within fifteen (15) business days of the later of (i) the Court granting preliminary approval of the settlement; or (ii) the receipt by Defendants' counsel of complete payment instructions, including a W-9 form and wire transfer instructions required by certain of the Arlo Defendants' **insurance carriers**." (Dkt. 127-2 at 13.) |
| 10. | *Lu v. Align Technology, Inc. et al.*, 3:18cv6720<br><br>N.D. Cal. | **Yes**<br><br>"In consideration of the full settlement of the claims asserted against Defendants in this Action, Align agrees that it and/or |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
|  |  | its D&O liability insurers ("**D&O Insurers**") shall pay a total of $16,000,000 (SIXTEEN MILLION DOLLARS) in cash." Dkt. 189-2 at 14.) |
| 11. | *Melucci v. Corcept Therapeutics Incorporated et al.*, 3:19cv1372 <br><br> N.D. Cal. | **Yes** <br><br> "'Settlement Fund' means the sum of fourteen million dollars ($14,000,000) in cash to be funded by Corcept's Directors & Officers **insurance carriers**." (Dkt. 195-3 at 13.) |
| 12. | *Hayden v. Portola Pharmaceuticals, Inc. et al.*, 3:20cv367 <br><br> N.D. Cal. | **Yes** <br><br> "Upon the Effective Date, any and all remaining interest or right of the Defendants or the Defendants' **insurers** in or to the Settlement Fund, if any, shall be absolutely and forever extinguished." (Dkt. 231-2 at 28.) |
| 13. | *Hessefort v. Super Micro Computer, Inc. et al.*, 4:18cv838 <br><br> N.D. Cal. | **Yes** <br><br> "At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' Counsel to the party, parties or **insurers** that paid the Settlement Amount." (Dkt. 152-2 at 22.) |
| 14. | *Carbone et al. v. Amyris, Inc. et al.*, 4:19cv1765 <br><br> N.D. Cal. | **Yes** <br><br> "This is not a claims-made settlement and, if all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Defendants or their **insurance carriers**." (Dkt. 112-1 at 24.) <br><br> "Because Defendants' attorneys' fees and costs are paid by the applicable insurance policies, the insurance remaining from these wasting policies would be further reduced were the litigation to continue. In fact, based on discussions with the mediator, it is my understanding that payment of the Settlement will effectively deplete **the remaining available insurance**." (Dkt. 112 at 4.) |
| 15. | *SEB Investment Management AB v. Symantec Corporation et al.*, 3:18cv2902-WHA | **Yes** <br><br> "In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Symantec, on behalf of Defendants, shall pay or |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | N.D. Cal | cause its **insurance carriers** to pay the Settlement Amount into the Escrow Account . . ." (Dkt. 394-1 at 19.) |
| 16. | *Evanston Police Pension Fund v. Mckesson Corporation et al.*, 3:18cv6525<br><br>N.D. Cal | **Yes**<br><br>"Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from Defendants' Counsel to the party, parties or **insurers** that paid the Settlement Amount." (Dkt. 277 at 20.) |
| 17. | *In Re Nutanix, Inc. Securities Litigation*, 3:19cv1651<br><br>N.D. Cal | **Yes**<br><br>"In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded pursuant to ¶¶6.2 and 7.3 and written instructions from Defendants' Counsel to the party, parties or **insurers** that paid the Settlement Amount within thirty (30) calendar days from the date of the notice from Defendants' Counsel pursuant to ¶7.3." (Dkt. 307-2 at 18.) |
| 18. | *The Police Retirement System of St. Louis v. Granite Construction Inc., et al.*, 3:19cv4744<br><br>N.D. Cal. | **Yes**<br><br>"Class Members will receive a settlement amount of $129 million in cash (the "Settlement Amount"), to be paid by Granite and the Defendants' **director and officer liability insurers** within 20 days after entry of an order granting preliminary approval of the Settlement." (Dkt. 176 at 12.) |
| 19. | *Tollen v. Geron Corporation et al.*, 3:20cv547<br><br>N.D. Cal. | **Yes**<br><br>"In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and Defendants' Released Parties specified in ¶¶4-5 above, Defendants and/or their **insurance carriers** shall provide or cause to be provided to the Class the total Settlement Amount of consideration of Twenty-Four Million Dollars ($24,000,000.00) in value comprising |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | | Seventeen Million Dollars ($17,000,000.00) in cash, and Seven Million Dollars ($7,000,000.00) in Settlement Stock and/or cash at Geron's option in the form and manner described below . . ." (Dkt. 247 at 16.) |
| 20. | *Fleming v. Impax Laboratories Inc. et al.*, 4:16cv6557<br><br>N.D. Cal. | **Yes**<br><br>"In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded pursuant to ¶¶6.2 and 7.4 and written instructions from Defendants' Counsel to the party, parties or **insurers** that paid the Settlement Amount within twenty-one (21) days from the date of the notice from counsel for Defendants pursuant to ¶7.4." (Dkt. 110-2 at 15.) |
| 21. | *In Re Apple Inc. Securities Litigation*, 4:19cv2033<br><br>N.D. Cal. | **Yes**<br><br>"The agreement to accept the mediator's proposal included, among other things, the Settling Parties' agreement to settle and release all claims that were asserted or could have been asserted in the Action in return for a cash payment of $490,000,000 to be paid by Apple and/or its **insurers** on behalf of Defendants, for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement between the Settling Parties." (Dkt. 421 at 12.) |
| 22. | *In Re Splunk Inc. Securities Litigation*, 4:20cv8600<br><br>N.D. Cal. | **Yes**<br><br>"The Settlement provides that Splunk will cause to be paid $30 million in cash into an interest bearing escrow account. The Settlement Amount, plus accrued interest, after the deduction of attorneys' fees and Litigation Expenses awarded by the Court, Notice and Administration Costs, and Taxes and related expenses (the "Net Settlement Fund"), will be distributed among Settlement Class Members who submit valid Claim Forms, in accordance with a plan of allocation to be approved by the Court. The Settlement is not a claims-made settlement: if the Settlement is approved, Defendants and their **insurers** will have no right to the return |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | | of any portion of the Settlement Fund based on the number or value of Claims submitted." (Dkt. 117 at 12.) |
| 23. | *Xu v. Fibrogen, Inc., et al.*, 3:21cv2623 N.D. Cal. | **Yes** "Pursuant to the Settlement, Defendants have agreed to cause the **D&O Insurers** to pay twenty-eight million five hundred thousand dollars ($28,500,000.00) in cash." (Dkt. 236 at 70.) |
| 24. | *Purple Mountain Tr. v. Wells Fargo & Co.*, 3:18-cv-03948-JD N.D. Cal. | **Yes** "In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded pursuant to ¶¶6.2 and 7.3 and written instructions from Defendants' Counsel to the party, parties or **insurers** that paid the Settlement Amount within twenty-one (21) calendar days from the date of the notice from Defendants' Counsel pursuant to ¶7.3." (Dkt. 220-2 at 15-16.) |
| 25. | *In re Okta, Inc. Securities Litigation*, 3:22-cv-02990-SI N.D. Cal. | **Yes** "In full settlement of the claims in the Action against Defendants and in consideration of the releases specified in ¶¶ 3-4, above, all of which the Parties agree are good and valuable consideration, Defendants, shall pay, or cause to be paid, the Settlement Amount into the Escrow Account within twenty (20) business days following (i) the Court granting the motion for preliminary approval of the Settlement and (ii) Class Counsel providing to Defendants' Counsel all information requested by Defendants' Counsel and/or the Defendants' **D&O insurers** to effectuate the payment of the Settlement Amount . . ." (Dkt. 119-2 at 16.) |
| 26. | *Government Employees' Retirement System Of The Virgin Islands et al. v. Wageworks, Inc., et al.*, 4:18cv1523 N.D. Cal. | **Yes** "The Effective Date of the Settlement Agreement shall be the first day after all of the following events occur: (a) The Company or **Defendants' insurers** have timely made their contributions to the Settlement Fund. . ." (Dkt. 167-1 at 24.) |

6

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| 27. | *Abadilla, et al., v. Precigen, Inc.*, 5:20-cv-06936-BLF<br><br>N.D. Cal. | **Yes**<br><br>"The Settlement is non-recapture, i.e. it is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Released Defendant Person, or any other Person or entity who or which paid any portion of the Settlement Amount (including, without limitation, any **Defendants' insurance carriers**), shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever." (Dkt. 128 at 51.) |
| 28. | *In re Vaxart, Inc. Securities Litigation*, 3:20-cv-05949-VC<br><br>N.D. Cal. | **Yes**<br><br>"The Settlement is non-recapture, *i.e.* it is not a claims-made settlement. Upon the occurrence of the Effective Date, no Settling Defendant, Released Defendant Person, or any other Person or entity who or which paid any portion of the Settlement Amount, including, without limitation, **Settling Defendants' insurance carriers**, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever." (Dkt. 224-2 at 18.) |
| 29. | *In Re Biomarin Pharmaceutical Inc. Securities Litigation*, 3:20cv6719<br><br>N.D. Cal. | **Yes**<br><br>"The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including **Defendants' insurance carriers**) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund." (Dkt. 139-1 at 15-16.) |
| 30. | *In re Alphabet Inc. Securities Litigation*, 3:18-cv-06245-TLT<br><br>N.D. Cal. | **Yes**<br><br>"In the event the Settlement is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.8 or 2.9, shall be refunded pursuant to ¶¶6.2 and 7.4 and written instructions from |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | | Defendants' Counsel to any party, parties or **insurers** that paid the Settlement Amount." (Dkt. 222-2 at 17-18.) |
| 31. | *Barney v. Nova Lifestyle, Inc., et al.,* 2:18-cv-10725-TJH-AFM<br><br>C.D. Cal. | **Yes**<br><br>"Within thirty (30) days of the entry of the Preliminary Approval Order and receipt of payment instructions and the W-9, Settling Defendants shall fund the Escrow Account, or cause the Escrow Account to be funded, with the full settlement amount; provided, however, that it is an express condition of Settling Defendants' obligations hereunder that the **Insurers** comply with their commitment to fund the settlement." (Dkt. 74 at 15.)<br><br>"'Insurer(s)' means the entities providing coverage (primary or excess), whether under a reservation of rights, under director and officer liability or other policies which Settling Defendants were or claimed to be covered for the claims asserted in this Action." (Dkt. 74 at 8.) |
| 32. | *Hartmann v. Verb Technology Company, Inc., et al.*, 2:19-cv-05896-GW-MAA<br><br>C.D. Cal. | **Yes**<br><br>"In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties, Defendants shall, within 30 Business Days after (i) receiving written notice that the Court has entered the Preliminary Approval Order; and (ii) receipt by Defendants' counsel of wire instructions for the Escrow Account and a completed Form W-9, pay, or cause its **insurers** to pay for the benefit of the Settlement Class, the Settlement Amount of $640,000 to the Escrow Account." (Dkt. 66-3 at 12.) |
| 33. | *Oh v. Hanmi Financial Corporation, et al.*, 2:20-cv-02844-FLA-JC<br><br>C.D. Cal. | **Yes**<br><br>"This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants. Defendants, their counsel, their **insurers**, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith." (Dkt. 79 at 22.) |
| 34. | *In Re Regulus Therapeutics Inc.* | **Yes** |

8

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | Securities Litigation, 3:17cv182  S.D. Cal. | "[P]ursuant to which Regulus Therapeutics, Inc. ("Regulus"), will cause Defendants' **insurers** to deposit $900,000 in cash into a Settlement Fund in exchange for the dismissal of the Litigation with prejudice and a release of all Released Claims against Defendants and other Released Parties." (Dkt. 38-2 at 77.) |
| 35. | Derr v. Ra Medical Systems, Inc. et al., 3:19cv1079  S.D. Cal. | **Yes**  "In consideration of the settlement of the Released Plaintiffs' Claims against Released Defendants' Parties, Ra Medical and/or its D&O liability insurers ("**D&O Insurers**") shall pay or cause to be paid the Settlement Amount into the Escrow Account within thirty (30) calendar days after the later of: (a) the Court having entered an order preliminarily approving this Settlement . . ." (Dkt. 73-2 at 25.) |
| 36. | Atul Singh Deora v. Nanthealth, Inc. et al., 2:17cv1825  C.D. Cal. | **Yes**  "NantHealth, Inc. shall transfer or cause its **insurers** to transfer the Settlement Amount to the Escrow Account maintained by the Escrow Agent on behalf of Lead Plaintiff and the Classes." (Dkt. 112-1 at 12.) |
| 37. | Cory Longo v. Osi Systems, Inc. et al., 2:17cv8841  C.D. Cal. | **Yes**  "The Settlement is not a 'claims-made' settlement. Upon the occurrence of the Effective Date, neither Defendants nor any other person or entity who or which paid any portion of the Settlement Amount (including Defendants' **insurance carriers**) shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever." (Dkt. 125-4 at 19.) |
| 38. | Houston Municipal Employees Pension System, et al. v. Bofi Holding, Inc., et al., 3:15cv2324  S.D. Cal. | **Yes**  "Under the proposed Settlement, BofI's **insurers** will, on behalf of Defendants, create a $14.1 million cash fund to compensate Class members and in return, release Plaintiff and the Class's claims against Defendants." (Dkt. 370-1 at 6.) |
| 39. | In Re Merit Medical Systems, Inc. Securities Litigation, 8:19cv2326  C.D. Cal. | **Yes**  "In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants and or their **insurer(s)** shall pay or cause to be paid the Settlement Amount." (Dkt. 105-1 at 20.) |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| 40. | *In Re Snap Inc. Securities Litigation*, 2:17cv3679<br><br>C.D. Cal. | **Yes**<br><br>"'State Settlement Fund' means $32,812,500.00 in cash allocated to the State Settlement to be paid by Snap or caused to be paid by the **insurance carriers** of the Snap Defendants, plus any and all interest earned thereon." (Dkt. 368-3 at 17.) |
| 41. | *Leon D. Milbeck v. Truecar, Inc. et al.*, 2:18cv2612<br><br>C.D. Cal. | **Yes**<br><br>"The Settlement provides that Defendants will cause the **D&O Insurers** to pay $28.25 million into the Escrow Account, which amount comprises the Settlement Fund." (Dkt. 171-2 at 14.) |
| 42. | *Matt Karinski v. Stamps.Com, Inc. et al.*, 2:19cv1828<br><br>C.D. Cal. | **Yes**<br><br>"This is not a claims made settlement. Upon the Effective Date, the Released Defendant Parties, including Defendants, **Defendants' insurers**, and/or any other Person funding the Settlement on their behalf, shall have no interest in the Settlement Fund or in the Net Settlement Fund, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should claims made exceed the amount available in the Settlement Fund for payment of such claims." (Dkt. 196 at 30.) |
| 43. | *In Re Mattel Inc Securities Litigation*, 2:19cv10860<br><br>C.D. Cal. | **Yes**<br><br>"There will be no reversion of funds to Defendants or their **insurers** once the Settlement becomes final." (Dkt. 143 at 15.) |
| 44. | *In re Qualcomm Incorporated Securities Litigation*, 3:17cv121<br><br>S.D. Cal. | **Yes**<br><br>"Upon the occurrence of all of the events referenced in ¶ 31 above, any and all remaining interest or right of Defendants or their **insurance carriers** in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective." (Dkt. 428-1 at 25.) |
| 45. | *In Re Banc of California Securities Litigation*, 8:17cv118<br><br>C.D. Cal. | **Yes**<br><br>"In full settlement of the claims asserted in the Litigation against Defendant Banc and in consideration of the releases specified in ¶4 below, all of which the Settling Parties agree are good and valuable consideration, Defendant Banc shall cause its **Director's and Officer's liability insurance carriers** to pay the Settlement Amount." (Dkt. 592 at 13.) |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| 46. | *Dicker v. TuSimple Holdings, Inc., et al.*, 3:22-cv-01300-BEN-MSB<br><br>S.D. Cal. | **Yes**<br><br>"In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.2 herein, TuSimple has paid $174 million of the Settlement Amount into the Escrow Account by wire transfer and the remaining $15 million of the Settlement Amount has been paid by **Defendants' insurance carriers** into the Escrow Account." (Dkt. 233-3 at 19.) |
| 47. | *Baron v. Hyrecar Inc., et al.*, 2:21-cv-06918-FWS-JC<br><br>C.D. Cal. | **Yes**<br><br>"In consideration of the settlement of the Released Plaintiff's Claims against Individual Defendants and the other Released Defendants' Parties, the Individual Defendants shall cause their **D&O Insurers** to pay the Settlement Amount into the Escrow Account . . ." (Dkt. 121-1 at 23.) |
| 48. | *Douglas v. PLDT Inc., et al.*, 2:23-cv-00885-CJC-MAA<br><br>C.D. Cal. | **Yes**<br><br>"At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' Counsel to the party, parties, or **insurers** that paid the Settlement Amount." (Dkt. 54-7 at 29.) |
| 49. | *In re GTT Communications, Inc. Securities Litigation*, 2:21-cv-00270-DOC-AS<br><br>C.D. Cal. | **Yes**<br><br>"In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties, within 21 days after entry of the Preliminary Approval Order (and subject to the Automatic Stay, if applicable), Defendants shall pay, or cause their **insurers** to pay, for the benefit of the Settlement Class, the Settlement Amount of $2,000,000 cash into the Escrow Account . . ." (Dkt. 48 at 12-13.) |
| 50. | *Trampe v. CD Projekt S.A., et al.*, 2:20-cv-11627-FMO-RAO<br><br>C.D. Cal. | **Yes**<br><br>"In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties, within twenty (20) calendar days after entry of the Preliminary Approval Order, Defendants shall pay, or cause their **insurers** to pay, for the benefit of the Settlement Class, the Settlement Amount of $1,850,000 cash into the Escrow Account, provided that Lead Counsel shall have provided |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | | Defendants with complete and accurate payment instructions and a W-9 for the Settlement Fund at least five (5) Business Days before the day of such payment." (Dkt. 66 at 11.) |
| 51. | *In re Yayyo, Inc. Securities Litigation*, 2:20-cv-08235-SVW-AFM<br><br>C.D. Cal. | **Yes**<br><br>"In the event that the Settlement does not become Final, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to Defendant Aegis or its **insurers**." (Dkt. 168-1 at 18.) |
| 52. | *Khoja et al. v. Orexigen Therapeutics, Inc. et al.*, 3:15cv540<br><br>S.D. Cal. | **Yes**<br><br>"'Settlement Amount' means the principal amount of Four-Million Eight Hundred-Thousand Dollars ($4,800,000.00) in cash to be paid pursuant to ¶2.1 of this Stipulation. Defendants and their **insurers** shall not have any obligation whatsoever to pay any amount over and above the principal amount." (Dkt. 142-3 at 11.) |
| 53. | *Lako v. Loandepot, Inc., et al.*, 8:21cv1449<br><br>C.D. Cal. | **Yes**<br><br>"The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' **insurance carriers**) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund. . ." (Dkt. 112 at 17.) |
| 54. | *Hustig v. Obalon Therapeutics, Inc. et al.*, 3:18cv352<br><br>S.D. Cal. | **Yes**<br><br>"Defendants shall pay or shall cause their **insurance carriers** to pay $3,150,000.00 (the Settlement Amount) cash into the Escrow Account." (Dkt. 101-1 at 13.) |
| 55. | *Farrar v. Workhorse Group, Inc. et al.*, 2:21-cv-02072-CJC-PVC<br><br>C.D. Cal. | **Yes**<br><br>"The $15 million in Settlement Cash represents nearly all of Workhorse's remaining **insurance coverage**." (Dkt. 109 at 25.) |
| 56. | *Kuhne v. Gossamer Bio, Inc. et al.*, 3:20cv649<br><br>S.D. Cal. | **Yes**<br><br>"The Gossamer Defendants shall pay or shall cause their **insurance carriers** to pay $2,375,000.00 (the Settlement Amount) cash into the Escrow Account . . ." (Dkt. 66-2 at 15.) |
| 57. | *Roberts v. Zuora, Inc. et al.*, 3:19cv3422 | **Yes** |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | N.D. Cal. | "The Settlement is non-recapture, *i.e.* it is not a claims-made settlement. Upon the occurrence of the Effective Date, none of the Defendants, Released Defendant Persons, or any other Person or entity who or which paid any portion of the Settlement Amount, including, without limitation, **Defendants' insurance carriers**, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever." (Dkt. 272-1 at 19.) |
| 58. | *In re Fat Brands Inc. Securities Litigation*, 2:22-cv-01820-MCS-RAO<br><br>C.D. Cal. | **No**<br><br>"Plaintiffs faced several obstacles if litigation were to continue including Defendants' anticipated motions to dismiss, the availability of proof, Defendants' potential defenses, the risks of prosecuting this litigation through trial, and the real danger that Plaintiffs would not be able to obtain a larger sum if litigation were to continue, **as there were no available insurance funds** and the same Defendants were facing several other competing lawsuits, investigations, and liabilities." (Dkt. 55 at 10.) |
| 59. | *Kendall v. Odonate Therapeutics, Inc. et al.*, 3:20cv1828<br><br>N.D. Cal. | **Refers to Insurance Coverage**<br><br>"Moreover, given the wind down of Odonate and delisting of its stock on the Nasdaq, coupled with the fact that Defendants had only $5 million in applicable insurance coverage, there was doubt as to Defendants' ability to satisfy a future judgment." (Dkt. 51 at 13-14.) |
| 60. | *Schneider v. Champignon Brands Inc., et al.*, 2:21-cv-3120<br><br>C.D. Cal. | **Refers to Insurance Coverage**<br><br>"'Settlement Class' means all persons and entities that purchased or acquired Braxia shares on the OTC Market between March 27, 2020 and February 17, 2021, both dates inclusive (the "Settlement Class Period") and were damaged thereby. Excluded from the Settlement Class are (a) persons who suffered no compensable losses; and (b) (i) Defendants; (ii) the legal representatives, heirs, successors, assigns, and members of the immediate families of the Individual Defendants; (iii) the parents, subsidiaries, assigns, successors, predecessors and affiliates of Braxia; (iv) any person who served as an Officer and/or director of Braxia during the Settlement Class Period; (v) any entity in which any of the foregoing (i) (iv) excluded persons have or had a majority ownership interest during the Settlement Class Period; (c) any trust of which any Individual Defendant is the grantor or settlor or which is for the benefit of any |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
|  |  | Individual Defendant and/or member(s) of his or her immediate family; and (d) **Defendants' liability insurance carriers**. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court." (Dkt. 65-1 at 12.) |
| 61. | *Vancouver Alumni Asset Holdings, Inc. v. Daimler Ag et al.*, 2:16cv2942<br><br>C.D. Cal. | **Refers to Insurance Coverage**<br><br>"'Released Defendant Parties' means Defendants, all their respective past, present, and future parent companies, subsidiaries, affiliates, divisions, joint venturers, subcontractors, agents, attorneys, insurers, subrogees, coinsurers and reinsurers, all their respective, past, present and future officers, directors, employees, members, partners, principals, shareholders and owners, and all their respective heirs, executors, administrators, personal representatives, trustees, predecessors, successors, transferees and assigns, in their respective capacities as such." (Dkt. 310-3 at 12.) |
| 62. | *Likas v. Chinacache International Holdings Ltd., et al.*, 2:19-cv-06942-JWH-SS<br><br>C.D. Cal. | **Refers to Insurance Coverage**<br><br>"'Released Defendants' Claims' means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Defendants' Releasees, any claims between the Defendants and Defendants' Releasees and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court." (Dkt. 75-1 at 10-11.) |
| 63. | *Chupa v. Armstrong Flooring, Inc., et al.*, 2:19-cv-09840-CAS-MRW<br><br>C.D. Cal. | **Refers to Insurance Coverage**<br><br>"Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an Officer or director of Armstrong Flooring; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
|  |  | who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers; (vii) any affiliates, parents, or subsidiaries of Armstrong Flooring; (viii) all Armstrong Flooring plans that are covered by ERISA; and (ix) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such." (Dkt. 95-1 at 52.) |
| 64. | *Ferreira, v. Funko, Inc., et al.*, 2:20-cv-02319-VAP-PJW<br><br>C.D. Cal. | **Refers to Insurance Coverage**<br><br>"Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Individual Defendant; (iii) any person who was an officer or director of Funko; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) any person who participated in the wrongdoing alleged; (vi) Defendants' liability insurance carriers. . ." (Dkt. 186-1 at 15.) |
| 65. | *Ali v. Franklin Wireless Corp. et al.,* 3:21cv687<br><br>S.D. Cal. | **Refers to Insurance Coverage**<br><br>"'Released Defendants' Claims' means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Defendants' Releasees, any claims between the Defendants and Defendants' Releasees and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court." (Dkt. 63-2 at 10.) |
| 66. | *Mandalevy v. Bofi Holding, Inc., et al.*, 3:17-cv-00667-GPC-KSC<br><br>S.D. Cal. | **Refers to Insurance Coverage**<br><br> "'Settling Defendants' Releasees' means Individual Defendants and BofI's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former Officers, directors, trustees, partners, contractors, auditors, principals, agents, |

15

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | | managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants and other individuals referred to in this paragraph." (Dkt. 87-3 at 13.) |
| 67. | *Azar v. Yelp, Inc. et al.,* 3:18cv400<br><br>N.D. Cal. | **Refers to Insurance Coverage**<br><br>"The Settlement is not a claims-made settlement. In other words, "[u]pon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund. . ." (Dkt. 189 at 13.)<br><br>"'Defendants' Releasees' are defined in the Stipulation as "Defendants and their current and former officers, directors, agents, managers, partners, parents, affiliates, subsidiaries, divisions, successors, predecessors, joint ventures, assigns, assignees, employees, attorneys, accountants, auditors, **insurers**, consultants, experts, and any entity in which Yelp has a controlling interest, in their capacities as such." (Dkt. 189 at 10.) |
| 68. | *City Of Sunrise Firefighters' Pension Fund v. Oracle Corporation et al.,* 5:18cv4844<br><br>N.D. Cal. | **Refers to Insurance Coverage**<br><br>"'Defendants' Releasees' means, collectively, each and all of (i) the Defendants, each Individual Defendant's Immediate Family Members, any entity in which any Defendant or Individual Defendant's Immediate Family Members has, or had during the Class Period, a controlling interest (directly or indirectly), and any estate or trust of which any Individual Defendant is a settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family Members; and (ii) for each and every Person listed in part (i), their respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, employees, agents, affiliates, analysts, assignees, attorneys, auditors, co-insurers, commercial bank lenders, consultants, controlling shareholders, directors, divisions, financial advisors, general or limited partners, general or limited partnerships, insurers, investment |

16

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| | | advisors, investment bankers, investment banks, joint ventures and joint venturers, managers, managing directors, marital communities, members, officers, parents, personal or legal representatives, principals, reinsurers, shareholders, subsidiaries (foreign or domestic), trustees, underwriters, and other retained professionals, in their respective capacities as such." (Dkt. 128-1 at 9.) |
| 69. | *Sanders v. The Realreal, Inc. et al.*, 5:19cv7737<br><br>N.D. Cal. | **Refers to Insurance Coverage**<br><br>"Nor shall anything contained herein limit or release any claims Defendants may have with regard to insurance coverage that may be available to them under any applicable policy." (Dkt. 61-1 at 19.) |
| 70. | *In Re Twitter Inc. Securities Litigation*, 4:16cv5314<br><br>N.D. Cal. | **Refers to Insurance Coverage**<br><br>"[N]othing in this Paragraph or any other provision of this Stipulation shall be construed to modify, amend, or supersede any agreements between or among Released Defendant Parties with respect to, or to release claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers." (Dkt. 653-4 at 21.) |
| 71. | *Steamfitters Local 449 Pension Plan, v. Molina Healthcare, Inc., et al.*, 2:18-cv-03579 AB (JCx)<br><br>C.D. Cal. | **Refers to Insurance Coverage**<br><br>"Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Settlement Agreement, and/or any Claim Form: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements relating thereto; or (iii) to enforce the terms of the Settlement Agreement and/or this Judgment." (Dkt. 72-5 at 9.) |
| 72. | *Yaron v. Intersect Ent, Inc. et al.*, 4:19cv2647<br><br>N.D. Cal. | **Refers to Insurance Coverage**<br><br>"Notwithstanding the foregoing, nothing herein shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Defendants or Defendants' Releasees." (Dkt. 64-1 at 12.) |

| # | Case Name + District | Reference to Potential Insurance Carrier Payment |
|---|---|---|
| 73. | *Baker v. Seaworld Entertainment, Inc. et al.*, 3:14cv2129<br><br>S.D. Cal. | **Refers to Insurance Coverage**<br><br>"[C]lauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among Defendants' Releasees with respect to claims between or among those Defendants' Releasees, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Action, including the Settlement Amount and legal fees and costs incurred in connection with the Action." (Dkt. 516-3 at 20.) |
| 74. | *Masillionis v. Silver Wheaton Corp. et al.*, 2:15cv5146<br><br>C.D. Cal. | **Refers to Insurance Coverage**<br><br>"[N]othing in this Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant." (Dkt. 480-6 at 7.) |

18