**Pages 1 - 8**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable P. Casey Pitts, Judge

| | | |
|---|---|---|
| STEVEN LEVENTHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. C 21-09953 PCP |
| | ) | |
| CHEGG, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

San Jose, California
Thursday, April 24, 2025

**TRANSCRIPT OF PROCEEDINGS**


<u>**APPEARANCES**</u>:

For Movant KBC Asset Management NV:
> MOTLEY RICE LLC
> 28 Bridgeside Boulevard
> Mt. Pleasant, South Carolina 29464
> BY:  **MAX NIKOLAUS GRUETZMACHER, ESQ.**

For Movants KBC Asset Management NV and Pompano Beach Police &
Firefighters Retirement System:
> SAXENA WHITE P.A.
> 505 Lomas Santa Fe Drive, Suite 180
> Solana Beach, California 92075
> BY:  **DAVID R. KAPLAN, ESQ.**

For Defendants:
> COOLEY LLP
> 3175 Hanover Street
> Palo Alto, California 94304
> BY:  **BRETT DE JARNETTE, ESQ.**
> **TIJANA MARTINOVIC BRIEN, ESQ.**
> **RACHEL KATHERINE IVANOWSKY, ESQ.**

Reported By:     James C. Pence-Aviles, RMR, CRR, CSR No. 13059
                 Official Court Reporter

**Thursday - April 24, 2025**                                    **10:19 a.m.**

                              P R O C E E D I N G S

                                  ---000---

         **THE CLERK:**  All rise.

    The United States District Court for the Northern District of California is now in session, the Honorable P. Casey Pitts presiding.

         **THE COURT:**  Please be seated.

    My apologies for taking a few more minutes than I said I would.

                              (Laughter.)

         **THE CLERK:**  All right.  Calling Case Number 21-CV-9953, Leventhal versus Chegg, Inc., et al., on today for the motion for settlement and motion for attorney fees.

    Will the parties please approach and state your appearances for the record, beginning with plaintiffs' counsel.

         **MR. GRUETZMACHER:**  Good morning.  Max Gruetzmacher on behalf of lead plaintiffs and the class.

         **THE COURT:**  Good morning.

         **MR. GRUETZMACHER:**  Good morning.

         **THE COURT:**  And do you -- you have a colleague with you today?

         **MR. GRUETZMACHER:**  Yes.  I'm sorry.

    My colleague, Dave Kaplan, here, from Saxena White, also on behalf of lead plaintiffs and the class.

**THE COURT:**  Okay.  Good morning.

**MR. DE JARNETTE:**  Good morning, Your Honor. Brett De Jarnette, from Cooley, on behalf of defendants.  And with me are two of my colleagues, Tijana Brien and Rachel Ivanowsky.

**THE COURT:**  Okay.  Good morning.

So we're here for the motion on -- for final approval of the class action settlement and the motion for attorney's fees.

My understanding is we had only one objection, which -- and the objector, in exchange for being allowed to file a response to the reply, withdrew the desire to appear in person; is that correct?

**MR. GRUETZMACHER:**  That's correct, Your Honor.

**THE COURT:**  Okay.

**MR. DE JARNETTE:**  Yeah.

**THE COURT:**  Okay.  Honestly, I don't have a lot to say this morning with respect to the motion for settlement.  I mean, I think not much has changed, as -- as noted from -- between the time of preliminary approval and the time of final approval.

I did carefully review the objection that was raised and -- with respect to the lawfulness of the settlement under California law.  Well, let me say that, you know, it struck me that it's -- it's not even clear to me that the issue that's being presented in the objection is before me today.

As I understand it, you know, the -- the settlement proposes that the defendant will commit itself to pay the particular amounts set forth in the settlement as a condition of settling this matter.

As part of the explanation of why it's a particularly good settlement, that -- you know, the parties have explained that there is some insurance coverage at issue and that -- I think that the insurer has funded it.

But what I'm just -- as I -- as I think about the question, what -- the question before me is:  Is it appropriate to require the defendant to pay this amount of money in settlement of the claims of -- that are before me, you know, regardless of where that funding comes from, and that if there is a concern about the lawfulness of that -- that, you know, in the first place, may be a dispute between the insurer and the defendant.

And arguably, you know, there may be -- I don't know if there are, you know, insurance policyholders, with standing or otherwise, who may be able to contend that their insurer is acting improperly, but -- you know, before the insurance commissioner or otherwise.

But -- so it struck me that that -- that dispute is not really the question presented before me.  Is -- is there any reason that it's not appropriate to think of the matter that way?

**MR. GRUETZMACHER:**  No, Your Honor.  Plaintiffs agree.

You know, the issue before Your Honor is Rule 23(e) and the *Hanlon* factors, which, you know, haven't really changed much, as you just alluded to, since the preliminary approval in December.

And so we agree with you.

**MR. DE JARNETTE:**  That's exactly right, Your Honor.  Insurance is funding the settlement.  However, there is a process where the carrier is going through it to assess coverage.  None of them have denied coverage.  They've already transferred funds to escrow.

So you're exactly right.  The issue is not before the Court.

**THE COURT:**  And, you know -- you know, just -- the point I'm sort of thinking is you didn't have to tell me that insurance was funding the settlement for the purposes of me evaluating the -- the validity of this settlement.  I mean, you know, you chose to.

In terms of thinking about -- really, in thinking -- I mean, it was -- it's helpful in thinking about the comparison between the potential liability -- you know, total potential liability and the amount offered in settlement.  So -- but it's sort of only relevant -- it's only before me because of its, you know, relevance to that question.

You know, the settlement itself doesn't -- as I recall, I

don't think it says, you know, "This will be funded by the insurers, and we'll" -- "you can withdraw from the settlement if it's not"; is that correct?

**MR. DE JARNETTE:**  So the -- the stipulation of settlement does say that the settlement amount will be paid by Chegg's insurers.

**THE COURT:**  Okay.

**MR. DE JARNETTE:**  So it is a term to the settlement.

But I think you're thinking about it in the right way in that the determination here on fairness is compensatory, whereas the objection is focusing on whether it's punitive or not, who's paying for it.

But what's before the Court is whether the settlement is fair to absent class members.

**THE COURT:**  Okay.  Okay.  I mean, yeah.

I -- there were other issues separately before whether I can even think about this -- right? -- which is that -- you know, that there hasn't been a determination of liability here, you know, that -- ultimately, this seems to be a question of a -- a dispute between the, you know -- or a potential dispute between the defendant and their insurers and/or the insurers and their policyholders, which is not the issue presented to me.

So I didn't -- I didn't find that the settlement -- or the objection provided a valid reason not to go ahead and grant

final approval to the settlement.  So I'm inclined to do that.

With respect to the motion for attorney's fees, I also -- I usually have a lot of questions for the parties.  On this one, I'm pleased to say I don't have a lot of questions.

I thought that the motion was well-supported and that -- I appreciated that the parties, you know, stood by the benchmark -- the 25 percent benchmark for settlements in their request for fees, which represent -- it's a pretty modest multiplier on the parties' lodestar.  So -- and I thought the other requests were appropriate.

So I'm also inclined to grant the motion for attorney's fees in full today.  Obviously, I'll need to do so via a written order.

But is there anything else that -- that plaintiffs just want to offer on either of the motions?

MR. GRUETZMACHER:  I think we'll take the knee on this one, Your Honor.  We appreciate that.

THE COURT:  Okay.  Anything else from defendants?

MR. DE JARNETTE:  Same here, Your Honor.

THE COURT:  Okay.  Well, then, we'll -- I'll take both motions under submission, but so you know, I -- I do plan to grant both the motion for final approval and the motion for attorney's fees.

MR. GRUETZMACHER:  Thank you, Your Honor.

MR. DE JARNETTE:  Appreciate it.  Thank you.

**THE COURT:**  Thank you.

Sorry to keep you waiting for -- I think you waited three times as long as the length of the hearing, but I appreciate you coming in today.

**MR. GRUETZMACHER:**  Thank you.

**MR. DE JARNETTE:**  Thank you.

**THE CLERK:**  Thank you.

This matter is concluded, and court is in recess.

(Proceedings adjourned at 10:26 a.m.)

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Wednesday, May 7, 2025

_____

James C. Pence-Aviles, RMR, CRR, CSR No. 13059
U.S. Court Reporter