**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of all Others Similarly Situated,<br><br>               Plaintiff,<br><br>        vs.<br><br>CHEGG, INC., DANIEL L. ROSENWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>               Defendants. | Case No. 5:21-cv-09953-PCP<br><br>CLASS ACTION<br><br>**JOINT MOTION FOR ENTRY OF JUDGMENT UNDER RULE 58(d) AND UNOPPOSED MOTION FOR ENTRY OF PLAN OF ALLOCATION** |

JOINT MOTION FOR ENTRY OF JUDGMENT UNDER RULE 58(D) AND ENTRY OF PLAN OF ALLOCATION
Case No. 5:21-cv-09953

1

Lead Plaintiffs KBC Asset Management NV and Pompano Beach Police and Firefighters' Retirement System ("Lead Plaintiffs") and Defendants Chegg, Inc., Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz (collectively, "Defendants," and together with Lead Plaintiffs, the "Parties"), jointly move, under Federal Rule of Civil Procedure 58(d), to request entry of Judgment in this matter, in the form previously submitted to the Court at ECF No. 198-2. In addition, Lead Plaintiffs request that the Court formally approve the Plan of Allocation previously submitted at ECF No. 198-3, which is unopposed by Defendants.[1]

In support of this Joint Motion, the Parties state as follows:

1.      The Parties entered into a Stipulation and Agreement of Settlement ("Settlement Agreement") on November 5, 2024, that, subject to the approval of this Court, provided for a complete dismissal with prejudice of the claims asserted against Defendants on the terms and conditions set forth in the Settlement Agreement.  *See, e.g.*, ECF No. 189-2 at ¶ 5.7 ("The Judgment shall . . . provide for the dismissal with prejudice of the Action against the Defendant Releasees . . . .").

2.      On November 6, 2024, Lead Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Points and Authorities in Support Thereof (ECF No. 189, the "Preliminary Approval Motion"), which included a Proposed Final Judgment and Order of Dismissal (*see* Ex. B to ECF No. 189-2).  On November 20, 2024, Defendants filed a Non-Opposition to the Preliminary Approval Motion.  ECF No. 190.

3.      On December 19, 2024, the Court held its preliminary approval hearing on the Settlement.  ECF No. 191.  Following that hearing, on December 19, 2024, the Court issued an order granting preliminary approval (the "Preliminary Approval Order"). ECF No. 192. The Preliminary Approval Order preliminarily approved the Settlement Agreement as fair and

---

[1] As noted in Lead Plaintiffs Notice of Motion and Motion for Final Approval of Settlement and Plan of Allocation and Memorandum of Law in Support Thereof (ECF No. 193), pursuant to ¶¶ 1.33, 4.1, 4.4, 8.1(c) of the Stipulation, Defendants support entry of the [Proposed] Judgment, but do not take a position with respect to the Plan of Allocation. *See* ECF No. 193 n. 2; *accord* ECF No. 190.  Defendants again take no position here with respect to the Plan of Allocation, but do not oppose the granting of that relief for the purpose of this motion.

reasonable, and set a final approval hearing to occur on April 24, 2025, where the Court would determine, among other things, "whether the Judgment attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendant Releasees" and "whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved." *See* ECF No. 190 at ¶ 5.

4.    On February 27, 2025, Lead Plaintiffs submitted their Notice of Motion and Motion for Final Approval of Settlement and Plan of Allocation and Memorandum of Law in Support Thereof (ECF No. 193), which noted that the "proposed Judgment and a proposed Plan of Allocation Order will be submitted with Lead Plaintiffs' reply papers, after the March 27, 2025 objection and exclusion deadline has passed." *Id*. at 23.

5.    On April 10, 2025, Lead Plaintiffs submitted their Reply Memorandum in Further Support of Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 198) (the "Final Approval Motion"), which attached as a [Proposed] Final Judgment and Order of Dismissal (ECF No. 198-2), and a [Proposed] Order Approving Plan of Allocation (ECF Nos 198-3).

6.    The Court held the Final Approval Hearing on April 24, 2025.  ECF No. 203.  On May 21, 2025, the Court issued an order granting Lead Plaintiffs' Motion for Final Approval of Settlement and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Final Approval Order").  ECF No. 211.  The Final Approval Order confirmed the Court's certification of the Settlement Class for settlement purposes only; granted final approval of the parties' settlement agreement and overruled the lone objection to the proposed settlement; awarded class counsel attorneys' fees and costs to Class Counsel and costs and expenses to Class Representatives; and excluded from the class those individuals who requested to be excluded from the Settlement Class.  *Id*. at 16.

7.    However, despite granting the Final Approval Motion in full, the Court has yet to enter the [Proposed] Final Judgment and Order of Dismissal (ECF No. 198-2) or the [Proposed] Order Approving Plan of Allocation (ECF No. 198-3).

8. Federal Rule of Civil Procedure 58(a)(1) provides that "every judgment and amended judgment must be set out in a separate document," subject to certain exceptions not applicable to this case. Furthermore, the Conditions of Settlement, as agreed to by the Parties in the Settlement Agreement, include: "entry of the Judgment" and "the Judgment becoming Final." ECF No. 189-2 at ¶ 8.1. The Settlement Agreement is fully executed and finalized, and in the process of being carried out through claims administration, subject to these necessary agreed-upon conditions.

WHEREFORE, the Parties respectfully request that, pursuant to Federal Rule of Civil Procedure 58(d) and the Settlement Agreement, and consistent with Final Approval Order and Preliminary Approval Order, the Court effect entry of Judgment in this matter, in the form previously submitted to the Court at ECF No. 198-2. In addition, Lead Plaintiffs respectfully request that the Court enter the [Proposed] Order Approving Plan of Allocation (ECF No. 198-3), both of which have been previously submitted to the Court's Proposed Orders e-mail address pursuant to local rule and this Court's Standing Orders.

Dated: June 20, 2025

Respectfully submitted,

**MOTLEY RICE LLC**

By: /s/ *Max N. Gruetzmacher*
Max N. Gruetzmacher (*pro hac vice*)
Chrostopher F. Moriarty (*pro hac vice*)
Neli Traykova Hines (*pro hac vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
mgruetzmacher@motleyrice.com
cmoriarty@motleyrice.com
nhines@motleyrice.com

*Counsel for Lead Plaintiff KBC Asset Management NV, and Lead Co-Counsel for the Class*

**COOLEY LLP**

By: /s/ *Brett H. De Jarnette*
Patrick E. Gibbs (183174)
Brett H. De Jarnette (292919)
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400
pgibbs@cooley.com
bdejarnette@cooley.com

*and*

Heather M. Speers (305380)
10265 Science Center Drive
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

JOINT MOTION FOR ENTRY OF JUDGMENT UNDER RULE 58(D) AND ENTRY OF PLAN OF ALLOCATION
Case No. 5:21-cv-09953

3

**SAXENA WHITE P.A.**
David R. Kaplan (230144)
Marti L. Worms (205552)
Emily R. Bishop (319383)
505 Lomas Santa Fe Dr. Suite 180
Solana Beach, CA 92075
Telephone:  (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
mworms@saxenawhite.com
ebishop@saxenawhite.com

*Counsel for Lead Plaintiff Pompano Beach
Police and Firefighters' Retirement System,
and Lead Co-Counsel for the Class*

hspeers@cooley.com

*Counsel for Defendants Chegg, Inc., Daniel L
Rosensweig, Andrew J. Brown, and Nathan
Schultz*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, Max N. Gruetzmacher hereby attests that concurrence in the filing of this document has been obtained from all the signatories above.

Dated:  June 20, 2025                                        /s/ *Max N. Gruetzmacher*
                                                                   Max N. Gruetzmacher