**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

**MOTLEY RICE LLC**
Max N. Gruetzmacher (*pro hac vice*)
mgruetzmacher@motleyrice.com
Christopher F. Moriarty (*pro hac vice*)
cmoriarty@motleyrice.com
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Settlement Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN LEVENTHAL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHEGG, INC., DANIEL L. ROSENSWEIG, ANDREW J. BROWN, and NATHAN SCHULTZ,<br><br>Defendants. | Case No. 5:21-cv-09953-PCP<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL** |

[~~PROPOSED~~] FINAL JUDGMENT &
ORDER OF DISMISSAL
5:21-cv-09953-PCP

WHEREAS, a class action is pending in this Court entitled *Leventhal v. Chegg, Inc., et al.*, Case No. 5:21-cv-09953-PCP (N.D. Cal.) (the "Action");

WHEREAS, by order dated September 7, 2022, this Court appointed KBC Asset Management NV and Pompano Beach Police and Firefighters' Retirement System as Lead Plaintiffs ("Lead Plaintiffs" or "Plaintiffs") pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 and approved Lead Plaintiffs' selection of Motley Rice LLC ("Motley Rice") and Saxena White P.A. ("Saxena White") as Lead Counsel ("Lead Counsel") (ECF No. 105);

WHEREAS, on December 8, 2022, Lead Plaintiffs filed their Consolidated Class Action Complaint for Violations of the Federal Securities Laws and Jury Trial Demand (the "Complaint," ECF No. 115);

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Settlement Class, and (b) Defendants Chegg, Inc. ("Chegg"), Daniel L. Rosensweig, Andrew J. Brown, and Nathan Schultz (collectively the "Defendants," and, together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated November 5, 2024 (the "Stipulation" or "Settlement Agreement"), that provides for a complete dismissal with prejudice of the claims asserted in the Complaint against Defendant Releasees (as defined in the Stipulation) on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by order dated December 19, 2024 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement and certified the Settlement Class for purposes of this Settlement only; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on April 24, 2025 (the "Settlement Hearing")

[PROPOSED] FINAL JUDGMENT &
ORDER OF DISMISSAL
5:21-cv-09953-PCP

1

to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants, and authorizing the Releases specified and described in the Stipulation (and in the Notice); and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed, and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Postcard Notice, Notice, and the Summary Notice, which were previously filed with the Court.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who purchased or acquired Chegg common stock between May 5, 2020, and November 1, 2021, inclusive, and were damaged thereby. Excluded from the Settlement Class are: (1) Defendants; (2) the Officers or directors of Chegg during the Settlement Class Period; (3) the Immediate Family members of any Defendant or any Officer or director of Chegg during the Settlement Class Period; and (4) any entity that any Defendant owns or controls, or owned or controlled, during the Settlement Class Period. Also excluded from the Settlement Class are the persons or entities listed in Exhibit 1 hereto who filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

4. **Settlement Notice** – The Court finds that the dissemination of the Postcard Notice and Notice and the publication of the Summary Notice: (a) were implemented in accordance with

[PROPOSED] FINAL JUDGMENT &
ORDER OF DISMISSAL
5:21-cv-09953-PCP

2

the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules. No Settlement Class Member is relieved from the terms of the Settlement and the Stipulation, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and the Agreement and to participate in the hearing thereon. The Court has reviewed the objection of Ethan Fieldman (ECF No. 196) and the arguments contained therein and hereby overrules the objection. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

5.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Complaint against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.

Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee and expense award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.    The Action and all the claims asserted in the Complaint against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties and the D&O Insurers shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

7.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment. No Person shall have any claim against the Lead Plaintiffs, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel, based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

8.    **Releases** – The Releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to Paragraph 9 below, upon the Effective Date of the Settlement, Plaintiff Releasees, by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released,

[PROPOSED] FINAL JUDGMENT &
ORDER OF DISMISSAL
5:21-cv-09953-PCP

4

resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.  This Release shall not apply to any Excluded Claim.

(b)    Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendant Releasees, by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.  This Release shall not apply to any Excluded Claim.

(c)    Upon the Effective Date, Plaintiff Releasees are forever barred and enjoined from commencing, instituting, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Plaintiffs' Claims against any of the Defendant Releasees; and

(d)    Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

9.    Notwithstanding Paragraphs 6 through 8 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11.    **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (aa) the truth of any fact alleged by Lead Plaintiffs or any Settlement Class Member; (bb) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (dd) any liability, negligence, fault, or other wrongdoing of any of the Defendant Releasees; or (ee) any damages suffered by Plaintiffs or the Settlement Class; or (ii) in any way referred to for any other reason against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including arbitration) other than such proceedings necessary to effectuate the provisions of the Stipulation;

(b)    shall be (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including arbitration) other than such proceedings necessary to effectuate the provisions of the Stipulation; or

[PROPOSED] FINAL JUDGMENT &
ORDER OF DISMISSAL
5:21-cv-09953-PCP

6

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; provided, the Parties and the Releasees and their respective counsel may refer to this Judgment to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

12.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

13.    Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Plaintiffs for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14.    **Modification of the Agreement of Settlement** – Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the

[~~PROPOSED~~] FINAL JUDGMENT &
ORDER OF DISMISSAL
5:21-cv-09953-PCP

7

other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of September 26, 2024, as provided in the Stipulation.

16. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this ___20___ day of ___June_____, 2025.

_____
The Honorable P. Casey Pitts
United States District Judge

## Exhibit 1

### List of Persons and Entities Excluded from the Settlement Class Pursuant to Request

1. Regan Cole
2. Juliias Ellis
3. Saif Banat
4. Reis Enterprises Ltd. (Leinah Elashi, Director)
5. Mara Pajuelo

[PROPOSED] FINAL JUDGMENT &
ORDER OF DISMISSAL
5:21-cv-09953-PCP

9